UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING<br>INTERNATIONAL, LTD.<br>  Plaintiff,<br><br>v.<br><br>EXTENDED DISC NORTH<br>AMERICA, INC.<br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.  4:10-CV-03350<br><br>JURY DEMANDED |

## MEMORANDUM IN SUPPORT OF EXTENDED DISC NORTH AMERICA, INC.'S RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. STATEMENT OF NATURE AND STAGE OF PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . 1

II. STATEMENT OF ISSUES AND STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

IV. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

V. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      A.    The Supreme Court has imposed a more rigorous Rule 12(b)(6) standard . . . . . . 4

      B.    Plaintiff's Complaint fails under the *Iqbal/Twombly* standard. . . . . . . . . . . . . . . 5

            1.    Plaintiff's allegations of direct infringement lack sufficient "factual content" to state a claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            2.    At a minimum, TTI's claims for induced infringement should be dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

            3.    Allegations made on "information and belief" are speculative and inadequate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VI. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

APPENDIX

# TABLE OF AUTHORITIES

**CASES**

*ACCO Brands, Inc. v. ABA Locks Mfr. Co.*,
501 F.3d 1307 (Fed. Cir. 2007) .................................................. 7

*Anderson v. Cooper*,
No. 92 C 5949, 1994 WL 46675 (N.D. Ill. Feb. 14, 1994) ........................ 8

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ..................................................... 1-8

*Bankers Trust Co. v. Old Republic Ins. Co.*,
959 F.2d 677 (7th Cir.1992) .................................................. 8

*Bell Atlantic Corp. v. Twombly*,
127 S. Ct. 1955 U.S. 544 (2007) ............................................ 1-9

*Bender v. Motorola, Inc.*
2010 WL 726739, *3-*4 (N. D. Cal. 2010) ..................................... 6

*BMC Res., Inc. v. Paymentech, L.P.*,
498 F.3d 1373 (Fed. Cir. 2007) ............................................... 7

*California Institute of Computer Assisted Surgery, Inc. v. Med-Surgical Services, Inc.*,
2010 WL 3063132 (N. D. Cal. 2010) .......................................... 6

*Elan Microelectronics Corp. v. Apple, Inc.*,
No. C 09-01531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) .................. 6

*F5 Networks, Inc. v. A10 Networks, Inc.*,
No. C07- 1927, 2008 WL 687114 (W.D. Wash. Mar. 10, 2008) .................. 9

*In re Papst Licensing GMBH & Co. KG Litig.*,
585 F. Supp. 2d 32 (D.D. C. 2008) ............................................ 8

*In re Papst Licensing GMBH & Co. KG Litigation*,
602 F. Supp.2d 17 (D. D. C. 2009) ............................................ 5

*Judin v. United States*,
110 F.3d 780 (Fed. Cir. 1997) ................................................ 9

*Maclean-Fogg Co. v. Edge Composites, L.L.C.*,
   2009 WL 1010426 (N.D. Ill. April 14, 2009) .................................. 8

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007) .......................................... 1

*Ondeo Nalco Co. V. EKA Chemicals., Inc.*
   No. Civ. A 01-537-SLR, 2002 WL 1458853 (D. Del. June 10, 2002) ............... 5

*Realtime Data, LLC v. Stanley*,
   2010 WL 2403876 (E.D. Tex. 2010) ....................................... 5

*View Eng'g Inc. v. Robotic Vision Sys., Inc.*,
   208 F.3d 981 (Fed. Cir. 2000) ........................................... 9

*Ware v. Circuit City Stores, Inc.*,
   2010 WL 767094 (N. D. Ga. 2010) ....................................... 6

## STATUTES

35 U.S.C. § 284. ......................................................... 8

35 U.S.C. §271(b) ....................................................... 7

## RULES

Fed. R. Civ. P. 12(b)(6) .............................................. 1-4, 8, 10

Fed. R. Civ. P. 8(a)(2) ............................................... 3, 4, 6, 7

