### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **TARGET TRAINING INTERNATIONAL, LTD.** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **Civil Action No.  4:10-CV-03350** |
| **v.** | § | |
| | § | **JURY DEMANDED** |
| **EXTENDED DISC NORTH AMERICA, INC.** | § | |
| **Defendants.** | § | |

### REPLY IN SUPPORT OF EXTENDED DISC NORTH AMERICA, INC.'S
### RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [DKT. 12]

Extended DISC North America, Inc. ("EDI") respectfully submits this reply brief in further support of its Rule 12(b)(6) Motion to Dismiss the Complaint (the "Complaint") of Target Training International ("TTI") (the "Motion" Dkt. 12).

## I.      Introduction

1.      TTI's argument that EDI is on notice of the direct and indirect infringement claims against it is meritless.  TTI's failure to adequately plead direct and indirect infringement requires dismissal of the Complaint.

## II.     TTI's Complaint Fails to Comport With the Pleading Standard as Set Forth in *Iqbal/Twombly*, as Well as Form 18

2.      As discussed in the Motion, the Complaint's description of the infringement is too vague and fails to specifically and adequately identify the accused products so as to put EDI on notice as to what to defend.   TTI takes the position in its Response that it has clearly identified the accused product as EDI's "individual assessment product" and, thus, has complied with *Iqbal/Twombly* and Form 18.  However, that argument mischaracterizes the allegations TTI has pleaded and it misses

the point.  The product(s) actually accused in the Complaint are EDI's "*services*" ("...by one or more acts of using, offering for sale and/or selling *services* that is the methods claims in the patent..."). *See* Complaint at ¶ 7 (emphasis added).   The fact that the Complaint goes on to say that the pool of infringing products includes "without limitation, [EDI's] individual assessment product" does not remedy the fact that TTI's accusation of EDI's "services" is so vague and all-encompassing as to make it impossible to know what specific, actual allegations it needs to defend against.

3.    TTI's allegations do not meet the *Iqbal/Twombly* standard as applied by the courts. The Motion cites to and discusses a number of post-*Iqbal/Twombly* cases that make clear that TTI's Complaint is insufficient.[1]  TTI's Response fails to address or distinguish any of these cases.

4.    TTI's Response devotes much time to arguing that its infringement allegations meet the "simplicity and brevity" parameters of Form 18 (Response at pp. 3-5) (quoting Rule 84).  Although Form 18, drafted before the *Iqbal* and *Twombly* decisions, has been called into question by the courts, it appears that – at least for now – it remains valid.[2]  Nonetheless, TTI's allegations fail to even meet the low bar set by Form 18.

---

[1] For example: *Realtime Data, LLC v. Stanley*, 2010 WL 2403876, *3-*4 (E.D. Tex. 2010) (accused products described as "data compression products and/or services"); *Bender v. Motorola, Inc.* 2010 WL 726739, *3-*4 (N. D. Cal. 2010) (complaint that identified "without limitation" a list of defendant's products, failed to identify the accused device with some semblance of specificity to alert the alleged infringer which device was at issue); *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531, 2009 WL 2972374, at *4-*8 (N.D. Cal. Sept. 14, 2009) (dismissing counterclaim that identified the accused products as "touch sensitive input devices or touch pads, including but not limited to the Smart-Pad" but not alleging sufficient facts under *Twombly* and *Iqbal*); *Ware v. Circuit City Stores, Inc.*, 2010 WL 767094, *2 (N. D. Ga. 2010) complaint that accused "apparatuses... including, but not limited to [defendant's] financial systems" failed to give fair notice since "apparatus" was vague, failing to meet even the minimum requirements of Rule 8 or Form 18).

[2] *See, e.g., Apple, Inc.*, 2009 WL 2972374 at *2 ("it is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal*"); *see also Colida v. Nokia, Inc.*, 347 Fed. Appx. 568 (Fed. Cir. 2009) (unpublished) (in dicta, questioning the viability of Form 18).

