UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | ) ) ) | Civil Action No. 4:10-cv-03350 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| EXTENDED DISC NORTH AMERICA, INC., | ) ) ) | |
| Defendant. | ) ) | |

## PROTECTIVE ORDER

1. **Proceedings and Information Governed.** This Order ("Protective Order") is made under Rule 26(c) of the Federal Rules of Civil Procedure ("FED. R. CIV. P.").

This Protective Order applies to any document, information, or other tangible or intangible thing (collectively, "documents") furnished by a party to any other party, as well as documents furnished by non-parties who receive subpoenas in connection with this action, if and when the documents are designated by a party or non-party as "Confidential Information" or "Highly Confidential Information" in accordance with the terms of this Protective Order. This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

2. **Designation and Maintenance of Documents and Information.**

    **A.** "Confidential Information" designation means that the document contains trade secrets or commercial information not publicly known, which trade secrets or commercial information is of technical or commercial advantage to its possessor, in accordance with FED. R. CIV. P. 26(c)(7), or other information required by law or agreement to be kept confidential.

    **B.** The "Highly Confidential Information" designation means that the document contains information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter.

C.      "Confidential Information" and "Highly Confidential Information" does not include, and this Protective Order does not apply to, documents already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by an agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.    **Documents Produced in Discovery and Depositions**.

   A.      **Documents and things produced** during the course of this litigation within the scope of paragraph 2(A) or 2(B) above, may be designated by the producing party as containing "Confidential Information" by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(A) above may be designated by the producing party as containing "Highly Confidential Information" by placing on each page and each thing a legend substantially as follows:

**HIGHLY CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

   B.      **Depositions**

   (i)     For deposition testimony or exhibits to be entitled to protection under this Order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Information" or "Highly Confidential Information" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.

   (ii)    If no such designation is made at the time of the deposition, any party has fourteen (14) days after delivery by the court reporter of the transcript of the deposition session to designate, in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as "Confidential Information" and "Highly Confidential Information."

   (iii)   During the transcription and following fourteen (14) day period after a deposition session, the transcript and exhibits must be treated as Highly Confidential Information, unless the disclosing party consents to less confidential treatment of the information.

   (iv)    Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials

containing Confidential Information or Highly Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

(v) If no such designation is made at the deposition or within the fourteen (14) day period following delivery of the transcript, then the entire deposition will be considered devoid of Confidential Information or Highly Confidential Information.

4. **Inadvertent Failure to Designate**.

A. The inadvertent failure to designate a documents as ""Confidential Information" or "Highly Confidential Information" will not be a waiver of a claim that the document contains confidential information, and will not prevent the producing party from designating such information as confidential at a later date in writing, so long as the designation is done with particularity.

B. In the event a producing party late designates a document as "Confidential Information" or "Highly Confidential Information," the document must be treated by the receiving party as confidential from the time of receipt of the notice of the "Confidential Information" or "Highly Confidential Information" designation.

5. **Challenges to Designations**.

A party's designation of documents "Confidential Information" or "Highly Confidential Information" is not binding if the procedures below are followed:

A. A receiving party may challenge a producing party's designation at any time. Any receiving party may request in writing that the producing party change the designation. The producing party within fourteen (14) days after receipt of a written challenge, must advise the receiving party whether or not it will change the designation.

B. If the parties are unable to reach agreement after the expiration of this fourteen (14) day period, they shall confer. If they cannot resolve the issue, the receiving party may seek an order to alter the confidential status of the designated information.

C. Until the presiding judge has ruled on a dispute under this paragraph, the "Confidential Information" or "Highly Confidential Information" designation will remain in full force and effect, and the document continues to be protected by this Protective Order.

6. **Disclosure and Use of Confidential Information**.

A. Information designated as "Confidential Information" or "Highly Confidential Information" may only be used for purposes of preparation, trial, and appeal of this action. "Confidential Information" or "Highly Confidential Information" may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

**B.** Subject to paragraph 9 below, "Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: **(a)** The Court and its staff; **(b)** outside counsel of record for the receiving party; **(c)** supporting personnel employed or contracted by (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; **(d)** The parties; **(e)** experts or consultants; and **(f)** any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

**C.** Subject to paragraph 9 below, "Highly Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: **(a)** The Court and its staff; **(b)** outside counsel of record for the receiving party; **(c)** supporting personnel employed or contracted by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; **(d)** experts or consultants; and **(e)** those individuals designated in paragraph 6(F)(c) below.

