**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., )<br><br>Plaintiff, )<br><br>v. )<br><br>EXTENDED DISC NORTH AMERICA, INC., )<br><br>Defendant. ) | Civil Action No. 4:10-cv-03350 |

**SCHEDULING ORDER**

It is hereby **ORDERED**, after consultation with the parties that the following

schedule will apply in this case.

| 0 | 12/13/2010 at 8:15 a.m. | **Scheduling Conference (telephonic)** |
|---|---|---|
| 1 | 2/4/11 | **Comply with P.R. 3-1 and P.R. 3-2: Parties to make disclosure of asserted claims and preliminary infringement contentions & make document production.**<br>*After this date,* it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule (P.R.) 3-7.<br><br>**Join additional parties.** It is not necessary file a motion to join additional parties before this date. Thereafter, it is necessary to obtain leave of court to join addition parties.<br>**Add new patents and/or claims** for patents-in-suit. It is not necessary to file a motion to file a motion to add additional patents or claims before this date. Thereafter, it is necessary to obtain leave of Court to add patents or claims. |
| 2 | 3/18/11 | **Comply with P.R. 3-3 and 3-4:  Parties to serve preliminary invalidity contentions and make document production.**  Thereafter, it is |

| | | |
|---|---|---|
| | | necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to P.R. 3-7.<br><br>Add any **inequitable conduct allegations** to pleadings.  Before this date, it is not necessary to file a motion for leave to add inequitable conduct allegations to pleadings.  Thereafter, it is necessary to obtain leave of Court to add in equitable conduct allegations by pleadings. |
| 3 | 4/1/11 | Comply with P.R. 4-1: **Parties' exchange of proposed terms and claim elements needing construction.** |
| 4 | 4/22/11 | Comply with P.R. 4-2:  **Parties' exchange of preliminary claim constructions and extrinsic evidence.**<br>**Privilege Logs** exchanged by parties (or a letter to the court stating that there are no disputes as to claims of privileged documents). |
| 5 | 5/20/11 | Deadline to comply with P.R. 4-3:  **Filing of joint claim construction and pre-hearing statement.**<br>**Disclosure of parties' claim construction experts** & service of FRCP 26(a)(2) materials. |
| 6 | 5/20/11 | **Deadline for parties to file amended pleadings (pre-claim construction).**  It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings.  (It will be necessary to file a Motion for Leave to Amend after this deadline.)<br><br>**NOTE:**  If the amendment would affect preliminary infringement contentions or preliminary invalidity contentions, a motion must be made pursuant to P.R. 3-7 irrespective of whether the amendment is made prior to this deadline. |
| 7 | 5/23/11 | Each party to provide name, address, phone number, and curriculum vitae for up to three (3) candidates for a **court-appointed special master** (*see* Fed. R. Civ. P. 53) or **court-appointed expert** (*see* Fed. R. Ev. 706), with information regarding the nominee's availability for Markman hearing or other assignments as deemed necessary by the court.  The parties shall indicate if they agree on any of the nominees. |
| 8 | 5/23/11 | Deadline for parties (optional) to provide Court |

| | | |
|---|---|---|
| | | with **written tutorials concerning technology involved in patent in issue**. If a special master or court-appointed expert is hereafter selected, the parties will provide each tutorial to the master or expert. |
| 9 | 5/27/11 | **Responses to amended pleadings due.** |
| 10 | 6/10/11 | **Discovery deadline on claim construction issues** (*see* P.R. 4-4). |
| 11 | 6/24/11 | Comply with P.R. 4-5: **the Party claiming patent infringement** must serve and file a **Claim Construction Opening Brief** with supporting evidence. The moving party is to provide the Court with 2 copies of the binders containing their Opening Brief and exhibits. If a special master or court-appointed expert has been appointed, the moving party must provide the Opening Brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits, to the special master or court-appointed expert. |
| 12 | 7/15/11 | Comply with P.R. 4-5: **Responsive pleading and supporting evidence due <u>to</u> party claiming patent infringement.** The moving party is to provide the Court with two (2) courtesy copies of the Responsive Brief and exhibits. If a special master or court-appointed expert has been appointed, the nonmoving party must supply a copy of its Response on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits, to the special master or court-appointed expert. |
| 13 | 7/22/11 | Comply with P.R. 4-5: **Party claiming infringement shall a Reply Brief and supporting evidence on claim construction.** The moving party is to provide the Court with two (2) copies of the Reply Brief and exhibits.<br><br>If a special master or court-appointed expert has been appointed, the moving party must provide the Reply Brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits, to the special master or court-appointed expert.<br><br>Parties to file a **notice** with the Court stating the **estimated amount of time** requested for the |

