UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING | § | |
| INTERNATIONAL, LTD. | § | |
|     Plaintiff, | § | |
| | § | Civil Action No.  4:10-CV-03350 |
| v. | § | |
| | § | **JURY DEMANDED** |
| EXTENDED DISC NORTH | § | |
| AMERICA, INC. | § | |
|     Defendants. | § | |

**DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING
REEXAMINATION OF U.S. PATENT NO. 7,249,372
AND REQUEST FOR EMERGENCY SUBMISSION**

COMES NOW, Defendant Extended DISC North America, Inc. ("EDNA") and files this its

Motion to Stay Proceedings Pending Reexamination of U.S. Patent No. 7,249,372 with

accompanying Memorandum of Law, stating as follows:

## I. INTRODUCTION

1.    Defendant EDNA moves for a stay of all proceedings in this action in light of the recently

filed request for *ex parte* reexamination of the patent-in-suit, United States Letters Patent No.

7,249,372 (filed Jan. 12, 2001) (the "'372 Patent"), in the United States Patent & Trademark Office

("PTO").  The request raises substantial new questions of patentability based upon prior art not

considered in the original prosecution of the patent.

2.    Because the validity and claim scope of the '372 Patent are central issues to this case, further

litigation in this Court pending the PTO's final determination will be duplicative of the PTO's efforts

and will waste valuable resources of the Court and the parties if the PTO ultimately declares the

asserted claims of the '372 Patent to be invalid or requires material changes in the scope of the

claims. If a reexamination results in invalidity of the patent, the entire case will be dismissed. If the PTO determines that some or all of the asserted claims are unpatentable, then those claims would be removed from the case, simplifying issues for trial. If any claims emerge from the reexamination (whether the same or amended), examination of the prior art by the PTO, with its technical expertise, will nonetheless aid the Court in claims construction and further invalidity analysis. Moreover, because almost no work has been done on this case, a stay makes even more sense. Staying the case now, while the PTO considers the request will save the parties and the Court needless costs of litigation.

## II. BACKGROUND

### A. Nature and Current Stage of the Proceeding

3.       Plaintiff Target Training International, Ltd. ("TTI"), as the assignee of the '372 Patent, sued EDNA alleging direct and indirect infringement of "at least claim 1" of the '372 Patent. *See* Plaintiff's Original Complaint [Dkt. No. 1]. In response, EDNA filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which is currently pending before the Court [Dkt. No. 9]. Since the filing of this lawsuit and during the pendency of EDNA's motion to dismiss, an extensive effort to gather pertinent prior art references has been undertaken, which shows that the alleged invention was disclosed in public documents before the original patent owners filed their earliest patent application. A central issue in this litigation will be the validity of the '372 Patent under several sections of Title 35 of the U.S. Code, including 35 U.S.C. §§102 and 103 in light of prior art.

4.       On January 14, 2011, a request for *ex parte* reexamination of the '372 Patent was filed by Extended DISC International, Ltd. ("EDI") with the PTO. A copy of the Request for Reexamination which details the substantial new questions of patentability, and supporting Declaration of Jukka Sappinen are attached. *See* Appendix, Ex. A. EDNA, party to this litigation, is an authorized

reseller of EDI's online assessment tools in North America. The online platform developed by EDI appears to be the target of TTI's patent infringement suit. Thus, importantly, determination of the validity of the '372 Patent affects not only EDNA, but also EDI, its many other resellers around the world, their downstream sellers, and many competitors as well as non-competitors of EDI/EDNA that utilize an online platform for assessment tools, whether employee-related or otherwise.

5.      The request is based upon four highly relevant and material prior art references that were not disclosed, cited, or considered by the examiner during the original prosecution. These references disclose the methods and systems of every single claim of the '372 Patent (claims 1-11). Therefore, these references raise substantial new questions of patentability and, if fairly considered by the PTO, the '372 Patent will be invalidated.

### B. The Technology

6.      The '372 Patent discloses a known method whereby employee evaluation firms sell, license, or otherwise market employee evaluation forms and employee evaluation systems to other businesses. In the usual manner, the forms are sold to businesses that utilize the forms to evaluate their employees. Forms are usually delivered to the businesses on printed paper.

7.      The '372 Patent relates to a method of distributing documents that includes the step of displaying the documents on a web site. Responses to the documents are accepted on the web site. After the responses have been accepted, they are processed into a report and the report is returned to an interested party.

