Westlaw.

Not Reported in F.Supp.2d, 2006 WL 3500015 (E.D.Tex.)
**(Cite as: 2006 WL 3500015 (E.D.Tex.))**

**C**
Only the Westlaw citation is currently available.

United States District Court,
E.D. Texas, Lufkin Division.
ALZA CORPORATION Plaintiff,
v.
WYETH and Wyeth Pharmaceuticals, Inc. Defendant.

No. Civ.A. 9:06-CV-156.
Nov. 21, 2006.

Jenner & Block LLP, Chicago, IL, for Plaintiff.

David J. Beck, William Bradley Coffey, Beck Redden & Secrest, Houston, TX, Amy Kreiger Wigmore, Thomas F. Connell, William G. McElwain, Wilmer Cutler Pickering Hale & Dorr, Washington, DC, William F. Lee, Wilmer Cutler Pickering Hale & Dorr, Boston, MA, for Defendants.

### *ORDER GRANTING DEFENDANT'S MOTION TO STAY*
CLARK, J.
**\*1** Before the court is Defendant's Motion to Stay [Doc. # 15] seeking to stay this case until the United States Patent and Trademark Office ("PTO") concludes its reexamination of the patent-in-suit.

#### I. Facts and Procedural History
Plaintiff Alza Corporation ("Alza") is the owner of United States Patent No. 6,440,457 B1 ("the '457 patent"). On July 26, 2006, Alza filed a suit against Defendants Wyeth and Wyeth Pharmaceuticals, Inc. (collectively, "Wyeth") alleging that Wyeth infringed Claim 1 of the '457 patent by selling Effexor ® XR, a pharmaceutical product which Wyeth has sold since 1997.

On July 28, 2006, Wyeth filed a request for reexamination with the PTO of the '457 patent. On October 2, 2006, the PTO granted the request and ordered reexamination of the '457 patent. Reexamination is a procedure that allows the PTO to reconsider the validity of an existing patent. 35 U.S.C. §§ 301, *et seq.* Wyeth now moves to stay this litigation pending the outcome of the reexamination proceeding.

#### II. Analysis
Reexamination of patent validity in the PTO is a "useful and necessary alternative for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner." H.Rep. No. 96-1307(I), at 4. As the Federal Circuit has explained, "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue ... or to facilitate trial of that issue." *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed.Cir.1983).

This court has the inherent power to control its own docket, including the power to stay proceedings. *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426 (Fed.Cir.1988). In deciding whether to stay litigation pending reexamination, this court considers: 1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; 2) whether a stay will simplify the issues in question and trial of the case; and 3) whether discovery is complete and whether a trial date has been set. *EchoStar Technologies Corp. v. Tivo, Inc.,* 2006 WL 2501494 (E.D.2006).

#### *1. Prejudice or Disadvantage to Plaintiff*
Plaintiff argues that "the PTO reexamination proceeding cannot resolve the entire dispute between the parties and will take years to resolve." In addition, Plaintiff contends that a stay is not warranted because certain evidence of the non-obviousness of the '457 patent is in Defendants' possession and discovery would be unavailable to Plaintiff in the reexamination proceeding.

Reexamination does not threaten protracted or indefinite delay. The reexamination statute directs

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**TAB 1**

Not Reported in F.Supp.2d, 2006 WL 3500015 (E.D.Tex.)
(Cite as: 2006 WL 3500015 (E.D.Tex.))

the PTO to conduct reexamination proceedings with "special dispatch." 35 U.S.C. § 305. Additionally, because the patent is involved in litigation, the reexamination proceeding will "have priority over all other cases." Manual of Patent Examining Procedures § 2261.

This case is still in its infancy. Discovery has not begun and the scheduling conference is set for December 8, 2006. The parties have not yet submitted a Rule 26(f) Joint Conference Report. Therefore, this is not a case in which the parties have already invested substantial time and resources in litigation. *Cf. Soverain Software LLC v. Amazon.com,* 356 F.Supp.2d 660, 662 (E.D.Tex.2005)(denying stay where the case was a year old and the court had already held a *Markman* hearing). Furthermore, if the parties continue to litigate the validity of claims in this court and the PTO subsequently finds that the claim in issue is invalid, this action would be moot and the parties will have wasted all of its time and resources. Thus, granting the stay will maximize the likelihood that assets need not be expended to address invalid claims.

*2 Although Plaintiff claims that it will be prejudiced because the PTO does not allow discovery in its reexamination proceeding, this court will not second-guess a system designed by Congress that has operated without discovery for many years. Therefore, this factor weighs in favor of granting a stay.

*2. Simplification of Case*
Plaintiff contends that reexamination will not simplify issues for trial because the PTO will address only the obviousness of the '457 patent whereas this court is able to resolve this dispute in its entirety.

Plaintiff fails to consider the potential positive effects a PTO reexamination. Allowing issues of validity to be evaluated by the PTO makes sense because "the PTO may be in a better position than the Court to evaluate the validity of a patent in view

of prior art references. *GPAC v. D.W.W. Enterprises, Inc..* 144 F.R.D. 60, 63 (1992). Also, regardless of the reexamination result, allowing the PTO to reexamine first should simplify and streamline the issues in this litigation. Put simply, "courts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated or lucidly narrowed by the patent reexamination process and the expertise of its officers." *Hewlett-Packard Co. v. Acuson Corp.,* 1993 WL 149994, at *2 (N.D.Cal. May 5, 1993). Statistically, 71% of reexamination proceedings result in amended or cancelled claims. Therefore, as a matter of judicial efficiency and economy, it makes sense to await the conclusion of a reexamination before resuming the instant litigation.

Furthermore, the issue of claim construction will be simplified if a stay is granted. Because statements made during the reexamination proceedings become part of the prosecution history, a stay will allow the intrinsic evidence to be fully developed before this court begins the claim construction process. *See E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.,* 849 F.2d 1430, 1439 (Fed.Cir.1988)(holding that statements made during reexamination proceeding are relevant prosecution history when interpreting claims .) Therefore, this factor weighs in favor of granting a stay.

*3. Completion of Discovery and Trial Date*
Plaintiff admits that this case is in the early stages of litigation. However, Plaintiff argues that because this court has set a trial date, the factor weighs heavily in its favor. Here, the scheduling conference has not been held and discovery proceedings have not commenced. No dispositive motions have been submitted and no significant issues have been resolved.

Perhaps most importantly, the claim construction process has not begun. None of the parties have proposed claim construction definitions or submitted claim construction briefs and a *Markman* hearing is not until October 26, 2007. Although a trial date has been proposed to the parties, it is

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 3500015 (E.D.Tex.)
**(Cite as: 2006 WL 3500015 (E.D.Tex.))**

March 10, 2008, about sixteen months from now. Therefore, this factor also weighs in favor of granting a stay.

### III. Conclusion

\*3 Based on the foregoing, this court finds that the benefits of granting Defendant's Motion to stay outweigh the burdens of delay caused by a reexamination proceeding in this case.

IT IS THEREFORE ORDERED that Defendant's Motion to Stay is GRANTED. The case shall be stayed pending a decision by the PTO or until further order of this court. The parties shall notify this court of any significant change in the status of the proceeding before the PTO, and of any decision by the PTO.

IT IS FURTHER ORDERED that the Case Management Conference scheduled for December 8, 2006 is CANCELLED.

E.D.Tex.,2006.
Alza Corp. v. Wyeth
Not Reported in F.Supp.2d, 2006 WL 3500015 (E.D.Tex.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.