Not Reported in F.Supp.2d, 2010 WL 1268054 (S.D.Tex.)
(Cite as: 2010 WL 1268054 (S.D.Tex.))

Page 1

**C**
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. Texas,
Houston Division.
CAMERAS ONSITE, LLC, Plaintiff,
v.
DIGITAL MANAGEMENT SOLUTIONS, INC., Skyway Security, LLC, Jason Lefort, Greg Ross, Russell Turner, and Carrizal & Associates, Inc., Defendants.

Civil Action No. H-09-2518.
March 24, 2010.

Keith Duane Jaasma, Patterson and Sheridan LLP, Houston, TX, for Plaintiff.

Ronald J. Koch, Columbus, OH, for Defendants.

*MEMORANDUM AND ORDER*
EWING WERLEIN, JR., District Judge.

*1 Pending are Defendants Digital Management Solutions, Inc., Skyway Security, LLC, Jason Lefort, Greg Ross, Russell Turner and Carrizal & Associates, Inc.'s Motion to Stay Proceedings Pending Ex Parte Reexamination of U.S. Patent No. 7,193,508 (Document No. 23) and Defendants Jason Lefort, Greg Ross, and Russell Turner's Motion to Dismiss (Document No. 22). After carefully considering the motions, responses, and the applicable law, the Court concludes as follows.

*I. Background*
This is a patent and breach of contract case. Cameras Onsite, LLC ("Plaintiff") is the owner of United States Patent No. 7,193,508 ("the '508 Patent"). The '508 Patent covers a design for a portable, trailer-based security system that allows its operator to monitor locations remotely over the internet. The '508 Patent originally was issued to inventor Philip Hill on March 20, 2007,[FN1] who subsequently assigned the patent to his company, Champaign Security Systems, LLC ("Champaign Security"). On July 31, 2008, Plaintiff's parent company purchased the '508 Patent from Champaign Security and assigned it to Plaintiff. At the time of the purchase, Champaign Security had a patent infringement lawsuit pending against Digital Management Solutions, Inc. ("DMS") and Skyway Security ("Skyway") in federal court in Ohio.[FN2] Plaintiff instructed Champaign Security to drop the lawsuit in hopes that it could work out a business relationship with DMS and Skyway. Champaign Security filed its Notice of Voluntary Dismissal Without Prejudice on September 18, 2008.[FN3]

FN1. Document No. 26, ex. A.

FN2. *See Champaign Security Systems LLC, v. Digital Mgmt. Solutions, Inc.,* No. 3:08-cv-162 (S.D.Ohio May 13, 2008) (Document No. 4).

FN3. *Id.* (Document No. 4).

Plaintiff and Defendants DMS and Skyway are direct competitors in the market for portable security trailers. Plaintiff claims that DMS's and Skyway's trailer designs infringe the '508 Patent. Defendants Jason Lefort and Greg Ross are officers of both DMS and Skyway.[FN4] Defendant Russell Turner is an officer of DMS.[FN5] In December 2008, Plaintiff's President, Michael Monsive, contacted Lefort "about a patent license and possible business relationship with [Plaintiff]." [FN6] These negotiations continued "throughout the winter and spring of 2009." [FN7]

FN4. Document No. 1 ¶¶ 4-5.

FN5. *Id.* ¶ 6.

FN6. Document No. 26, Monsive Decl. ¶ 4.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 1268054 (S.D.Tex.)
(Cite as: 2010 WL 1268054 (S.D.Tex.))

FN7. *Id.*, Monsive Decl. ¶ 4.

In May 2009, DMS allegedly sent four purchase orders for security trailers to Plaintiff.[FN8] Plaintiff began constructing the trailers "while the parties negotiated a license agreement related to DMS's past and future trailer sales and rentals and a more extensive co-manufacturing agreement under which [Plaintiff] would manufacture trailers for DMS on an ongoing basis."[FN9] On June 8, 2009, Lefort emailed Plaintiff to end their business relationship, stating, "After consulting with our Patent Lawyers and Accountants we have been advised to discontinue any further talks with you or your company."[FN10] Plaintiff filed this suit on August 6, 2009, asserting that Defendants have "infringed, contributorily infringed, or induced the infringement of the '508 Patent" by selling portable security trailers.[FN11] Plaintiff also claims that DMS is liable for breach of contract by failing to honor the May 2009 purchase orders.[FN12]

FN8. Document No. 1 ¶ 27.

