Not Reported in F.Supp., 1991 WL 236196 (N.D.Ga.), 19 U.S.P.Q.2d 1872
(Cite as: 1991 WL 236196 (N.D.Ga.))

▷
United States District Court, N.D. Georgia, Atlanta
Division.
GRAYLING INDUSTRIES, INC. and Kurt Hittler
v.
GPAC, INC.

Civ. No. 1:89-CV-451-ODE.
March 25, 1991.

Michael A. McKenzie, Wayne David Taylor, Colleen Patricia O'Neill, McKenzie, Martin, Taylor & McConnaughery, Robert B. Kennedy, Kennedy & Kennedy, Steven David Kerr, Hopkins & Thomas, Atlanta, Ga., for plaintiffs.

Jerry Byron Blackstock, William M. Ragland, Jr., Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., Allen W. Wark, Michael R. Slobasky, Harvey B. Jacobson, Fleit, Jacobson, Cohn, Holman & Stern, Washington, D.C. for defendant.

*ORDER*
ORINDA D. EVANS, District Judge.
*1 This action for a declaratory judgment of patent invalidity and non-infringement is before the court on Plaintiffs' motion to stay the proceedings during a reexamination procedure by the United States Patent and Trade Office ("PTO").

This action has been pending since March 8, 1989, and the pretrial order was submitted February 6, 1991 and signed March 14, 1991. The instant motion was filed February 15, 1991, and Defendant responded on March 5, 1991. Plaintiffs replied on March 19, 1991. The petition for reexamination was filed by Plaintiffs with the PTO on February 6, 1991.

Reexamination of patent validity is allowed under 35 U.S.C. § 301 *et seq.* The procedure calls for the petitioner to file a request, allowable at "any time", with the PTO. 35 U.S.C. § 302. The PTO then must determine, within three months of filing of the request, "whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request, with or without consideration of other patents or printed publications." 35 U.S.C. § 303(a). If the PTO finds that a substantial new question of patentability exists, that order must "include an order for reexamination of the patent for resolution of the question." 35 U.S.C. § 304. The ultimate result of a reexamination procedure is an order either cancelling the patent as unpatentable, confirming the patent, or amending the patent. Orders of confirmation or amendment carry the usual presumption of validity accruing to patents and patent reissues. *See,* 35 U.S.C. § 282; *Patlex Corp. v. Mossinghoff,* 758 F.2d 594, 603 (Fed.Cir.), *modified on other grounds,* 771 F.2d 480 (1985).

The intent behind the patent reexamination procedure, passed in 1981, clearly was to provide the federal courts with the expertise of the PTO. As the Federal Circuit has stated:

The bill's proponents foresaw three principal benefits. First, the new procedure could settle validity disputes more quickly and less expensively than the often protracted litigation involved in such cases. Second, the procedure would allow courts to refer patent validity questions to the expertise of the Patent Office. *See Senate Hearings* at 1, wherein Senator Bayh said that reexamination would be "an aid" to the trial court "in making an informed decision on the patent's validity". Third, reexamination would reinforce "investor confidence in the certainty of patent rights" by affording the PTO a broader opportunity to review "doubtful patents".

*Patlex,* 758 F.2d at 602 (referring to *Patent Reexamination: Hearings on S.1679 Before the Comm. on the Judiciary,* 96th Cong., 1st Sess. 1 (1979)) (other citation omitted) (dicta). The decision whether to stay proceedings in district court

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1991 WL 236196 (N.D.Ga.), 19 U.S.P.Q.2d 1872
**(Cite as: 1991 WL 236196 (N.D.Ga.))**

while a reexamination by the PTO takes place, while not vested expressly in the discretion of the district court by the statute, has been recognized to be within the district court's inherent discretionary power. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed.Cir.1983) (citing H.R.Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4 (1980), U.S.Code Cong. & Admin.News 1980, p 6460, 6463).

*2 Plaintiffs argue that all three of the interests set forth by the Federal Circuit are implicated here. First, Plaintiffs contend that, although only trial remains in this case, that trial itself would be "prohibitively expensive." Second, Plaintiffs emphasize that they have set forth numerous instances of prior art upon which the petition for reexamination is based. Review of this prior art, Plaintiffs assert, is perfectly suited to the PTO's function as envisaged by the reexamination procedure. Finally, staying the proceedings while giving the PTO an opportunity to reconsider its prior determination will strengthen respect for the patent system by allowing the agency to address its purported mistake.

