Slip Copy, 2006 WL 6625915 (S.D.Tex.)
(Cite as: 2006 WL 6625915 (S.D.Tex.))

Page 1

**H**
Only the Westlaw citation is currently available.

United States District Court,
S.D. Texas,
Houston Division.
TESCO CORPORATION, (US), Plaintiff,
v.
VARCO I/P, INC., Defendant.

Civil Action No. H-05-2118.
Nov. 9, 2006.

David P. Griffith, Andrews Kurth LLP, Houston, TX, for Plaintiff.

Robert M. Bowick, Jr., Timothy W. Johnson, Guy E. Matthews, Matthews Lawson Et. Al., Houston, TX, for Defendant.

**MEMORANDUM AND OPINION**
LEE H. ROSENTHAL, District Judge.

*1 In this patent dispute, Varco I/P, Inc. has filed a motion to realign the parties, asking this court to make Varco the plaintiff with the right to open and close before the jury. (Docket Entry No. 61). Tesco Corporation opposes this motion. (Docket Entry No. 65). Tesco has filed a motion to stay this action pending reexamination by the Patent and Trademark Office (PTO). (Docket Entry No. 62). Varco has filed an opposition, (Docket Entry No. 69), and Tesco has responded, (Docket Entry No. 70).[FN1]

> FN1. The unopposed motion to continue the submission date is granted. (Docket Entry No. 68).

Based on careful consideration of the pleadings, the motions, responses, replies, the parties' submissions, and the applicable law, this court denies Varco's motion to realign the parties and grants Tesco's motion to stay this litigation at least until the PTO decides whether to conduct the requested *inter partes* reexamination. The reasons are set out below.

**I. Background**

In April 2005, Varco sued Tesco in Louisiana federal court, alleging that Tesco had infringed U.S. Patent No. 6,443,241. Varco did not effect service on Tesco until June 22, 2005. On June 17, 2005, Tesco sued Varco in Texas federal court, seeking a declaratory judgment that two other patents were invalid; that Varco was estopped from asserting patent infringement claims against Tesco based on statements made to the PTO; and that Tesco did not infringe these patents. (Docket Entry No. 1). Tesco also sought a declaration that Varco was estopped from invoking a not-yet-issued patent, U.S. Patent Application Serial No. 10,189,355, which issued as the '709 Patent.

On September 6, 2005, the '709 Patent issued. Tesco amended its claims in the Texas lawsuit to add a claim for judgment declaring that Tesco did not infringe the '709 Patent and that it was invalid. (Docket Entry No. 11). Shortly thereafter, Varco sought to add a claim that Tesco infringed the '709 Patent to the Louisiana case.

As originally filed, the Texas and the Louisiana suits involved different patents. The suits overlapped, but not substantially. Varco filed a motion to dismiss, stay, or transfer this case to the Western District of Louisiana. This court deferred to the Western District of Louisiana, the court in which the first of the related cases was filed, to determine whether the cases should proceed simultaneously in separate courts or should proceed in a single forum. The Western District of Louisiana denied the motion to transfer; this court followed suit, and both cases proceeded.

In July 2006, the claims involving the patents other than the '709 Patent were dismissed, making the Texas and Louisiana cases duplicative. The Western District of Louisiana then transferred its

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

case to this district. The separate cases involving the infringement and validity of the '709 Patent were consolidated in this court.

## II. Varco's Motion to Realign

Varco asserts that because it is asserting infringement, it is the "natural plaintiff." (*Id.* at 1). Varco also points to the fact that it sued Tesco for infringement two months before Tesco filed this declaratory judgment suit asserting noninfringement, invalidity, and inequitable conduct. Varco argues that "it is logical and fair that Varco be aligned as the plaintiff," (*id.* at 1-2, 6), that infringement should be tried before invalidity, and that Varco should be able to open and close on the infringement claim. (Docket Entry No. 59 at 8).

*2 Tesco acknowledges that this court has discretion to realign parties and set the order of proof at trial but asserts that the present record does not provide a basis for realignment. (Docket Entry No. 65 at 1-2). Tesco also argues that infringement should not be tried first. Instead, Tesco seeks bifurcation, with a bench trial on inequitable conduct, in which Tesco would be the plaintiff with the burden of proof, before a jury trial on infringement. (*Id.* at 3).

Much of the authority Varco cites concerns realignment in the context of determining diversity jurisdiction. "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.' " *Indianapolis v. Chase National Bank,* 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941); *Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co.,* 197 U.S. 178, 180, 25 S.Ct. 420, 49 L.Ed. 713 (1905). Federal question subject matter jurisdiction is undisputed in this case, making realignment irrelevant to jurisdiction. *See In-Tech Marketing Inc. v. Hasbro, Inc.,* 685 F.Supp. 436 (D.N.J.1988) (denying realignment because "original jurisdiction lies in this court under federal patent law."). FN2

> FN2. Realignment can be appropriate for other purposes in a patent suit, such as joinder. For example, in *Nutrition 21 v. U.S.,* 930 F.2d 862, 864 (Fed.Cir.1991), the district court granted a motion to realign, making a patent owner an involuntary plaintiff because the "owner of a patent is a necessary party to a suit by an exclusive licensee for patent infringement." The Federal Circuit overruled this determination, finding that the patent owner was not an essential party. *Id.* at 867. These issues are not disputed in this case.

