# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 4:10-cv-03350 |
| v. | ) ) ) | |
| EXTENDED DISC NORTH AMERICA, INC., | ) ) ) ) | Judge Kenneth M. Hoyt |
| Defendant. | ) ) ) ) ) | |

**TARGET TRAINING INTERNATIONAL, LTD.'S OPPOSITION TO**

**EXTENDED DISC NORTH AMERICA INC.'S MOTION TO STAY**

{00011880 \ 1}

Extended DISC North America, Inc. ("EDNA") has asked this Court to stay the above-captioned proceedings for more than three years so that the parties can wait to have the benefit of a ruling with no preclusive effect on EDNA. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1306 (Fed. Cir. 2009); 35 U.S.C. § 315(c) (preclusive effect for *inter partes*, not *ex parte* reexamination). The basis for this request is the fact that EDNA has asked the United States Patent Office to review three references which EDNA feels may present issues regarding the patentability of U.S. Patent No. 7,249,372 (the '372 Patent). Moreover, it is not certain that EDNA's reexamination request will actually be granted. (Docket 25, 1).

After receiving EDNA's motion requesting the stay, Target Training International, Ltd. ("TTI") approached ENDA in a gesture of good faith and offered to stipulate to a more limited stay. Specifically, TTI was willing to agree to a three month stay so that both parties would have the benefit of the Patent Office's review and assessment of the references contained in the reexamination request. For example, if any single claim infringed by EDNA is confirmed patentable, a stay would clearly be unwarranted. Rather than agree to this compromise position, EDNA decided to go double or nothing and insisted upon the indefinite stay regardless of whether some or all of the claims are confirmed patentable.

Regardless, TTI believes that EDNA's latest dilatory tactic does not warrant a stay and respectfully requests the Court deny EDNA's motion. Indeed, if EDNA had the courage of their conviction, they would have asked for *inter partes* reexamination, where stays are expressly encouraged by statute, but come at the price of a *res judicata* effect of the decision by the Patent Office. Should the Court feel that a stay is warranted, TTI

{00011880 \ 1}

proposes such stay be lifted upon the earlier of (1) a determination by the United States Patent Office granting or denying reexamination of the '372 Patent or (2) expiration of the three month period for making such determination as set forth in 35 U.S.C. 303(a).

I.   **EDNA Must Meet its Burden When Requesting a Stay**

A stay for purposes of reexamination is within a district court's discretion. *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 225 U.S.P.Q. (BNA) 243 (Fed. Cir. 1985). Although there may be several advantages in granting a stay pending reexamination, courts are not required to stay proceedings, as "litigation and reexamination are not mutually exclusive alternatives for the parties to test the validity of a patent — they may be concurrent proceedings." *BarTex Research v. FedEx Corp.*, 611 F. Supp. 2d 647, 650 (E.D. Tex. 2009) (citations omitted).

While reexamination "can be a useful and powerful tool for the benefit of both patentees and those interested in restricting or eliminating adversely held patents." *Fresenius USA, Inc.*, 582 F.3d at 1306 (Newman, P. dissenting).  There is a danger that when reexamination is "routinely available to delay the judicial resolution of disputes, the procedure is subject to inequity, if not manipulation and abuse, through the delays that are inherent in PTO activity." *Id*. (Newman, P. dissenting).

As stated in EDNA's brief, in patent cases with pending reexaminations, courts typically consider three factors when considering a stay.  Namely, "1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, 2) whether a stay will simplify the issues in question and the trial of the case, and 3) whether discovery is complete and whether a trial date has been set." *BarTex Research*, 611 F.

Supp. 2d at 649-650 (citations omitted).  "Each court considering a motion to stay pending reexamination must properly weigh the enumerated factors on a case-by-case basis."  *Id.* (citations omitted).  In evaluating the factors care must be taken to avoid turning "reexamination into an administrative process that must be completed before a suit for patent infringement may move forward."  *BarTex Research*, 611 F. Supp. 2d at 652 (E.D. Tex. 2009).  Here a careful weighing of all three factors does not favor a stay.

