UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. H-10-3350 |
| EXTENDED DISC NORTH AMERICA, INC., | § § § | |
| Defendant. | § | |

## ORDER ON THE DEFENDANT'S MOTION TO DISMISS

Pending before the Court is the defendant's, Extended Disc North America, Inc., motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket Entry No. 9), for which it also filed a memorandum in support (Docket Entry No. 10). The plaintiff, Target Training International, Ltd., filed a response in opposition (Docket Entry No. 12), to which the plaintiff filed a reply (Docket Entry No. 14). After having carefully reviewed the motion, the responses and the applicable law, the Court denies the defendant's motion to dismiss.[1]

The plaintiff maintains that its complaint meets all applicable pleading standards. The defendant contends that the plaintiff's complaint has not met the Supreme Court's pleading standards, alleging that the plaintiff's complaint lacks sufficient factual content to state a claim of either direct or induced infringement. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The defendant also asserts that the plaintiff's complaint does not comport with the pleading standards exemplified in Form 18 of the Appendix to the Federal Rules of Civil Procedure, and that Form 18 is inapplicable to the plaintiff's indirect infringement allegations.

---

[1] The Court also denies the defendant's motion to stay discovery because that motion is moot.

Federal Rule of Civil Procedure 84 states that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Form 18 provides a simple sample complaint for a patent infringement claim and does not require extensive factual pleading. The Supreme Court's decisions in *Twombly* and *Iqbal* did not disturb the sufficiency of a complaint that complies with Form 18. *See Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation) (internal citation omitted). Thus, a patent complaint that complies with Form 18 – such as the present complaint – is sufficient to state a claim that is plausible on its face.

Based on the foregoing discussion, the Court DENIES the defendant's motion to dismiss.

It is so **ORDERED**.

SIGNED at Houston, Texas this 18th day of February, 2011.

_____
Kenneth M. Hoyt
United States District Judge