UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | ) ) ) | Civil Action No. 4:10-cv-03350 |
| Plaintiff, | ) ) ) | Judge Kenneth M. Hoyt |
| v. | ) ) | |
| EXTENDED DISC NORTH AMERICA, INC., | ) ) ) | |
| Defendant. | ) ) ) ) ) ) | |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S THIRD AND FIFTH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS III AND IV AND SUPPORTING MEMORANDUM**

Plaintiff Target Training International, Ltd. ("TTI") hereby moves, pursuant to Fed. R. Civ. P. 9(b), 12(b)(6) and 12(f) to dismiss or strike Defendant Extended DISC North America, Inc.'s ("EDNA's") Third and Fifth Affirmative Defenses and Counterclaims III and IV which assert unenforceability and/or misuse of U.S. Patent No. 7,249,372 ("the '372 Patent") due to alleged inequitable conduct. In the alternative, TTI moves, pursuant to Fed. R. Civ. P. 12(e), for an order compelling EDNA to provide a more definitive statement regarding the basis for EDNA's affirmative defenses and counterclaims for unenforceability and/or misuse of the '179 Patent. The grounds for this Motion are fully stated in the following supporting Memorandum.

1

{00011959 \ 1}

## I. STATEMENT OF FACTS

EDNA filed its Answer and Counterclaim ("Answer") in this action on March 1, 2011 (Dkt. No. 33). Therein, EDNA asserts a number of affirmative defenses and counterclaims. EDNA's Third Affirmative Defense and Counterclaim III assert that the '372 Patent is unenforceable due to an alleged failure to "prosecute the '372 Patent with candor, good faith and honesty" and an alleged failure to "disclose material information." EDNA's Fifth Affirmative Defense and Counterclaim IV assert patent misuse due to alleged unenforceability of the '372 Patent based on an allegation that TTI "willfully or with gross negligence withheld information material to the patentability of the purported invention." Nowhere in its Answer, however, does EDNA provide the factual basis for its assertions that the '372 Patent is unenforceable or being misused as is required by Fed. R. Civ. P. 9(b) and binding Federal Circuit authority.

Because EDNA has failed to provide any explanation of the factual basis for its assertions regarding the unenforceability and/or misuse of the '372 Patent, TTI brings the instant Motion seeking dismissal of EDNA's Third and Fifth Affirmative Defenses and Counterclaims III and IV as they assert unenforceability and/or misuse of the '372 Patent. Such allegations are based upon inadequately plead allegations of inequitable conduct. In the alternative, TTI moves to compel EDNA to provide a more definitive statement regarding the basis for its unenforceability and misuse affirmative defenses and counterclaims.

{00011959 \ 1}

## II. ARGUMENT

### A. EDNA's Unenforceability and Misuse Affirmative Defenses and Counterclaims Based Upon Inequitable Conduct Fail Rule 9(b) And Must Be Stricken

Federal Circuit law, and not the law of a regional circuit, applies to the question of whether unenforceability of a patent due to inequitable conduct has been appropriately pled under Rule 9(b).  *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007).  Rule 9(b) requires that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'  '[I]nequitable conduct, while a broader concept than fraud, must be pled with particularity' under Rule 9(b).  *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009).  The Federal Circuit has clearly held that "Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO."  *Id*. at 1327.  Further, the Federal Circuit has held that "[a]lthough 'knowledge' and 'intent' may be averred generally, our precedent, like that of several regional circuits, requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind."  *Id*. at 1327 (Fed. Cir. 2009)

Here, EDNA's unenforceability and patent misuse allegations, which are based upon allegations of inequitable conduct in the prosecution of the '372 Patent, plainly fail to satisfy Federal Circuit pleading standards under Rule 9(b) as they are not plead with any of the particularity required under Rule 9(b).  The allegations do not identify any individual who allegedly performed the misconduct, they do not identify what prior art

was allegedly withheld, they do not identify when the alleged acts took place and allege no facts to support any inference of knowledge or intent. Therefore, the Court should dismiss EDNA's Third and Fifth Affirmative Defenses and Counterclaims III and IV as they are based upon inadequately plead allegations of inequitable conduct and fraud.

      **B.**    **EDNA May Not Re-Plead Without Leave of Court**

The Court's December 14, 2010 Scheduling Order (Dkt. No. 23) provides that any inequitable conduct allegations should have been made by March 18, 2011. Scheduling Order Item No. 2. That deadline has now passed. EDNA had an obligation to discover any evidence needed to support an inequitable conduct defense or counterclaim in time to meet the Scheduling Order deadline. EDNA has apparently failed to discover any evidence of inequitable conduct because no evidence was included in its pleading. Therefore, EDNA should not be permitted to re-plead inequitable conduct without first obtaining leave of court, as provided by the Scheduling Order.

      **C.**    **EDNA Should Otherwise Be Required To Satisfy Rule 9(b) With Regard To Its Unenforceability and Misuse Affirmative Defenses and Counterclaims**

Should the Court not be inclined to dismiss EDNA's Third and Fifth Affirmative Defenses and Counterclaims III and IV as requested above, EDNA should nonetheless be required to immediately amend its counterclaims that plead inequitable conduct or any other theory sounding in fraud. Federal Circuit law requires that "pleading inequitable conduct in patent cases . . . requires identification of the specific who, what, when, where, and how of the material misrepresentation or admission committed before the [United States Patent & Trademark Office]." *Id.* at 1327. Because EDNA is asserting

unenforceability and misuse of the '372 Patent based upon inequitable conduct, at a minimum, it must identify the information required under *Exergen*.

### III.    CONCLUSION

For the foregoing reasons, TTI respectfully requests that the Court grant the present Motion, dismissing EDNA's Third and Fifth Affirmative Defenses and Counterclaims III and IV.  Alternatively, TTI respectfully requests that the Court order EDNA to immediately amend its counterclaims to identify all information required under *Exergen* for allegations based upon inequitable conduct or any other theory sounding in fraud.

Dated March 24, 2011                                   Respectfully submitted,

/s/ Michael E. Wilson
Michael E. Wilson
Slusser Wilson & Partridge, LLP
333 Clay Street, Suite 4720
Houston, TX 77002
Phone:  713-860-3300
Fax:  713-860-3333
Email:  wilson@slusser-law.com

Edmund J. Sease
Bradley J. Powers
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone:  515-288-3667
Fax:  515-288-1338
Email:  sease@ipmvs.com
Email:  brad.powers@ipmvs.com
Email:  mvslit@ipmvs.com

*ATTORNEYS FOR PLAINTIFF TARGET TRAINING INTERNATIONAL, LTD.*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 24, 2011, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Douglas R. Drucker
DRUCKER, RUTLEDGE & SMITH, L.L.P.
100003 Woodloch Forest Dr.
Suite 225
The Woodlands, TX  77381
Phone:  281-681-3515
Fax:  281-681-3543
Email:  drucker@drs-llp.com


                              /s/ Michael E. Wilson_____