## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | § § § | |
| | § | Civil Action No. 4:10-cv-03350 |
| Plaintiff, | § | |
| v. | § § | |
| EXTENDED DISC NORTH AMERICA, INC., | § § § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## EXTENDED DISC'S MOTION TO STAY LITIGATION PENDING REEXAMINATION

# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................................5

II.  FACT SUMMARY ....................................................................................................................6

III. ISSUE PRESENTED .................................................................................................................7

IV. LEGAL PRINCIPLES ...............................................................................................................7

   A.  A Liberal Policy Exists for Staying Litigation Pending Reexamination...................................7

   B.  Three-Factor Analysis For Determining Whether A Stay is Proper, and Potential Benefits of a Stay ....................................................................................................................................8

V.  THE COURT SHOULD STAY THIS ACTION PENDING REEXAMINATION OF THE '372 PATENT BECAUSE ALL THREE FACTORS FAVOR A STAY ..............................................9

   A.  A Stay Will Not Unduly Prejudice Or Present A Clear Tactical Disadvantage To TTI .......9

   B.  A Stay Is Appropriate Because Reexamination Will Likely Narrow The Issues And May Eliminate The Need For Further Litigation ............................................................................11

      1.  *Reexamination Is Likely To Simplify Litigation Issues*................................................11

      2.  *A Stay Will Speed The Pace Of Reexamination* ........................................................14

   C.  The Current Stage Of Discovery Favors A Stay ...........................................................14

VI. CONCLUSION ........................................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Alza Corp v. Wyeth*, 2006 WL 3500015 (E.D. Tex. Nov. 21, 2006) ................................ 10, 14

*ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) .............. 8

*Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997) ...................... 12

*Broadcast Innovation, LLC v. Charter Comm., Inc.*, No. 03-Cv-2223-ABJ-BNB, 2006
    WL 1897165 (D Colo. July 11, 2006) .................................................................... 9, 11

*Cameras Onsite, LLC v. Digital Mgmt. Solutions, Inc.*, 2010 WL 1268054 (S.D. Tex.
    Mar. 24, 2010) .......................................................................................................... 8, 10

*Echostar Tech. Corp. v. Tivo, Inc.*, 2006 WL 2501494 at *4 (E.D. Tex. July 14, 2006) ... 8,
    12, 13, 14, 15

*Emhart Indus. v. Sankyo Seiki Mfg.*, 3 U.S.P.Q.2d 1889 (N.D. Ill. 1987) ............................ 15

*Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ............................................. 8

*Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ............................... 7, 13

*Guthy-Renker Fitness LLC v. Icon Health and Fitness Inc.*, 48 U.S.P.Q.2d 1058, 1060
    (C.D. Cal. 1998) ............................................................................................................ 13

*Loffland Bros. Co. v. Mid-Western Energy Corp.*, 225 U.S.P.Q. 886, 887, 1985 WL 1483,
    (W.D.Okla. Jan.3, 1985) ............................................................................................... 13

*Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985) ........................................ 7, 9

*Photoflex Products, Inc. v. Circa 3 LLC*, No. C 04-03715 JSW, 2006 WL 1440363 (N.D.
    Cal. May 24, 2006) ......................................................................................................... 10

*Scriptpro LLC v. Wal-Mart Stores, Inc.*, No. 05-2244-CM, 2006 WL 2294859 (D. Kan.
    August 8, 2006) ................................................................................................................ 8

*Southwall Techs. Inc. v. Cardinal IG Co.,* 54 F.3d 1570, 1578, (Fed. Cir. 1995) ............... 12

*Soverain Software LLC v. Amazon.com,* 356 F.Supp.2d 660, 662 (E.D. Tex. 2005) ............ 8

*Spectrum Int'l*, *Inc. v. Sterlite Corp.*, 164 F.3d 1372, 1379 (Fed. Cir. 1998) ....................... 12

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995) ................................................................................................................................. 11, 13

*Tesco Corp. v. Weatherford Int'l, Inc.*, 722 F. Supp.2d 755, 764 (S.D. Tex. 2010) .... 12, 13

*Vivid Techs., Inc. v. American Science & Eng'g, Inc.,* 997 F. Supp. 93,95 (D. Mass. 1997) ............................................................................................................................................. 15

