UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | § § § | |
| | § | Civil Action No. 4:10-cv-03350 |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| EXTENDED DISC NORTH AMERICA, INC., | § § | JURY TRIAL DEMANDED |
| | § | |
| | § | |
| Defendant. | § | |

**DECLARATION OF STEPHEN SCHLATHER**

I, **STEPHEN SCHLATHER**, declare under penalty of perjury as follows:

1.   My name is Stephen Schlather. I am over the age of twenty-one (21) years,
     am competent to testify on the matters stated herein, have personal knowledge
     of the facts and statements in this declaration and declare that each of the facts
     is true and correct.

2.   I am a shareholder at the law firm of Collins, Edmonds & Pogorzelski, PLLC
     ("CEPIP") and am counsel of record for Defendant, Extended DISC North
     America, Inc. ("EDNA") in the above-referenced matter.

3.   Attached hereto as Exhibit A is a true and correct copy of the U.S. Patent &
     Trademark Office's ("PTO") "*Ex Parte* Reexamination Filing Data –
     December 31, 2010" which is available via the PTO's website at the following
     address: http://www.uspto.gov/patents/EP_quarterly_report_March_2011.pdf.

4.   Attached hereto as Exhibit B is a true and correct copy of excerpts from
     Extended DISC International, Ltd.'s Request for ReExamination of US Patent
     No. 7,249,372 under 35 USC 302, CFR 1.510.

5.      Attached hereto as Exhibit C is a true and correct copy of the PTO's Order

Granting Request for Reexamination of U.S. Patent No. 7,249,372.


I declare under penalty of perjury that the foregoing is true and correct.

Executed in Houston, Texas on this 4th day of May, 2011.

Stephen Schlather

# EXHIBIT A

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
**www.uspto.gov**

*Ex Parte* Reexamination Filing Data  -  March 31, 2011

1. Total requests filed since start of *ex parte* reexam on 07/01/81 ................................... 11415[1]

| | | |
|---|---|---|
| a. By patent owner | 3740 | 33% |
| b. By other member of public | 7509 | 66% |
| c. By order of Commissioner | 166 | 1% |

2. Number of filings by discipline

| | | |
|---|---|---|
| a. Chemical Operation | 3139 | 28% |
| b. Electrical Operation | 4230 | 37% |
| c. Mechanical Operation | 3869 | 34% |
| d. Design Patents | 177 | 1% |

3. Annual *Ex Parte* Reexam Filings

| Fiscal Yr. | No. | Fiscal Yr. | No. | Fiscal Yr. | No. | Fiscal Yr. | No. |
|---|---|---|---|---|---|---|---|
| 1981 | 78 (3 mos.) | 1989 | 243 | 1997 | 376 | 2005 | 524 |
| 1982 | 187 | 1990 | 297 | 1998 | 350 | 2006 | 511 |
| 1983 | 186 | 1991 | 307 | 1999 | 385 | 2007 | 643 |
| 1984 | 189 | 1992 | 392 | 2000 | 318 | 2008 | 680 |
| 1985 | 230 | 1993 | 359 | 2001 | 296 | 2009 | 658 |
| 1986 | 232 | 1994 | 379 | 2002 | 272 | 2010 | 780 |
| 1987 | 240 | 1995 | 392 | 2003 | 392 | 2011YTD | 392 |
| 1988 | 268 | 1996 | 418 | 2004 | 441 | | |

4. Number known to be in litigation…………...………….................. .3747……………33%

5. Decisions on requests………………………………………………………………...10902

   a. No. granted………………………………………………… …9997………….....92%

| | |
|---|---|
| (1) By examiner | 9881 |
| (2) By Director (on petition) | 116 |

   b. No. denied ……………………………………………….905…………….....8%

| | |
|---|---|
| (1) By examiner | 850 |
| (2) Reexam vacated | 35 |

---

[1]Of the requests received in FY 2011, 22 requests have not yet been accorded a filing date, and preprocessing of 15 requests was terminated for failure to comply with the requirements of 37 CFR 1.510. See Clarification of Filing Date Requirements for *Ex Parte* and *Inter Partes* Reexamination Proceedings, Final Rule, 71 Fed. Reg. 44219 (August 4, 2006).

