IN UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., <br><br> Plaintiff, <br><br> v. <br><br> EXTENDED DISC NORTH AMERICA, INC., <br><br> Defendant. | Civil Action No. 4:10-cv-03350 <br><br> Judge Kenneth M. Hoyt |

**PLAINTIFF TARGET TRAINING INTERNATIONAL, LTD.'S
OPPOSITION TO EXTENDED DISC NORTH AMERICA, INC.'S
MOTION TO STAY PENDING REEXAMINATION**

Extended DISC North America, Inc. (EDNA) has requested a stay of indeterminate length in a motion raising much the same issues as its previous Motion to Stay. In that previous motion, EDNA noted that its 'franchisor' Extended DISC International, Ltd. ("EDI") had requested *ex-parte* reexamination of U.S. Patent No. 7,249,372 (the '372 Patent) on January 14, 2011. (Docket 24, ¶ 4). EDNA also made several references to the fact that the "PTO has three months from the date of filing the request to decide whether a substantial question of patentability exists." (*See* Docket 24, ¶ 25). While the PTO's determination was originally due on April 14, 2011, the determination was actually issued on April 25, 2011 – nearly a week and a half late. (Docket 53, p. 5).

While this week and a half delay may not be very large, it underscores a larger point – almost any interaction with the Patent Office will take longer than expected. Here, the delay was

partially caused by the initial denial of EDI's reexamination request. (Exhibit "A"). Faced with this rejection, EDI filed another request and, on this second try, finally joined the 92% of granted *ex-parte* reexamination requests. (Docket 53-1, p. 4). Because EDI has finally managed to clear this hurdle, EDNA now seeks a complete stay of the proceedings. EDNA seeks this stay even though the reexamination will not have any preclusive effect on EDNA, a non-party to the reexam, and will not address the indefiniteness issues raised by EDNA.[1]

Further, the delay necessary to accommodate reexamination proceedings is quite large indeed. The Patent Office itself reports an average pendency of 25.7 months, however, these statistics include data from the 1980's and 1990's during which (due to lower volumes) requests were processed in significantly less time. (Docket 53-1, p. 5; Exhibit B[2]). In reality, the average pendency of the reexamination proper is closer to three years with any appeals to the Board of Patent Appeals and Interferences likely bringing the average to six years. *Belden Techs. Inc. v. Superior Essex Communs. LP*, 2010 U.S. Dist. LEXIS 90960 at 9 (D. Del. Sept. 2, 2010); (Exhibit "B"). Appeal to the Federal Circuit would further extend the time. *Belden Techs. Inc.*, 2010 U.S. Dist. LEXIS 90960 at 9. Such statistics have caused courts to rethink stays pending litigation, even going so far as to say "only those reexamination proceedings that have been substantially completed will weigh in favor of a stay. *Id.* at 10.

Moreover, EDI's reexamination request relies upon references cited under 35 U.S.C. § 102(a). (Docket 53-1, p. 9). These references can be eliminated by "swearing behind" the

---

[1] To be fair, EDNA did offer to stipulate to some preclusive effect of this reexamination. Namely, EDNA offered to stipulate that the USPTO's decision on reexamination would be binding only as to the four references currently under consideration—leaving EDNA free to raise any other references, known or unknown, in the present ligation. Reexamination is also limited to prior publications only, leaving all other issues for litigation. 35 U.S.C. §§ 301–302.

[2] PatentlyO is a well-known patent law weblog which is operated and edited by Dennis Couch, an Associate Professor of Law at the University of Missouri. Mr. Crouch's online resume is attached (Exhibit "B"). Mr. Crouch authored the cited post.

2

reference (demonstrating invention of the claimed subject matter prior to the effective date of the reference). 37 C.F.R. § 1.131. This procedure was performed in the original prosecution of the '372 Patent and Target Training International, Inc. ("TTI") expects that it will likewise be able to swear behind the references submitted in the reexamination. (Exhibit "C"). Due to the length of pendency, successful completion of this fairly simple and straight forward procedure will still likely take approximately two years. (Exhibit "B").

Meanwhile, in the two to six years necessary to conclude the reexamination proceeding, EDNA will be free to continue infringing the '372 Patent – a patent entitled to a presumption of validity. 35 U.S.C. § 282. Continuing with the case will allow this Court to conclusively determine all issues of validity – including ENDA's claims of indefiniteness – between the parties. Further, this determination will be made in significantly less time that it will take the Patent Office to confirm all of the claims in reexamination. Simply put, there is no reason to let this case linger on this Court's docket. As a result, TTI respectfully requests that EDNA's Motion to Stay be denied.

## I.     BACKGROUND

TTI filed this case on September 17, 2010, alleging that EDNA's activities regarding the Extended DISC System infringe TTI's '372 Patent which concerns systems for assessment instruments used to evaluate employees and potential employees. Over the past seven months, EDNA has filed a number of motions and requested a number of extensions—the result of which has been delay of the case. Notwithstanding these delays, the case appears on track for its currently scheduled pretrial conference date of June 4, 2012.

