

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/011,434 | 01/14/2011 | 7,249,372 | ESP.1487 | 6626 |

22885    7590    03/11/2011
MCKEE, VOORHEES & SEASE, P.L.C.
801 GRAND AVENUE
SUITE 3200
DES MOINES, IA  50309-2721

| EXAMINER |
|---|
|  |

| ART UNIT | PAPER NUMBER |
|---|---|
|  |  |

DATE MAILED: 03/11/2011

Please find below and/or attached an Office communication concerning this application or proceeding.

EXHIBIT A

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patents and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS
ZIEGLER IP LAW GROUP, LLC
518 RIVERSIDE AVENUE
BUILDING B (SYNERGY)
WESTPORT, CT 06880

Date: **MAILED**

**MAR 11 2011**

CENTRAL REEXAMINATION UNIT

## EX PARTE REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. : 90011434
PATENT NO. : 7249372
ART UNIT : 3992

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

(For Patent Owner)

MCKEE, VOORHEES & SEASE, P.L.C.
801 GRAND AVENUE
SUITE 3200
DES MOINES, IA 50309-2721

MAILED

MAR 1 1 2011

CENTRAL REEXAMINATION UNIT

(For Requester)

ZIEGLER IP LAW GROUP, LLC
518 RIVERSIDE AVENUE
BUILDING B (SYNERGY)
WESTPORT, CT 06880

*In re Bonnstetter et al.*
Reexamination Proceeding
Control No. 90/011,434
Request Deposited: January 14, 2011
For: U.S. Patent No. 7,249,372

: DECISION *SUA SPONTE*
: VACATING *EX PARTE*
: REEXAMINATION
: FILING DATE

The *ex parte* reexamination request papers deposited on January 14, 2011, and assigned Control No. 90/011,434, are before the Office of Patent Legal Administration for consideration of whether to vacate the assigned filing date for failure to comply with the provisions of 37 CFR 1.510.

This decision constitutes notice that, pursuant to 37 CFR 1.510(c), **the filing date** of January 14, 2011, which was assigned to the request papers for the above-captioned *ex parte* reexamination proceeding, is hereby **vacated**, because the papers fail to comply with the filing date requirements for an *ex parte* reexamination proceeding set forth in 37 CFR 1.510, for the reasons set forth below.

See MPEP 2214, 2217, and 2227.

In order to obtain a filing date for the request papers, the requester must, within **thirty (30) days** of the mailing date of this decision, file a response to this decision which remedies the defects set forth in this decision and makes the request papers compliant with the requirements of 37 CFR 1.510.

Application/Control Number: 90/011,434 Page 2
Art Unit: 3992

## REVIEW OF RELEVANT FACTS

1. U.S. Patent No. 7,249,372 (hereinafter, the '372 patent), issued to *Bonnstetter et al.* on July 24, 2007.

2. On January 14, 2011, a third party deposited a request for *ex parte* reexamination of claims 1-11 of the '372 patent. The reexamination proceeding was assigned Control No. 90/011,434 (hereinafter, the '434 proceeding).

3. On February 4, 2011, a "Notice of *Ex Parte* Reexamination Request Filing Date" was mailed for the '434 proceeding. The notice stated the filing date of the request for reexamination to be January 14, 2011.

## DECISION

Pursuant to 37 CFR 1.510(b), any request for *ex parte* reexamination must include:

> "(1) A statement pointing out each substantial new question of patentability based on prior patents and printed publications.
> "(2) An identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited prior art to every claim for which reexamination is requested. If appropriate the party requesting reexamination may also point out how claims distinguish over cited prior art.
> "(3) A copy of every patent or printed publication relied upon or referred to in paragraph (b)(1) and (2) of this section accompanied by an English language translation of all the necessary and pertinent parts of any non-English language patent or printed publication.
> "(4) A copy of the entire patent including the front face, drawings, and specification/claims (in double column format) for which reexamination is requested, and a copy of any disclaimer, certificate of correction, or reexamination certificate issued in the patent. All copies must have each page plainly written on only one side of a sheet of paper.
> "(5) A certification that a copy of the request filed by a person other than the patent owner has been served in its entirety on the patent owner at the address as provided for in § 1.33(c). The name and address of the party served must be indicated. If service was not possible, a duplicate copy must be supplied to the Office."

Upon further review of the request papers, the request is not compliant with 37 CFR 1.510. Specifically, the request is not compliant with:

> (I) the 37 CFR 1.510(b)(1) requirement for "[a] statement pointing out each substantial new question of patentability based on prior patents and printed publications."

