**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | § § § § § § § § § § § | |
| | | Civil Action No. 4:10-cv-03350 |
| Plaintiff, | | |
| v. | | |
| EXTENDED DISC NORTH AMERICA, INC., | | JURY TRIAL DEMANDED |
| Defendant. | | |

### EXTENDED DISC'S REPLY IN SUPPORT OF ITS MOTION TO STAY LITIGATION PENDING REEXAMINATION

This case should be stayed pending reexamination of the '372 patent by the U.S. Patent & Trademark Office.  A stay will not prejudice the plaintiff, TTI, and will prevent severe prejudice to the Defendant, EDNA.  A stay will undoubtedly simplify the issues in this case.  This case is still at an early stage – discovery has just begun.  A stay will save both the Court and the parties from spending time and money unnecessarily on claims that may be invalid or, at a minimum, are very likely to be narrowed by amendment.   For at least these reasons, EDNA respectfully requests that the Court grant its motion to stay.

TTI has cobbled together cases from across the country representing non-applicable facts and a minority view antagonistic to stays during patent reexamination in an unsuccessful attempt to sidestep the clear, on-point precedent of this Court.  In *Cameras Onsite*, this Court addressed each of the fallacious points TTI sets forth in its response.  *See, Cameras Onsite, LLC v. Digital Management Solutions, Inc.,* 2010 WL 1268054 (S.D. Tex. March 24, 2010).  Importantly, TTI fails to address or, for that matter even mention, *Cameras Onsite* in its response.  This despite the fact that *Cameras Onsite* involved (1)

parties that were direct competitors; (2) an *ex-parte* reexamination proceeding; (3) the case that was at a relatively early stage.  The facts here are identical to those in *Cameras Onsite* and the Court should reach the same result -- this case should be stayed.

## I.   THERE IS NO PREJUDICE TO TTI

It is undisputed that Courts employ a three-factor analysis in determining whether a stay is appropriate:  (1) whether a stay would unduly prejudice or present a clear tactical advantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.  *Cameras Onsite*, 2010 WL 1268054 at *2.  *See also* TTI's Response at 5.

TTI argues that a stay is not appropriate solely because TTI and EDNA are competitors.  However, that the parties are competitors is only a single consideration in determining whether there is undue prejudice.  Here, any alleged prejudice is significantly attenuated because TTI assumes (1) the '372 patent is valid and infringed (facts that are hotly disputed) and (2) that EDNA will gain additional market share during a stay (an assertion for which TTI has provided absolutely no evidence).  Further, TTI did not seek a preliminary injunction.  *See Cameras Onsite*, 2010 WL 1268054 at *3.  TTI argues that its failure to seek a preliminary injunction should be considered only to determine the "presence of direct competition."  TTI's Response at 6.  However, as this Court has made clear, such a failure may also be considered to mitigate the plaintiff's argument of undue prejudice.  *Cameras Onsite*, 2010 WL 1268054 at *3.  In reaching this conclusion, the Court specifically considered and rejected the holding in *Tesco Corp. v. Weatherford Int'l*, 599 F.Supp.2d 848 (S.D. Tex. 2009) – the very case relied upon by TTI to support its undue prejudice arguments.

In addition, TTI has failed to provide <u>any evidence</u> in support of its conclusory statement that "ENDA's ongoing sales continue to erode TTI's market share." TTI's Response at 6. Conclusory argument, without more, is insufficient to establish undue prejudice. *Id*. )*citing Freedom Scientific, Inc. v. GW Micro, Inc.*, 2009 WL 2423095 at *2 (M.D. Fla. July 29, 2009)). Since "Market share erosion" did not appear to be a consideration to TTI when it failed to seek a preliminary injunction, it should likewise not be a consideration now.

To the extent TTI argues that the time required for the reexamination proceedings will result in prejudice, this Court has soundly rejected such arguments. "Mere delay, without more though, does not demonstrate undue prejudice." *Cameras Onsite*, 2010 WL 1268054 at *3. Nonetheless, since the currently pending reexamination proceeding is *ex parte*, TTI alone controls whether appeals will be filed. Further, in the event TTI comes to the point of having to appeal a negative determination in the reexamination proceeding, at that point it would be unjust and wasteful to continue litigation over claims that have been rejected by the PTO. Moreover, if the rejections asserted by the examiner are as easily overcome as TTI suggests, the proceeding should be resolved at the shorter end of the time spectrum including because there is no appeal from an *ex parte* reexamination in which the claims are upheld (in the highly unlikely event that occurs).

