IN UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., )<br><br>Plaintiff, )<br><br>v. )<br><br>EXTENDED DISC NORTH AMERICA, INC., )<br><br>Defendant. ) | C.A. NO. 4:10-CV-03350<br><br>JUDGE KENNETH M. HOYT |

## JOINT CLAIM CONSTRUCTION STATEMENT

COMES NOW, Plaintiff Target Training International, LTD. ("TTI") and Defendant Extended DISC North America, Inc. ("EDNA"), pursuant to paragraphs 7 and 8 of this Court's Scheduling Order (Doc. No. 23) and Local Patent Rule 4-3(a), to present this Joint Claim Construction and Prehearing Statement.

At issue in this case are claims 1–2 and 5–11 of U.S. Patent No. 7,249,372. The parties have exchanged preliminary claim constructions and extrinsic evidence, which are included herein for each disputed element of each claim. The parties have conferred for the purposes of narrowing and resolving their differences regarding claim construction and hereby submit the following joint claim construction.

**I.      Construction of Claim Terms, Phrases or Clauses on which the Parties Agree**

The parties have agreed that the term "web site" requires no construction by the Court. The parties have not reached agreement on the terms, phrases or clauses in Section II, below.

## II.    Each Party's Proposed Construction of Each Disputed Element of a Claim

1) <u>"method of managing distribution of assessment documents over a wide area network"</u>

<u>(Claim 1)</u>

### i. *TTI's Proposed Claim Construction*

1. The identified term should be accorded its "ordinary and customary meaning in the art" and no further construction is necessary for this term. *See Vitronics Corp. v. Conceptronic*, 90 F.3d 1576, 1582 (Fed. Cir. 1996). Further, "[i]n some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Id.* at 1314. "When the specification explains and defines a term used in the claims, without ambiguity or incompleteness, there is no need to search further for the meaning of the term." *Multiform Desiccants, Inc. v. Medzam Ltd.*, 133 F.3d 1473, 1478 (Fed. Cir. 1998). A defendant is not allowed to use the Markman process to rewrite the claim terms. *See Quantum Corp. v. Rodime, PLC*, 65 F.3d 1577, 1584 (Fed. Cir. 1995) (emphasizing that "courts do not redraft claims").

### ii. *EDNA's Proposed Claim Construction*

1. The term "assessment documents" is indefinite and therefore is not amenable to construction. Moreover, the use of the plural for documents implies that there is more than one document involved.  Claim 1 has only one document, namely the "assessment report," because the only other thing available for grouping is the assessment instrument which, by use of the term "instrument" and by the Plaintiff's

previously proposed construction, is not a document but a "device."[1] The term "wide area," which is not a term of art and is not found in the specification, is indefinite and therefore is not amenable to construction.

2. **Supporting Evidence**:

a. <u>Merriam-Webster's Collegiate Dictionary© 1997</u>

- *Instrument* − [5a] a measuring *device* for determining the present value of a quantity under observation. (Emphasis added). Merriam-Webster's Collegiate Dictionary© 1997, p. 606-607.

b. Webster's New Collegiate Dictionary© 1977

- *Device* − [f] a piece of equipment or a mechanism designed to serve a special purpose or perform a special function. Webster's New Collegiate Dictionary© 1977, p. 311.

c. <u>Report of Ronald Chichester</u>

2) <u>"assessment instrument" (Claims 1, 5, 11)</u>

i. *TTI's Proposed Claim Construction*

1. For the reasons set forth under term 1 above, no construction is necessary for this term.

---

[1] EDNA Statement: Plaintiff originally proposed that "assessment instrument" or "assessment survey" be construed as "A measuring device or tool for appraising or evaluating persons, jobs or employees." Outside of the meet-and-TTI Statement: TTI disputes the relevance of EDNA's statement and notes that both parties have changed their claim constructions throughout the process

*ii. EDNA's Proposed Claim Construction*

1. The term "assessment instrument," which is not a term of art and is not found in the specification, is indefinite and therefore is not amenable to construction. Moreover, the term "assessment instrument" is insolubly ambiguous.

