## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | § § | |
| | § | Civil Action No. 4:10-cv-03350 |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| EXTENDED DISC NORTH AMERICA, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |
| Defendant. | § | |

## EXTENDED DISC NORTH AMERICA, INC.'S
## AMENDED ANSWER AND COUNTERCLAIM

COMES NOW, Defendant/Counter-Claimant Extended DISC North America, Inc.

("Extended DISC") and files this Amended Answer and Counterclaim to Plaintiff Target

Training International, Ltd.'s ("TTI") Complaint for Patent Infringement ("Complaint") (Dkt.

No. 1), stating and alleging as follows:

## I.    ADMISSIONS AND DENIALS

1.    Extended DISC lacks sufficient information to either admit or deny the allegations

contained in Paragraph 1 of the Complaint and, therefore, denies the allegations contained

therein.

2.    Extended DISC admits that it is a Texas corporation but denies the remaining allegations

of Paragraph 2 of the Complaint.

3.    Extended DISC admits the allegations of Paragraph 3 of the Complaint.

4.    Extended DISC admits the allegations of Paragraph 4 of the Complaint.

5.    Extended DISC denies the allegation made in Paragraph 5 of the Complaint that the '372

Patent was duly and legally issued but admits that the face of the '372 Patent indicates that it was

issued on July 24, 2007, was issued in the name of inventors Bill J. Bonnstetter, David R.

Bonnstetter, and Rodney Cox.

6.      Extended DISC lacks sufficient information to either admit or deny the allegation made in Paragraph 6 of the Complaint that Plaintiff is the owner as assignee of all rights, title and interest in the '372 Patent and, therefore, denies the allegations contained therein.  Extended DISC further denies that the '372 Patent was duly and legally issued.

7.      Extended DISC denies the allegations of Paragraph 7 of the Complaint.

8.      Extended DISC denies the allegations of Paragraph 8 of the Complaint.

9.      Extended DISC admits correspondence was directed regarding the existence of the '372 Patent.  Otherwise, Extended DISC lacks sufficient information to either admit or deny the allegations contained in Paragraph 9 of the Complaint and, therefore, denies the allegations contained therein.

10.     Extended DISC denies the allegations of Paragraph 10 of the Complaint.

## II.      AFFIRMATIVE DEFENSES

11.     Extended DISC further alleges affirmative defenses. Extended DISC reserves the right to amend its answer to add affirmative defenses, including inequitable conduct, consistent with the facts discovered in the case.

### A.      First Affirmative Defense - Non-Infringement

12.     Extended DISC has not infringed and is not now infringing (either directly or indirectly) any claim of the '372 Patent.

13.     No valid claim of the '372 Patent literally or by equivalents covers or includes within its scope any products, services and/or related components ever made, used, offered for sale, or sold by Extended DISC.

**B.      Second Affirmative Defense -
Invalidity Due to Anticipation, Obviousness and Prior Use**

14.     The '372 Patent and all the claims thereof are invalid and/or unenforceable for failure to meet the requirements of 35 U.S.C. § 101, §102, §103, and/or §112.

15.     The system and method of the '372 Patent are similar if not identical to systems which have been in use by other companies long before the '372 Patent was obtained. The Extended DISC system predates the application of the '372 Patent. The '372 Patent is invalid based upon anticipation, obviousness and/or prior use.

**C.      Third Affirmative Defense - Unenforceability Due to Fraud**

16.     Upon information and belief, Plaintiff has failed to meet its disclosure duties, including those under 37 C.F.R. 1.56.

17.     Information relating to prior art cited in the Request for Reexamination of U.S. Patent No. 7,249,372 made by Extended DISC International, Ltd. indicates that Plaintiff failed to prosecute the '372 Patent with candor, good faith and honesty and failed to disclose material information.

**D.      Fourth Affirmative Defense - Laches/Estoppel**

18.     Plaintiff's claims against Extended DISC are barred by the doctrine of laches and/or equitable estoppel.

19.     Plaintiff unreasonably delayed in bringing this suit following its written demand upon Extended DISC, which delay was prejudicial to Extended DISC. Through its misleading conduct and silence, Plaintiff caused Extended DISC to conclude that it did not intend to enforce its patent against Extended DISC. Extended DISC relied upon the conduct and/or silence of Plaintiff and because of this reliance, Extended DISC will be prejudiced if Plaintiffs claim is allowed to proceed.

### E.      Fifth Affirmative Defense - Patent Misuse

20.      Upon information and belief, Plaintiff has misused the '372 Patent by the maintenance of this action, in bad faith, when it should have known that the Patent was invalid or that it had no valid claim of patent infringement against Extended DISC.

