UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. H-10-3350 |
| EXTENDED DISC NORTH AMERICA, INC., | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

Pending before the Court is the plaintiff's, Target Training International, Ltd., motion to dismiss or strike (Docket Entry No. 34) the third and fifth affirmative defenses and third and fourth counterclaims of the defendant, Extended Disc North America, Inc. ("EDNA"). The defendant filed a response (Docket Entry No. 38), to which the plaintiff replied (Docket Entry No. 39). Also pending is the defendant's motion for summary judgment of non-infringement (Docket Entry No. 70, amended in Docket Entry No. 94), to which the plaintiff responded (Docket Entry No. 103), and to which the defendant replied (Docket Entry No. 105). After having carefully reviewed the motions, the responses, the record and the applicable law, the Court grants the plaintiff's motion to dismiss certain affirmative defenses and counterclaims, and it denies the defendant's motion for summary judgment.

**II.    Factual Background**

This is a patent infringement case involving systems for employers to manage and distribute assessments to evaluate employee behaviors, values and talents. On July 24, 2007, United States Letters Patent 7,249,372 ("the '372 patent") entitled "NETWORK BASED

DOCUMENT DISTRIBUTION METHOD," was issued to inventors Bill J. Bonnstetter, David R. Bonnstetter and Rodney Cox. The '372 patent attempts to securely automate these employee assessment methods. An employee typically completes a questionnaire, then his answers are scored and turned into a report for an employer's review.

The plaintiff claims that, by virtue of assignment, it is the owner of all right, title and interest in the '372 patent. The defendant, which was a franchisee of Extended Disk International ("EDI") during at least some relevant times, contests this alleged assignment. That franchise agreement gives EDI, a Finnish company, an eleven percent ownership interest of EDNA and entitles EDI to one seat on EDNA's board.

The plaintiff filed suit on September 17, 2010. On March 1, 2011, the defendant filed its answer, which included affirmative defenses and counterclaims. The Court has jurisdiction over the plaintiff's suit pursuant to 28 U.S.C. §§ 1331, 1400(b), and has jurisdiction over the defendant's counterclaims pursuant to 28 U.S.C. §§ 1338, 1367, 2201.

### III.     Contentions of the Parties

#### A.     The Plaintiff's Contentions

The plaintiff contends that the defendant directly and contributorily infringed its '372 patent, and that it actively induced infringement of the patent by others, in violation of 35 U.S.C. § 271. The plaintiff alleges that the defendant had constructive and actual notice of the plaintiff's patent, and yet willfully infringed its patent. The plaintiff seeks damages and declaratory and injunctive relief. It also moves to dismiss or strike certain of the defendant's affirmative defenses and counterclaims, pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(6), and 12(f). Specifically, it moves to dismiss or strike the defendant's affirmative defenses of "unenforceability due to fraud" and "patent misuse," as well as its counterclaims for

"declaratory judgment regarding enforceability" and "patent misuse." In the alternative, the plaintiff moves for an order compelling the defendant to provide a more definite statement regarding those affirmative defenses and counterclaims, pursuant to Federal Rule of Civil Procedure 12(e).

### B. The Defendant's Contentions

The defendant disputes that the '372 patent was validly issued and denies willfully infringing it. It claims that EDI, not EDNA, is the owner and controller of the contested employee evaluation system. The defendant asserts the affirmative defenses of: (1) non-infringement; (2) invalidity due to anticipation, obviousness and prior use; (3) unenforceability due to fraud; (4) laches/estoppel; (5) patent misuse; (6) lack of knowledge; (7) statute of limitation, limitation on damages and other relief; and (8) equitable relief barred. It also asserts counterclaims for: (1) declaratory judgment of non-infringement; (2) declaratory judgment regarding invalidity; (3) declaratory judgment regarding enforceability; and (4) patent misuse.

In the defendant's motion for summary judgment, it avers that "method claims" practiced outside the United States cannot infringe, and that it does not use, sell or offer to sell the contested method claims. The defendant maintains that it does not provide each and every element of the contested "system claims" because it does not make, use, sell or offer to sell those system claims either. The defendant contends that it does not induce infringement of any claims of the '372 patent. It claims that because it does not infringe any independent claims of the '372 patent, it cannot infringe any of the dependent patent claims. The defendant also alleges that it does not jointly or contributorily infringe any of the '372 patent claims. Lastly, the defendant asserts that the plaintiff's 35 U.S.C. § 271(g) infringement claim is untimely.

### IV. Standards of Review

#### A. Rule 12(b)(6) Standard

A defendant may to move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the requirements of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Twombly*, 550 U.S. at 555). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly* at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949

(citing *Twombly* at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Ashcroft* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his claims, not whether the plaintiff will eventually prevail. *See Twombly* at 563 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds)); *see also, Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

### B. Summary Judgment Standard

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must

'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)). The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

## V. Analysis and Discussion

### A. The Plaintiff's 12(b)(6) Motion

The Court grants the plaintiff's Rule 12(b)(6) motion to dismiss the defendant's third and fifth affirmative defenses and third and fourth counterclaims, because the Court determines that the defendant did not assert those contentions with the required particularity of Federal Rule of Civil Procedure 9(b). The defendant's third affirmative defense and third counterclaim assert that the '372 patent is unenforceable due to the plaintiff's alleged fraud and failure to disclose material information. Its fifth affirmative defense and fourth counterclaim aver patent misuse, claiming that the plaintiff willfully or with gross negligence withheld information material to the patentability of the purported invention.

