UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | § § § | |
| Plaintiff, | § § | C.A. NO. _____ |
| VS. | § § | JURY TRIAL DEMANDED |
| EXTENDED DISC INTERNATIONAL, LTD, | § § § | |
| Defendant. | § § | |

## COMPLAINT

COMES NOW, Plaintiff Target Training International, Ltd. ("TTI"), for its Complaint against Extended DISC International, Ltd. ("EDI"), and states and alleges as follows:

### THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business at 17785 N. Pacesetter Way, Scottsdale, Arizona 85255.

2. Upon information and belief, Defendant is a Finnish limited liability company, with its principal place of business at Riihitontuntie 14 B, 02200 Espoo, Finland.

### VENUE AND JURISDICTION

3. This action arises under the patent laws of the United States, Title 35 United States Patent Code. This Court has subject matter jurisdiction over the patent claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over EDI, since EDI has purposefully availed itself of the benefits and protections of this District by virtue of its doing business in this District,

and because the acts complained of occurred at least in part in this District. Further, EDI has systematic and continuous contacts with the forum in the form of activities purposefully directed at residents of the State, such as through its ownership of a portion of Extended DISC North America ("EDNA"), a Texas Corporation, and the current litigation results from activities that arise out of or relate to EDI's activities directed at the forum. As an owner of EDNA, EDNA customers are also EDI customers.

5. Venue is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b) since Defendant has purposefully directed their infringing activities at residents of the state, and since acts of which Plaintiff complains have occurred in this District and elsewhere in the U.S.A. As a foreign corporation, venue with respect to EDI is proper in any district under 28 U.S.C. § 1391(d).

## COUNT I
### (Patent Infringement of U.S. Patent No. 7,249,372)

6. On July 24, 2007, United States Letters Patent 7,249,372 ("the '372 patent") entitled "NETWORK BASED DOCUMENT DISTRIBUTION METHOD" was duly and legally issued in the name of inventors Bill J. Bonnstetter, David R. Bonnstetter and Rodney Cox. A copy of the aforesaid patent is attached hereto as Exhibit "1."

7. By virtue of assignment, Plaintiff is now, and at all material times has been, the owner of all right, title and interest in the '372 patent.

8. Upon information and belief, EDI has directly infringed one or more claims of the '372 patent, by performing the methods and using the systems claimed in the patent, and by one or more acts of using, offering for sale and/or selling services that perform the methods and use the systems claimed in the '372 patent, without authority to do so, all in violation of 35 U.S.C. § 271.

9. Upon information and belief, EDI has indirectly infringed one or more claims of the '372 patent, by actively inducing others to perform methods and use the systems claimed in the patent, and by one or more acts of advertising, offering for sale, and/or selling products and services that perform the methods, and use the systems and significant components claimed in the '372 patent, without authority to do so, all in violation of 35 U.S.C. § 271.

10. Further, upon information and belief, the infringing acts or steps occur in the United States and are performed either by EDI or by EDI's customers under the control, direction, instruction, urge, assistance, facilitation, and/or encouragement of EDI for the benefit of its customers and its franchisees in the United States, for which EDI receives compensation from U.S. citizens.

11. Further, upon information and belief, EDI intended to cause, direct, encourage, induce, instruct, facilitate, assist, and/or urge others to perform actions or use systems that infringe one or more claims of the '372 patent.

12. Further, upon information and belief, EDI had knowledge of the '372 patent and knew or should have known that EDI's control, direction, instruction, urge, assistance, and/or encouragement would result in infringement of one or more claims of the '372 patent.

13. Upon information and belief, EDI's products and services use and/or contain one or more significant components of the '372 patented system.

14. Further, upon information and belief, the significant components used or contained in EDI's products and services are especially designed and made for use that infringes one or more of the claims of the '372 patent.

15. Further, upon information and belief, the significant components used or contained in EDI's products and services have no significant non-infringing use.

16. EDI's customers' use of EDI's products and services using and containing one or more of the significant components of the '372 patent directly infringes one or more of the claims of the '372 patent.

17. By way of example, and without limitation, EDI's products and services, including the individual assessment Extended DISC® product ("Accused Products and Services") performs, and directs, encourages, facilitates, and/or assists the use and/or performance of the methods of Claim 1 of the '372 patent by managing the distribution of assessment documents over a wide area.

18. Further, by way of example, EDI's Accused Products and Services perform, direct, encourage, facilitate, and/or assist the use and/or performance of the methods of the '372 patent by assigning a password to an entity or entities having a level of rights.

