UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:10-cv-03350 |
| EXTENDED DISC NORTH AMERICA, INC., | § § § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

**DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS PURSUANT TO P.R. 3-7**

Defendant, Extended DISC North America, Inc. ("EDNA"), by and through its undersigned counsel and pursuant to P.R. 3-7, respectfully requests leave to amend EDNA's Preliminary Invalidity Contentions.

**I.   INTRODUCTION**

EDNA seeks leave to amend its Invalidity Contentions with highly relevant defenses that arose after the submittal of the Preliminary Invalidity Contentions. The amendment that EDNA seeks is based on prior art that was identified in EDNA's Preliminary Invalidity Contentions and was also included in EDNA's Request for *Inter Partes* Reexamination.[1] EDNA further seeks to amend its Invalidity Contentions to include a single additional reference that was included in the reexamination request but was not identified in EDNA's Initial Invalidity Contentions. The amendment EDNA seeks would not prejudice Plaintiff Target Training International, Ltd.

---
[1] A copy of EDNA's Request for *Inter Partes* Reexamination is attached hereto as Exhibit A.

("TTI") at least because TTI has known about the reexamination (and the art cited therein) since the reexamination request was filed. The materiality of the reexamination establishes "good cause" under P.R. 3-7 for EDNA to amend its Invalidity Contentions. EDNA demonstrates herein that TTI will in no way be prejudiced by this amendment as TTI has known about the prior art references in the Request for *Inter Partes* Reexamination, and no additional discovery will be necessitated by EDNA's amendment.

Accordingly, EDNA requests leave to amend its Preliminary Invalidity Contentions to incorporate the prior art and associated invalidity arguments set forth in EDNA's Request for *Inter Partes* Reexamination (attached hereto as Exhibit A).

## II.     ISSUE TO BE RULED UPON

1. Whether EDNA should be allowed to amend its preliminary invalidity contentions where EDNA has shown good cause for such amendment and where there is no prejudice to TTI as a result of the amendment.

## III.    LEGAL STANDARD

Patent Local Rule 3-7 allows amendment to invalidity contentions upon a showing of good cause. L.R. 3-7(a). L.R. 3-7 further states that:

> (b) Good cause may include, but is not limited to, newly discovered (1) accused instrumentalities, (2) bases for claiming infringement, or (3) prior art references, provided that good cause may be found only if the party seeking leave to amend shows that it exercised diligence in seeking the newly discovered information or documents.

L.R. 3-7(b).

In addition, federal courts have broad discretion to allow amendments and consider a number of factors to determine whether good cause exists: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Arbitron, Inc., v. Int'l Demographics Inc.*, 2009 WL 166555, *1 (E.D. Tex. Jan. 16, 2009); *S & W Enters., L.L.C. v. Southtrust Bank of Alabama,* 315 F.3d 533, 536 (5th Cir. 2003).

## IV.  ARGUMENT

EDNA's Motion for Leave to Amend is based on P.R. 3-7's "good cause" basis for amendments. As stated below, EDNA's motion should be granted because:  (1) the prior art references included in the reexamination request were not available during the submittal of the Preliminary Invalidity Contentions; (2) the material that EDNA seeks to add is material and EDNA would be deprived of meritorious defenses were it excluded; and (3) TTI will not be prejudiced by the addition of the prior art identified in the reexamination because it has known about this prior art since the reexamination was filed. EDNA thus has good cause for amending the Preliminary Invalidity Contentions.

### A. Explanation for Delay

On June 6, 2011, subsequent to the filing of the Preliminary Invalidity Contentions, EDNA requested an *inter partes* re-exam of the '372 patent.  EDNA seeks to amend its Invalidity Contentions to include the request for re-exam, and the invalidity issues and arguments raised therein. The large majority of the references that appear in the re-exam appear in the Preliminary Invalidity Contentions, specifically "Sonnenfield" (U.S Patent No. 6,112,049),

3

"Williams" (U.S. Patent No. 6,873,964), and "Ibarra" (U.S. Patent No. 6,119,097) in view of "Broomhall" (U.S. Patent No. 6,292,904). The single reference that did not appear in EDNA's initial invalidity contentions is "Kershaw" (U.S. Patent No. 5,565,314).

EDNA now requests that the Request for Reexamination be incorporated into its invalidity contentions. Because the reexamination request and associated prior art was not available at the time the EDNA's Preliminary Invalidity Contentions were due, EDNA is now requesting to amend accordingly.

EDNA has also met the Court's deadline for filing final invalidity contentions (October 14, 2011).[2] EDNA's Motion to Amend is therefore timely and does not represent any unreasonable delay.