Fed. R. Civ. P. 11 ..................................................... 9

Local Patent Rule 3-1 .................................................. 1

## I. STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

1. In this case, Plaintiff Target Training International, Ltd. ("Plaintiff" or "TTI") has filed a Complaint ("Complaint") containing claims for direct and indirect patent infringement against Extended DISC North America, Inc. ("Defendant" or "EDI"). Presently before the Court is EDI's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. STATEMENT OF ISSUES AND STANDARD OF REVIEW

2. The issue presented by this motion is whether Plaintiff has stated viable claims of patent infringement under Rule 8 of the Federal Rules of Civil Procedure, as construed and interpreted by the United States Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (hereafter referred to as "*Iqbal*"), and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 550 U.S. 544 (2007) (hereafter referred to as "*Twombly*"). "In the Fifth Circuit, a decision under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint for failure to state a claim is reviewed *de novo*." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007).

## III. SUMMARY OF ARGUMENT

3. Plaintiff's claims for patent infringement fail for multiple reasons. First, the claims lack sufficient factual detail, as required by *Iqbal* and *Twombly*. Second, Plaintiff's indirect infringement claims fail to contain necessary legal elements to assert such claims. Finally, Plaintiff's qualification of each allegation as based on "information and belief" renders its claims speculative, also in violation of the pleading standards set forth in *Iqbal* and *Twombly*.

4. EDI does not suggest that TTI is required to disclose each and every detail regarding its infringement contentions and does not suggest that the Complaint must contain the level of information required by Local Patent Rule 3-1. However, before a case of this nature and expense

Case 4:10-cv-03350   Document 10    Filed in TXSD on 11/03/10   Page 6 of 15

proceeds, TTI should be required to provide at least some factual bases for its claims, including a more adequate identification of the accused product(s) that allegedly infringe its patent and to allege the additional elements required for an allegation of indirect infringement. Without such information, EDI is unable to properly investigate TTI's claims, identify relevant individuals and documents, or frame an appropriate response to the Complaint without risk of prejudice. Moreover, if TTI has complied with its pre-filing obligations, it should already know more specifically the accused product and other basic facts supporting its claims, the disclosure of which cannot wait until discovery.

## IV. INTRODUCTION

5.      In its Complaint, TTI baldly asserts, and even then only on "information and belief," that EDI has infringed the patent titled "Network Based Document Distribution Method," U.S. Patent No. 7,249, 372 ("the '372 patent"), alleged to be owned by Plaintiff. Plaintiff's Complaint does not satisfy the pleading standard imposed by the United States Supreme Court in *Iqbal* and *Twombly*, and should be dismissed. By using "information and belief" as the basis for its Complaint and failing to plead sufficient facts as to how and why EDI has infringed the '372 patent, Plaintiff's Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

6.      Generally speaking, the '372 patent describes a multi-step method of distributing and collecting documents relating to employee evaluation services, including displaying them on a website. The method involves a number of interim steps, which appears to require the participation of multiple users.

7.      Plaintiff's Complaint only – 3 ½ pages in length – consists of legal conclusions and bare recitals of elements of infringement, lacking the "factual content" required under *Iqbal* and *Twombly*.

F:\DOCS\3955\0001\Memorandum in Support of Motion to Dismiss.wpd                                       2

The Complaint has a single count alleging infringement which Plaintiff addresses in only one paragraph:

> *Upon information and belief,* Defendant Extended DISC has directly infringed at least claim 1 of the '372 patent, and has actively induced infringement of the patent by others, by performing the methods claimed in the patent, and by one or more acts of using, offering for sale and/or selling *services* that use the methods claimed in the patent, without authority to do so, all in violation of 35 U.S.C. § 271. Specifically, *and without limitation,* Defendant Extended DISC's individual assessment product performs the methods of the '372 patent and Defendant Extended DISC offers or uses this product in the United States.

8. In this superficial declaration of infringement, TTI identifies the infringing products as EDI's "services." This vague reference and TTI's half-hearted attempt thereafter to specify – "without limitation" – an "individual assessment product" does not adequately identify or describe the product or service that is subject to TTI's direct and indirect infringement allegations and, thus, "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557 (quoting FED. R. CIV. P. 8(a)(2)). Indeed, TTI provides no real facts supporting its allegations, relying instead on boilerplate generalities and legal conclusions to allege the existence of a patent and to aver infringement.