The example set forth in Form 18 and quoted in TTI's Response states, in part:

> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

FED. R. CIV. P. Form 18 (2007).

5.    TTI's allegation does not match.  The hypothetical defendant in receipt of the Form 18 allegation is put on notice that it is its "electric motors" products that have been accused of embodying the asserted patent.  As a result, it can begin to analyze those identified products in comparison to the asserted patent and devote its resources to the products that are being accused.  EDI is not able to do so because TTI's allegation is not specific.  In fact, it accuses *all* of EDI's nebulous "*services*" of infringement, making it impossible to know what specific allegation is truly being brought.  It cannot be the case that a plaintiff can get around the requirements of *Iqbal/Twombly* and Form 18 simply by suggesting a specific product after accusing *all* of Defendant's products of infringement.

6.    'The Court has high expectations of a plaintiff's preparedness before it brings suit.' *Realtime Data, LLC*, 2010 WL 2403876 at *5.  Thus, while the level of specificity required under P.R. 3-1 is not required, "some greater specificity is required here to give Defendants sufficient notice of the claims alleged." *Id.*

7.    TTI cites to several cases in the Eastern District of Texas where, it argues, similar pleadings survived motions to dismiss.  However, those decisions issued prior to the Supreme Court's decision in *Iqbal*, which clarified that the *Twombly* standard applies in all civil actions. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1953 (2009).  Moreover, those cases actually come closer to meeting the *Iqbal/Twombly* standard.

8.      In *FotoMedia Tech., LLC v. AOL*, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) the complaint alleged that a number of defendants infringed a patent by operating "photosharing web site services" and specifically identified the Uniform Resource Locators ("URLs") of the website providing the allegedly infringing services. *FotoMedia Tech., LLC*, 2008 WL 4135906 at *1-2. This specificity was a basis for the court's holding that the complaint was adequate.  Here, TTI has accused all of EDI's "services."  This is vague and, even with the example of EDI's individual assessment product, does nothing to specify what products will be a part of this litigation.  In *PA Advisors, LLC v. Google, Inc.*, 2008 WL 4136426 (E.D. Tex. Aug. 8, 2008), the complaint named the defendant, cited the Patent, **named the products and websites, described how they infringed**, and cited the specific sections of patent law." *PA Advisors, LLC*, 2008 WL 4136426 at *6 (emphasis added).  TTI's allegations are not comparable.

9.      The *FotoMedia Tech* and *PA Advisors* cases also relied upon the Federal Circuit's decision in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007), as does the Response. However, *McZeal* is inapplicable.  There, the Federal Circuit, applying 5th Circuit law, applied a lower pleading standard which required "the reviewing court [to] grant the *pro se* litigant leeway on procedural matters, such as pleading requirements" because "an unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Id.* at 1356. TTI is not appearing *pro se*.  *See Performance Aftermarket Parts Group, Ltd. v. TI Group Automotive Sys.*, LLC, 2007 WL 2818269, at *2 (S.D. Tex. Sept. 25, 2007) (refusing to apply *McZeal* to defendant's counterclaims because the defendant was represented by counsel and dismissing various counterclaims).  Moreover, the *McZeal* decision predates the Supreme Court's decision in *Iqbal*.  Reliance upon *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d

790, 794 (Fed. Cir. 2000) is equally misplaced, as it predates *both Twombly* and *Iqbal*, and the issue

there was "whether or not a plaintiff must plead specific allegations of infringement of each element

of the asserted claims." *Id.* at 3-4.

10.     This Court should assess TTI's Complaint as a whole and in its context. *Iqbal*, 129 S.Ct. at

1950.  In addition to failing to give notice of what specific products have been accused, there is a

a dearth of any other factual allegations regarding how EDI's product(s) infringe.  Moreover, the

allegations – such as they are – are made under the umbrella of "information and belief."  Overall,

the Complaint fails to state a claim that is plausible on its face.  At a bare minimum, TTI's claims

should be limited to accusing EDI's individual assessment product. *See Ondeo Nalco Co. V. EKA*

*Chemicals., Inc.* No. Civ. A 01-537-SLR, 2002 WL 1458853, at *1 n. 2-3 (D. Del. June 10, 2002)

(accused products described as defendant's "products, including the 8692 product" ruled too vague

to support a claim, except as to the specific accusation against the 8692 product).