**D.** Further, prior to disclosing "Confidential Information" or "Highly Confidential Information" to a receiving party's proposed expert, consultant, or employees, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing party will thereafter have fourteen (14) days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within fourteen (14) days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the fourteen (14) day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

**E.** Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

**F.** "Confidential Information" or "Highly Confidential Information" may be disclosed to a person who is not already allowed access to such information under this Protective Order *if*: **(a)** the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under FED. R. CIV. P. 30(b)(6); **(b)** the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or **(c)** counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this section 6(F), only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information.

Disclosure of material pursuant to this section 6(F) does not constitute a waiver of the confidential status of the material so disclosed.

7. **Non-Party Information**.

The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

8. **Filing Documents With the Court**.

Any party may submit Confidential Information to the court under seal by designating the document "sealed" in the CM/ECF system of the court or may deliver the document for filing by the Clerk's Office. If a party delivers a copy to the court, the document must be in a sealed envelope bearing the caption of this action and a label containing the following:

## CONFIDENTIAL INFORMATION

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | Civil Action No. 4:10-cv-03350 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| EXTENDED DISC NORTH AMERICA, INC., | |
| Defendant. | |

**This envelope, which is being filed under seal, contains documents that are subject to a <u>Protective Order</u> governing the use of confidential discovery material.**

9. **<u>No Prejudice</u>.**

Producing or receiving "Confidential Information" or "Highly Confidential Information," or otherwise complying with the terms of this Protective Order, will *not*: **(a)** operate as an admission by any party that any particular "Confidential Information" or "Highly Confidential Information" contains or reflects trade secrets or any other type of confidential or proprietary information; **(b)** prejudice the rights of a party to object to the production of information **or** material that the party does not consider to be within the scope of discovery; **(c)** prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; **(d)** prejudice the rights of a party to apply to the presiding judge for further protective orders; or **(e)** prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

10. **<u>Conclusion of Litigation</u>.**

Within sixty (60) days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information" or

"Highly Confidential Information," and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**11.   Other Proceedings.**

By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated "Confidential" or "Highly Confidential" pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**12.   Remedies.**

It is **ORDERED** that this Protective Order will be enforced by the sanctions set forth in FED. R. CIV. P. 37(a) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

**13.   Relief from Protective Order.**

Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

Signed at Houston, Texas, this 7th day of Dec., 2010

_____
Kenneth J. Hoyt
United States District Judge

**<u>Exhibit A</u>**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., <br><br> Plaintiff, <br><br> v. <br><br> EXTENDED DISC NORTH AMERICA, INC., <br><br> Defendant. | Civil Action No. 4:10-cv-03350 <br><br><br> **JURY TRIAL DEMANDED** |

**<u>CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT OR EMPLOYEES OF ANY PARTY</u>**

I, _____, under penalty of perjury, 28 U.S.C. § 1746, that:

    1.    Information, including documents and things, designated as "Confidential Information" or "Highly Confidential Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

    2.    I have been given a copy of and have read the Protective Order.

    3.    I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

    4.    I submit to the jurisdiction of the United States District Court for the Southern District of Texas for enforcement of the Protective Order.

    5.    I agree not to use any "Confidential Information" or "Highly Confidential Information" disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

    6.    I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

    7.    I understand that I am to retain all documents or materials designated as or containing "Confidential Information" or "Highly Confidential Information" in a secure manner, and that all

such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential Information" or "Highly Confidential Information" are to be returned to counsel who provided me with such documents and materials.

Signed at _____, _____, this _____, day of _____, 20__.

_____
Signature

## Exhibit B

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | ) ) ) Civil Action No. 4:10-cv-03350 |
| Plaintiff, | ) ) ) |
| v. | ) ) JURY TRIAL DEMANDED |
| EXTENDED DISC NORTH AMERICA, INC., | ) ) ) |
| Defendant. | ) ) |

### CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I, _____, under penalty of perjury, 28 U.S.C. § 1746, that:

    1.    Information, including documents and things, designated as "Confidential Information" or "Highly Confidential Information" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

    2.    I have been given a copy of and have read the Protective Order.

    3.    I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

    4.    I submit to the jurisdiction of the United States District Court for the Southern District of Texas for enforcement of the Protective Order.

    5.    I agree not to use any Confidential Information or Highly Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

Signed at _____, _____, this _____, day of _____, 20__.

_____
Signature