3

| | | |
|---|---|---|
| | | Claim Construction (*Markman*) Hearing.  The Court will notify the parties if it is unable to accommodate this request. |
| 14 | 8/5/11 | Parties to submit **Claim Construction Chart** in WordPerfect 8.0 (or higher) format in compliance with P.R. 4-compliance with P.R. 4-5. |
| 15 | 8/15/11 | **Claim Construction (*Markman*) Hearing at 1:30 p.m., at the United States District Court, 515 Rusk Street, Courtroom 11-A, Houston, Texas.** |
| 16 | 9/26/11 | **Court's decision on Claim Construction (*Markman* Ruling). (*If ruling is later than this date, parties may seek to amend the remaining dates of the Scheduling Order.*)** |
| 17 | 9/30/11 | **Deadline for final infringement contentions and to amend pleadings on infringement claims.** **NOTE:** Except as provided in P.R. 3-6, if the amendment would affect preliminary or final infringement contentions, a motion must be made under P.R. 3-7 irrespective o whether the amendment is made before this deadline. |
| 18 | 9/30/11 | Comply with P.R. 3-8.  **All parties furnish** documents and privilege logs **pertaining to willful infringement.** |
| 19 | 10/14/11 | **Deadline for final invalidity contentions and to amend pleadings on invalidity claims.** **NOTE:** Except as provided in P.R. 3-6, if the amendment would affect preliminary or final infringement contentions, a motion must be made under P.R. 3-7 irrespective o whether the amendment is made before this deadline. |
| 20 | 10/28/11 | Date for **designation of expert witnesses on non-construction issues on which the party has the burden of proof** ("BOP") and service of expert witness reports. [Refer to Fed. Rules of Civil Proc. For information required.] |
| 21 | 12/02/11 | **Date for designation of responsive expert witnesses on non-construction issues on which the party does *not* have the BOP,** and **service of responsive expert witness reports.**  [Refer to Fed. Rules of Civil Proc. For information required.] |
| 22 | 1/20/12 | **Discovery deadline on all issues.** |

| | | |
|---|---|---|
| | | *(**If ruling is late, parties may seek to amend the remaining dates of the Scheduling Order.**)* |
| 23 | Motions due: 2/17/12<br>Responsive briefs due: 3/2/12<br>Reply briefs due: 3/9/12 | **Dispositive and non-dispositive motions and Briefing deadlines.** |
| 24 | Per the Court's schedule | **Court's ruling on all pending motions.** |
| 25 | 4/27/12 | **Joint Pretrial Order due** including **all components** required by Local Rules and this Court's Procedures (such as witness lists, exhibit lists and copies of exhibits – see #29   below), and (a) in bench trials, proposed findings of fact and conclusions of law with citation to authority and (b) for jury trials, joint proposed jury instructions with citations to authority, and proposed verdict form).<br>**Statement of Expected Length of Trial:** \_\_\_\_ days (~6 hours with jury per day). |
| 26 | 4/27/12 | **Written notice due for request for daily transcript or real time reporting of trial proceedings.** |
| 27 | 4/27/12 | **Video and Deposition Designations due.** Each party who proposes to offer a deposition by video must file a disclosure identifying the line and page numbers to be offered.<br><br>All other parties will have **1 week** to file a response requesting **cross designation** line and page numbers to be included.<br><br>Each party is responsible for **preparation of the final edited video** in accordance with their parties' designations and the Court's rulings on objections. |
| 28 | 4/27/12 | **Motions in Limine due.** |
| 29 | 5/11/12 | Objections to opponents' proposed witnesses, proposed exhibits, designated deposition testimony, and any other matters due. |
| 30 | 5/18/12 | The parties are directed to confer and **advise the Court** to which limine requests the parties agree to. |
| 31 | | 9:00 a.m. **Docket Call/Final Pretrial Conference** at the United States District Court, 515 Rusk Street, Houston, Texas. |
| 32 | **MEDIATION is required prior to Docket Call.** | *The Court refers most patent cases to mediation. The parties should discuss proposed mediators* |

| | [4/2/12] | *and timing of mediation prior to the Scheduling Conference and be prepared with recommendations for the Court.*<br><br>**Mediation to be completed by this date.**  The parties must select a mediator for this case.  The parties and mediator must comply with S.D. Texas Local Rule 16. |
|---|---|---|
| 33 | **June 4, 2012 @ 11:30 a.m.** | **DOCKET CALL** |

## OTHER REQUIREMENT AND LIMITATIONS:

(a)     **All depositions** to be read into evidence as part of the parties' case-in-chief must be **EDITED** (*with* notice to opposing parties) to exclude all unnecessary, repetitious, and irrelevant testimony.  **ONLY** those portions relevant to the issues in controversy may be read into evidence.

(b)     The Court will refuse to entertain any **motion to compel discovery** filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter.  See Southern District of Texas Local Rules 7.1, 7.2.

(c)     The following **excuses will neither warrant a continuance** nor justify a failure to comply with the discovery deadline:

   (i)     the fact that there are motions for summary judgment or motions to dismiss pending;

   (ii)     the fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

   (iii)     the failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

(d)     **Exhibits**

   (i)     Each party must provide the Court with a courtesy copy of exhibits and exhibit lists.  The presiding judge's preferred format for Exhibit Lists is available on the Court's website at www.txs.uscourts.gov under **Court Procedures**.

(ii)    If exhibits are voluminous, provide only specific pages that pertain to the issues on the two courtesy copies.  The original exhibits that are agreed upon by the parties, should be ready to be tendered to the Clerk of Court at the beginning of trial.  Other exhibits that are admitted during trial should be tendered to the Clerk of the Court immediately after admission.

(ii)    The parties are to label all proposed exhibits with the following information on each label: Designation of Plaintiff's or Defendant's Exhibit Number and Case Number.  For example:

| **Plaintiff's Exhibit** | **Defendant's Exhibit** |
|---|---|
| Exhibit No. _____ | Exhibit No. _____ |
| Case No. _____ | Case No. _____ |

SIGNED at Houston, Texas this 14th day of December, 2010.

_____

Kenneth M. Hoyt
United States District Judge