### C. Reexamination Procedure in the Patent & Trademark Office

8.      Because Congress has realized the "chilling effect" of the "cost incurred in defensive patent litigation," it allows the PTO to reexamine issued patents to "permit efficient resolution of questions about the validity of issued patents without recourse to expensive and lengthy infringement

litigation." H.R. Rep. No. 96-1307(I), at 4 (1980).  The Federal Circuit Court of Appeals has explained that the nature of a reexamination proceeding is to review doubtful patents in light of information that was not considered or not fully considered by the PTO in its initial decision to issue the patents. *In re Etter*, 756 F.2d 852, 856 (Fed. Cir. 1985).

9.       Any person may file a request for reexamination. 35 U.S.C. § 302.  A request for reexamination of an issued patent permits the Director of the PTO to determine whether there is "a substantial new question of patentability affecting any claim of the patent concerned." 35 U.S.C. §303(a).  In making the request, the requester must explain what it believes is the significance of the new art. 35 U.S.C. § 302.  If such a new question has been presented, reexamination will be ordered by the Director. 35 U.S.C. §304.  The Director must determine within three months after the filing of the request whether a substantial new question of patentability is presented. 35 U.S.C. § 303.

10.     Moreover, the reexamination statute requires the PTO to conduct "[a]ll reexamination proceedings under this section, including any appeal to the Board of Patent Appeals and Interferences...with *special dispatch*." 35 U.S.C. § 305 (emphasis added).  In addition, because the '372 Patent is involved in litigation, the reexamination proceeding will "have priority over all other cases." MANUAL OF PATENT EXAMINING PROCEDURES § 2261.

11.     According to the PTO's own issued statistics, *ex parte* reexaminations are granted in 92% of the cases. *See Ex Parte* Reexamination Filing Data - September 30, 2010 at Appendix, Ex. B. Following reexamination, patents can emerge with all the claims cancelled, all claims confirmed, or with some or all of the claims having been changed. *Id.*  According to the PTO statistics, of the total *ex parte* reexamination certificates issued since 1981, just 23% of patents emerged with all claims confirmed. *Id.*  All claims were canceled (or disclaimed) in 12% of cases and claims were changed in 65% of cases. *Id.*

### III. STATEMENT OF THE ISSUE

12.     Should the Court exercise its discretion to stay this case in light of the PTO reexamination

of the validity of the patent-in-suit? *Ethicon v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).

### IV. ARGUMENT AND AUTHORITIES

13.     District courts "have the inherent power to control [their] own docket[s], including the power

to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.,* 356 F. Supp.2d 660, 662 (E.D.

Tex. 2005) (citing *Landis v. N. Am. Co.,* 299 U.S. 248 (1936)).  This includes the authority to order

a stay pending conclusion of reexamination proceedings in the PTO. *Ethicon,* 849 F.2d at 1426-27.

14.     A stay pending reexamination by the PTO benefits the district court proceedings in the

following ways:

> a.   All prior art presented to the Court will have been first considered by the PTO, with its particular expertise;
>
> b.   Many discovery problems relating to prior art can be alleviated by the PTO examination;
>
> c.   In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed;
>
> d.   The outcome of the reexamination may encourage a settlement without the further use of the Court;
>
> e.   The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation;
>
> f.   Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination; and
>
> g.   The cost will likely be reduced both for the parties and the Court.

*Tesco Corp., (US) v. Varco I/P, Inc.,* No. H-05-2118, Slip Copy, 2006 WL 6625915, at *4 (S.D.Tex.

Nov. 9, 2006) (internal quotations and citations omitted).

15.     Reexamination can "facilitate trial of [an] issue by providing the district court with the expert view of the PTO." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *see also Tesco Corp.*, 2006 WL 6625915, at *4. A stay is in order when the "outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998).

16.     In summary, a reexamination may eliminate most, if not all, of the issues in this litigation, and, even if the claims are not cancelled, the reexamination will at least result in a narrowing and a simplifying of the issues before the Court. Furthermore, the technical expertise provided by the reexamination proceeding will be helpful to the Court on any issues that remain.

### A. The Factors Balance in Favor of a Stay

17.     In deciding whether to stay litigation pending reexamination, district courts typically consider three factors: "(1) whether a stay will cause undue prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether discovery is complete and whether a trial date has been set ; and (3) whether a stay will simplify the issues in question and trial of the case." *Cameras Onsite, LLC v. Digital Mgmt. Solutions, Inc.*, No. H-09-2518, 2010 WL 1268054, at *2 (S.D.Tex. Mar. 24, 2010). 'Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors.' *Id.* (quoting *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05 CV 81, 2006 WL 2501494, at *1 (E.D.Tex. Jul. 14, 2006)).

### 1.     The first factor: A stay will not unduly prejudice or serve as a tactical disadvantage to TTI because monetary damages are sufficient.