FN9. Document No. 26, Monsive Decl. ¶ 4.

FN10. *Id.*, ex. M.

FN11. Document No. 1 ¶¶ 17-25.

FN12. *Id.* ¶¶ 26-30.

II. *Discussion*
A. *Defendants Jason Lefort, Greg Ross, and Russell Turner's Motion to Dismiss*

*2 Defendants Lefort, Ross, and Turner ("Individual Defendants") assert that Plaintiff's infringement claim against them should be dismissed because "Plaintiff's Complaint fails to allege [the Individual Defendants had] anything beyond mere knowledge of the '508 Patent."[FN13] Under 35 U.S.C. § 271(b), "Whoever actively induces infringement of a patent shall be liable as an infringer." "Under this section, corporate officers who actively assist with their corporation's infringement may be personally liable for inducing infringement *regardless* of whether the circumstances are such that a court should disregard the corporate entity and pierce the corporate veil." *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed.Cir.1990) (emphasis in original) (citing *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1578-79 (Fed.Cir.1986)). "It must be established that the defendant possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute inducement." *Id.* at 553.

FN13. Document No. 22 at 4.

In its Complaint, Plaintiff explicitly has alleged facts showing that the Individual Defendants have been personally involved with infringing sales and have actively and knowingly induced the infringing sales made by the corporate defendants, DMS and Skyway.[FN14] Accordingly, the Individual Defendants' Motion to Dismiss is denied.

FN14. *See* Document No. 1 ¶¶ 18-19.

B. *Defendants' Motion to Stay Proceedings Pending Ex Parte Reexamination of U.S. Patent No. 7,193,508*

Defendants assert this case should be stayed pending the reexamination of the '508 Patent. Plaintiff responds that "[s]taying the case would be inappropriate in light of Defendants' ongoing dilatory tactics, the substantial prejudice that [Plaintiff] would suffer from a stay, [Plaintiff]'s breach of contract claims and patent-related issues that will not be resolved by a reexamination, and factual issues that can be developed while memories are fresh and relevant documents still exist."[FN15] "The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com*, 356 F.Supp.2d 660, 662 (E.D.Tex.2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936)). In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will cause undue

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay will simplify the issues in question and trial of the case. *Id.* "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05 CV 81, 2006 WL 2501494, at *1 (E.D.Tex. July 14, 2006). On balance, the Court finds that the factors weigh in favor of granting a stay of Plaintiff's patent infringement claim.

FN15. Document No. 26 at 6.

1. *Undue Prejudice or Clear Tactical Disadvantage*

*3 Plaintiff asserts that it will be prejudiced by a stay because this case could be delayed for years. Plaintiff argues that, in general, "witnesses relocate, memories fade, and documents become difficult to locate." [FN16] Plaintiff emphasizes that "[i]n the first quarter of fiscal year 2010, the average *ex parte* reexmanination [sic] took over 31 months to complete." [FN17] "Mere delay, without more though, does not demonstrate undue prejudice." *Ho Keung Tse v. Apple Inc.*, No. C 06-06573, 2007 WL 2904279, at *4 (N.D.Cal.2007); *see also Alza Corp. v. Wyeth*, No. 4:09-cv-02518, 2006 WL 3500015, at *1 (E.D.Tex. Nov.21, 2006) ("Reexamination does not threaten protracted or indefinite delay."). Moreover, the reexamination statute provides that the U.S. Patent and Trademark Office ("PTO") shall conduct "[a]ll reexamination proceedings under this section, including any appeal to the Board of Patent Appeals and Interferences ... with special dispatch." 35 U.S.C. § 305. Additionally, because the '508 Patent is involved in litigation, the reexamination proceeding will "have priority over all other cases." MANUAL OF PATENT EXAMINING PROCEDURES § 2261.

FN16. Document No. 26 at 7.

FN17. *Id.* at 7 & ex. U.

Plaintiff asserts that the potential for prejudice is acute because it directly competes with DMS and Skyway in the market for security trailers. According to Plaintiff, "[a] stay would likely allow Defendants to continue infringing the '508 patent for at least three more years and continue to cut into [Plaintiff]'s market share." [FN18] Plaintiff's purported prejudice is attenuated because it assumes (1) the '508 Patent is valid and infringed by DMS and Skyway *and* (2) Defendants will gain additional market share during a stay. *Cf. United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F.Supp. 212, 217 (D.Del.1991) (finding that although the challenger would be prejudiced during the stay because the patentee-Nutrasweet-would be able to maintain exclusive use of right to sell products covered by its patent during the stay, the benefits of the reexamination outweighed the prejudice).[FN19] Moreover, even if the Court denied the stay, on this record where Plaintiff has made no showing that it is entitled to a preliminary injunction against Defendants, Defendants could continue their infringing activities.