Defendant argues that the first contention is inaccurate because very substantial expense has already gone into this litigation. Defendant characterizes Plaintiffs' extremely late petition for reexamination as merely dilatory. Defendant attacks the second contention on two grounds. First, Defendant contends that a stay of these proceedings before a determination that a substantial new question of patentability exists is premature. Defendant cites several district court cases in which petitions for reexamination filed after the close of discovery did not result in a stay of district court proceedings. *E.g., Digital Magnetic Systems v. Ansley*, 213 U.S.P.Q. 290 (W.D.Okla.1982). The potential for abuse inherent in granting a stay where the petition for reexamination comes very late and without explanation is apparent. Second, Defendant contends that a determination of a substantial new issue of patentability by the PTO is unlikely. Finally, Defendant stresses the prejudice which will be caused

it by the delay in determining whether Plaintiffs are in violation of its patents.

Plaintiffs reply to each of these responses. First, Plaintiffs note that six depositions remain to be taken, representing an expense avoidable if the stay is granted. Second, Plaintiffs note that the pendency of this discovery (which Defendant has refused to allow to proceed during the pendency of this motion) distinguishes this case from *Digital Magnetic,* cited by Defendant. At least one district court has refused to follow *Digital Magnetic* on similar grounds. *Emhart Ind., Inc., v. Sankyo Seiki Mfg. Co., Ltd.,* 3 U.S.P.Q.2d 1889, 1987 WL 6314 (N.D.Ill.1987). The Western District of Oklahoma has also granted a stay after substantial discovery, a pretrial conference, and the setting of a trial date. *Loffland Bros. Co. v. Mid-Western Energy Corp.,* 225 U.S.P.Q. 886, 1985 WL 1483 (W.D.Okla.1985). Third, Plaintiffs explain the late filing of the petition for reexamination by asserting that the prior art on which the petition is based was uncovered during discovery. Fourth, Plaintiffs reemphasize the efficiency of gaining a PTO order on the issue of this prior art, which will narrow the issue for trial. Finally, Plaintiffs note that the initial PTO determination is due by May 11, 1991. Even if, therefore, Defendant is correct and no substantial new question of patentability is presented by the petition for reexamination, the delay will be under two months.

*3 The court finds Plaintiffs' reasoning persuasive. The added expense arising from a stay of this proceeding is greatly outweighed by the increase in efficiency which any PTO determination would bring. On the one hand, if the patents are declared unpatentable, this action would be moot. On the other hand, even though Plaintiffs have not agreed to be bound by a PTO finding of a valid patent, such a finding would be admissible and carries a presumption of validity. Moreover, the arguments which Plaintiffs would make at trial will have been explicitly reviewed and rejected by the PTO, adding to the persuasiveness of the PTO determination. Finally, although it is not clear that Plaintiffs

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1991 WL 236196 (N.D.Ga.), 19 U.S.P.Q.2d 1872
**(Cite as: 1991 WL 236196 (N.D.Ga.))**

had good reason for the delay in petitioning the PTO for reexamination, neither has Defendant shown such egregiously dilatory conduct as would justify short-circuiting the reexamination procedure now that Plaintiffs have invoked it.

The interests underlying the reexamination procedure doubtlessly would have been served better by an earlier filing of the petition for reexamination. However, they are better served by granting a stay at this point than by denying it and allowing the trial on the merits to continue parallel to the reexamination procedure. This action will be stayed until the PTO either determines that no substantial new question of patentability exists, 35 U.S.C. § 303(a), or renders a final certificate of patentability or unpatentability, 35 U.S.C. § 307(a).

Accordingly, Plaintiffs' motion for a stay of proceedings, including discovery, is GRANTED.

SO ORDERED.

N.D.Ga.,1991.
Grayling Industries, Inc. v. GPAC, Inc.
Not Reported in F.Supp., 1991 WL 236196 (N.D.Ga.), 19 U.S.P.Q.2d 1872

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.