The cases that discuss realignment outside the jurisdiction context make it clear that a court may deny realignment when both parties bear the burden of proof on different issues in the case. *See, e.g., Anheuser-Busch, Inc. v. John Labatt Ltd.,* 89 F.3d 1339, 1344 (8th Cir.1996) (when both parties bore the burden of proof on distinct counts of their causes of action, the district court did not abuse its discretion in denying the defendant's motion to set the order of proof and realign the parties); *L-3 Communications Corp. v. OSI Sys., Inc.,* 418 F.Supp.2d 380, 383 (S.D.N.Y.2005) ("Where both parties bear the burden of proof on distinct counts of their causes of action, as is the case here, the court has good grounds for allowing 'the actual plaintiff, the party that filed the lawsuit, to proceed first.' ") (citing *Id.*); *Ericsson, Inc. v. Harris Corporation,* 1999 WL 604827 (N.D.Tex. Aug.11, 1999) ("It is elemental that the party who files a lawsuit is designated as the plaintiff. This designation is based on the party's burden to prove the claims initially asserted in the lawsuit. A court normally will not realign the parties from their original designations unless the plaintiff no longer retains the burden to prove at least one of its claims or if subsequent evens in the case significantly shift the ultimate burden of proof from the plaintiff to the defendant.").

In *Anheuser-Busch, Inc. v. John Labatt Ltd.,*

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Anheuser-Busch sought a declaratory judgment that Labatt had no protected rights in an alleged trademark, that Anheuser-Busch was not infringing or unfairly competing, and that Labatt was violating the Lanham Act and common law by false advertising. Labatt counterclaimed, asserting trademark infringement and a number of statutory false advertising and unfair competition claims. The district court refused Labatt's motion to realign the parties, noting that although Labatt had the burden of proving the trademark count in the declaratory judgment complaint, Anheuser-Busch had the burden of proof on the other counts it asserted. In addition, Anheuser-Busch had to prove that Labatt did not have a protected interest in the terms used in the asserted trademark in order to prevail on its other counts. The district court allowed Anheuser-Busch to proceed first at the trial, denying the motion to realign and change the order of proof. The Eighth Circuit affirmed. 89 F.3d at 1344. In *Litton Systems, Inc. v. VHC, Inc.*, 1998 U.S. Dist. LEXIS 10305 (N.D.Tex. July 9, 1998), the district court denied a motion to realign in a case in which the plaintiff filed a declaratory judgment suit and the defendant counterclaimed for damages. The court noted that as long as the declaratory-judgment plaintiff has an affirmative burden of proof, beyond merely proving a negative, realignment was particularly inappropriate. *Id.* at *4-5; *see also Employers Mutual Casualty Co. v. Maya*, 2004 U.S. Dist. LEXIS 24811, at *5 (N.D. Tex. Dec. 9, 2004) ("Absent a showing that the plaintiff no longer bears the burden of proof, a court will not normally realign the parties and place the plaintiff on the defense side.").

*3 Courts have recognized two grounds that may support a discretionary decision to realign the parties to set the order of proof at trial. The first is to remedy forum shopping. In *Fresenius v. Baxter, Inc.*, 2006 WL 1646110, at *3 (N.D.Cal. June 12, 2006), the court cited an earlier, unpublished slip opinion in *Plumtree Software, Inc. v. Datamize L.L.C.*, 2003 U.S. Dist. Lexis 26948 (N.D.Cal. Oct. 6, 2003). In *Plumtree*, the court realigned the parties to "mitigate the effects of ... evident forum shopping." 2006 WL 1646110, at *3. The present record does not disclose inappropriate "forum shopping" that requires remediation by realigning the parties and altering the order of proof at trial.

A second recognized basis for realignment is to make the issues clearer for the jury. In *Fresenius v. Baxter, Inc.*, 2006 WL 1646110 (N.D.Cal. June 12, 2006), the plaintiff sought a declaration that the patents-in-suit were not infringed, invalid, and unenforceable, and the defendant counterclaimed alleging invalidity. Because the court had granted summary judgment as to certain infringement claims, invalidity was the "heart of the case." *Id.* at *3. The court in *Fresenius* found that the invalidity and unenforceability claims were most logically placed at the beginning of the case and denied the patent-owner defendant's motion to realign. *Fresenius*, 2006 WL 1646110, at *3; *see also L-3 Comm'ns*, 418 F.Supp.2d at 383 ("In ... this instance, reversing the order will not advance any efficiency rationale or make the presentation of the evidence clearer for the jury.")