**II.     An Indefinite Stay Will Result in Undue Prejudice to TTI**

An indefinite stay—without any regard to the questions as to whether reexamination will be granted and, if granted, the extent of the reexamination—will result in undue prejudice to TTI.  Although EDNA argues that no prejudice will result to TTI as "monetary damages are sufficient."  (Docket 24, 6).  EDNA fails to mention that the parties are direct competitors.  In such situations "delay would cause Plaintiffs to lose substantial profits as well as goodwill in the market."  *LG Elecs. U.S.A. v. Whirlpool Corp.*, 2011 U.S. Dist. LEXIS 11488, 1-4 (D.N.J. Feb. 4, 2011) (estimating five year delay for reexam).  Further, "[t]he goodwill lost during the reexamination proceedings could be difficult to measure and thus difficult to compensate fully with money damages after trial."  *Id.* (citing *Nidec Corp. v. LG Innotek Co.*, 2009 U.S. Dist. LEXIS 46123, 2009 WL 3673433 (E.D. Tex Apr. 3, 2009); *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F.Supp.2d 848, 851 (S.D. Tex. 2009) ("Where the parties are direct competitors, a stay would likely prejudice the non-movant.").

Thus, while ignoring the loss of market share and goodwill to TTI, EDNA reassuringly promises that monetary damages will be sufficient.  However, EDNA is a

relatively small company and virtually all of the services offered by EDNA appear to infringe the '372 Patent. Indeed, EDNA noted that "[t]he costs of a patent suit to a small company like EDNA are sizable and potentially disastrous." (Docket 24, 10). As a result, TTI has little assurance that the damages accruing year after year will be recoverable at the end of EDNA's multi-year stay.

Finally, EDNA argues that "TTI has never moved for a preliminary injunction; thus any claim to be made of prejudice based upon a delay of ultimate injunctive relief has little merit." (Docket 24, 7). However, on the very next page, EDNA states "[t]his case is in its very early stages. In fact, an answer is not even on file . . ." (Docket 24, 8). Simply put, EDNA should not be allowed to turn TTI's courtesy of waiting for EDNA to finally answer the complaint into an argument that TTI will not experience undue prejudice.

In sum, TTI should not be forced to be dependent on the financial stewardship of EDNA and watch its goodwill be eroded by a competitor as monetary damages continue to accrue. As a result, this factor weighs against a stay.

### III.  A Stay Will Not Simplify the Case

Although EDNA argues that a stay will simplify the case, it is worth noting that EDNA has not challenged the validity of the '372 patent in the present proceeding as EDNA has not yet answered the complaint. Additionally, because EDNA filed an *ex parte* reexamination request, EDNA is not prevented from raising the same or a similar challenge again. *See* 35 U.S.C. § 315(c) (an <u>*inter partes*</u> reexamination requestor is precluded from asserting "the invalidity of any claim finally determined to be valid and

{00011880 \ 1}

patentable <u>on any ground which the third-party requester raised or could have raised</u> during the inter partes reexamination proceedings") (emphasis added). As a result, for all practical purposes, the reexamination request will have no impact on any validity issues.

EDNA seems to acknowledge this fact and instead focuses on its assertion that "[t]he PTO's statistic's demonstrate that in 77% of the cases claims are cancelled or changed as a result of reexamination." (Docket 24, 8). Statistics mean little in any case and, in this particular case, EDNA's own numbers do not support a stay. For example, EDNA fails to note that, in third party requested *ex parte* reexaminations (such as EDNA's request) all claims are confirmed 25% of the time. (Docket 24-6, 2). For an additional 62% of the cases, there are some changes to the claims, however, the patent survives the reexamination. (Docket 24-6, 2). As a result, once the "spin" is removed, EDNA is asking this Court to enter a three year stay on a 13% chance that TTI's patent will be invalidated.