*Werre v. Battenfeld Technologies, Inc.*, No. Civ.03-1471-AA, 2004 WL 2554568 (D. Or. November 9, 2004) ................................................................................................................. 7

**Statutes**

35 U.S.C. § 307(b) ........................................................................................................... 11

H.R. Rep. No. 1307, 96th Cong., 2d Sess. 4, reprinted in 1980 U.S.C.C.A.N. ................. 7

M.P.E.P. §§ 2263 and 2286(I) ........................................................................................ 14

## I.   INTRODUCTION

Following the U.S. Patent & Trademark Office's ("PTO") recent order granting Extended DISC International, Ltd.'s ("EDI")[1] request for reexamination of U.S. Patent No. 7,249,372 ("the '372 patent"), Defendant Extended DISC North America, Inc. ("EDNA"), now requests that the Court stay this case to allow the PTO to reexamine whether the claims of the '372 patent are invalid and/or unpatentable.  As Plaintiff Target Training International, Ltd. ("TTI") admitted in its response to EDNA's first motion to stay, "there may be several advantages in granting a stay pending reexamination."  TTI's First Response (Dkt. No. 27) at 3.  The advantages TTI recognized three months ago are even more applicable now that the PTO has ordered reexamination of <u>all claims</u> of the '372 patent.

In this motion, EDNA seeks a stay of this litigation pending the outcome of a reexamination of the '372 patent that the PTO ordered on April 25, 2011. In the reexamination proceeding, the PTO will reconsider the patentability of <u>all</u> claims of the '372 patent in view of at least four pieces of prior art brought to the PTO's attention in EDNA's Request for Reexamination.  In ordering reexamination, the PTO stated that each of these four references raises a substantial question of patentability with respect to the claims of the '372 patent.  Given that 77% of reexaminations result in claim amendment or cancellation, it is likely that the asserted claims of the '372 patent will not emerge from reexamination in their present form.  Schlather Decl.; Ex. A.

The Court should stay this litigation until the reexamination is completed for at least the following reasons: (1) because TTI has not sought a preliminary injunction and because TTI has

---

[1] Contrary to assertions in TTI's response to EDNA's first motion to stay (Dkt. No. 27), Defendant Extended DISC North America, Inc. did not file the request for reexamination.

an adequate remedy at law (*i.e.*, the ability to collect monetary damages upon a showing of infringement); (2) the stay will promote judicial efficiency because reexamination will likely narrow issues or even eliminate the need for further litigation; and (3) the current stage of litigation favors granting the stay because substantial discovery remains uncompleted, meaning a stay would spare both the parties and this court from substantial needless expenses.

## II.     FACT SUMMARY

TTI filed this case on September 17, 2010 asserting infringement of claims 1-2 and 5-11 of the '372 patent.  There are no other patents or causes of action involved in this suit.  TTI seeks monetary damages and a permanent injunction of EDNA's activities. *See* Complaint (Dkt. No. 1) at 3-4.  However, TTI did not seek a preliminary injunction of EDNA's accused activities.

On January 21, 2011, EDNA filed a motion to stay this case in view of EDI's request for *ex parte* reexamination.  Dkt. No. 24.  At that time, the PTO had not made a decision as to whether EDI's request would be granted.  On February 15, 2011, the Court denied EDNA's initial motion to stay.  Dkt. No. 30.

On January 14, 2011, EDI filed a Request for Reexamination asking that the PTO reconsider the patentability of all claims of the '372 patent in view of various prior art references.  Schlather Decl., Ex. B – Request for Reexamination.  On April 25, 2011, the PTO issued an order granting EDI's request for reexamination of <u>all claims</u>, 1-11, of the '372 patent, and determined that a substantial new question of patentability exists as to each claim.  Schlather Decl.; Ex. C – Order Granting Reexamination at 2.  The reexamination will include every reference cited by EDI in its request.  *Id.* at 4-12.

Meanwhile, the litigation remains in the early phases of discovery. Both parties are still engaged in document production. In addition, third party discovery and the taking of deposition

testimony remain far from complete. The claim construction process has only just begun and expert discovery has not yet commenced. The trial date is set for June 4, 2012, leaving a substantial amount of time for additional discovery and trial preparation by both parties.