6. Total examiner denials (includes denials reversed by Director)…………........................976

    a. Patent owner requester                                    464       48%
    b. Third party requester                                      512       52%

7. Overall reexamination pendency (Filing date to certificate issue date)

    a. Average pendency                    25.7 (mos.)
    b. Median pendency                    20.0 (mos.)

8. Reexam certificate claim analysis:

| | Owner Requester | 3rd Party Requester | Comm'r Initiated | Overall |
|---|---|---|---|---|
| a. All claims confirmed | 21% | 24% | 12% | 23% |
| b. All claims cancelled | 9% | 13% | 23% | 11% |
| c. Claims changes | 70% | 63% | 65% | 66% |

9. Total *ex parte* reexamination certificates issued (1981 – present) ……………………..8129

    a. Certificates with all claims confirmed        1870     23%
    b. Certificates with all claims canceled        934     11%
    c. Certificates with claims changes         5325     66%

10. Reexam claim analysis – requester is patent owner or 3rd party or Commissioner initiated.

    a. Certificates – PATENT OWNER REQUESTER ……………………………………3002

        (1) All claims confirmed         644     21%
        (2) All claims canceled         262     9%
        (3) Claim changes            2096     70%

    b. Certificates – 3rd PARTY REQUESTER …………………………………………….4971

        (1) All claims confirmed       1208     24%
        (2) All claims canceled        636     13%
        (3) Claim changes           3127     63%

    c. Certificates – COMMISSIONER INITIATED REEXAM ……………..………......156

        (1) All claims confirmed         18     12%
        (2) All claims canceled         36     23%
        (3) Claim changes           102     65%

# EXHIBIT B

PTO/SB/57 (02-09)
Approved for use through 02/28/2013. OMB 0651-0064
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

(Also referred to as FORM PTO-1465)

## REQUEST FOR *EX PARTE* REEXAMINATION TRANSMITTAL FORM

Address to:
**Mail Stop *Ex Parte* Reexam**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, VA  22313-1450**

Attorney Docket No.: ESP.1487

Date:

1. [X] This is a request for *ex parte* reexamination pursuant to 37 CFR 1.510 of patent number  **7,249,372**
   issued 24 July 2007 _____. The request is made by:

   [ ] patent owner.   [X] third party requester.

2. [X] The name and address of the person requesting reexamination is:

   Extended DISC International, Ltd.

   Riihitontuntie 14 B

   FIN-02200 Espoo FINLAND

3. [ ] a. A check in the amount of $_____ is enclosed to cover the reexamination fee, 37 CFR 1.20(c)(1);

   [ ] b. The Director is hereby authorized to charge the fee as set forth in 37 CFR 1.20(c)(1)
   to Deposit Account No. _____ ; **or**

   [X] c. Payment by credit card. Form PTO-2038 is attached.

4. [X] Any refund should be made by [ ] check or [X] credit to Deposit Account No. 50-5215
   37 CFR 1.26(c). If payment is made by credit card, refund must be to credit card account.

5. [X] A copy of the patent to be reexamined having a double column format on one side of a separate paper is
   enclosed.  37 CFR 1.510(b)(4)

6. [ ] CD-ROM or CD-R in duplicate, Computer Program (Appendix) or large table
   [ ] Landscape Table on CD

7. [ ] Nucleotide and/or Amino Acid Sequence Submission
   *If applicable, items a. – c. are required.*

   a. [ ] Computer Readable Form (CRF)
   b. Specification Sequence Listing on:
       i. [ ] CD-ROM (2 copies) or CD-R (2 copies); **or**
       ii. [ ] paper
   c. [ ] Statements verifying identity of above copies

8. [ ] A copy of any disclaimer, certificate of correction or reexamination certificate issued in the patent is included.

9. [X] Reexamination of claim(s) 1 - 11 _____ is requested.