EDNA's most recent request for an extension was on April 28, 2011 when EDNA requested "a modest, one-week extension of time to comply with P.R. 4-2 (exchange of

3

preliminary claim constructions and extrinsic evidence.)" (Docket 45, p 1). In making its request, counsel for EDNA stated that it was "working diligently to get up to speed on the case" and stated that extending the deadline from April 29 to May 6 would "allow a more meaningful exchange of proposed claim constructions." (Docket 45, p 1). The diligent work of EDNA's counsel was revealed six days later when, instead of the promised claim constructions, EDNA filed the present Motion to Stay the Litigation Pending Reexamination. (Docket 53).

This pattern of events bears a striking similarity to EDNA's previous Motion to Stay. Before EDNA filed that motion, EDNA delayed discovery and claim construction deadlines by requesting courtesy extensions, during which extension period EDNA filed its motion. (Docket 27, pp. 8–9). EDNA's purported reason for requesting the extensions was EDNA's pending Motion to Dismiss, and EDNA failed to mention any intent to file for reexamination and request a stay. However EDNA used the delay caused by the extension to support its Motion to Stay. (Docket 27, pp. 8–9). Now, with this present motion, it appears that EDNA has not used the additional time provided by its request to focus on the matter at hand – preparing and polishing its claim constructions – but rather filed yet another motion to stay.

Despite having this additional time to focus on its latest Motion to Stay, EDNA does nothing more than rehash old ground by proffering oft-cited reexamination statistics and generic judicial efficiency arguments. EDNA uses these well-worn arguments to prop up its request for a multi-year stay with no preclusive effect on the parties. In sum, EDNA's motion simply attempts to push its final day of reckoning for infringement further down the road in return for little (if any) gains in judicial efficiency.

## II. EDNA MUST MEET ITS BURDEN WHEN REQUESTING A STAY

As stated in TTI's brief regarding EDNA's first Motion to Stay, the granting of a stay is within a district court's discretion. *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 225 U.S.P.Q. (BNA) 243 (Fed. Cir. 1985). Nevertheless, a stay pending reexamination should not be routinely granted otherwise the procedure becomes "subject to inequity, if not manipulation and abuse, through the delays that are inherent in PTO activities." *Fresenius USA, Inc.*, 582 F.3d at 1306 (Newman, P. dissenting). Absent an adequate showing of the need for a stay, it is entirely proper for litigation and reexamination to proceed concurrently as they "are not mutually exclusive alternatives for the parties to test the validity of a patent." *BarTex Research v. FedEx Corp.*, 611 F. Supp. 2d 647, 650 (E.D. Tex. 2009) (citations omitted).

In attempting to establish entitlement to a stay, EDNA must address three factors. Namely, "1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, 2) whether a stay will simplify the issues in question and the trial of the case, and 3) whether discovery is complete and whether a trial date has been set." *BarTex Research*, 611 F. Supp. 2d at 649-650 (citations omitted). "Each court considering a motion to stay pending reexamination must properly weigh the enumerated factors on a case-by-case basis." *Id.* (citations omitted). In evaluating the factors care must be taken to avoid turning "reexamination into an administrative process that must be completed before a suit for patent infringement may move forward." *BarTex Research*, 611 F. Supp. 2d at 652 (E.D. Tex. 2009). Here, a careful weighing of all three factors does not support a stay.

5

## III. THE CONTINUED INFRINGEMENT OF A COMPETITOR CONSTITUTES UNDUE PREJUDICE

Where the parties are direct competitors, a stay would likely prejudice the non-movant. *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 851 (S.D. Tex. 2009) (collecting cases). EDNA, however, apparently fails to appreciate the full scope of the case law as it places undue emphasis on the lack of a motion for a preliminary injunction in this case. (Docket 53, p. 9). However, "[t]he request for a preliminary injunction is simply one (non-dispositive) indicia of the presence of direct competition." *Belden Techs. Inc. v. Superior Essex Communs. LP*, 2010 U.S. Dist. LEXIS 90960 n.4 (D. Del. Sept. 2, 2010).

Here, EDNA has already admitted that it "is an authorized reseller of EDI's online assessment tools in North America" which "appears to be the target of TTI's patent infringement suit." (Docket 24, pp. 2-3). TTI also sells assessment tools in North America. As a result, there is no need for additional indicia to determine whether or not the parties compete. Because the parties are competitors, EDNA's ongoing sales continue to erode TTI's market share. This continued erosion (especially when coupled with EDNA's statements regarding its financial instability) constitutes undue prejudice.[3] (Docket 24, 10); *see also BarTex Res., LLC v. FedEx Corp.*, 611 F. Supp. 2d 647, 652 (E.D. Tex. 2009).