Application/Control Number: 90/011,434 Page 3
Art Unit: 3992

**I. The request is incomplete as to compliance with 37 CFR 1.510(b)(1) for the following reason:**

> The request has failed to provide the requisite identification and explanation, in compliance with 37 CFR 1.510(b)(1), of what substantial new questions of patentability (SNQs) are being raised by the prior art documents cited under 37 CFR 1.510(b). The request fails to clearly assert a SNQ for each proposed rejection, and explain how the SNQ is significantly different from the questions of patentability raised in the previous examination of the patent before the Office. As pointed out in MPEP 2216:
>
>> "[i]t is not sufficient that a request for reexamination merely proposes one or more rejections of a patent claim or claims as a basis for reexamination. <u>It must first be demonstrated that</u> a patent or printed publication that is relied upon in a proposed rejection presents <u>a new, non-cumulative technological teaching</u> that was not previously considered and discussed on the record during the prosecution of the application that resulted in the patent for which reexamination is requested, and during the prosecution of any other prior proceeding involving the patent for which reexamination is requested." [Emphasis added]
>
> Specifically, the request states that the cited prior art raises substantial new questions, but it fails to explicitly identify <u>the new technological teaching</u> for *each* proposed rejection that raises the SNQ. Specifically, the request only states that the Teknekron, Lacy, and Wong references were not of record in the prior examination and that the references "... disclose the methods and systems of claims 1-11 of Bonnstetter." See page 2 of the request. Page 3 of the request discusses the prior examination and that the primary reference Howard was deemed to not teach "initializing 'permissions' relative to the password based on the level of rights for entity... the permissions including at least one respondent password having permissions based on the level of rights for a respondent... [and] sending the assessment report to one or more locations authorized by the permissions." This statement relates to teachings stated to be missing from the prior examination, but fails to explicitly state where the teachings, which were deemed to be lacking in the prior examination, appear in the newly cited references (Teknekron, Lacy '109, Lacy '570, and/or Wong). The request must assert at least one SNQ that is raised by at least one of the cited references in each proposed rejection, as it is applied to every claim in the proposed rejection. <u>Therefore, the request fails to specifically identify, for at least one of the cited references in **each** proposed rejection, what the requester believes is the new, non-cumulative technological teaching and where in the references the new, non-cumulative technological teaching is provided.</u> Instead, the request only provides an explanation for how the cited references apply to the claim limitations pursuant to 37 CFR 1.510(b)(2). See pages 4-34 of the request. While the request does address what the cited references teach in the explanations of the proposed rejections, the request does not clearly explain, for each identified proposed rejection, which technological teaching is substantially different than those considered in the previous examination of the patent by the Office.

Application/Control Number: 90/011,434 Page 4
Art Unit: 3992

> Accordingly, any corrected request filed in response to this decision must clearly point out and explain, for **each** proposed rejection that is identified in the request, what new technical teaching is being provided by at least one of the applied references. See MPEP 2242.

As a result of the above-mentioned defects, the request is unclear as to what SNQs are being asserted for the claims, as required by 37 CFR 1.510(b)(1).

Since the request has not properly advanced, and explained, a substantial new question with respect to all of the '372 patent claims for which reexamination has been requested, the request fails to comply with the requirements for granting a filing date for a reexamination request.

If the requester were permitted to omit such an explanation, an undue burden would be placed on the Office to address each document in the determination on the request, without a clear explanation of what requester believes to be the specifics of the SNQs and their basis. Accordingly, such an omission is prohibited by law.

## REQUESTER'S RECOURSE

In view of the February 4, 2011 "Notice of Reexamination Request Filing Date" mailed for the '434 proceeding, the requester is given one opportunity to correct the request, should requester so desire.[1]

I. Requester has the option to respond to this identification of defects in the request papers by applying the appropriate option(s) set forth below:

> 1) Providing an identification of each substantial new question of patentability supporting each proposed rejection and/or application of the art, as required by 37 CFR 1.510(b)(1), by addressing the discussion in Part I above.