## II.  A STAY WILL SIMPLIFY THE ISSUES

As EDNA set forth in detail in its motion, a stay will simplify the issues for a number of significant reasons. First, <u>all of the claims</u> of the '372 patent have been determined by the PTO to have a substantial new question of patentability based on four separate pieces of prior art. It is highly likely that the PTO's first office action will reject all claims based

upon this prior art. The reexamination could dispose of all the issues in this case if TTI is unable to overcome these rejections. Even if it does not dispose of all claims, there is a significant likelihood that the claims will be amended, giving rise to intervening rights, which would have a substantial effect on damages, if any, in this case. Second, even if TTI is able to distinguish some of the cited prior art, the arguments it makes in doing so will impact subsequent litigation, including claim construction. Third, any substantive changes made to the claims would preclude damages for the period prior to the issuance of a reexamination certificate. Each of these consideration taken individually is sufficient justification to stay this case. Taken together, it is compelling that a stay will simplify the issues in this case.

Unable to overcome the facts, TTI attempts to create new law with its "particularized showing" test. TTI's Response at 7. In support, TTI cites *Parallel Networks, LLC v. Microsoft Corp.*, 2:09-cv-0172 (E.D. Tex. May 10, 2010). However, even a cursory reading of *Parallel Networks* shows that the facts of that case were far different than those here. For instance, that Court, in a prior case, spent considerable time construing the claims. In addition, the patent had been previously found both valid and infringed by a jury. For at least these reasons, that Court reasoned that unless all of the claims were invalidated during reexamination, the PTO proceedings may not simplify the issues in that case. Here, the '372 patent has not been previously litigated and the claims have not been previously construed. Rather, the Court now has the opportunity to allow the PTO to complete the reexamination proceedings and benefit from the PTO's particular expert analysis with regard to prior art issues before construing the claims or allowing this case to proceed to trial on a patent that is unlikely to survive the reexamination proceeding in its

present form.  *See Onsite Camera*, 2010 WL 1268054 at 4 (*citing Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 602 (Fed. Cir.), *modified on other grounds* 771 F.2d 480 (Fed. Cir. 1985)).

Finally, TTI again argues that an *ex parte* reexamination has "no impact on validity issues."  This Court has rejected this very same argument -- "even though Defendants will not be bound, the PTO's findings of validity nonetheless would be admissible."  *Cameras Onsite*, 2010 WL 1268054 at *4.  Further, if the PTO rejects all of the asserted claims, it would be a travesty to permit this case to proceed to trial at that point.

### III.  THE EARLY STAGE OF THIS CASE FAVORS A STAY

There is no reasonable dispute that this case is still at an early stage.  While TTI attempts to make much of its discovery efforts to this point, it has only within the last week, responded to EDNA's initial set of written discovery.  In addition, the parties have only just begun the claim construction process.

TTI's motives here are clear.  It would prefer to run up EDNA's litigation costs before the PTO has an opportunity to invalidate the '372 patent.  This unfairly benefits TTI in that it TTI would be able to continue its case based on a patent in which <u>all the existing claims</u>, including all of the asserted claims, <u>have been found to be subject to a substantial new question of patentability</u> by the PTO.  In addition, TTI will be able to continue its "war of attrition" with EDNA, forcing it to incur substantial legal fees win or lose.  This inequity could be significantly mitigated by staying this case at an early stage to allow the PTO to complete its reexamination.

5

## IV. CONCLUSION

For the reasons set forth above, EDNA requests that the Court stay this litigation pending reexamination of the '372 patent.

May 17, 2011

Respectfully submitted,

COLLINS, EDMONDS & POGORZELSKI, PLLC

By: /s/   Stephen F. Schlather
Stephen F. Schlather – Lead Counsel
Texas Bar No. 24007993
COLLINS, EDMONDS & POGORZELSKI, PLLC
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (713) 364-2371
Facsimile: (832) 415-2535
sschlather@cepiplaw.com

ATTORNEYS FOR PLAINTIFF,

**EXTENDED DISC NORTH AMERICA, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

May 17, 2011

/s/ Stephen Schlather
Stephen Schlather