2. **Supporting Evidence:**

   a. <u>Report of Ronald Chichester</u>

3) <u>"assigning a password" (Claims 1, 11)</u>

*i. TTI's Proposed Claim Construction*

1. For the reasons set forth under term 1 above, no construction is necessary for this term.

2. **Proposed Definition:** in the alternative, TTI proposes that the term should be construed to mean "designating a sequence of characters that allows an entity access to the website"

3. **Supporting Evidence:**

   a. <u>U.S. Patent 7,249,372 File Wrapper:</u>

      - Col 2, lines 35–37

      - Col 3, lines 18–20

   b. <u>U.S. Patent 7,249,372 File Wrapper:</u>

      - Appeal Brief dated January 12, 2001, Page 4.

   c. <u>Merriam-Webster's Collegiate Dictionary© 1997:</u>

      - p. 69: Assign – [3] to fix or specify in correspondence or relationship

      - p. 850: Password – [1b] a sequence of characters required for access to a computer system

    *ii. EDNA's Proposed Claim Construction*

      1.  The term "assigning a password" is indefinite and therefore is not amenable to construction. Alternatively, this term should be construed to mean "editing a hyperlink to include a password."

      2.  **Supporting Evidence**:

        a.  <u>U.S. Patent No. 7,24,372</u>

          • Col. 5/28-31

        b.  <u>Report of Ronald Chichester</u>

4)  <u>"initializing permissions relative to a password" (Claims 1, 11)</u>

    *i. TTI's Proposed Claim Construction*

      1.  For the reasons set forth under term 1 above, no construction is necessary for this term.

    *ii. EDNA's Proposed Claim Construction*

      1.  The term "initializing permissions," which is not a term of art and is not found anywhere in the specification, is indefinite and therefore not amenable to construction. For at least this reason, the term "initializing permissions relative to a password" is indefinite and therefore is not amenable to construction.

      2.  **Supporting Evidence:**

        a.  <u>Report of Ronald Chichester</u>

5)  <u>"level of rights" (Claims 1, 2, 5)</u>

    *i. TTI's Proposed Claim Construction*

      1.  For the reasons set forth under term 1 above, no construction is necessary for this term.

2. **Proposed Definition:** in the alternative, TTI proposes that the term should be construed to mean "the permissions associated with a particular account"

3. **Supporting Evidence:**

   a. <u>United States Patent 7,249,372</u>:

      • Col. 6, lines 11–34

*ii. EDNA's Proposed Claim Construction*

1. **Proposed Definition**: this term should be construed to mean "the particular rights associated with one of master distributor, distributor, client or respondent."

2. **Supporting Evidence:**

   a. <u>United States Patent No. 7,249,372</u>

      • Claim 2-5

      • Figs. 1-2

      • Col. 3, lines 15-18 and 32-50

   b. <u>Report of Ronald Chichester</u>

6) <u>"global computer network" (Claim 1)</u>

   *i. TTI's Proposed Claim Construction*

1. For the reasons set forth under term 1 above, no construction is necessary for this term.

   a. **Proposed Definition:** in the alternative, TTI proposes that the term should be construed to mean "a network such as the internet"

   b. **Supporting Evidence:**

      • <u>United States Patent 7,249,372</u>:

         1. Figure 1

   2. Column 9, Lines 44–47

 *ii.* *EDNA's Proposed Claim Construction*

  1. This term is indefinite and therefore is not amenable to construction.

  2. Alternative Construction:  Alternatively, this term should be construed to mean "a computer network that spans the entire globe."

7) <u>"enabling the initialized permissions for the entity" (Claim 1)</u>

 *i.* *TTI's Proposed Claim Construction*

  1. For the reasons set forth under term 1 above, no construction is necessary for this term.

  2. **Proposed Definition:** in the alternative, TTI proposes that the term should be construed to mean "determining the functions associated with the password that a user can perform"

  3. **Supporting Evidence:**

   a. <u>United States Patent 7,249,372</u>:

    • Col. 3, lines 51–58

 *ii.* *EDNAs Proposed Claim Construction*

  1. The term "enabling the initialized permissions," which is not a term of art and is not found anywhere in the specification, is indefinite and therefore is not amenable to construction.

  2. **Proposed Construction for Certain Terms**: The term "entity" should be construed to mean "a master distributor, a distributor, a client and a respondent."