21.      More specifically, upon information and belief, Plaintiff failed to conduct a reasonable pre-suit investigation which would have revealed at least that (a) Extended DISC does not practice each and every element of the asserted claims, (b) at least one or more of the steps of claims 1-2, 5 and 11 are performed outside of the United States and (c) Extended DISC does not control and obtain the benefit of the system of claims 6-10.

### F.      Sixth Affirmative Defense - Lack of Knowledge

22.      Plaintiffs claims against Extended DISC are barred and/or limited due to a lack of knowledge of the existence of the '372 Patent. Extended DISC did not engage in any knowing, intentional, willful, or wanton infringement of the '372 Patent.

### G.      Seventh Affirmative Defense - Statute of Limitation, Limitation on Damages and Other Relief

23.      Plaintiff is barred, in whole or in part, from obtaining the relief it seeks by reason of the conduct, actions, omissions and/or communications of Plaintiff, and/or its predecessors-in-interest, and by operation of the applicable statutes which limit damages and other relief, including but not limited to 35 U.S.C. §§ 286, 287, and 288, as well as any judicial doctrine limiting damages and/or other relief.

### H.      Eighth Affirmative Defense - Equitable Relief Barred

24.      Plaintiffs claims for injunctive relief and equitable remedies are barred in light of the fact that Plaintiff has an adequate remedy at law and no basis exists for the grant of equitable relief.

### I.      Ninth Affirmative Defense - Failure to State a Claim

25.     The Complaint fails to state a claim upon which any relief may be granted against Extended DISC.

### J.      Tenth Affirmative Defense - Failure to Adequately Mark

26.     To the extent that Plaintiff and/or any of its licensees under the '372 patent has an obligation to mark and has failed to do so, Plaintiff's claims are barred, in whole or in part, under 35 U.S.C. § 287.

### K.      Eleventh Affirmative Defense - Failure To Adequately Investigate Infringement Claims

27.     More specifically, upon information and belief, Plaintiff failed to conduct a reasonable pre-suit investigation which would have revealed at least that (a) Extended DISC does not practice each and every element of the asserted claims, (b) at least one or more of the steps of claims 1-2, 5 and 11 are performed outside of the United States and (c) Extended DISC does not control and obtain the benefit of the system of claims 6-10.

### III.      COUNTERCLAIMS

28.     Counter-Defendant, Target Training International, Ltd. alleges in its Complaint that it is a corporation organized and existing under the laws of the State of Arizona.

29.     Counter-Claimant Extended DISC is a Texas corporation.

30.     Counter-Claimant's claims are compulsory and permissive under the Federal Rules of Civil Procedure, Rule 13.

31.     This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1338 and 2201, in that the counterclaims for declaratory relief under 28 U.S.C. §§ 2201 and 2202 assert substantial federal claims for a patent controversy under the Patent Statutes, 35 United States Code, and pursuant to the supplemental jurisdiction of this Court under 28 U.S.C. §§ 1367, in

that the counterclaims relate to the same case or controversy and is joined with and in response to the Complaint.

32.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) where, Counter-Defendant has brought this civil action, asserting infringement of the '372 Patent.

## Counterclaim I
## Declaratory Judgment of Non-Infringement

33.     Counter-Claimant Extended DISC re-alleges and incorporates by reference the allegations in Paragraphs 28 through 32 above as though fully set forth herein.

34.     Based on Plaintiff's filing of this suit and Extended DISC's denial of infringement and affirmative defenses, an actual controversy has arisen and now exists between the parties as to whether Extended DISC has infringed either directly or indirectly (through inducement of infringement) the '372 Patent.

35.     Extended DISC has not directly infringed and is not directly infringing the '372 patent, either literally or under the Doctrine of Equivalents.   Extended DISC has not induced or contributed to, and is not inducing, infringement of the '372 patent, either literally or under the Doctrine of Equivalents.

36.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Extended DISC requests a declaration by the Court that it does not infringe any claim of the '372 Patent, either directly or by inducement.

## Counterclaim II
## Declaratory Judgment Regarding Invalidity

37.     Counter-Claimant Extended DISC re-alleges and incorporates by reference the allegations in Paragraphs 28 through 36 above as though fully set forth herein.

38.     Based on Plaintiff's filing of this suit and Extended DISC's denial of infringement and affirmative defenses, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '372 Patent.

39.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Extended DISC requests a declaration by the Court that the claims of the '372 patent are invalid.