A dismissal for failure to plead fraud with particularity pursuant to Rule (9)(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996) (citing *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993)). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).[1]

Rather than regional circuit law, Federal Circuit law applies to whether unenforceability of a patent due to inequitable conduct has been appropriately pled under Rule 9(b). *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (internal citation omitted). "'[I]nequitable conduct, while a broader concept

---

[1] *See also, Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.").

than fraud, must be pled with particularity' under Rule 9(b)." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009) (quoting *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003)). To that end, "[a] pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)." *Exergen Corp.*, 575 F.3d at 1326-27 (internal citation omitted). More particularly, "Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the [Patent and Trademark Office]." *Id.* at 1327. "Although 'knowledge' and 'intent' may be averred generally, [the Federal Circuit's] precedent, like that of several regional circuits, requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp.*, 575 F.3d at 1327 (internal citations omitted).

The defendant's answer fails to provide a sufficient factual basis for its assertions that the '372 patent is unenforceable or being misused, and its allegations contain insufficient facts to support an inference as to the plaintiff's knowledge or intent to commit fraud or misuse.[2] The defendant's reference to a request for reexamination of the '372 patent, submitted to the U.S. Patent and Trademark Office by a third party, does not comply with Rule 9(b)'s pleading requirements. Also lacking is factual support showing that the plaintiff was aware of the alleged prior art. Moreover, the defendant concedes that its inequitable conduct allegation is unlikely to

---

[2] The defendant's reliance on an unpublished case from this district is misguided. *See generally, WesternGeco v. Ion Geophysical Corp.*, No. 09-cv-1827, 2009 U.S. Dist. LEXIS 100277 (S.D. Tex. 2009). The defendant ignores the fact that in *WesternGeco*, the party claiming inequitable conduct alleged specific meetings where the patentee had received specific pieces of prior art and had failed to provide that prior art to the patent office. *WesternGeco*, No. 09-cv-1827, 2009 U.S. Dist. LEXIS 100277, at *17-19. Thus, the party claiming inequitable conduct in that case made sufficient factual allegations regarding particular pieces of prior art (what), presented by and to particular parties (who), on particular occasions (when), during particular meetings (where), and involving particular instances of non-disclosure of specific prior art of which the opposing party had been previously made aware (how). *WesternGeco*, No. 09-cv-1827, 2009 U.S. Dist. LEXIS 100277, at *17-19; *Exergen Corp.*, 575 F.3d at 1327.

meet the level of specificity outlined in *Exergen* regarding facts supporting an inference of knowledge and intent. *See Exergen Corp.*, 575 F.3d at 1327. The defendant admits to not pinpointing specific people responsible for its vague allegation of inequitable conduct, and only offers a six-year patent prosecution period as the time frame for the alleged wrongdoing. Therefore, the Court dismisses the defendant's third and fifth affirmative defenses and third and fourth counterclaims pursuant to Rule 12(b)(6), because the defendant's conclusory allegations are insufficient to meet Rule 9(b)'s pleading requirements.[3]

### B. The Defendant's Summary Judgment Motion

The Court denies the defendant's motion for summary judgment of non-infringement because genuine issues of material fact remain disputed.[4] The defendant's motion relies largely on the affidavit of Markku Kauppinen, EDNA's president. In the plaintiff's response, it alleges several factual inconsistencies between Kauppinen's testimony and other proffered summary judgment evidence. Such disputed facts include: (1) whether the defendant is still a franchisee of EDI pursuant to an oral agreement; (2) whether Kauppinen has sufficient firsthand knowledge of the information about which he testifies in his affidavit; (3) the degree of control that the defendant was and is able to exercise over EDI's contested system; (4) the degree of interrelation between the defendant and EDI. Furthermore, some of the factual contentions in Kauppinen's affidavit are contrary to other evidence, potentially including his own prior testimony, and is thus factually questionable. *See Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 1984)

---

[3] The defendant requests time for additional discovery to refine its claims, despite the fact that it did not send out any discovery requests until April 5, 2011 – more than two weeks after its deadline to plead inequitable conduct. The defendant cannot use its own delay as an excuse for failure to obtain information needed to plead its case in a timely fashion.

[4] The defendant has moved for summary judgment despite the early stage and nature of the case. The discovery process is ongoing, and the defendant's motion precedes any ruling based on the Court's previously scheduled *Markman* claim construction process, which is typically required for a finding of infringement or non-infringement. *Markman v. Westview Instruments*, 517 U.S. 370, 372 (1996).

(internal citations omitted). Accordingly, the Court denies the defendant's summary judgment motion.[5]

## VI. Conclusion

Based on the foregoing discussion, the Court GRANTS the plaintiff's Rule 12(b)(6) motion to dismiss the defendant's third and fifth affirmative defenses and third and fourth counterclaims,[6] and the Court DENIES the defendant's motion for summary judgment. All relief not expressly granted is denied.

It is so **ORDERED**.

SIGNED at Houston, Texas this 27th day of July, 2011.

_____
Kenneth M. Hoyt
United States District Judge

---

[5] The Court also denies the defendant's motion to strike the plaintiff's 35 U.S.C. § 271(g) claim as untimely, because the defendant was on notice of the plaintiff's general 35 U.S.C. § 271 claims when it was served with the plaintiff's original complaint.

[6] For clarity's sake, the Court is dismissing the defendant's affirmative defenses of "unenforceability due to fraud" and "patent misuse," and its counterclaims of "declaratory judgment regarding enforceability," and "patent misuse."