19. Further, by way of example, EDI's Accused Products and Services perform, direct, encourage, facilitate, and/or assist the use and/or performance of the methods of the '372 patent by initializing permissions relative to the password based on the level of rights for the entity, said permissions including at least one respondent password having permissions based on the level of rights for a respondent.

20. Further, by way of example, EDI's Accused Products and Services perform, direct, encourage, facilitate, and/or assist the use and/or performance of the methods of the '372 patent by allowing the entity access to a web site on a global computer network and enabling the initialized permissions for the entity.

21. Further, by way of example, EDI's Accused Products and Services perform, direct, encourage, facilitate, and/or assist the use and/or performance of the methods of the '372 patent by providing an assessment instrument to the respondent which gauges an individual

potential employee's suitability with regards to a particular job, an individual existing employee's suitability or performance with regards to a particular job, or an individual boss's performance with regards to a particular job.

22. Further, by way of example, EDI's Accused Products and Services perform, direct, encourage, facilitate, and/or assist the use and/or performance of the methods of the '372 patent facilitating and encouraging respondents to respond to the assessment instrument, by receiving responses from the respondent to the assessment instrument; processing the responses into an assessment report; and sending the assessment report to one or more locations authorized by the permissions.

23. EDI advertises, sells, offers to sell, and/or uses the Accused Products and Services in the United States to commercial advantage by having U.S. citizens and others pay for said Accused Products and Services in the U.S.A. EDI is liable for direct and indirect infringement of the '372 patent because every step or element of the claimed method and/or significant components of the claimed system are used, performed, directed, or controlled, by EDI, or used and/or performed by EDI's customers because EDI instructs, directs, controls, encourages, facilitates, provides, and urges the use and/or performance of the claimed methods and/or significant components of the claimed system.

24. Further, by way of example, EDI imports, causes to be imported, sells and/or offers to sell Accused Products, including reports produced by a process covered by the '372 patent into the U.S.A. EDI's Accused Products and Services perform, direct, encourage, facilitate, and/or assist the use and/or performance of the process, system and/or methods of the '372 patent.

25.     Plaintiff has been damaged by EDI's direct and indirect infringement of the '372 patent and will continue to be damaged in the future unless EDI is permanently enjoined from infringing, either directly or indirectly, the '372 patent. Plaintiff has the right to exclude others, including EDI, from making, using, offering for sale or selling the invention(s) claimed in the '372 patent throughout the United States pursuant to 35 U.S.C. § 154(a). Plaintiff has the right to recover damages for infringement, including past infringement, pursuant to 35 U.S.C. § 284.

26.     Upon information and belief, EDI had both constructive and actual notice of Plaintiff's patent and in particular that said patent was duly and legally issued, and EDI is aware or should be aware that its activities directly infringe, contributorily infringe and/or induce others to infringe the '372 patent.

27.     Upon information and belief, EDI's infringement of the '372 patent is now and has been intentional, willful, and deliberate, and objectively reckless.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Target Training International, Ltd. prays for the following relief:

A.     Judgment that the '372 patent is valid, enforceable, and infringed by Defendant Extended DISC International;

B.     Judgment that infringement by Defendant Extended DISC International of the '372 patent has been and is willful;

C.     An injunction enjoining Defendant Extended DISC International, its officers, directors, subsidiaries, affiliates, franchisees, agents, servants, employees and all others under or through them, directly or indirectly, from infringing the '372 patent;

D. Judgment requiring Defendant Extended DISC International to pay damages under 35 U.S.C. § 284 for the infringement, including treble damages due to the knowing, willful and wanton nature of Defendant's conduct;

E. Judgment and order directing Defendant Extended DISC International to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

F. An award of pre-judgment interest from the date of first patent infringement to entry of judgment;

G. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues triable by jury in the case as a matter of right.

Respectfully submitted,

/s/Edmund J. Sease w/permission /s/Michael E. Wilson
Edmund J. Sease (pro have vice – pending)
Bradley J. Powers (pro have vice – pending)
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, Iowa 50309-2721
Phone: (515) 288-3667
Fax: (515) 288-1338
E-mail: sease@ipmvs.com
E-mail: brad.powers@ipmvs.com
E-mail: mvslit@ipmvs.com

Michael E. Wilson
SLUSSER WILSON & PARTRIDGE, LLP
333 Clay Street, Suite 4720
Houston, Texas 77002
Phone: (713) 860-3300
Fax: (713) 860-3333
E-mail: wilson@slusser-law.com

ATTORNEYS FOR PLAINTIFF TARGET TRAINING
INTERNATIONAL, LTD.

{00012604 / 1}                        8