### B. Importance of the Amendment

The incorporation of the request for re-exam is highly relevant and critical to EDNA's defense against TTI's patent infringement claims. EDNA would be substantially prejudiced if the Court denied it the opportunity to incorporate the reexamination as part of its defense. This is particularly true were, as here, TTI has known about the prior art and associated arguments since they were filed with the PTO. Moreover, granting EDNA's motion for leave to add the reexamination to its invalidity contentions serves the strong public interest in eliminating invalid patents. *Neister Corp.* v. *Meanasha Corp.-Lewisytems Div.*, 739 F. 2d 1576, 1581 (Fed. Cir. 1984) ("There is a stronger public interest in the elimination of invalid patents than in the affirmation of a patent as valid."). EDNA requests that the Court use its broad discretion in this matter to allow EDNA's highly material invalidity defenses.

---

[2] See the Court's Scheduling Order (Dkt. No. 23).

### C. Potential Prejudice to the Plaintiff and Availability to Cure the Prejudice.

TTI will not be prejudiced by the amendment of EDNA's invalidity contentions. TTI is well aware of the requested additions. In fact, TTI was served with a copy of the reexamination request on June 6, 2011. *See* Exh. A. Federal Courts have weighed this factor in favor of the movant when the non-movant was aware of the potential amendments and the request was made before the discovery deadline. *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 626 (E.D. Tex. 2007) (holding that this factor weighs heavily in favor of defendant, due to plaintiff's awareness of the prior art references and the discovery deadline being four months away); *see also Arbitron, Inc.*, at *2.

The references in the request for re-exam were cited in EDNA's Preliminary Invalidity Contentions and therefore should come as no surprise to TTI.[3] TTI also cited the '372 re-exam in its claim construction briefing. The amendment would not delay the Court's schedule or the progress of the case. Federal Courts have held that "the addition of prior art references post *Markman* do not have the same implications as the addition of an entirely new patent [claim]." *Sybase, Inc. v. Vertica Sys., Inc.*, 2009 WL 4574690, *3 (E.D. Tex. Nov. 30, 2009); *Alt v. Medtronic,* 2006 WL 278868, *5 (E.D. Tex. Feb. 1, 2006). The discovery deadline in this case is more than three months away. TTI has more than adequate time to conduct discovery on any of the issues raised in EDNA's request for reexamination and, in fact, could have already conducted any necessary discovery since it has known about the reexamination request since shortly after it was filed.

The Court should allow the inclusion of the highly relevant '372 re-exam as there is no prejudice to TTI. TTI has been aware of the prior art references in the re-exam since shortly after EDNA's Preliminary Invalidity Contentions were filed. Since the prior art references in the

---

[3] The sole exception being the "Kershaw" (U.S. Patent No. 5,565,314) patent.

re-exam are not new to TTI, the Court should allow EDNA's Motion to Amend. *See Oracle Am., Inc. v. Google Inc.,* 2011 WL 3443835, *5 (N.D. Cal. Aug. 8, 2011) (granting defendant's request for leave to amend invalidity contentions based on defendant's prior art references fully disclosed in their preliminary invalidity contentions).

Since the prior art identified by EDNA consists solely of U.S. Patents, there is no additional discovery required with regard to these references. The entirety of the disclosure of each patent, including all relevant filing and issue dates, is contained within the four corners of the documents. As a result, additional discovery is not necessitated by EDNA's amendment, thereby further negating any potential prejudice.

Even assuming, *arguendo*, that additional discovery is required for some reason, ample time (approximately four months) remains before the close of discovery for TTI to properly address the re-exam. Amending EDNA's Invalidity Contentions at this stage will not cause prejudice to TTI. In the unlikely event that TTI can articulate any concerns resulting from EDNA incorporation of the re-exam request to its invalidity contentions, adequate time remains before the close of the discovery to address such concerns.

## V.     CONCLUSION

For the reasons set forth above, EDNA respectfully requests that the Court grant EDNA leave to amend its Preliminary Invalidity Contentions.

September 28, 2011               Respectfully submitted,

                                          COLLINS, EDMONDS & POGORZELSKI, PLLC

                                          By: /s/   Stephen F. Schlather
                                          Stephen F. Schlather – Lead Counsel
                                          Texas Bar No. 24007993
                                          John J. Edmonds
                                          Texas Bar No. 789758
                                          COLLINS, EDMONDS & POGORZELSKI, PLLC
                                          1616 S. Voss Road, Suite 125
                                          Houston, Texas 77057
                                          Telephone: (713) 364-2371
                                          Facsimile: (832) 415-2535
                                          sschlather@cepiplaw.com
                                          jedmonds@cepiplaw.com

                                          ATTORNEYS FOR DEFENDANT,
                                          EXTENDED DISC NORTH AMERICA, INC.

## CERTIFICATE OF CONFERENCE

     The undersigned certifies pursuant to LR 7.1 that he has conferred in good faith with counsel for Plaintiff by phone, and that counsel cannot agree about the disposition of this motion.

September 28, 2011                                      /s/ Stephen Schlather
                                                            Stephen Schlather

## CERTIFICATE OF SERVICE

     I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

September 28, 2011                                      /s/ Stephen Schlather
                                                            Stephen Schlather