9. Moreover, TTI fails to allege even the necessary legal elements of its claims. For example, claims for induced infringement involve specific legal elements absent from the Complaint. Furthermore, and perhaps most indicative of the lack of any factual basis for the Complaint, Plaintiff qualifies all of its allegations as based on "information and belief," leaving its pleadings within the prohibited realm of mere speculation. Accordingly, Plaintiff's Complaint fails to state a plausible claim for relief as required by *Twombly* and *Iqbal*, and should be dismissed pursuant to Rule 12(b)(6).

## V. ARGUMENT

**A.     The Supreme Court has imposed a more rigorous Rule 12(b)(6) standard.**

10.     The Federal Rules of Civil Procedure require a complaint to contain a "short and plain statement of the claim *showing that the pleader is entitled to relief.*" FED. R. CIV. P. 8(a)(2) (emphasis added). A party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). While the first part of Rule 8(a)(2) requires only a "short and plain statement," the second part requires a "*showing* that the pleader is entitled to relief." The Supreme Court has clarified that while a "showing" of entitlement to relief does not require "detailed factual allegations," it does "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). The Court concluded that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do. Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 555 and 557)

11.     The Supreme Court has established a two-pronged approach to the question of whether a complaint adequately sets forth a claim for relief. First, legal conclusions may provide a framework for the allegations in a complaint, but they must be supported by factual allegations in order to survive a motion to dismiss. *Id.* at 1950. The Supreme Court made clear that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

12.     Second, if there are factual allegations that support the legal conclusions of the complaint, the court should assume the veracity of the well-pleaded factual allegations and determine whether

they are sufficient to "state a claim for relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). This facial plausibility standard is "more than a sheer possibility that a defendant has acted unlawfully," but less than a probability requirement. *Id.* It is insufficient to plead facts that are only consistent with allegations of liability. *Id.* The inquiry into plausibility of a claim for relief is context-specific but requires the court to be able to infer more than the "mere possibility of misconduct;" if not, the complaint has not shown *that the pleader is entitled to relief. Id.* at 1950.

**B.     Plaintiff's Complaint fails under the *Iqbal/Twombly* standard.**

**1.     Plaintiff's allegations of direct infringement lack sufficient "factual content" to state a claim.**

13.    Here, the Complaint fails to meet the pleading standard set forth in *Iqbal* and *Twombly* for numerous reasons. First, the allegations concerning infringement of the asserted patent are exactly the type of "naked assertions" devoid of "further factual enhancement" prohibited by *Iqbal* and *Twombly*. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 127 S. Ct. at 1966. Indeed, the boilerplate infringement allegation does not sufficiently identify the accused product nor does it provide notice as to what TTI's alleged claim of infringement is or the grounds upon which it is based.

14.    Courts have dismissed claims of direct infringement where the accused products are not reasonably identified and the complaints contain no concrete factual allegations. *In re Papst Licensing GMBH & Co. KG Litigation*, 602 F. Supp.2d 17, 19-20 (D. D. C. 2009) (allegation "upon information and belief" that defendant's "digital cameras" infringed ruled insufficient because it "fail[ed] to include any facts in support of [the] bald allegation" of infringement); *Ondeo Nalco Co. V. EKA Chemicals., Inc.* No. Civ. A 01-537-SLR, 2002 WL 1458853, at *1 n. 2-3 (D. Del. June 10, 2002) (accused products described as defendant's "products, including the 8692 product" ruled too vague to support a claim, except as to the specific accusation against the 8692 product); *Realtime*

*Data, LLC v. Stanley*, 2010 WL 2403876, *3-*4 (E.D. Tex. 2010) (accused products described as "data compression products and/or services"); *Bender v. Motorola, Inc.* 2010 WL 726739, *3-*4 (N. D. Cal. 2010) (complaint that identified "without limitation" a list of defendant's products, failed to identify the accused device with some semblance of specificity to alert the alleged infringer which device was at issue); *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531, 2009 WL 2972374, at *4-*8 (N.D. Cal. Sept. 14, 2009) (dismissing counterclaim that identified the accused products as "touch sensitive input devices or touch pads, including but not limited to the Smart-Pad" but not alleging sufficient facts under *Twombly* and *Iqbal*); *Ware v. Circuit City Stores, Inc.*, 2010 WL 767094, *2 (N. D. Ga. 2010) complaint that accused "apparatuses... including, but not limited to [defendant's] financial systems" failed to give fair notice since "apparatus" was vague, failing to meet even the minimum requirements of Rule 8 or Form 18).[1]