### III.    At a Minimum, TTI's Allegation of Indirect Infringement Should be Dismissed

11.     At a minimum, TTI's claim for indirect infringement should be dismissed because the

Complaint fails to properly allege induced infringement as set forth in the case law.  In analyzing

whether TTI has properly pled induced infringement, Form 18 is inapplicable. *Apple, Inc.*, 2009 WL

2972374 at *2 (Form 18 only provides example of how *direct* patent infringement may be alleged).

Recent case law clarifies that plaintiff must: (1) 'identify which claims are indirectly infringed,' (2)

'identify which methods or systems indirectly infringe,' and (3) 'identify a direct infringer in

reference to [] indirect infringement claims.' *Realtime Data, LLC*, 2010 WL 2403876 at *7.  In *PA*

*Advisors*, cited by TTI, the court required the plaintiff to at least generically identify the end user.

*PA Advisors, LLC*, 2008 WL 4136426 at *6.  Most notably, TTI's Complaint fails to identify which

other party committed the underlying act of infringement. The lack of clarity fails to inform EDI as to how it must defend against charges of indirect infringement. TTI's Response does not offer any meaningful rebuttal. The indirect infringement allegations should be dismissed.

## IV.     Conclusion

12.     When a Complaint contains inadequate factual allegations, it is important to resolve such questions early in litigation and 'at the point of minimum expenditure of time and money by the parties and the court.' *Performance Aftermarket*, 2007 WL 2818269 at *1 (quoting *Twombly*, 127 S. Ct. at 1966. "[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.* (quoting *Twombly*, 127 S. Ct. at 1967). As it stands, EDI cannot realistically be expected to frame a responsive pleading or prepare a defense to what amounts to generic and deficient allegations in the Complaint without the risk of substantial prejudice. In sum, discovery is not an adequate substitute for a well pled complaint and, consequently, TTI's Complaint should be dismissed.

13.     For the reasons set forth above, EDI respectfully requests that the Court dismiss TTI's Complaint pursuant to Rule 12(b)(6).

Respectfully submitted,

**DRUCKER, RUTLEDGE & SMITH, L.L.P.**

By:      */s / Rachael M. Rolon*
Rachael M. Rolón
SBN: 24013418
Federal I.D. No.:  560838
10003 Woodloch Forest Dr., Suite 225
The Woodlands, TX 77380
Telephone: 281-681-3515
Facsimile: 281-681-3543
**ATTORNEYS FOR DEFENDANT**

F:\DOCS\3955\0001\Reply in Support of Motion to Dismiss.wpd                                    6

OF COUNSEL:

**DRUCKER, RUTLEDGE & SMITH**

## CERTIFICATE OF SERVICE

     I certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of this document with attachments was forwarded (via U. S. mail 1st Class _____; CMRRR____ ; hand delivery____; CM/EDF electronic notification__X__) to the following on November 24, 2010:

**Attorneys for Plaintiff Target Training International, Ltd.**
Edmund J. Sease
Janet E. Phipps Burkhead
McKEE, VOORIIEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone: 515-288-3667
Fax: 515-288-1338

sease@ipmvs.com
janet.phippsburkhead@ipmvs.com

Michael E. Wilson
Texas Bar No. 21704650
S.D. Texas Bar No. 16458
SLUSSER WILSON & PARTRIDGE, LLP
333 Clay St., Suite 4720
Houston, TX 77002
Phone: 13-860-3307
Fax: 713-860-3333

mwilson@slusser-law.com

By: ___/s / *Rachael M. Rolon*___
        Rachael M. Rolón