18.     A stay will not cause any undue prejudice or serve as a clear tactical advantage to TTI. The mere fact that a stay will cause a delay of the litigation does not constitute undue prejudice. *Dataquill*

*Ltd. v. High Tech Computer Corp.*, No. 08cv543-IEG-LSP, 2009 WL 1391537, at \*3 (S.D. Cal. May 14, 2009); *see also Alza Corp. v. Wyeth*, No. Civ.A 9:06-CV-156, 2006 WL 3500015, at \*1 (E.D. Tex. Nov. 21, 2006) ("Reexamination does not threaten protracted or indefinite delay."). The statute that gives TTI its patent rights is the same one that subjects TTI to reexamination; therefore, any reexamination-related prejudice that TTI experiences is, by definition, not *undue*. *See KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C 05-03116 JSW, 2006 WL 708661, at \*3 (N.D. Cal. Mar. 16, 2006). Moreover, as discussed in more detail above, the PTO's procedures are specifically designed to expedite the reexamination process, particularly for patents that are the subject of litigation. *Cameras Onsite,* 2010 WL 1268054, at \*3.

19.     If TTI's patent claims are cancelled, or even modified, TTI will not suffer from a stay. In fact, it will have saved litigation expenses. Even if TTI prevails in the reexamination, issues may be simplified and any additional damages incurred during the stay will be compensable in money damages. *See JAB Distribs., LLC v. London Luxury, LLC*, No. 09 C 5831, Slip Copy, 2010 WL 1882010, at \*3 (N.D.Ill. May 11, 2010) ("Plaintiff's claim that it will suffer irreparable harm is undermined by the fact that its complaint seeks monetary damages..."). Moreover, TTI has never moved for a preliminary injunction; thus, any claim to be made of prejudice based upon a delay of ultimate injunctive relief has little merit. *See Cameras Onsite,* 2010 WL 1268054, at \*4 (granting stay, finding that even without a stay, defendants could continue allegedly infringing activity where plaintiff made no showing that it is entitled to a preliminary injunction); *see also Magna Donnelly Corp. v. Pilkington N.A., Inc.*, No. 4:06-CV-126, 2007 WL 772891, at \*5 (W.D.Mich. Mar. 12, 2007) (rejecting plaintiff's argument that delay would cause irreparable damage to its business where plaintiff had not moved for a preliminary injunction).

20.     Here, all of TTI's claims surround the single patent-in-suit and, therefore, rest on the validity

of the sole patent being reexamined. *See* Plaintiff's Original Complaint [Dkt. No. 1]. The benefits of a stay for all involved – including TTI – more than outweigh any supposed prejudice resulting from a stay. This factor weighs in favor of staying this case now.

**2.     The second factor: A stay will simplify the case.**

21.     Every cause of action in this case relates to the '372 Patent. The request for reexamination details four significant prior art references before the PTO that were not cited by either the examiner or the patent owner during prosecution. If the reexamination results in the patent being invalidated based on prior art, this action will be moot. Even if a stay is granted and the PTO does not invalidate the claims or invalidates only some of the claims, the PTO's finding of validity would be admissible in litigation. *Cameras Onsite,* 2010 WL 1268054, at *4. In either scenario involving ultimately invalidated claims, if there is no stay, the Court and the parties will have wasted time and resources by addressing those claims prior to the PTO's invalidation. *Id.* In addition, "the Court would have the benefit of the PTO's expert analysis regarding prior art references." *Id.*; *see also GPAC, Inc. v. D.W.W. Enters., Inc.*, 144 F.R.D. 60, 63 (D.N.J. 1992) ("...[T]he patent reexamination procedure was clearly intended to provide the federal courts with the expertise of the PTO.").

22.     The PTO's statistics demonstrate that in 77% of the cases claims are cancelled or changed as a result of reexamination. *See* Appendix, Ex. B. There is little statistical chance that all claims will survive reexamination without amendment. *Id.* As such, a stay is a more efficient use of judicial resources. This factor weighs heavily in favor of a stay.

**3.     The third factor: This case is in its infancy.**

23.     This case is in its very early stages. In fact, an answer is not even on file due to EDNA's pending 12(b)(6) motion to dismiss [Dkt. No. 9]. Plaintiff has just sent out its first set of discovery requests. No depositions have been taken. Neither party has submitted contentions or proposed

claim constructions to the Court, and the *Markman* hearing is not set until August 15, 2011. Docket call is set for May 18, 2012, fourteen months away.