FN18. Document No. 26 at 7 (citing *Tesco Corp. v. Weatherford Int'l*, 599 F.Supp.2d 848, 851-52 (S.D.Tex.2009)).

FN19. *See also Freedom Scientific, Inc. v. GW Micro, Inc.*, No. 8:08-cv-1365, 2009 WL 2423095, at *2 (M.D.Fla. July 29, 2009) ("Plaintiff also argues that it would suffer substantial prejudice from a stay because Defendant would be free to continue selling the infringing product while the reexamination runs its course and, because the parties are competitors in the marketplace, the potential for prejudice weighs strongly against a stay. Plaintiff offers nothing in the way of evidence in support of this argument. This Court finds that the conclusory argument, without more, is insufficient to establish undue prejudice.").

Plaintiff also argues that a stay is inappropriate because Defendants have delayed filing their request for reexamination. According to Plaintiff, De-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 1268054 (S.D.Tex.)
**(Cite as: 2010 WL 1268054 (S.D.Tex.))**

fendants should have filed their application for reexamination sixteen months earlier, when DMS and Skyway were sued for infringement by Champaign Security, the prior holder of the '508 Patent.[FN20] It is undisputed that DMS and Skyway were never served in the prior suit, and that *Plaintiff* instructed Champaign Security to drop the lawsuit, in hopes that Plaintiff, who was purchasing the '508 Patent, could enter a business relationship with DMS and Skyway. Plaintiff's business relationship with DMS and Skyway broke down in June 2009; Plaintiff filed this suit on August 6, 2009; and Defendants were served between August 11 and 17. According to Plaintiff, "The first contact between [Plaintiff]'s counsel and [Defendants'] counsel came on September 23, 2009, when [Defendants'] counsel sent a draft copy of his clients' request for reexamination of the '508 Patent, and threatened to file the re-examination if [Plaintiff] did not dismiss its case." [FN21] Plaintiff refused to dismiss the case, and Defendants filed their application for reexamination with the PTO on October 9, 2009.[FN22] The PTO granted the application on January 6, 2010, and Defendants moved for a stay sixteen days later. [FN23] Based on the evidence submitted, Defendants are not shown to have made a calculated effort to delay this dispute. While the evidence arguably is consistent with dilatory tactics, it could also be inferred that Defendants chose not to file for reexamination until their efforts to work out a business relationship with Plaintiff were unsuccessful. In sum, this factor weighs only slightly against a stay.

FN20. Document No. 26 at 6.

FN21. *Id.* at 4 & ex. P.

FN22. Document No. 23, ex. 1.

FN23. *Id.*, ex. 1.

2. *Status of This Case*

*4 This case is at its beginning stage. Discovery has just begun; no dispositive motions have been filed. Neither party has submitted proposed claim constructions to the Court, and the *Markman* hearing is not set until July 28, 2010.[FN24] Docket Call tentatively is set for September 2, 2011, a year and a half away. This factor at this early stage of the case does not weigh against a stay.

FN24. Docket Control Order, Document No. 21.

3. *Simplification of Issues*

The PTO's reexamination likely will simplify the issues in this case. In her order granting reexamination of the '508 Patent, the PTO Examiner found "a substantial new question of patentability for claims 1-15 of the '508 patent" based on prior art that either "was not relied upon in rejection of any of the claims of the '508 patent" or was "not cited during the prosecution of the '508 patent." [FN25] If during the reexamination the '508 Patent is found invalid based on prior art, this action will be moot. If the patent is partially invalidated while this case is pending, then by not granting a stay the Court possibly will have wasted its time and the time and resources of the parties by addressing invalid claims. *See Echostar*, 2006 WL 2501494, at *3.

FN25. Document No. 23, ex. 1 at 6 & 8.