In the present case, this court has not yet ruled on claim construction or the dispositive motions that will undoubtedly be filed. It is simply too early to know what claims and defenses are at the "heart of the case" and whether an order realigning parties or changing the order of proof at trial is appropriate. On the present record, this court denies Varco's motion for realignment.

### III. Tesco's Motion to Stay

Varco recently obtained an extension on the '709 Patent for a new, related patent, No. 7,096,977 ('977). (Docket Entry No. 62 at 1). Tesco has filed an *inter partes* reexamination hearing request under 37 C.F.R. 1.915 for the '977 Patent. (Docket Entry No. 64, Ex. A). A reexamination is an administrative proceeding conducted by the PTO to determine a patent's validity. Tesco seeks to stay this case pending PTO reexamination of the '709 Patent's validity. (Docket Entry No. 62). Tesco argues that proceeding with this litigation during the reexamination will be duplicative and that the PTO has the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

"technical expertise best able to assess validity of the patent." (*Id.* at 3-4). In the alternative, Tesco asks the court to stage this case, addressing inequitable conduct first and staying litigation of the invalidity and infringement claims until the PTO reexamination is complete. (*Id.* at 7-9). In its reply to Varco's opposition to the motion to stay or stage the litigation pending the reexamination, Tesco suggests that a complete stay is more appropriate. (Docket Entry No. 70 at 1-2).

*4 Varco responds that the PTO has not approved the reexamination request, that reexamination can take years, and that the PTO might stay the reexamination pending the outcome in this case. (Docket Entry No. 69 at 3-5). Varco claims that further delay will be prejudicial and asserts that Tesco delayed significantly in requesting the reexamination. (*Id.* at 9-10).

A court has recently identified factors that might support a stay of litigation pending completion of a reexamination proceeding:

1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise[;]

2. Many discovery problems relating to prior art can be alleviated by the PTO examination[;]

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed[;]

4. The outcome of the reexamination may encourage a settlement without the further use of the Court[;]

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation[;]

6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination[; and]

7. The cost will likely be reduced both for the parties and the Court.

*EchoStar Technologies Corp. v. TiVo, Inc.,* 2006 WL 2501494, at *2 (E.D.Tex. July 14, 2006) (collecting cases). The court summarized:
As noted by the Federal Circuit, reexamination may result in the elimination of most, if not all, of the issues remaining in the pending litigation. See *Gould,* 705 F.2d 1340 (Fed.Cir.1983), cert. denied 464 U.S. 935, 104 S.Ct. 343, 78 L.Ed.2d 310 (1983). If not found invalid, the reexamination will at least likely result in a narrowing and simplifying of the issues before the Court. See *Loffland Bros. Co. v. Mid-Western Energy Corp.,* 225 U.S.P.Q. 886, 887, 1985 WL 1483, at *2 (W.D.Okla. Jan.3, 1985). In addition, the technical expertise provided by the reexamination proceeding will be helpful to the Court on any issues that remain. See *Gould,* 705 F.2d at 1342.

*Id.*

An *inter partes* reexamination may present stronger reasons for a stay than an *ex parte* reexamination. An *inter partes* reexamination allows a third party to participate in the reexamination, including filing comments addressing issues raised by the PTO's actions or the patent owner's responses and to appeal the outcome. 35 U.S.C. § 314(b)(2) (2006); *EchoStar,* 2006 WL 2501494. Estoppel applies to a third party requesting and participating in an *inter partes* reexamination. *EchoStar,* 2006 WL 2501494, at *3. "For these reasons, courts have an even more compelling reason to grant a stay when an *inter partes* reexamination is proceeding with the same parties." *Id.* In *EchoStar,* the court granted an injunction for an unapproved *inter partes* reexamination request, finding that "if the parties continue to litigate the validity of the claims in this Court, and the PTO subsequently finds that some or all of the claims in issue here are invalid, the Court will have wasted time and the parties will have spent additional funds addressing an invalid claim or claims." 2006 WL 2501494. This case raises the same concerns.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2006 WL 6625915 (S.D.Tex.)
**(Cite as: 2006 WL 6625915 (S.D.Tex.))**

**\*5** An *inter partes* reexamination does not begin until approved by the PTO Director. 35 U.S.C. § 313 (2006). The PTO Director has apparently not yet acted on Tesco's request for reexamination. Tesco states that the PTO is expected to issue either a reexamination order or an interim assessment within 80 days. (Docket Entry No. 62 at 3). This case is stayed at least until the PTO determines whether to conduct the reexamination. That delay is not so long as to prejudice Varco. If the PTO denies the request, the stay is automatically lifted. If the PTO issues an order approving the request, Tesco must move within ten days for a continued stay, and Varco will have an opportunity to respond.

**IV. Conclusion**

The motion to realign the parties is denied. (Docket Entry No. 61). The motion to stay this litigation is granted until the PTO decides whether to accept the reexamination. (Docket Entry No. 62).

S.D.Tex.,2006.
Tesco Corp., (US) v. Varco I/P, Inc.
Slip Copy, 2006 WL 6625915 (S.D.Tex.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.