Given these realities, there is little wonder why courts (even in the context of preclusive *inter partes* reexaminations, which is not the case here) have concluded "[t]he Court is not fully convinced that reexamination will simplify the issues for trial in this case." *BarTex Research*, 611 F. Supp. 2d at 653. Unlike the Patent Office, which is limited to considering only printed publications, "[t]he Court may decide all of the issues of validity that are presented to the Patent and Trademark Office" which would allow the Court to consider "all invalidity challenges at the same time." *LG Elecs. U.S.A. v. Whirlpool Corp.*, 2011 U.S. Dist. LEXIS 11488 at 3 (D.N.J. Feb. 4, 2011). Entering a stay here would result in piecemeal resolution of validity challenges where, "if the Court did stay the action, it most likely would have to decide some of these issues years down

the road, when the case is old, and the information no longer fresh." *Id*. In sum, EDNA's requested stay would do little to simplify the issues and—through the passage of time—would likely complicate matters when the case is finally tried.

### IV.     EDNA Cannot Rely On It's Own Delay to Support Its Request for a Stay

Although EDNA correctly notes that "[t]his case is in its early stages," EDNA fails to explain why this matter has not progressed further. (Docket 24, 8). If not for the courtesy extensions granted by TTI, EDNA would have already produced its first discovery responses, infringement contentions would have already been provided and the case would be moving along quickly. Throughout these requests for extensions, EDNA failed to make any mention of reexamination and instead focused on the need for time to answer the complaint. Now, EDNA has taken advantage of TTI's generosity and is trying to turn it against TTI. EDNA can not now use its self created delay in discovery to procedurally justify a stay. *See Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC*, 464 F. Supp. 2d 481, 484 (D. Md. 2006) (movant added patent extending discovery then argued stay was proper as "[o]nly a small portion of the necessary discovery has been conducted in this case.").

As is apparent from EDNA's filing of the request for reexamination, EDNA has done their homework and is already in a position to complete their invalidity contentions. As a result, it would appear that EDNA has already performed a significant amount of preparation for the the present case.

Even assuming that the reexamination request is granted, EDNA only stands a 13% chance of successfully avoiding further "costly discovery" ahead. In contrast, there

is a 25% chance the parties would be facing the exact same claims—only three years down the road. Further, there is no logic in guessing how the Patent Office will act on the threshold question of whether to grant reexamination. Simply put, the request could be granted, denied, granted in part or denied in part. A complete stay at this time makes no sense and, at best, EDNA's motion is premature. In light of the above, this factor does not favor a stay.

V.     **Conclusion**

TTI has attempted to accommodate EDNA through multiple extensions and by tolerating EDNA's ongoing delay. Now, EDNA seeks to delay the case even further for minimal, if any, gain in the simplicity or efficiency of the case. As a result, TTI respectfully requests that EDNA's motion be denied. Should the Court feel that a stay is warranted, TTI proposes such stay be lifted upon the earlier of (1) a determination by the United States Patent Office granting or denying reexamination of the '372 Patent or (2) expiration of the three month period for making such determination as set forth in 35 U.S.C. 303(a). TTI would also further request that any stay be conditioned upon EDNA stipulating to some preclusion regarding the reexamination.[1]  *See Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp 2d 749 (E.D. Tex. 2006).

---

[1] TTI would propose: "The Parties agree that the stay will be granted only on condition that Extended Disc North America, Inc. agrees not to challenge U.S. Patent No. 7,249,373 based on any ground which Extended Disc North America, Inc. raised or could have raised during the *inter partes* reexamination proceedings."

Dated: February 11, 2011    Respectfully submitted,

/s/ Michael E. Wilson_____

Michael E. Wilson
Slusser Wilson & Partridge, LLP
333 Clay Street, Suite 4720
Houston, TX 77002
Phone:  713-860-3300
Fax:  713-860-3333
Email:  wilson@slusser-law.com

Edmund J. Sease
Bradley J. Powers
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone:  515-288-3667
Fax:  515-288-1338
Email:  sease@ipmvs.com
Email:  brad.powers@ipmvs.com
 Email:  mvslit@ipmvs.com

*ATTORNEYS FOR PLAINTIFF TARGET TRAINING INTERNATIONAL, LTD.*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 11th day of February, 2011, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Douglas R. Drucker
DRUCKER, RUTLEDGE & SMITH, L.L.P.
100003 Woodloch Forest Dr.
Suite 225
The Woodlands, TX  77381
Phone:  281-681-3515
Fax:  281-681-3543
Email:  drucker@drs-llp.com

                                              /s/ Michael E. Wilson_____