### III. ISSUE PRESENTED

Whether the Court should stay this litigation pending completion of the reexamination where: (1) the PTO will determine the patentability of all claims asserted in this litigation in view of the references submitted by EDNA; (2) the plaintiff did not seek a preliminary injunction, and instead seeks money damages; (3) the plaintiff is not commercially harmed by any delay caused by the stay; and (4) discovery is ongoing and the trial date is more than a year away.

### IV. LEGAL PRINCIPLES

#### A. A Liberal Policy Exists for Staying Litigation Pending Reexamination

"The stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation." *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985). Indeed, one of Congress's primary purposes in creating the reexamination procedure was to "permit efficient resolution of questions about the validity of issued patents without recourse to expensive and lengthy infringement litigation" H.R. Rep. No. 1307, 96th Cong., 2d Sess. 4, reprinted in 1980 U.S.C.C.A.N. 6460, 6463; *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled)").

Given that the stay of litigation was an anticipated effect of reexamination, "there exists a 'liberal policy in favor of granting motions to stay pending the outcome of reexamination proceedings.'" *Werre v. Battenfeld Technologies, Inc.*, No. Civ.03-1471-AA, 2004 WL 2554568,

at *1 (D. Or. November 9, 2004) (citations omitted); *see also Scriptpro LLC v. Wal-Mart Stores, Inc.*, No. 05-2244-CM, 2006 WL 2294859, at * 1 (D. Kan. August 8, 2006) ("liberal policy"); *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) ("liberal policy"). This Court has the inherent power to stay this proceeding while the PTO determines the patentability of all claims at issue. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (inherent authority extends to staying a case pending resolution of a reexamination in the PTO); *Cameras Onsite, LLC v. Digital Mgmt. Solutions, Inc.*, 2010 WL 1268054 (S.D. Tex. Mar. 24, 2010) (citing, *Soverain Software LLC v. Amazon.com,* 356 F.Supp.2d 660, 662 (E.D. Tex. 2005) (granting a motion to stay patent infringement suit pending reexamination).

### B. Three-Factor Analysis For Determining Whether A Stay is Proper, and Potential Benefits of a Stay

Courts generally analyze three factors in deciding to stay a case pending reexamination: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Cameras Onsite*, at *2 (citing, *Echostar Tech. Corp. v. Tivo, Inc.,* 2006 WL 2501494 at *4 (E.D. Tex. July 14, 2006). Additionally, in *Echostar,* Magistrate Judge Craven noted a number of potential benefits that result from a stay, including: (1) the suit will likely be dismissed if the PTO determines the claim to be invalid; (2) "[t]he outcome of the reexamination may encourage a settlement without the further use of the Court;" (3) "[t]he record of the reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation;" and (4) "[t]he cost will likely be reduced for both the parties and the Court." *Echostar,* at **4-5.

## V. THE COURT SHOULD STAY THIS ACTION PENDING REEXAMINATION OF THE '372 PATENT BECAUSE ALL THREE FACTORS FAVOR A STAY

As explained more fully below, all three of the above factors weigh in favor of granting a stay pending reexamination. Additionally, the potential benefits of a stay are particularly applicable in this case.

### A. A Stay Will Not Unduly Prejudice Or Present A Clear Tactical Disadvantage To TTI

The first factor to consider in determining the appropriateness of a stay pending reexamination is whether the stay would unduly prejudice TTI. Undue prejudice would result if the stay would deprive the plaintiff of an adequate remedy at law. *See Broadcast Innovation, LLC v. Charter Comm., Inc.*, No. 03-Cv-2223-ABJ-BNB, 2006 WL 1897165, at *10 (D. Colo. July 11, 2006) (summarizing the "undue prejudice" factor in terms of whether the nonmoving party retains an adequate remedy at law). Here, a stay of this suit pending reexamination will not result in undue prejudice to TTI.

Specifically, TTI will not suffer undue prejudice because a stay would not obviate an adequate remedy at law. If this litigation is stayed, TTI retains the ability to collect money damages for any proven infringement. *See Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985) (noting that damages for any infringement continue to accrue during the period of the stay). Notably, because TTI never moved for a preliminary injunction,[2] TTI cannot now argue that a stay would harm its place in the market.