10. [X] A copy of every patent or printed publication relied upon is submitted herewith including a listing thereof on
    Form PTO/SB/08, PTO-1449, or equivalent.

11. [ ] An English language translation of all necessary and pertinent non-English language patents and/or printed
    publications is included.

[Page 1 of 2]

This collection of information is required by 37 CFR 1.510. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application.  Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14.  This collection is estimated to take 18 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Mail Stop *Ex Parte* Reexam, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/57 (02-09)
Approved for use through 02/28/2013. OMB 0651-0064
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| | | |
|---|---|---|
| 12. ☒ | The attached detailed request includes at least the following items: | |

a. A statement identifying each substantial new question of patentability based on prior patents and printed publications. 37 CFR 1.510(b)(1)
b. An identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited art to every claim for which reexamination is requested. 37 CFR 1.510(b)(2).

13. ☐   A proposed amendment is included (only where the patent owner is the requester). 37 CFR 1.510(e)

14. ☒   a. It is certified that a copy of this request (if filed by other than the patent owner) has been served in its entirety on the patent owner as provided in 37 CFR 1.33(c).
The name and address of the party served and the date of service are:

TARGET TRAINING INTERNATIONAL, LTD

16020 N. 77TH STREET

SCOTTSDALE, ARIZONA 05260

Date of Service:_____ **14 January 2011** _____; or

☐   b. A duplicate copy is enclosed because service on patent owner was not possible. An explanation of the efforts made to serve patent owner **is attached.**  <u>See</u> MPEP 2220.

15.   Correspondence Address: Direct all communications about the reexamination to:

| | | |
|---|---|---|
| ☒ | The address associated with Customer Number: | 93582 |
| **OR** | | |
| ☐ | Firm or Individual Name _____ | |

| | | |
|---|---|---|
| Address | | |
| City | State | Zip |
| Country | | |
| Telephone | Email | |

16. ☒   The patent is currently the subject of the following concurrent proceeding(s):

☐   a. Copending reissue Application No. _____

☐   b. Copending reexamination Control No. _____

☐   c. Copending Interference No. _____

☒   d. Copending litigation styled:
Target Training Intl. Ltd. v. Extended Disc North America, Inc.

Civil Action No. 4:10-CV-03350 Southern District of Texas

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

| | |
|---|---|
| /gcz44004/ | 2011-01-14 |
| Authorized Signature | Date |
| Geza C. Ziegler, Jr. | 44,004    ☐ For Patent Owner Requester |
| Typed/Printed Name | Registration No.  ☒ For Third Party Requester |

[Page 2 of 2]

Doc code: IDS   Case 4:10-cv-03350   Document 53-1   Filed in TXSD on 05/04/11   Page 9 of 32   PTO/SB/08a (01-10)
Doc description: Information Disclosure Statement (IDS) Filed

Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | |
|---|---|---|
| | Filing Date | |
| | First Named Inventor | Bill Bonnstetter |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | ESP.1487 |

### U.S.PATENTS                                     Remove

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 6524109 | B1 | 2003-02-25 | LACY ET AL. | |
| | 2 | 6735570 | B1 | 2004-05-11 | LACY ET AL. | |

| If you wish to add additional U.S. Patent citation information please click the Add button. | Add |
|---|---|

### U.S.PATENT APPLICATION PUBLICATIONS                    Remove

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

| If you wish to add additional U.S. Published Application citation information please click the Add button. | Add |
|---|---|

### FOREIGN PATENT DOCUMENTS                             Remove

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | 99/59093 | WO | A1 | 1999-11-18 | TEKNEKRON INFOSWITCH CORP | | ☒ |
| | 2 | 99/33016 | WO | A1 | 1999-07-01 | CHARLES WONG | | ☒ |

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( **Not for submission under 37 CFR 1.99)** | Application Number | |
|---|---|---|
| | Filing Date | |
| | First Named Inventor | Bill Bonnstetter |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | ESP.1487 |

| If you wish to add additional Foreign Patent Document citation information please click the Add button | Add |
|---|---|

| **NON-PATENT LITERATURE DOCUMENTS** | Remove |
|---|---|

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T5 |
|---|---|---|---|
| | 1 | | ☐ |

If you wish to add additional non-patent literature document citation information please click the Add button   Add

**EXAMINER SIGNATURE**

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04. [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [5] Applicant is to place a check mark here if English language translation is attached.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | |
|---|---|---|
| | Filing Date | |
| | First Named Inventor | Bill Bonnstetter |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | ESP.1487 |

## CERTIFICATION STATEMENT

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

☐ That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

☐ See attached certification statement.