## IV. A STAY WILL NOT SIMPLIFY THE ISSUES

In the Eastern District of Texas, Judge Folsom recently held that "[t]o convince this Court that a stay will actually simplify a case, the requesting party must do more than merely proffer oft-cited reexamination statistics and generic judicial efficiency arguments." *Parallel Networks, LLC v. Microsoft Corp.*, 2:09-cv-00172-DF (E.D. Tex. May 10, 2010). Indeed, if such "stock"

---

[3]EDNA seems to take issue with the fact that it is the first company to be sued under the '372 Patent. (Docket 53, 10). Simply put, EDNA is the first company that was unwilling to amend its ways when faced with its ongoing infringement of the '372 Patent.

arguments were sufficient to carry the day it would eliminate the need for consideration of this factor and would, in effect, increase the risk of reexamination becoming "an administrative process that must be completed before filing a suit for patent infringement may move forward." *BarTex Res., LLC*, 611 F. Supp. 2d at 652. Instead, a particularized showing of how arguments raised in the reexamination will simplify the issues for trial should be required. Here, EDNA has devoted several pages to these stock arguments because a more particularized showing is not possible.

As stated above, EDI's reexamination relies upon several references which can be eliminated by filing a declaration pursuant to 37 C.F.R. § 1.131. As a result, the only issue likely to be determined in the reexamination is that TTI's invention date is earlier than the references cited in the reexamination. This is a showing which, at best, will likely consume at least two years' worth of time. Further, even if some changes to the claim scope are eventually made, "justice will be better served by addressing that contingency when and if it occurs as opposed to indefinitely staying the case pending reexamination." *Nat'l Oilwell Vargo, L.P. v. Auto-Dril, Inc.*, 2010 U.S. Dist. LEXIS 90963 at 2–3 (E.D. Tex. Jan. 5, 2010).

As was previously noted, because EDI filed an *ex parte* reexamination request, EDNA is not prevented from raising the same or a similar challenge again. *See* 35 U.S.C. § 315(c) (an *inter partes* reexamination requestor is precluded from asserting "the invalidity of any claim finally determined to be valid and patentable <u>on any ground which the third-party requester raised or could have raised</u> during the inter partes reexamination proceedings") (emphasis added). As a result, for all practical purposes, the reexamination request will have no impact on any validity issues. If, instead, this Court denies the requested stay, then the date of inventorship as well as any other allegations of invalidity raised by EDNA can be fully addressed and

7

determined by June 4, 2012, the date for Docket Call set out in the Scheduling Order of December 14, 2010. Simply put, a multi-year stay to determine a single date seems a steep price to pay.

## V. THE PROCEDURAL POSTURE OF THIS CASE DOES NOT SUPPORT A STAY

Although there is indeed much more to do in this case, EDNA ignores the effort that has already been expended. Discovery is underway, as is the *Markman* process. Last week TTI provided its responses to EDNA's discovery requests. Indeed – although TTI has yet to receive EDNA's latest round of document production (which was presumably sent via mail on May 13) – if EDNA's Opposition to TTI's Motion to Compel is to be believed, it appears that EDNA has finally decided to make an attempt at responding to discovery requests as well.

The effort required to achieve this level of progress has been considerable as TTI has had to (figuratively) drag EDNA, kicking and screaming, through the discovery process over the past four months. Had EDNA been a more willing participant, there is little doubt that the case would have progressed even further.[4] Nevertheless, granting EDNA's requested stay would effectively negate all of TTI's efforts and would also reward EDNA for its dilatory efforts. This case is on track to definitively resolve the disputes between the parties in about one year; there is no reason to derail it for a multi-year administrative proceeding considering references which can be sworn behind by TTI.

## VI. CONCLUSION

EDNA's request for a stay essentially boils down to its unwillingness to litigate this case – a fact made painfully evident by EDNA's conduct regarding TTI's discovery requests. In its brief, EDNA argues that TTI will suffer no undue prejudice by being forced to suffer ongoing

---

[4] After all, it is somewhat pointless to take a corporate deposition when EDNA is refusing to produce relevant documents – exhibits produced after the deposition would simply serve to increase the cost and prejudice to TTI.

8

sales by a competitor for an indefinite period of time. EDNA then backs this position up with the standard citations and statistics used in virtually all motions to stay pending reexamination without discussing any of the arguments and references actually raised in the reexamination request. Simply put, these generic arguments do not rise to the level of justifying an indeterminate stay of this case.

A proposed order denying the stay is attached.

Respectfully submitted,

/s/ Michael E. Wilson
Michael E. Wilson
Slusser Wilson & Partridge, LLP
333 Clay Street, Suite 4720
Houston, TX 77002
Phone: 713-860-3300
Fax: 713-860-3333
Email: wilson@slusser-law.com

Edmund J. Sease
Bradley J. Powers
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone: 515-288-3667
Fax: 515-288-1338
Email: sease@ipmvs.com
Email: brad.powers@ipmvs.com
Email: mvslit@ipmvs.com

*ATTORNEYS FOR PLAINTIFF TARGET TRAINING INTERNATIONAL, LTD.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2011, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Stephen F. Schlather
John J. Edmonds
Collins, Edmonds & Pogorzelski, PLLC
1616 S. Voss Rd., Suite 125
Houston, TX 77057
Phone: (281) 501-3425
Fax: (832) 415-2535
Email: sschlather@cepiplaw.com
Email: jedmonds@cepiplaw.com

/s/ Michael E. Wilson