> 2) Withdrawing (e.g., not including) the request to reexamine any patent claim for which both (a) an identification of a substantial new question of patentability as required by 37 CFR 1.510(b)(1), and (b) the detailed explanation of how the reference(s) apply to the claims as required by 37 CFR 1.510(b)(2), are not provided and replacing the presently-submitted listing of the claims for which reexamination is requested with a new listing of claims for which reexamination is requested, the new listing *being confined to those claims for which for which (a) and (b) are both provided.*

---

[1] MPEP 2227, part B.1, states: "After a filing date and control number are assigned to the request papers, the examiner reviews the request to decide whether to grant or deny reexamination. If, in the process of reviewing the request, the examiner notes a non-compliance item not earlier recognized, the examiner will forward a memo to his/her CRU Supervisory Patent Examiner (SPE) detailing any such non-compliance item(s).... Upon confirmation of the existence of any such non-compliant item(s), OPLA will issue a decision vacating the assigned reexamination filing date. In OPLA's decision, the requester will be notified of the non-compliant item(s) **and given time to correct the non-compliance**....absent extraordinary circumstances, requester will only be **given one opportunity to correct the non-compliant item(s)** identified in the Decision Vacating Filing Date." [Emphasis Added]

Application/Control Number: 90/011,434 Page 5
Art Unit: 3992

3) Withdrawing (e.g., not including) any proposed rejection and/or application of the art (including any combination of references) for which (a) an identification of a substantial new question of patentability (supporting the proposed rejection) as required by 37 CFR 1.510(b)(1), and (b) the detailed explanation required by 37 CFR 1.510(b)(2) are not provided, by replacing the presently-submitted identification of the proposed rejections and/or application of the art with *a new identification*, the new identification *being confined to those proposed rejections and/or applications of the art for which (a) and (b) are both supplied*.

II. **In order to obtain a filing date for the request papers, the requester must, within thirty (30) days of the mailing date of this decision, file a response to this decision which makes the request papers filing date compliant.** The response must be supplied as a corrected request.

The response may be mailed to the Central Reexamination Unit (CRU), attn: "Box *Ex Parte* Reexam" at the USPTO address indicated below, or hand carried to the CRU at the address indicated below. A replacement statement and explanation under 37 CFR 1.510(b)(1) and (2) must not be facsimile transmitted. Any response may be followed up by a telephone call to the Central Reexamination Unit at (571) 272-7705.

The requester has <u>one opportunity</u> to make the request papers filing date compliant. If the response to this decision fails to cure the defect(s) identified in this decision or adds a new defect, then processing of the request papers will be terminated, and the request papers will either be discarded or treated as a prior art citation under 37 CFR 1.501, at the Office's option.

**If the request papers are made filing date compliant, the date of the receipt of the response will be the filing date of the reexamination proceeding.**

### CONCLUSION

1. **The filing date** assigned to the request papers for *ex parte* reexamination proceeding Control No. 90/011,434 is hereby <u>**vacated**</u> for failure of the request papers to comply with the filing date requirements for an *ex parte* reexamination proceeding, as set forth in 37 CFR 1.510(b)(1).

2. In order to obtain a filing date for the request papers, the requester must, within **thirty (30) days** of the mailing date of this decision, file a response to this decision which makes the request papers filing-date compliant, pursuant to the guidelines set forth above.

3. The requester is being provided with only <u>one opportunity</u> to make the request papers filing-date compliant. *If the response to this decision fails to cure the defects identified in this decision, or adds a new defect, processing of the request papers will be terminated*, and the request papers will either be discarded/expunged or treated as a prior art citation under 37 CFR

Application/Control Number: 90/011,434 Page 6
Art Unit: 3992

1.501, at the Office's option. If the request papers are made filing date compliant, the date of the receipt of the response will be the filing date of the reexamination proceeding.

4. Jurisdiction over the present *ex parte* reexamination request papers is being retained in the Office of Patent Legal Administration pending response to this decision, or the expiration of time to respond.

5. Any response to this decision should be directed to:

| | |
|---|---|
| By EFS: | Registered users may submit the response via the electronic filing system EFS-Web, at: https://sportal.uspto.gov/authenticate/authenticateuserlocalepf.html |
| By Mail: | Mail Stop *Ex Parte* Reexam" Attn: Central Reexamination Unit Commissioner for Patents P. O. Box 1450 Alexandria VA 22313-1450 |
| By hand: | Customer Service Window Attn: Central Reexamination Unit Randolph Building, Lobby Level 401 Dulany Street Alexandria, VA 22314 |

6. A REPLACEMENT STATEMENT AND EXPLANATION UNDER 37 CFR 1.510(b)(1) and (2) MAY NOT BE FACSIMILE TRANSMITTED.

7. Any response to this decision may be followed up by a telephone call to the Central Reexamination Unit at (571) 272-7705 to ensure receipt and processing.

8. Telephone inquiries related to this decision should be directed to Jessica Harrison, Supervisory Patent Examiner, at (571) 272-4449, or Jeanne Clark at (517) 272-7714, or in their absence, to Legal Advisors Cynthia Nessler at (571) 272-7724, or Pinchus M. Laufer at (571) 272-7726.

Cynthia L. Nessler
Senior Legal Advisor
Office of Patent Legal Administration