3. **Supporting Evidence**:

    a. <u>U.S. Patent No. 7,249,372</u>

          • Col. 3, lines 15-18

    b. <u>Report of Ronald Chichester</u>

8) <u>"assessment instrument which gauges an individual potential employee's suitability with regards to a particular job" (Claims 1, 11)</u>

    *i. TTI's Proposed Claim Construction*

        1. For the reasons set forth under term 1 above, no construction is necessary for this term.

    *ii. EDNA's Proposed Claim Construction*

        1. The terms "assessment instrument," "gauges" and "suitability with regards to a particular job" are indefinite and therefore are not amenable to construction. Further, these terms are not terms of art and are not found anywhere in the specification. For at least these reasons, this term, as a whole, is indefinite and therefore not amenable to construction.

    3. **Supporting Evidence:**

        a. <u>Report of Ronald Chichester</u>

9) <u>"assessment instrument which gauges . . . an individual existing employee's suitability or performance with regards to a particular job" (Claims 1, 11)</u>

    *i. TTI's Proposed Claim Construction*

        1. For the reasons set forth under term 1 above, no construction is necessary for this term.

*ii. EDNA's Proposed Claim Construction*

1. The terms "assessment instrument," "gauges" and "suitability with regards to a particular job" are indefinite and therefore are not amenable to construction. Further, these terms are not terms of art and are not found anywhere in the specification. For at least these reasons, this term, as a whole, is indefinite and therefore not amenable to construction.

4. **Supporting Evidence:**

   a. <u>Report of Ronald Chichester</u>

10) <u>"assessment instrument which gauges . . . an individual boss' performance with regards to a particular job" (Claims 1, 11)</u>

*i. TTI's Proposed Claim Construction*

1. For the reasons set forth under term 1 above, no construction is necessary for this term.

*ii. EDNA's Proposed Claim Construction*

1. The terms "assessment instrument," "gauges" and "suitability with regards to a particular job" are indefinite and therefore are not amenable to construction. Further, these terms are not terms of art and are not found anywhere in the specification. For at least these reasons, this term, as a whole, is indefinite and therefore not amenable to construction.

5. **Supporting Evidence:**

   a. <u>Report of Ronald Chichester</u>

11) "assessment report" (Claims 1, 11)

    i.  *TTI's Proposed Claim Construction:*

        1.  For the reasons set forth under term 1 above, no construction is necessary for this term.

    ii.  *EDNA's Proposed Claim Construction.*

        1.  The term "assessment report" is indefinite and therefore is not amenable to construction. In addition, this term is not a term of art and is not found anywhere in the specification.

        6.  **Supporting Evidence:**

            a.  Report of Ronald Chichester

12) "locations authorized by permissions" (Claim 1)

    i.  *TTI's Proposed Claim Construction*

        1.  For the reasons set forth under term 1 above, no construction is necessary for this term.

    ii.  *EDNA's Proposed Claim Construction*

        1.  The term "locations authorized by permissions" is indefinite and therefore not amenable to construction for at least the reason that the term "initialized permissions," which is the antecedent basis for "permissions" and which is not a term of art and is not found anywhere in the specification is indefinite as described above.

        2.  **Supporting Evidence:**

            a.  Report of Ronald Chichester

13) "master distributor level of rights" (Claim 2)

   i.  *TTI's Proposed Claim Construction*

     1.  For the reasons set forth under term 1 above, no construction is necessary for this term.

   ii.  *EDNA's Proposed Claim Construction*

     1.  Proposed Construction: "any of create response links, set up new accounts, manage reports and change all account options."

     2.  Supporting Evidence:

       a.  U.S. Patent No. 7,249,372

          • Fig. 2

          • Col. 3, lines 34-36

14) "ability to create response links and passwords" (Claim 2)

   i.  *TTI's Proposed Claim Construction*

     1.  For the reasons set forth under term 1 above, no construction is necessary for this term.

   ii.  *EDNA's Proposed Claim Construction*

     1.  Proposed Construction: The term "response links" should be construed to mean "a hyperlink that takes a user somewhere else within the employee evaluation firm's web site and which asks the user to enter a response."