## Counterclaim III
### Declaratory Judgment Regarding Uhnnenforceability

40.     Counter-Claimant Extended DISC re-alleges and incorporates by reference the allegations in Paragraphs 28 through 39 above as though fully set forth herein.

41.     Based on Plaintiff's filing of this suit and Extended DISC's denial of infringement and affirmative defenses, an actual controversy has arisen and now exists between the parties as to the enforceability of the claims of the '372 Patent.

42.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Extended DISC requests a declaration by the Court that the claims of the '372 claims are unenforceable.

## Counterclaim IV
### Patent Misuse

43.     Counter-Claimant Extended DISC re-alleges and incorporates by reference the allegations in Paragraphs 28 through 42 above as though fully set forth herein.

44.     As a matter of prudence and in an abundance of caution and in further view of TTI's pending motion to strike, Extended DISC has withdrawn its claims of inequitable conduct. However, Extended DISC reserves the right to assert claims for inequitable conduct at a later time if the facts of this case support such claims.  As discovery is on-going, Extended DISC will take discovery on the issue of inequitable conduct including at least taking discovery on TTI's

alleged conception and reduction to practice of the purported invention prior to the filing date of the provisional application from which the '372 patent claims priority.

**Counterclaim V**
**Exceptional Case**

45.     Extended DISC re-alleges and incorporates by reference the allegations in Paragraphs 28 through 44 above as though fully set forth herein.

46.     The Plaintiff has failed to satisfy the requirements of at least Fed. R. Civ. P. 11 in that it has not undertaken a reasonable or adequate pre-suit investigation sufficient to form a good faith basis for bringing the present suit.

47.     A reasonable and adequate pre-suit investigation would have revealed that Extended DISC does not infringe the '372 patent at least because it does not perform each and every step of the asserted method claims and/or that at least one or more of the steps required by any of claims 1-2, 5 and 11 are performed outside the United States.  In addition, a reasonable and adequate pre-suit investigation would have revealed that Extended DISC does not infringe the '372 patent at least because it does not control and obtain the benefit of the system of claims 6-10.

48.     Extended DISC is entitled to a declaration that this case is exceptional within the meaning of 35 U.S.C. § 285, and an award of attorneys fees, expenses, and costs pursuant to 35 U.S.C. §285 and/or Fed. R. Civ. P. 54(d).

**IV.     DAMAGES**

49.     As a result of Plaintiff/Counter-Defendant's wrongful institution of this lawsuit with its wrongful assertion of claims of willful, intentional and deliberate infringement, Defendant/ Counterclaimant has been forced to retain attorneys, including the undersigned attorneys, to

represent it in this action and is obligated to pay them a reasonable fee for services, thus causing damage to Defendant/Counter-Claimant Extended DISC.

## V.      PRAYER

WHEREFORE, Defendant/Counter-Claimant Extended DISC respectfully requests a judgment against Plaintiff/Counter-Defendant, Target Training International, Inc. as follows:

A.      A declaration that Extended DISC does not infringe the '372 Patent;

B.      A declaration that the '372 Patent is invalid;

C.      A declaration that the '372 Patent is void and unenforceable;

D.      That Plaintiff take nothing by its Complaint;

E.      That the Court enter a judgment against Plaintiff and in favor of Extended DISC and that the Complaint be dismissed with prejudice;

F.      That the Court award Extended DISC its costs and attorney's fees incurred in this action; and

G.      Further relief as the Court may deem just and proper.

## VI.     DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant/Counter-Claimant Extended DISC North America, Inc., hereby demands a trial by jury as to all issues so triable.

June 7, 2011                        Respectfully submitted,

                                   COLLINS, EDMONDS & POGORZELSKI, PLLC

                                   By: /s/   Stephen F. Schlather_____
                                   Stephen F. Schlather – Lead Counsel
                                   Texas Bar No. 24007993
                                   John J. Edmonds
                                   Texas Bar No. 789758
                                   COLLINS, EDMONDS & POGORZELSKI, PLLC
                                   1616 S. Voss Road, Suite 125
                                   Houston, Texas 77057
                                   Telephone: (713) 364-2371
                                   Facsimile: (832) 415-2535
                                   sschlather@cepiplaw.com
                                   jedmonds@cepiplaw.com


                                   ATTORNEYS FOR DEFENDANT,

                                   EXTENDED DISC NORTH AMERICA, INC.


## CERTIFICATE OF SERVICE

   I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

June 7, 2011                        /s/ Stephen Schlather
                                       Stephen Schlather