15. In the analogous case of *California Institute of Computer Assisted Surgery, Inc. v. Med-Surgical Services, Inc.*, 2010 WL 3063132, *1-*3 (N. D. Cal. 2010), the dismissed complaint alleged infringement by "making, using, offering to sell, licensing, and/or selling products, systems, and/or processes that are covered by the claims of the inventions contained in [the patents]. Specifically, [defendant's] use of CYBON Systems infringes on one or more of the claims of [the patent]." *Id.* at *1-2. The court concluded that the reference to vague "systems" and identification in generality of one system, was not adequate. *Id.* at *2-3. The court cited plaintiff for failing to describe the CYBON System with any specificity or to explain how it infringed upon the patent. *Id.* Without factual grounds, plaintiff could not make out a legally cognizable claim. *Id.*

---

[1] Although the courts have not been willing to find Form 18 invalid, the form has suffered much scrutiny since *Iqbal*. *See, e.g., Apple, Inc.*, 2009 WL 2972374 at *2 ("it is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal*"); *see also Colida v. Nokia, Inc.*, 347 Fed. Appx. 568 (Fed. Cir. 2009) (unpublished) (in dicta, questioning the viability of Form 18).

### 2. At a minimum, TTI's claims for induced infringement should be dismissed

16. In addition to alleging direct infringement, TTI has also accused EDI of having "...actively induced infringement of the patent by others..." *See* Complaint at ¶ 7. TTI includes this allegation in the same boilerplate and conclusory paragraph as its direct infringement allegation. Thus, the threshold Rule 8 pleading standard as clarified by *Twombly* and *Iqbal* is not met. To state a claim for inducement infringement, TTI must plead facts sufficient "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. However, TTI's Complaint fails to allege any facts that support any element of a claim for inducement infringement and, therefore, those claims should be dismissed as well.

17. To prove inducement of infringement under 35 U.S.C. §271(b), a plaintiff must establish that some third party person or entity committed the entire act of direct infringement. *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007). Additionally, a plaintiff must show that the defendant knowingly induced the infringement and possessed specific intent to encourage the infringement. *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007).

18. Here, in addition to its failure to satisfy *Twombly* and *Iqbal* with regard to its claims of direct infringement, TTI's Complaint fails to plead any facts demonstrating critical elements of its inducement infringement allegation. Specifically, there is no charge or factual allegations that EDI had the specific intent to induce infringement or that a third party directly infringed. Therefore, there is no set of facts alleged in the Complaint that state a plausible claim of indirect infringement.

### 3. Allegations made on "information and belief" are speculative and inadequate.

19. Plaintiff's allegations of patent infringement-whether direct or induced-begin with the caveat that they are made "[u]pon information and belief." *See* Complaint at ¶ 7. Plaintiff likewise alleges

"[u]pon information and belief" that EDI has willfully infringed the patent, thereby invoking the Court's discretion to award treble damages pursuant to 35 U.S.C. § 284. *See* Complaint at ¶ 10. By prefacing its allegations with the information-and-belief qualifier, and failing to provide any of the "factual content" required by *Iqbal* and *Twombly*, the Complaint renders those allegations wholly speculative. Under *Twombly*, "allegations must be enough to raise a right to relief above the speculative level." 127 S. Ct. 1955, 1965.

20.  Courts have found such allegations "insufficient unless the facts are inaccessible to the pleader, and there is a reasonable basis to suspect the facts are true." *Maclean-Fogg Co. v. Edge Composites, L.L.C.*, 2009 WL 1010426, at *6 (N.D. Ill. April 14, 2009). Other courts have held an allegation in a complaint based on "information and belief" to be "'a clearly improper locution' under the federal rules, which require 'a duty of reasonable pre-complaint inquiry not satisfied by rumor or hunch.'" *Anderson v. Cooper*, No. 92 C 5949, 1994 WL 46675, at *1 (N.D. Ill. Feb. 14, 1994) (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683-84 (7th Cir.1992)).