24.      The significant amount of discovery and pretrial work that remains to be done argues in favor of a stay. All of these discovery and pretrial procedures, including claim construction and invalidity analysis, would benefit from, and be simplified by, the results of the reexamination. For this reason, stays pending reexamination are common when lawsuits are at early stages such as this one, and even when they are further along. *See, e.g., Cameras Onsite,* 2010 WL 1268054, at *5 (staying case that was in its "beginning stage").

25.      The fact that the PTO has not yet granted the request for reexamination should not alter this conclusion. Courts, including courts in this district, have recognized the efficiency of staying a case even before the PTO has granted or denied a request for reexamination. *See, e.g., Magna Donnelly Corp.*, 2007 WL 772891, at *6 (granting stay before the PTO ruled on request for reexamination); *Tesco Corp.*, 2006 WL 6625915, at *5 (same); *Grayling Indus., Inc. v. GPAC, Inc.,* No. 1:89-CV-451-ODE, 1991 WL 236196, at *3 (N.D.Ga. Mar. 25, 1991) (same). The PTO has three months from the date of filing the request to decide whether a substantial question of patentability exists. Under the current scheduling order, the next three months would require significant and costly patent-related work to be done, including preparation of the parties' preliminary infringement and invalidity contentions, investigating inequitable conduct claims, collecting and producing documents, responding to written discovery, and exchange of the parties' proposed terms and claim elements needing construction. Depositions are also likely. All of this work may be rendered moot or significantly narrowed as a result of the outcome of reexamination. In the unlikely event the PTO denies the request, this Court can simply lift the stay at that time. *See Tesco Corp.*, 2006 WL 6625915, at *5. Given the work and expenses that potentially could be saved, there is no downside

to staying this case now.

26.     This factor weighs heavily in favor of granting a stay. Because "[t]he tremendous amounts of time, money and energy usually expended in discovery and trial preparation in patent cases have not as yet been incurred in this case," EDNA's Motion should be granted. *PIC, Inc. v. Prescon Corp.*, 77 F.R.D. 678, 681 (D.C.Del. 1977).

## V. REQUEST FOR EMERGENCY SUBMISSION

27.     Because costs to both parties and to the Court mount each day, Defendant asks that this Motion be submitted to the Court for consideration immediately upon filing.

## VI. CONCLUSION

28.     The costs of a patent suit to a small company like EDNA are sizable and potentially disastrous. It would be an egregious waste of both the parties' and the Court's resources if the litigation went forward and the claims were subsequently declared invalid or were amended as a result of the reexamination proceeding. The results of a reexamination may also have a broader impact since many companies use an online platform for various types of assessment products. *A multiplicity of lawsuits might be avoided by a stay.* The factors undoubtedly weigh in favor of a stay.

29.     Defendant Extended DISC North America, Inc. respectfully requests that its Motion to Stay Proceedings Pending Reexamination of U.S. Patent No. 7,249,372 be considered in an expedited fashion and granted in its entirety, and that, accordingly, all further proceedings in this matter be immediately stayed pending the resolution of the reexamination of the '372 Patent by the U.S. Patent and Trademark Office.

Respectfully submitted,

**DRUCKER, RUTLEDGE & SMITH, L.L.P.**

By: _Rachael M. Rolón_
      Rachael M. Rolón
      Attorney-in-Charge
      SBN: 24013418
      Fed ID: 560838
      Waterway Plaza One
      10003 Woodloch Forest Drive, Suite 225
      The Woodlands, Texas  77380
      Telephone: 281-681-3515
      Facsimile:  281-681-3543
      rolon@drs-llp.com

**OF COUNSEL:**
**DRUCKER, RUTLEDGE & SMITH, L.L.P.**

## CERTIFICATE OF CONFERENCE

    I discussed this Motion with opposing counsel, Brad Powers, on January 21, 2011.  He indicated that Plaintiff is opposed.

By: _Rachael M. Rolón_
      Rachael M. Rolón

## CERTIFICATE OF SERVICE

I certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of this document with attachments was forwarded (via U. S. mail 1st Class _____; CMRRR_____; hand delivery_____; CM/EDF electronic notification √) to the following on January 21, 2011:

**Attorneys for Plaintiff Target Training International, Ltd.**
Edmund J. Sease
Bradley J. Powers
McKEE, VOORIIEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone: 515-288-3667                                    sease@ipmvs.com
Fax: 515-288-1338

Michael E. Wilson
SLUSSER WILSON & PARTRIDGE, LLP
333 Clay St., Suite 4720
Houston, TX 77002
Phone: 13-860-3307                                    mwilson@slusser-law.com
Fax: 713-860-3333

By: _Rachael M. Rolón_____
        Rachael M. Rolón