Plaintiff emphasizes that Defendants filed for *ex parte*, rather than *inter-parties* reexamination, which means Defendants will not be bound by a PTO finding that the '508 Patent is valid. Even though Defendants will not be bound, the PTO's findings of validity nonetheless would be admissible, *Grayling Indus., Inc. v. GPAC, Inc.*, No. 1:89-CV-451-ODE, 1991 WL 236196, at *3 (N.D.Ga. March 25, 1991), and the Court would have the benefit of the PTO's expert analysis regarding the prior art references. *See GPAC, Inc. v. D.W.W. Enters., Inc.*, 144 F.R.D. 60, 63 (D.N.J.1992) ("Courts have also emphasized the benefit of the PTO's expertise when issues relevant to prior art are involved. Certainly, the PTO may be in a better position than the Court to evaluate the validity of a patent in view of prior art references. In fact, the patent re-examination procedure was

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 1268054 (S.D.Tex.)
**(Cite as: 2010 WL 1268054 (S.D.Tex.))**

clearly intended to provide the federal courts with the expertise of the PTO." (citing *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 602 (Fed.Cir.), *modified on other grounds* 771 F.2d 480 (Fed.Cir.1985))). In addition, because the PTO will be examining the '508 Patent in the light of newly ascribed prior art, a finding of validity will as a practical matter make it more difficult for Defendants to bear their burden to overcome the presumption of validity. *See In re Anderson*, 743 F.2d 1578, 1580 (Fed.Cir.1984) ("The operation of the presumption of validity has been analyzed in numerous opinions of this court wherein we have held that, in the face of a challenge to validity based on prior art not previously considered by the PTO, the presumption remains but may be more easily overcome." (citations omitted)), *overruled in part on other grounds by In re Etter*, 756 F.2d 852, 858-59 (Fed.Cir.1985). Therefore, staying the patent infringement case would simplify and may well clarify the issues relating to Plaintiff's patent infringement claim, which is indisputably its principal claim in this case. This factor weighs quite in favor of a stay.

*5 On balance, therefore, it appears that a stay of the patent claim would not cause undue prejudice to Plaintiff, especially in light of the priority that reexamination of the '508 Patent is entitled to receive in the PTO and the likelihood that the reexamination will simplify issues in this case.

Plaintiff also has, however, a breach of contract claim against DMS. "[I]n determining whether to grant a stay of an entire case, courts consider whether there would remain, after the PTO reexamination, issues 'completely unrelated to patent infringement' for which a stay would not reduce the burden of litigation on both the parties and the court." *Photoflex Prods., Inc. v. Circa 3 LLC*, No. C 04-03715, 2006 WL 1440363, at *2 (N.D.Cal. May 24, 2006) (quoting *Imax Corp. v. In-Three, Inc.*, 385 F.Supp.2d 1030, 1033 (C.D.Cal.2005)). Plaintiff's breach of contract claim is unrelated to its patent claim, and Defendants have failed to show that a stay of that separate cause of action is justified. *See id.* at *2 (staying the plaintiff's patent infringement claim but declining to stay the plaintiff's claims for copyright infringement, false designation of origin, and unfair competition). The breach of contract claim should not be stayed.

### III. *Order*

For the foregoing reasons, it is

ORDERED that Defendants Jason Lefort, Greg Ross, and Russell Turner's Motion to Dismiss (Document No. 22) is DENIED. It is further

ORDERED that Defendants Digital Management Solutions, Inc., Skyway Security, LLC, Jason Lefort, Greg Ross, Russell Turner and Carrizal & Associates, Inc.'s Motion to Stay Proceedings Pending Ex Parte Reexamination of U.S. Patent No. 7,193,508 (Document No. 23) is GRANTED IN PART as follows: the Motion is GRANTED with respect to Plaintiff's patent infringement claim (Count 1), and otherwise DENIED, thus permitting Plaintiff's breach of contract claim (Count 2) to go forward. It is therefore further

ORDERED that further proceedings in this case on Plaintiff's patent infringement claim are STAYED, pending conclusion of the PTO's reexamination of U.S. Patent No. 7,193,508; and the parties shall submit to the Court a joint report regarding the status of the reexamination proceedings within six (6) months after the date of this Order, and at six-month intervals thereafter, until the PTO issues a final decision with respect to the reexamination. The parties shall promptly advise the Court when the reexamination proceeding has been concluded, and the stay may then be lifted.

The Clerk will enter this Order and provide a correct copy to all parties.

S.D.Tex.,2010.
Cameras Onsite, LLC v. Digital Management Solutions, Inc.
Not Reported in F.Supp.2d, 2010 WL 1268054 (S.D.Tex.)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 1268054 (S.D.Tex.)
(Cite as: 2010 WL 1268054 (S.D.Tex.))

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.