In its response to EDNA's first motion to stay, TTI asserted that a stay would result in undue prejudice. TTI's First Response (Dkt. No. 27) at 4. In support of this argument, TTI asserted that the parties are direct competitors and that EDNA is "a small company." *Id*. at 5.

---

[2] TTI did request a permanent injunction in its complaint, but the stay does not affect the availability of this remedy.

9

TTI further alleges that a stay would be prejudicial because it <u>could</u> "lose...goodwill in the market." However, here, as in *Cameras Onsite*, plaintiff's arguments are unavailing. As this Court reasoned in *Cameras Onsite*, "Plaintiff's purported prejudice is attenuated because it assumes (1) the ['372] Patent is valid and infringed by [EDNA]." *Cameras Onsite*, at *3. Moreover, even if the Court denied the stay, since TTI has made no showing that it is entitled to a preliminary injunction against EDNA, EDNA is free to continue its activities. *Id*.

In addition, it was TTI that chose to bring suit against a "small company" such as EDNA. It cannot now complain EDNA may not have the financial resources to satisfy a patent infringement judgment. As TTI admits, EDNA is a "small company." There are a number of larger firms engaged in the same business as EDNA. To date, TTI has ignored these "bigger fish." While TTI's litigation strategy remains unknown, the fact that TTI has apparently ignored more significant competitors evidences the weakness of TTI's arguments regarding its purported "goodwill in the market." In addition, TTI failed to provide any measure of its alleged "goodwill", how such "goodwill" would be quantified or how EDNA's activities purportedly impact this "goodwill." Clearly, such arguments are purely speculative and should be disregarded.

At most, TTI can only complain that it is inconvenienced by the delay. However, "[t]he delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *Photoflex Products, Inc. v. Circa 3 LLC*, No. C 04-03715 JSW, 2006 WL 1440363, at *2 (N.D. Cal. May 24, 2006); *see also Alza Corp v. Wyeth*, 2006 WL 3500015, at *1 (E.D. Tex. Nov. 21, 2006) ("Reexamination does not threaten protracted or indefinite delay.").

The stay also does not tactically disadvantage TTI (or give a tactical advantage to EDNA). To the contrary, a stay benefits both the parties and this court by permitting the PTO to assess

patentability/validity before the parties incur additional costs of litigation and before the Court invests significant additional time in the case. This avoids the risk of investing tremendous resources preparing for trial on claims that may well be altered during reexamination. *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995) ("Absent a stay, the parties may end up conducting a significantly wider scope of discovery than necessary, and the court may waste time examining the validity of claims which are modified or eliminated altogether during reexamination."); *see also Broadcast Innovation*, 2006 WL 1897165, at *10. The benefit of this avoided risk inures not just to the Court and EDNA, but also to TTI.

For these reasons, this factor favors a stay.

### B. A Stay Is Appropriate Because Reexamination Will Likely Narrow The Issues And May Eliminate The Need For Further Litigation

The second factor—whether a stay will simplify the issues in question and the trial of the case—also weighs in favor of a stay.

#### 1. Reexamination Is Likely To Simplify Litigation Issues

Patents rarely survive reexamination unscathed. In fact, 77% of *ex parte* reexamination proceedings result in amendment or the complete invalidation of the claims. Ex. D. Of course, invalidation of the '372 patent would moot all issues in the case. *Broadcast Innovation, LLC*, 2006 WL 1897165, at *2 & *10 ("If no claims survive, neither does the court's work....Neither the Court nor the parties should expend additional resources when it is uncertain which, if any, of the four asserted claims will survive the reexamination process."). As for claim amendments, even the amendment of a single claim of the '372 patent could significantly alter the landscape in this case. For instance, such an amendment would give rise to intervening rights, 35 U.S.C. §

11

307(b).  Further, any substantive change to the asserted claims would mean that the '372 patent could not be enforced for the period before the reexamination certificate issues.  *Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997).  In addition, amendments to the claims could obviate TTI's basis for its infringement contentions, assuming any claim survives reexamination.