☐ The fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

☐ A certification statement is not submitted herewith.

## SIGNATURE

A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | /gcz44004/ | Date (YYYY-MM-DD) | 2011-01-14 |
|---|---|---|---|
| Name/Print | Geza C. Ziegler, Jr | Registration Number | 44004 |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

**Privacy Act Statement**

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of January, 2011, a Request for ReExamination of US Patent No. 7,249,372 under 35 USC 302, CFR 1.510, was sent via United States Postal Service, first class mail, with adequate postage prepaid to:

> McKee, Voorhees & Sease, PLC
> 801 Grand Avenue, Suite 3200
> Des Moines, IA 50309-2721

and

> Target Training International
> 16020 N. 77th Street
> Scottsdale, AZ 05260

By: _____

Geza Q. Ziegler Jr.
Ziegler IP Law Group, LLC.
518 Riverside Avenue
Westport, CT 06880

# EXHIBIT C

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

ZIEGLER IP LAW GROUP, LLC

518 RIVERSIDE AVENUE

BUILDING B (SYNERGY)

WESTPORT, CT 06880

MAILED

APR 2 5 2011

CENTRAL REEXAMINATION UNIT

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/011,434*.

PATENT NO. *7,249,372*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/011,434 | 04/04/2011 | 7,249,372 | ESP.1487 | 6626 |

| 22885     7590     04/25/2011 | EXAMINER |
|---|---|
| MCKEE, VOORHEES & SEASE, P.L.C. | |

801 GRAND AVENUE
SUITE 3200
DES MOINES, IA 50309-2721

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 04/25/2011

Please find below and/or attached an Office communication concerning this application or proceeding.

| | Control No. | Patent Under Reexamination |
|---|---|---|
| **Order Granting / Denying Request For Ex Parte Reexamination** | 90/011,434 | 7,249,372 |
| | **Examiner** | **Art Unit** | |
| | JOSHUA D. CAMPBELL | 3992 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>04 April 2011</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,    b)☒ PTO/SB/08,    c)☐ Other: _____

1. ☒    The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐    The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181  ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐  by Treasury check or,

b) ☐  by credit to Deposit Account No. _____, or

c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

cc:Requester ( if third party requester )

Application/Control Number: 90/011,434                                      Page 2
Art Unit: 3992

### Decision on Request

1)      A substantial new question of patentability affecting claims 1-11 of United States Patent

Number 7,249,372 (Bonnstetter) is raised by the request for *ex parte* reexamination filed

4/4/2011.

### Prior art cited in the Request

2)      The present request filed 1/14/2011 indicates that the Requester considers that a

substantial new question of patentability is raised as to claims 1-11 of the Bonnstetter patent

(U.S. Patent Number 7,249,372) by the following prior art references:

      a.      **Teknekron** – International Publication No. WO 99/59093 (published November

      18, 1999)

      b.      **Lacy '109** – U.S. Patent No. 6,524,109 (filed August 2, 1999)

      c.      **Lacy '570** – U.S. Patent No. 6,735,570 (filed August 2, 1999)

      d.      **Wong** – International Publication No. WO 99/33016 (published July 1, 1999)

### Prosecution History

3)      The Bonnstetter patent application was assigned serial number 09/760,145. During the

original prosecution the examiner rejected current claims 1-11 (previously claims 28 and 31-40)

in view of Dirksen (U.S. Patent No. 6,853,975), Morisawa (U.S. Patent No. 5,537,544), Kane

(U.S. Patent No. 6,141,778), and Pisello (U.S. Patent No. 5,678,042). In the final amendment

before allowance (filed December 22, 2006) the applicant cancelled all claims but 28 and 31-40

(current claims 1-11).