     2.  Supporting Evidence:

       a.  U.S. Patent No. 7,249,372

          • Fig. 4

          • Col. 3, lines 60-64

15) "ability to manage reports" (Claim 2)

   i. *TTI's Proposed Claim Construction*

   1. For the reasons set forth under term 1 above, no construction is necessary for this term.

      a. **Proposed Definition:** In the alternative, "manage reports" means controlling distribution of and access to reports.

      b. **Supporting evidence:**

         • United States Patent 7,249,372:

            1. Column 7, Lines 16–54

   ii. *EDNA's Proposed Claim Construction*

   1. Proposed Construction: The term "manage reports" should be construed to mean "allowing an administrator to correspond with and e-mail reports to respondents by select accounts and select response link."

      However, the term "report" either lacks antecedent basis or refers to "assessment report" which, as described above, is indefinite and therefore is not amenable to construction.

   2. **Supporting Evidence:**

      a. U.S. Patent No. 7,249,372

         • Fig. 4

         • Fig. 10

         • Col. 3, line 64 - Col. 4, line 2

         • Col. 7, lines 42-54

16) "ability to change account options" (Claim 2)

   *i. TTI's Proposed Claim Construction*

     1. For the reasons set forth under term 1 above, no construction is necessary for this term.

       **a. Proposed Definition:** In the alternative, "change account options" means ability to modify account parameters.

       **b. Supporting evidence:**

        i. United States Patent 7,249,372:

          ● Column 7, line 64–Column 8, line 8.

   *ii. EDNA's Proposed Claim Construction*

     1. **Proposed Construction**: "change password, create tag, edit tags and change activity report options."

     2. **Supporting Evidence**:

       a. U.S. Patent No. 7,249,372

         ● Fig. 12

         ● Col. 7, line 64 - Col. 8, line 8

17) "respond to an assigned assessment instrument" (Claim 5)

   *i. TTI's Proposed Claim Construction*

     1. For the reasons set forth under term 1 above, no construction is necessary for this term.

*ii. EDNA's Proposed Claim Construction*

1. This term is indefinite and therefore not amenable to construction for at least the reason that "assigned," "assessment instrument" and "assigned assessment instrument" are indefinite for the reasons set forth above.

2. **Supporting Evidence:**

   a. <u>Report of Ronald Chichester</u>

18) <u>"adapted to access a wide area network" (Claim 6)</u>

*i. TTI's Proposed Claim Construction*

1. For the reasons set forth under term 1 above, no construction is necessary for this term.

*ii. EDNA's Proposed Claim Construction*

1. This term is indefinite for at least the reason that the term "wide area" is indefinite. In addition, the term "wide area" is not a term of art and is not found in the specification.

   The term "wide area network" is used in the art, but is susceptible to multiple meanings. In addition, this term is not found in the specification. Therefore, this term is insolubly ambiguous and not amenable to construction.

2. **Supporting Evidence:**

   a. <u>Report of Ronald Chichester</u>

19) <u>"software associated with the central server which administers a web site" (Claim 6)</u>

*i. TTI's Proposed Claim Construction*

1. For the reasons set forth under term 1 above, no construction is necessary for this term.

    a. **Proposed Definition:** in the alternative, TTI proposes that "central server" should mean "a computer in a network that is easily accessible to other computers in the network and which is used to provide services to those other computers"

    b. **Supporting Evidence:**

      • <u>Merriam-Webster's Collegiate Dictionary© 1997</u>:

       1. p. 186: Central – [3b] easily accessible from outlying districts

       2. p. 1070: Server – [6] a computer in a network that is used to provide services (as access to files or shared peripherals or the routing of electronic mail) to other computers in the network

  *ii. EDNA's Proposed Claim Construction*

    1. This term is indefinite for at least the reason that the terms "software associated with the central server" and "administers" are indefinite.

    2. Alternative Proposed Construction: The term "central server" should be construed to mean "a server that is geographically centered with respect to a plurality of other servers."