21.  The court in *In re Papst Licensing GMBH & Co. KG Litig.*, 585 F. Supp. 2d 32 (D.D. C. 2008), (hereinafter "*Papst*"), specifically addressed whether patent infringement allegations made on "information and belief" pass muster under *Twombly*. In *Papst*, the plaintiff, in response to a motion to dismiss under Rule 12(b)(6), sought to amend its key infringement allegation from:

> [a] reasonable opportunity for further investigation or discovery is likely to provide evidentiary support the Sanyo Defendants have made, used, sold or offered to sell to numerous customers in the United States or have imported into the United States digital cameras which infringe the Patents in Suit,

to

> [u]pon information and belief, the Sanyo Defendants have made, used, sold or offered to sell to numerous customers in the United States or have imported into the United States digital cameras which infringe the Patents in Suit.

22. In granting the motion to dismiss, the court noted that the plaintiff's proposed "information-and-belief" amendment fails the standard set forth in *Twombly* because it does not 'raise a right to relief above the speculative level.'" *Id.* at 35. Where a complaint "fails to include" any information "about the circumstances giving rise to the claims," as does Plaintiff's Complaint here, the Court can only presume that the plaintiff "cannot point to any actual facts giving rise to a valid claim for relief." *Id.*

23. For similar reasons, Plaintiff's allegations of willful patent infringement based on nothing more than "information and belief" fail the *Twombly* standard. The court in *F5 Networks, Inc. v. A10 Networks, Inc.*, No. C07- 1927, 2008 WL 687114, at *1 (W.D. Wash. Mar. 10, 2008) held that the allegation "[o]n information and belief, A10 has performed such acts of infringement in a willful and deliberate manner, insofar as it has committed such acts with knowledge of F5's '802 patent" failed *Twombly. Id.* As the court explained, the bare allegation "does not contain any facts to support a claim of willful infringement or to put A10 on notice of the grounds on which that claim rests." *Id.*

24. Presumably, TTI has complied with Rule 11, and has already conducted an adequate pre-filing investigation to understand how EDI is supposedly liable for infringement. *Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997) (failure to conduct pre-filing investigation to compare products accused of infringement with claims of a patent is sanctionable). In the patent infringement context, Rule 11 requires that a plaintiff "at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Eng'g Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). Accordingly, TTI should have been able to provide the requisite factual basis for its claims.

## VI. CONCLUSION

25.     For the reasons set forth above, EDI respectfully requests that the Court dismiss TTI's Complaint pursuant to Rule 12(b)(c).

Respectfully submitted,

                                                **DRUCKER, RUTLEDGE & SMITH, L.L.P.**

                                  By:     /s/ *Rachael M. Rolón*
                                                Rachael M. Rolón
                                                SBN: 24013418
                                                Federal I.D. No.:  560838
                                                10003 Woodloch Forest Dr., Suite 225
                                                The Woodlands, TX 77380
                                                Telephone: 281-681-3515
                                                Facsimile: 281-681-3543
                                                **ATTORNEYS FOR DEFENDANT**

**OF COUNSEL:**

**DRUCKER, RUTLEDGE & SMITH**

## CERTIFICATE OF SERVICE

      I certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of this document with attachments was forwarded (via U. S. mail 1st Class _____ ; CMRRR_____ ; hand delivery_____ ; CM/EDF electronic notification √ ) to the following on November 3, 2010:

**Attorneys for Plaintiff Target Training International, Ltd.**
Edmund J. Sease
Janet E. Phipps Burkhead
McKEE, VOORIIEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone: 515-288-3667                                                              sease@ipmvs.com
Fax: 515-288-1338                                         janet.phippsburkhead@ipmvs.com

Michael E. Wilson
Texas Bar No. 21704650
S.D. Texas Bar No. 16458
SLUSSER WILSON & PARTRIDGE, LLP
333 Clay St., Suite 4720
Houston, TX 77002
Phone: 13-860-3307                                               mwilson@slusser-law.com
Fax: 713-860-3333

                                                      By: */s/ Rachael M. Rolón*
                                                            Rachael M. Rolón