Even if TTI does not amend the claims, arguments it makes during reexamination will help define the scope of the asserted claims: the principle that a patentee "after relinquishing subject matter to distinguish a prior art reference asserted by the PTO during prosecution 'cannot during subsequent litigation escape reliance by the defendant upon this unambiguous surrender of subject matter'" applies to statements made during reexamination. *Spectrum Int'l*, *Inc. v. Sterlite Corp.*, 164 F.3d 1372, 1379 (Fed. Cir. 1998) (citing *Southwall Techs. Inc. v. Cardinal IG Co.,* 54 F.3d 1570, 1578, (Fed. Cir. 1995)).

Moreover, even if the reexamination does not result in the cancellation or amendment of all claims of the '372 patent, the record of reexamination would likely be entered at trial and potentially reduce the complexity and length of the litigation. The actions by the PTO during reexamination may "greatly influence the proceedings going forward" and add clarity to the scope of the patent, as well as the scope of the prior art, thus simplifying the issues for trial. *Echostar*, 2006 WL 2501494, at *4.  As this Court has recognized, "a stay may be appropriate to avoid duplicative or contradictory findings as to the patents validity."  *Tesco Corp. v. Weatherford Int'l, Inc*., 722 F. Supp.2d 755, 764 (S.D. Tex. 2010).

Given the likelihood that some or all of the asserted claims will be amended or canceled, a stay pending reexamination avoids wasting efforts on issues that will ultimately be irrelevant: "It would be an egregious waste of both the parties' and the Court's resources if the *Markman* and

12

summary judgment proceedings went forward and the claims were subsequently declared invalid or were amended as a result of the reexamination proceedings." *Echostar*, 2006 WL 2501494, at *4. Accordingly, "[i]t makes sense to ascertain the ultimate scope of the claims before trying to figure out whether products infringe." *Guthy-Renker Fitness LLC v. Icon Health and Fitness Inc.*, 48 U.S.P.Q.2d 1058, 1060 (C.D. Cal. 1998). Conversely, without a stay, "the parties may end up conducting a wider scope of discovery than necessary, and the court may waste time examining the validity of claims which are modified or eliminated altogether during reexamination. *Id. See also Target Therapeutics, Inc.*, 33 U.S.P.Q.2d at 2023.

In its response to EDNA's first motion to stay, TTI takes the unusual position that "[a] stay will not simplify the case." TTI's First Response at 5. This Court has considered such arguments and holding that:

> As noted by the Federal Circuit, reexamination may result in the elimination of most, if not all, of the issues remaining in the pending litigation. See Gould, 705 F.2d 1340 (Fed.Cir.1983), cert. denied 464 U.S. 935, 104 S.Ct. 343, 78 L.Ed.2d 310 (1983). If not found invalid, the reexamination will at least likely result in a narrowing and simplifying of the issues before the Court. See Loffland Bros. Co. v. Mid-Western Energy Corp., 225 U.S.P.Q. 886, 887, 1985 WL 1483, at *2 (W.D.Okla. Jan.3, 1985). In addition, the technical expertise provided by the reexamination proceeding will be helpful to the Court on any issues that remain. See Gould, 705 F.2d at 1342.

Tesco, 2006 WL 6625915 at *2 (S.D. Tex. Nov. 9, 2006) (granting motion to stay prior to order from PTO granting reexamination). Clearly, this Court recognizes that a stay may simplify the issues in a number of ways, even where all claims are not found invalid. To be clear, however, the PTO has ordered reexamination of all of the claims in the '372 patent.

There is no reasonable dispute that reexamination will simplify the issues. This factor weighs in favor of a stay.

### 2. *A Stay Will Speed The Pace Of Reexamination*

As courts have recognized, a stay has other benefits as well; specifically, it speeds the pace of reexamination. *See Alza Corp. v. Wyeth*, No. 9:06-CV-156, 2006 WL 3500015, *1 (E.D. Tex. Nov. 21, 2006). In cases stayed pending reexamination, the PTO conducts those reexaminations with special dispatch. *See* M.P.E.P. §§ 2263 and 2286(I) (e.g., reducing office actions response period to one month when litigation is stayed). Thus, staying this litigation both avoids the risk of inconsistent outcomes and speeds an ultimate resolution of the issues. Importantly, the increased pace of reexamination also mitigates against the perceived prejudice described in TTI's First Response. On average, reexamination proceedings are concluded in 25.6 months. Schlather Decl.; Ex. A at 2. The faster pace pursuant to a stay in this case would only shorten this timeframe.