On March 21, 2007 the examiner passed the case to allowance. In the notice of allowance the examiner stated that the closest reference (Howard) was missing specific features found in the independent claims which the examiner believed made the claims patentable.

Specifically the examiner stated, " The closest prior art to the current application is Howard et al WO 00/55792 (hereinafter Howard). Howard is directed towards a performance review and job description system that allows users to create professional job descriptions and employee performance reviews across the Internet. Howard teaches a performance review module and a job description, module and places the applications online through a content or Web server. Access to each module is through a Universal Resource Locator (URL) that points to the content server and sessions are kept open until the user receives his completed document. Howard discloses tat the user's company information is determined using the entry point URL. Company data and custom theme data are retrieved from the content sever databases. The company's Performance Now homepage is presented to the user containing the menu options for writing a review or entering/updating user information. When the user selects the desired option, the appropriate login page is presented to the user. The user logs onto the content server using his ID and password or name and email address. The user's ID is verified and the appropriate privileges, session variables and defaults are set [page 15].

However, the Howard reference differs from the current application in several aspects. Howard does not disclose initializing permissions relative to the password based on the level of rights for the entity. Howard does not disclose the permissions including at least one respondent password having permissions based on the level of rights for a respondent. Howard does not disclose sending the assessment report to one or more locations authorized by the permissions.

Howard discloses setting appropriate privileges, but they are not initialized relative to the password. Howard discloses setting up request for feedback is accomplished in the Performance Appraiser and is user specific. In other words, the user will select the Multi-Rater option to gather feedback and will specify from whom on a review-by-review basis. Additionally, the user can create and retain a "buddy list" of other users that he frequently requests feedback information from [page 16]. This disclosure teaches being able to send an assessment report to one or more locations, but it does not disclose that this is authorized by the permissions set by the password."

Based on the prosecution history of the Bonnstetter application, it appears the patent claims have been passed to allowance at least in part based on the limitations as presented in the notice of allowance relating to the initializing permissions relative to the password based on the level of rights for the entity and sending the report to one of more locations based on the permissions relative to the password.

## Substantial New Question of Patentability

4)    For purposes of determination, independent claims 1, 6 and 11 are used as representative claims. The italicized sections of claims 1, 6, and 11 below are utilized by the examiner to show how specific teachings of the proposed references create a substantial new question of patentability.

1.    A method for managing distribution of assessment documents over a wide area comprising:

(a) providing an assessment instrument for completion by respondents;

(b) assigning a password for an entity having a level of rights;

*(c) initializing permissions relative to the password based on the level of rights for the entity, said permissions including at least one respondent password having permissions based on the level of rights for a respondent;*

(d) allowing the entity access to a web site on a global computer network and enabling the initialized permissions for the entity;

(e) providing an assessment instrument to the respondent which gauges an individual potential employee's suitability with regards to a particular job, an individual existing employee's suitability or performance with regards to a particular job, or an individual boss's performance with regards to a particular job;

(f) receiving responses from the respondent to the assessment instrument;

(g) processing the responses into an assessment report;

*(h) sending the assessment report to one or more locations authorized by the permissions.*

6.      A system for managing assessments comprising:

(a) a plurality of terminals each adapted to access a wide area network;

(b) a central server;

(c) software associated with the central server which administers a web site and which provides permissions;

*(d) a password having a set of permissions correlated to a respondent for an assessment survey which gauges an individual potential employee's suitability with*

*regards to a particular job, an individual existing employee's suitability or performance, with regards to a particular job, or an individual boss's performance with regards to a particular job;*

*(e) a password having a set of permissions correlated to an entity interested in the respondent's responses to the assessment survey specifics.*

11.     A method of evaluation or assessment of persons, jobs, or employees comprising:

(a) assigning a password for a respondent;

*(b) initializing a set of permissions relative to the password;*

(c) providing an assessment instrument which gauges an individual potential employee's suitability with regards to a particular job, an individual existing employee's suitability or performance with regards to a particular job, or an individual boss's performance with regards to a particular job to a respondent after verification of password;

(d) receiving responses from the respondent to the assessment instrument;

(e) processing the responses into an assessment report;

*(f) sending the assessment report to one or more locations authorized by the set of permissions associated with the password.*

**Teknekron**

5)    The Teknekron reference discloses an evaluation system that can be accessed remotely by
a user, user access and access results reports being managed by permissions that are linked to a
password.