    3. **Supporting Evidence:**

      a. <u>Report of Ronald Chichester</u>

20) <u>"software associated with a central server which provides permissions"</u> (Claim 6)

  *i. TTI's Proposed Claim Construction*

    1. For the reasons set forth under term 1 above, no construction is necessary for this term.

   a. **Proposed Definition:** in the alternative, TTI proposes that "central server" should mean "a computer in a network that is easily accessible to other computers in the network and which is used to provide services to those other computers"

   b. **Supporting Evidence:**

- United States Patent 7,249,372:

   1. Figure 1

   2. Column 9, Lines 44–47

- Merriam-Webster's Collegiate Dictionary© 1997:

   1. p. 186: Central – [3b] easily accessible from outlying districts

   2. p. 1070: Server – [6] a computer in a network that is used to provide services (as access to files or shared peripherals or the routing of electronic mail) to other computers in the network

*ii. EDNA's Proposed Claim Construction*

1. This term is indefinite for at least the reason that the terms "software associated with the central server" and "administers" are indefinite.

2. Alternative Proposed Construction: The term "central server" should be construed to mean "a server that is geographically centered with respect to a plurality of other servers."

3. **Supporting Evidence:**

   a. Report of Ronald Chichester

21) "set of permissions" (Claim 6, 11)

    i.  *TTI's Proposed Claim Construction*

        1.  For the reasons set forth under term 1 above, no construction is necessary for this term.

   ii.  *EDNA's Proposed Claim Construction*

        1.  **Proposed Construction**: "data associated with a user name and password that determines which functions an individual who logs onto a web server can perform."

        2.  **Supporting Evidence**:

            a.  U.S. Patent No. 7,249,372:

               • Col. 3, lines 55-57

22) "password with a set of permissions correlated to a respondent" (Claim 6)

    i.  *TTI's Proposed Claim Construction:*

        1.  For the reasons set forth under term 1 above, no construction is necessary for this term.

        2.  **Proposed Definition:** in the alternative, TTI proposes that the term should be construed to mean "a sequence of characters that enables one to gain admission to the system which controls the permissions associated with the respondent"

        3.  **Supporting Evidence**:

            a.  United States Patent 7,249,372:

               • Col. 3, lines 51–58

            b.  Merriam-Webster's Collegiate Dictionary© 1997:

               • p. 850: Password – [1b] a sequence of characters required for access to a computer system

    *ii.  EDNA's Proposed Claim Construction*

      1.  **Proposed Construction**: "a password containing a set of permissions matched to a respondent." EDNA also incorporates here its construction for "set of permissions."

      2.  **Supporting Evidence**:

        a.  <u>U.S. Patent No. 7,249,372</u>:

          &bull; Col. 3, lines 55-57

23) <u>"password with a set of permissions correlated to an entity" (Claim 6)</u>

    *i.  TTI's Proposed Claim Construction:*

      1.  For the reasons set forth under term 1 above, no construction is necessary for this term.

      2.  **Proposed Definition:** in the alternative, TTI proposes that the term should be construed to mean "a sequence of characters that enables one to gain admission to the system which controls the permissions associated with the entity"

      3.  **Supporting Evidence:**

        a.  <u>United States Patent 7,249,372</u>:

          &bull; Col. 3, lines 51–58

        b.  <u>Merriam-Webster's Collegiate Dictionary© 1997</u>:

          &bull; p. 850: Password – [1b] a sequence of characters required for access to a computer system

    *ii.  EDNA's Proposed Claim Construction*

      1.  **Proposed Construction**: "a password containing a set of permissions matched to an entity."  EDNA also incorporates here its construction for "set of permissions."

    2.   **Supporting Evidence**:

      a.  <u>U.S. Patent No. 7,249,372</u>:

          • Col. 3, lines 55-57

24) <u>"assessment relates to job or personal performance" (Claim 7)</u>

   *i.  TTI's Proposed Claim Construction*

    1.  For the reasons set forth under term 1 above, no construction is necessary for this term.

   *ii.  EDNA's Proposed Claim Construction*

    1.  This term is indefinite and therefore is not amenable to construction for at least the reason that the term "assessment" lacks antecedent basis. Further, the term "relates to job or personal performance" is indefinite and therefore not amenable to construction.