### C. **The Current Stage Of Discovery Favors A Stay**

Turning to the third factor considered by this court—whether discovery is complete and whether a trial date has been set—the current stage of litigation also favors a stay. Even if the '372 patent survives reexamination with a valid claim, there is a substantial likelihood that any such claim will include language or elements not present in the currently asserted claims. Thus, staying litigation pending reexamination ensures that the parties will be able to conduct discovery on all relevant issues relating to any claim surviving reexamination. On the other hand, if a stay is denied, there is a substantial risk that *both* parties' continued discovery efforts will be all for naught.

Even when there has been "a great deal of activity" in the litigation, the third factor can weigh in favor of a stay if future discovery efforts may prove wasteful and unnecessary. *See Echostar*, 2006 WL 2501494, at *4 (weighing in favor of a stay where *Markman* hearings had

14

already been held and trial was seven months away.); *see also Emhart Indus. v. Sankyo Seiki Mfg., 3 U.S.P.Q.2d 1889 (N.D. Ill. 1987)* (granting a stay where "[t]he Court recognizes that significant, costly discovery [had] already taken place...[but] substantially no trial preparations [had] been carried out -- there [was] no pretrial order in place and no trial schedule [had] been set."). Such is the case here. Because will more likely than not be amended or new claims issued as a result of the reexamination, staying this case and conducting discovery after the PTO takes a position on validity and claim scope would "enable the parties and the court to focus discovery in a way that makes more efficient use of party and court resources as the case proceeds" *Vivid Techs., Inc. v. American Science & Eng'g, Inc.,* 997 F. Supp. 93,95 (D. Mass. 1997).

In this case, both parties have begun discovery, however, much discovery still remains. Both parties continue to seek documents from each other and from third parties. No deposition witnesses have been deposed. Further, the proposed trial date is more than a year away, and no trial preparations have been carried out. In fact, the Court has yet to even construe the claims of the '372 patent and the Markman hearing is not until August 15, 2011. Therefore, a stay could save substantial costs for this court and both parties by avoiding wasteful and unnecessary discovery, as in *Echostar* and *Emhart*.

In its response to EDNA's first motion to stay, TTI complained that EDNA engaged in dilatory tactics and therefore a stay is not appropriate. EDNA specifically and expressly denies such allegations, but notes that any minor delays in this case pale in comparison to the year and a half delay between TTI's initial contact with EDNA offering a license to the '372 patent and the filing of TTI's complaint. If TTI was as truly concerned about the impact of EDNA's position in the market place or the impact of EDNA's activities on TTI's alleged "goodwill", it could have and should have acted more quickly to address its alleged concerns. Certainly, this "self-created

delay" of almost eighteen months does not reflect the same sense of urgency that TTI attempted to create in its prior response. TTI's own delay should not be overlooked.

## VI. CONCLUSION

For the foregoing reasons, EDNA requests that the Court stay this litigation pending reexamination of the '372 patent.

May 4, 2011                                        Respectfully submitted,

**EXTENDED DISC NORTH AMERICA, INC.**

COLLINS, EDMONDS & POGORZELSKI, PLLC

By: /s/   Stephen F. Schlather
Stephen F. Schlather – Lead Counsel
Texas Bar No. 24007993
COLLINS, EDMONDS & POGORZELSKI, PLLC
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (713) 364-2371
Facsimile: (832) 415-2535
sschlather@cepiplaw.com

ATTORNEYS FOR PLAINTIFF,

**EXTENDED DISC NORTH AMERICA, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned certifies pursuant to LR 7.1 that he has conferred in good faith with counsel for Plaintiff by phone, and that counsel cannot agree about the disposition of this motion.

May 4, 2011                                        /s/ Stephen Schlather
                                                   Stephen Schlather

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

May 4, 2011                                        /s/ Stephen Schlather
                                                             Stephen Schlather