   The Request shows that Teknekron, for claim 1, teaches

         *(c) initializing permissions relative to the password based on the level of rights*
   *for the entity, said permissions including at least one respondent password having*
   *permissions based on the level of rights for a respondent;* (page 4, lines 35-37; page 14,
   lines 14-19; and page 15, lines 25-27 of Teknekron)

         *(h) sending the assessment report to one or more locations authorized by the*
   *permissions.* (page 16, line 26-page 17, line 1; page 17, lines 24-35; and page 18, lines
   13-24 of Teknekron)

   The Request shows that Teknekron, for claim 6, teaches

         *(d) a password having a set of permissions correlated to a respondent for an*
   *assessment survey which gauges an individual potential employee's suitability with*
   *regards to a particular job, an individual existing employee's suitability or performance,*
   *with regards to a particular job, or an individual boss's performance with regards to a*
   *particular job;* (page 13, lines 31-32; page 14, lines 3-6; and page 15, lines 21-27 of
   Teknekron)

         *(e) a password having a set of permissions correlated to an entity interested in the*
   *respondent's responses to the assessment survey specifics.* (page 16, line 26-page 17, line
   1; page 17, lines 24-35; and page 18, lines 13-24 of Teknekron)

   The Request shows that Teknekron, for claim 11, teaches

   *(b) initializing a set of permissions relative to the password;* (page 13, lines 31-

32; page 14, lines 3-6; and page 15, liens 21-27 of Teknekron)

   *(f) sending the assessment report to one or more locations authorized by the set of*

*permissions associated with the password.* (page 16, line 26-page 17, line 1; page 17,

lines 24-35; and page 18, lines 13-24 of Teknekron)

  The Teknekron reference was not previously discussed by the examiner nor applied to

claims 1-11 in the prior examination of the patent as discussed above.

  It is agreed that Teknekron, either alone, or in combination with the various other prior

art references (Lacy '109 and Lacy '570) as proposed in the request, raises a substantial new

question of patentability with respect to at least independent claims 1, 6, and 11 of the

Bonnstetter patent. There is a substantial likelihood that a reasonable examiner would consider

these teachings important in deciding whether or not these claims are patentable.

  Accordingly, Teknekron raises a substantial new question of patentability with respect to

at least independent claims 1, 6, and 11 of the Bonnstetter patent, which question has not been

decided in a previous examination of the Bonnstetter patent nor was there a final holding of

invalidity by the Federal Courts regarding the Bonnstetter patent.


  **Lacy '109**

6)  The Lacy '109 reference discloses a skill set assessment system and method is disclosed

for allowing a user to assess the user's proficiency at performing a predetermined set of skills

related to the user's employment position.

  The Request shows that Lacy '109, for claim 1, teaches

Application/Control Number: 90/011,434                                        Page 9
Art Unit: 3992

      *(c) initializing permissions relative to the password based on the level of rights*
*for the entity, said permissions including at least one respondent password having*
*permissions based on the level of rights for a respondent;* (column 3, lines 48-52 and
column 17, lines 20-35 of Lacy '109)

      *(h) sending the assessment report to one or more locations authorized by the*
*permissions.* (column 17, lines 16-22 of Lacy '109).