    2.   **Supporting Evidence:**

      a.  <u>Report of Ronald Chichester</u>

25) <u>"assessment survey" (Claim 8)</u>

   *i.  TTI's Proposed Claim Construction*

    1.  For the reasons set forth under term 1 above, no construction is necessary for this term.

   *ii.  EDNA's Proposed Claim Construction*

    1.  This term is indefinite and therefore is not amenable to construction. In addition, "assessment survey" is not a term of art and is not found anywhere in the specification.

2. **Supporting Evidence:**

    a. <u>Report of Ronald Chichester</u>

26) <u>"assessment survey which is electronic in nature" (Claim 8)</u>

    i. *TTI's Proposed Claim Construction*

      1. For the reasons set forth under term 1 above, no construction is necessary for this term.

    ii. *EDNA's Proposed Claim Construction*

      1. This term is indefinite and therefore is not amenable to construction at least because the term "assessment survey" is indefinite as set forth above. In addition, the term "electronic in nature" is also indefinite.

      2. **Supporting Evidence:**

        a. <u>Report of Ronald Chichester</u>

27) <u>"assessment survey which is hard copy in nature" (Claim 8)</u>

    i. *TTI's Proposed Claim Construction*

      1. For the reasons set forth under term 1 above, no construction is necessary for this term.

    ii. *EDNA's Proposed Claim Construction*

      1. This term is indefinite and therefore is not amenable to construction at least because the term "assessment survey" is indefinite as set forth above. In addition, the term "hard copy in nature" is also indefinite.

    2.   **Supporting Evidence:**

        a.  <u>Report of Ronald Chichester</u>

28) <u>"report which is electronic in nature" (Claim 9)</u>

    *i.  TTI's Proposed Claim Construction*

      1.  For the reasons set forth under term 1 above, no construction is necessary for this term.

    *ii.  EDNA's Proposed Claim Construction*

      1.  This term is indefinite and therefore is not amenable to construction. In addition, the term "electronic in nature" is also indefinite.

      2.  **Supporting Evidence:**

        a.  <u>Report of Ronald Chichester</u>

29) <u>"report which is hard copy in nature" (Claim 9)</u>

    *i.  TTI's Proposed Claim Construction*

      1.  For the reasons set forth under term 1 above, no construction is necessary for this term.

    *ii.  EDNA's Proposed Claim Construction*

      1.  This term is indefinite and therefore is not amenable to construction. In addition, the term "hard copy in nature" is also indefinite.

      2.  **Supporting Evidence:**

        a.  <u>Report of Ronald Chichester</u>

30) "set of permissions can vary from password to password" (Claim 10)

    *i. TTI's Proposed Claim Construction*

        1. For the reasons set forth under term 1 above, no construction is necessary for this term.

    *ii. EDNA's Proposed Claim Construction*

        1. *See*, EDNA's proposed construction for "set of permissions," which is incorporated here by reference.

31) "initializing a set of permissions" (Claim 11)

    *i. TTI's Proposed Claim Construction*

        1. For the reasons set forth under term 1 above, no construction is necessary for this term.

    *ii. EDNA's Proposed Claim Construction*

        1. The term "initializing a set of permissions" does not have an ordinary meaning to one of ordinary skill in the art, it is not found in the specification of the '372 patent, and the intrinsic evidence does not provide meaningful guidance to one of ordinary skill in the art to the meets and bounds of the term, one ordinary skill in the art would find the term "initializing a set of permissions" to be vague and ambiguous. Therefore, this term is indefinite.

2. **Supporting Evidence:**

a. Report of Ronald Chichester

32) "set of permissions associated with a password" (Claim 11)

    *i. TTI's Proposed Claim Construction*

       1. For the reasons set forth under term 1 above, no construction is necessary for this term.

    *ii. EDNA's Proposed Claim Construction*

       1. *See*, EDNA's proposed construction for "set of permissions," which is incorporated here by reference.

## III.  Anticipated Time Necessary for Claim Construction Hearing

*TTI's Statement*

TTI states that a claim construction hearing, limited to intrinsic evidence only, may be helpful to the Court.  The anticipated time for such a hearing would be approximately two to three hours.

*EDNA's Statement*

TTI's self-serving statement aside, EDNA anticipates that the parties should require no more than half a day for the claim construction hearing.