The Request shows that Lacy '109, for claim 6, teaches

      *(d) a password having a set of permissions correlated to a respondent for an*
*assessment survey which gauges an individual potential employee's suitability with*
*regards to a particular job, an individual existing employee's suitability or performance,*
*with regards to a particular job, or an individual boss's performance with regards to a*
*particular job;* (column 3, lines 48-52; column 7, lines 30-49; and column 17, lines 20-35
of Lacy '109)

      *(e) a password having a set of permissions correlated to an entity interested in the*
*respondent's responses to the assessment survey specifics.* (column 17, lines 16-35 of
Lacy '109)

The Request shows that Lacy '109, for claim 11, teaches

      *(b) initializing a set of permissions relative to the password;* (column 11, lines 6-9
and column 17, lines 20-35 of Lacy '109)

The Lacy '109 reference was not previously discussed by the examiner nor applied to
claims 1-11 in the prior examination of the patent as discussed above.

Application/Control Number: 90/011,434                                    Page 10
Art Unit: 3992

It is agreed that Lacy '109, either alone, or in combination with the various other prior art

references (Teknekron and Lacy '570) as proposed in the request, raises a substantial new

question of patentability with respect to at least independent claims 1, 6, and 11 of the

Bonnstetter patent. There is a substantial likelihood that a reasonable examiner would consider

these teachings important in deciding whether or not these claims are patentable.

Accordingly, Lacy '109 raises a substantial new question of patentability with respect to

at least independent claims 1, 6, and 11 of the Bonnstetter patent, which question has not been

decided in a previous examination of the Bonnstetter patent nor was there a final holding of

invalidity by the Federal Courts regarding the Bonnstetter patent.


### Lacy '570

7)      The Lacy '570 reference has been cited in combination with the Teknekron and Lacy

'109 references in the Request as part of the proposed rejections. Lacy '570 teaches various

aspects of managing and reporting skill assessment data entered by users of a skill assessment

tool. The Lacy '570 reference alone does not raise an SNQ. However, the Lacy '570 reference,

in combination with Teknekron and Lacy '109, does raise an SNQ as noted in the discussion of

the Teknekron and Lacy '109 references alone1 above. The Request shows that Teknekron and

Lacy '109 teach the limitations noted above which may have been material in determining the

patentability of the Bonnstetter claims at the time of allowance.

It is agreed that the consideration of Lacy '570, in combination with Teknekron and Lacy

'109 raises an SNQ with respect to at least independent claims 1, 6, and 11 of the Bonnstetter

patent as pointed out above. There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not these claims are patentable.

Accordingly, the combination of the Lacy '570 references with the Teknekron and Lacy '109 reference raises a substantial new question of patentability with respect to at least independent claims 1, 6, and 11 of the Bonnstetter patent, which question has not been decided in a previous examination of the Bonnstetter patent nor was there a final holding of invalidity by the Federal Courts regarding the Bonnstetter patent.

### Wong

8)      The Wong reference discloses end-to-end, business-to-business Web commerce (Web business, or e-business) and that automates to the greatest degree possible, in a unified and synergistic fashion and using best proven business practices, the various aspects of running a successful and profitable business.

The Request shows that Wong, for claim 1, teaches

*(c) initializing permissions relative to the password based on the level of rights for the entity, said permissions including at least one respondent password having permissions based on the level of rights for a respondent;* (page 95, lines 6-10 and page 103, line 35 of Wong)

*(h) sending the assessment report to one or more locations authorized by the permissions.* (page 75, lines 18-26 of Wong)

The Wong reference was not previously discussed by the examiner nor applied to claim 1 in the prior examination of the patent as discussed above.

Application/Control Number: 90/011,434                                    Page 12
Art Unit: 3992

It is agreed that Wong as proposed in the request, raises a substantial new question of patentability with respect to at least independent claim 1 of the Bonnstetter patent. There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not these claims are patentable.

Accordingly, Wong raises a substantial new question of patentability with respect to at least independent claim 1 of the Bonnstetter patent, which question has not been decided in a previous examination of the Bonnstetter patent nor was there a final holding of invalidity by the Federal Courts regarding the Bonnstetter patent.

## Scope of Reexamination

9)      Claims 1-11 will be reexamined as requested in the Request.