## IV.  Proposed Witnesses Including Testimony

*TTI's Statement*

TTI does not currently plan to present witness testimony in support of its claim construction position as the plain meaning of the terms is readily understood by reference to intrinsic evidence. In such situations, expert testimony is not required. Specifically, the Federal Circuit has held that "where the patent documents are unambiguous, expert testimony regarding

the meaning of a claim is entitled to no weight." *Vitronics Corp. v. Conceptronic*, 90 F.3d 1576, 1584 (Fed. Cir. 1996). Expert testimony "may only be relied upon if the patent documents, taken as a whole, are insufficient to enable the court to construe disputed claim terms. Such instances will rarely, if ever, occur." *Id.* at 1585. Even then, the Federal Circuit has warned that "opinion testimony on claim construction should be treated with the utmost caution, for it is no better than opinion testimony on the meaning of statutory terms." *Id.*

Here, given the clarity of the intrinsic evidence regarding the disputed terms, any expert testimony offered by EDNA would likely, in any event, be entitled to no weight. This is particularly so when Mr. Chichester's proposed testimony, based on the summary provided to TTI, will consist solely of Mr. Chichester stating that he cannot understand the meaning of at least twelve claim terms. It is difficult to see how such testimony would be of any use to the Court.

*EDNA's Statement*

TTI has asserted that virtually all of the terms in the asserted claims have an "ordinary and customary meaning in the art." TTI has failed to identify the relevant art or the level of skill possessed by one of ordinary skill in that art. Therefore, TTI has relied solely on attorney argument to support the bulk of its claim constructions.

On the other hand, EDNA intends to rely on its expert, Ronald Chichester, to describe the knowledge possessed by one of ordinary skill in the relevant art and whether these terms have a specific meaning to one of ordinary skill in the art. This testimony is particularly necessary in this case where a large number of the terms requiring construction do not appear anywhere in the intrinsic evidence.

**Other Issues for Prehearing Conference and Proposed Dates**

*TTI's Statement*

TTI would like the Court to address the number of terms proposed by EDNA. Specifically, EDNA has requested construction of thirty-two separate claim terms. TTI has repeatedly asked EDNA to narrow its list of proposed terms to those which have some relevance as to EDNA's infringement or to any alleged anticipation or obviousness issues, however, EDNA has refused to do so. Instead, EDNA seems to confuse claim construction with a defense of invalidity under 35 U.S.C. § 112 (indefiniteness).

"When the parties raise an <u>actual</u> dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) (emphasis added). The inclusion of the modifier "actual" places an important limitation on the obligation of the Court to engage in claim construction. "In *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1207 (Fed. Cir. 2010), however, the Federal Circuit rejected Defendant's contention that 02 Micro stands for the proposition that every term in dispute must be given a specific construction - i.e., something more than an ordinary meaning construction." *QPSX Devs. 5 Pty Ltd. v. Ciena Corp.*, 2011 U.S. Dist. LEXIS 32290, 13-14 (E.D. Tex. Mar. 28, 2011). Where the dispute is not "actual," there is no requirement for the court to resolve it. *See, e.g.*, *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1207 (Fed. Cir. 2010) (Court did not err in not providing additional guidance to the jury where party did not propose an alternative construction or explain how a different definition would negate infringement). Here, TTI has serious doubts that any of EDNA's allegations of indefiniteness are genuine. Indeed, when it suits EDNA's purposes, EDNA and those acting in concert with EDNA seem to understand the meaning of the claims.

For example, Extended DISC International (EDI) (EDNA's franchisor) apparently understood the meaning of the terms well enough to file a request for reexamination. In that request, EDI even alleged to have found references which taught "initializing permissions relative to the password based on the level of rights for the entity" as well as other terms that EDNA now claims are indefinite. If, as EDNA now asserts, the terms of the claims have no meaning in the art, it is difficult to see how EDI was able to prepare and file its reexamination request.

EDNA's own conduct in this proceeding also raises doubts as to whether EDNA's presents any actual disputes regarding claim construction. Specifically, although EDNA now claims that the claim terms are ambiguous and have no meaning in the art, EDNA filed a Motion for Summary Judgment. In that motion, EDNA stated:

> EDNA does not perform at least steps (a) and (d) - (h) of asserted claim 6. Similarly, EDNA does not perform at least steps (c) - (f) of asserted claim 11. These steps are all performed by the server and/or software which is owned, operated, managed and controlled by EDI and located in Finland.