Application/Control Number: 90/011,434                                          Page 13
Art Unit: 3992

## *Conclusion*

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings

because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a

reexamination proceeding. Additionally, 35 U.S.C. 305 requires that reexamination proceedings

"will be conducted with special dispatch" (37 CFR 1.550(a)). Extension of time in *ex parte*

reexamination proceedings are provided for in 37 CFR 1.550(c).

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to

apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving

Patent No. 7,249,372 throughout the course of this reexamination proceeding. The third party

requester is also reminded of the ability to similarly apprise the Office of any such activity or

proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282

and 2286.

All correspondence relating to this ex parte reexamination proceeding should be directed

as follows:

By U.S. Postal Service Mail to:

> Mail Stop Ex Parte Reexam
> ATTN: Central Reexamination Unit
> Commissioner for Patents
> P.O. Box 1450
> Alexandria, VA 22313-1450

By FAX to:

> (571) 273-9900
> Central Reexamination Unit

By hand to:

Application/Control Number: 90/011,434                                   Page 14

Art Unit: 3992

        Customer Service Window
        Randolph Building
        401 Dulany St.
        Alexandria, VA 22314

By EFS-Web:

        Registered users of EFS-Web may alternatively submit such correspondence via the electronic filing system EFS-Web, at

        https://sportal.uspto.gov/authenticate/authenticateuserlocalepf.html

        EFS-Web offers the benefit of quick submission to the particular area of the Office that needs to act on the correspondence. Also, EFS-Web submissions are "soft scanned" (i.e., electronically uploaded) directly into the official file for the reexamination proceeding, which offers parties the opportunity to review the content of their submissions after the "soft scanning" process is complete.

        Any inquiry concerning this communication or earlier communications from the

Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be

directed to the Central Reexamination Unit at telephone number (571) 272-7705.

/Joshua D Campbell/
Primary Examiner, Art Unit 3992

90011434 - GAU: 3992

Doc code: IDS

Doc description: Information Disclosure Statement (IDS) Filed

Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | | 90/011,434 |
| | Filing Date | | |
| | First Named Inventor | | Bill Bonnstetter |
| | Art Unit | | 3992 |
| | Examiner Name | | Campbell, Joshua |
| | Attorney Docket Number | | ESP.1487 |

| | | | | | U.S.PATENTS | | Remove |
|---|---|---|---|---|---|---|---|

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| /JC/ | 1 | 6524109 | B1 | 2003-02-25 | LACY ET AL. | |
| /JC/ | 2 | 6735570 | B1 | 2004-05-11 | LACY ET AL. | |

| If you wish to add additional U.S. Patent citation information please click the Add button. | Add |
|---|---|

| | | | U.S.PATENT APPLICATION PUBLICATIONS | | | Remove |
|---|---|---|---|---|---|---|

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

| If you wish to add additional U.S. Published Application citation information please click the Add button. | Add |
|---|---|

| | | | FOREIGN PATENT DOCUMENTS | | | | Remove |
|---|---|---|---|---|---|---|---|

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| /JC/ | 1 | 99/59093 | WO | A1 | 1999-11-18 | TEKNEKRON INFOSWITCH CORP | | ☒ |
| /JC/ | 2 | 99/33016 | WO | A1 | 1999-07-01 | CHARLES WONG | | ☒ |

| Receipt date: 01/14/2011 | Application Number | 90011434 - GAU: 3992 |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | Filing Date | |
| | First Named Inventor | Bill Bonnstetter |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | ESP.1487 |

| If you wish to add additional Foreign Patent Document citation information please click the Add button | Add |
|---|---|

| | NON-PATENT LITERATURE DOCUMENTS | Remove | |
|---|---|---|---|
| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T5 |
| | 1 | | ☐ |

| If you wish to add additional non-patent literature document citation information please click the Add button | Add |
|---|---|

| EXAMINER SIGNATURE | | | |
|---|---|---|---|
| Examiner Signature | /Joshua Campbell/ | Date Considered | 03/10/2011 |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04. [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [5] Applicant is to place a check mark here if English language translation is attached.