As a result, EDNA has represented to the Court that it does not perform the steps of the asserted claims and that EDI does perform those same steps—now, however, EDNA claims that it does not know what that same claim language means.  It is difficult to see how EDNA's claims of indefiniteness could be genuine when EDNA apparently understands the same terms well enough to allege that EDI is the entity performing them.

*EDNA's Statement*

Realizing that its claims are fatally flawed in a myriad of ways, including because many of the terms are indefinite, TTI attempts to dodge this bullet by improperly limiting the number of claims that require construction. The claims of the '372 patent were drafted and prosecuted by TTI.  The solution to TTI's purported problem of too many claim terms requiring construction

was to draft clear, well-defined claims. It chose not to do so. Now, in this case, EDNA is faced with a tangled web of undefined terms that make it impossible to determine the metes and bounds of the asserted claims.  TTI's transparent attempts to limit the number of claims requiring construction and to paint EDNA as the party causing the problems should simply be disregarded.

In addition, many of the claim terms are related, such that resolution of one term applies to the others, which would then not need separate construction. Regardless, the Court has a duty to resolve fundamental disputes regarding the scope of a claim term. *O2 Mico Intern. Ltd. v. Beyond Innovation Technology Co., Ltd*., 521 F.3d 1351, 1362 (Fed. Cir. 2008). Here, as shown by the arguments above, the parties fundamentally dispute the scope of the claims. TTI's attempts to limit construction of disputed terms are therefore improper.

Regarding TTI's contention that EDNA has some understanding of the meaning of certain, unidentified claim terms simply because it has filed a motion for summary judgment, EDNA notes that it does not infringe under <u>any</u> reasonable interpretation of the claims at least because a significant number of the steps required by the claims of the '372 patent are performed outside the United States.

Further, TTI's arguments regarding the knowledge, if any, of EDI relative to the meaning of any of the terms in the '372 patent are unfounded and wholly unsupported.  In addition, EDNA has not and does not "act in concert" with EDI. The specific nature of the relationship between EDNA and EDI is in the record and TTI's mischaracterization of that relationshp is improper.

Respectfully submitted,

| | |
|---|---|
| _____/s/ Michael E. Wilson_____ | _____/s/ Stephen F. Schlather (by permission)_ |
| Michael E. Wilson | Stephen F. Schlather |
| SLUSSER WILSON & PARTRIDGE, LLP | John J. Edmonds |
| 333 Clay Street, Suite 4720 | COLLINS, EDMONDS & POGORZELSKI, |
| Houston, Texas 77002 | PLLC |
| Phone:  713-860-3300 | 1616 S. Voss Rd., Suite 125 |
| Fax:  713-860-3333 | Houston, Texas 77057 |
| Email:  wilson@slusser-law.com | Phone:  (281) 501-3425 |
| | Fax:  (832) 415-2535 |
| Edmund J. Sease | Email:  sschlather@cepiplaw.com |
| Bradley J. Powers | Email:  jedmonds@cepiplaw.com |
| McKEE, VOORHEES & SEASE, P.L.C. | |
| 801 Grand Avenue, Suite 3200 | |
| Des Moines, Iowa 50309-2721 | **ATTORNEYS FOR DEFENDANT** |
| Phone:  515-288-3667 | **EXTENDED DISC NORTH AMERICA, INC** |
| Fax:  515-288-1338 | |
| Email:  sease@ipmvs.com | |
| Email:  brad.powers@ipmvs.com | |
| Email:  mvslit@ipmvs.com | |

**ATTORNEYS FOR PLAINTIFF TARGET
TRAINING INTERNATIONAL, LTD.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 7, 2011, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Mr. Stephen F. Schlather
Mr. John J. Edmonds
Collins, Edmonds & Pogorzelski, PLLC
1616 S. Voss Rd., Suite 125
Houston, Texas 77057
Phone: (281) 501-3425
Fax: (832) 415-2535
E-mail: sschlather@cepiplaw.com
E-mail: jedmonds@cepiplaw.com
*Attorneys for Defendant*

_____/s/ Michael E. Wilson_____