UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 4:10-cv-03350<br><br>Judge Kenneth M. Hoyt |
| Plaintiff, | | |
| v. | | |
| EXTENDED DISC NORTH AMERICA, INC., | | |
| Defendant. | | |

**TARGET TRAINING INTERNATIONAL'S MOTION TO AMEND PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c) Plaintiff, Target Training International, Ltd. ("TTI"), files this Motion to Amend Protective Order to allow discovery in this case to be used in the parallel case against this defendant's foreign franchisor.

TTI filed a related case in this district against EDNA's franchisor, Extended DISC International (EDI) (Case No. 4:11-cv-02531), when it was refused the right to join the foreign franchisor. Now EDI (foreign franchisor) has filed a motion to dismiss for lack of personal jurisdiction, alleging that EDI does not have minimum contacts with the United States. However, documents and testimony produced in this case show many of the foreign franchisor's assertions to be false.

TTI seeks permission to use discovery obtained from EDNA in the case against EDI, *inter alia*, to oppose EDI's motion to dismiss. Thus in order to permit use of this information, TTI requires modification of Section 6A as provided in Exhibit #1. TTI submits that EDNA

will not suffer any prejudice from this modification as EDI already has audit rights with respect to EDNA and, as such, already has a legal right to see the information which has been provided by EDNA in this matter.  The U.S. franchisee and the foreign franchisor are obviously conspiring to make proofs as difficult as possible for the Plaintiff.  As a result, TTI respectfully requests that this Court adopt the modified version of Section 6A as provided in Exhibit #1.

On October 11, 2011, TTI, through its attorney Brad Powers, contacted counsel for EDNA in an attempt to obtain EDNA's position regarding this motion.  Despite multiple contacts between counsel for the parties in an attempt to meet and confer on this issue, EDNA has not taken a position as to whether it agrees with or opposes this motion.  Because of the timing concerns in the case against EDI, TTI is no longer able to wait on a decision and brings the present motion.

**I.     ISSUE PRESENTED**

Should this Court modify the Protective Order in this Case to permit the use of discovery obtained from a Franchisor in a related litigation against the Franchisee?

**II.    MODIFICATION OF A PROTECTIVE ORDER SHALL ONLY BE DENIED WHERE IT WILL TANGIBLY PREJUDICE SUBSTANTIAL RIGHTS OF THE PARTY OPPOSING MODIFICATION**

It is well recognized that "the court that entered [a protective] order retains the power to modify it."  *See In re United States' Motion to Modify Sealing Orders*, No. 5:03 MC 2, 2004 WL 5584146, at *1 (E.D. Tex. June 8, 2004) (citing *Pub. Citizens v. Liggett Group, Inc.*, 858 F.2d 775, 781 (1st Cir. 1988), *cert. denied*, 488 U.S. 1030 (1989); *In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987), *cert. denied*, 484 U.S. 953 (1987)).  Moreover, modification of a protective order is within the discretion of the trial court.  *See id.* at *2 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

When considering modification of a protective order the Fifth Circuit "embraces a flexible approach" and has rejected the restrictive approach requiring an extraordinary circumstance. *See id.* at *3.

The cornerstone Fifth Circuit case permitting modification of a protective order is *Superior Oil Co. v. American Petrofina Co.*, 785 F.2d 130 (5th Cir. 1986) (per curiam). *See In re U.S. Motion to Modify Sealing Orders*, 2004 WL 5584146, at *4 (citing *Sup. Oil*, 785 F.2d 130). In *Superior Oil*, the court stated, "we are persuaded by the rationale of Judge Wisdom, sitting by designation, in *Wilk v. American Medical Ass'n*, 635 F.2d 1295 (7th Cir. 1980). *See Sup. Oil*, 785 F.2d at 130 (citing *Wilk*, 635 F.2d 1295). A district court in the Eastern District of Texas recently expounded on the "flexible approach" quoting the pertinent language in *Wilk*:

> "Rule 1 of the Federal Rules requires the Rules to be construed 'to secure the just, speedy, and inexpensive determination of every action' We therefore agree with the result reached by every other appellate court which has considered the issue, and hold that where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, <u>such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification</u>. Once such prejudice is demonstrated, however, the district court has broad discretion in judging whether that injury outweighs the benefits of any possible modification of the protective order."

*In re U.S. Motion to Modify Sealing Orders*, 2004 WL 5584146, at *4 (emphasis added) (quoting *Wilk*, 635 F.2d at 1299 (citations omitted)).  Thus, when determining whether to grant a motion to amend a protective order, the trial court is to focus on whether the substantial rights of the party opposing the motion will be tangibly prejudiced by the modification and on the benefits of modification. *See id.* Even if the substantial rights of the party opposing the modification will be tangibly prejudiced the court is to balance the prejudice with the benefits of modification. *See id.* In this matter, the substantial rights of Extended DISC North America, Ltd. ("EDNA") are not tangibly prejudiced by the proposed

modification.  Even, if EDNA were to be prejudiced by the modification, the benefits of modification outweigh any possible injury.

### III. EDNA'S SUBSTANTIAL RIGHTS ARE NOT TANGIBLY PREJUDICED BY MODIFCATION OF THE PROTECTIVE ORDER

Under Fifth Circuit law, the standard for modification of a protective order is that the motion for modification of the protective order **shall be granted unless the substantial rights of the party opposing modification will be tangibly prejudiced** and that prejudice outweighs the benefits of modification.  *See In re U.S. Motion to Modify Sealing Orders*, 2004 WL 5584146, at *4 (quoting *Wilk*, 635 F.2d at 1299 (citations omitted)).  The modification sought in this motion does not prejudice EDNA at all.  The purpose of the modification in this matter is to permit use of discovery in this case in the related case against EDI (Case No. 4:11-cv-02531), captioned Target Training International, Ltd. v. Extended DISC International, Ltd. ("the EDI case"), which is also pending in this district.

One example of the information which would be used is the franchise agreement between EDNA (the franchisee) and EDI (the franchisor).  There can be no reasonable prejudice to EDNA's substantial rights by disclosing the franchise agreement to EDI, a party to the Agreement.  Similarly TTI will need to use other information regarding the operational structure between EDI and EDNA which results in the infringement of TTI's patent.  Because EDI is part of this distribution system, such information is clearly known to EDI.  Moreover, pursuant to the Franchise Agreement, EDI is entitled to obtain this information from EDNA. (Docket No. 94-2).

This small Plaintiff is already burdened with the two patent litigations that involve closely related facts and related parties.  This is compounded by one being located in Finland.  This modification will at least help defray duplicate costs and efforts.

### IV. ANY POSSIBLE PREJUDICE TO EDNA IS OUTWEIGHED BY THE BENEFITS OF THE MODIFICATION

Even assuming EDNA experiences some type of tangible prejudice to its substantial rights by the proposed modification of the protective order the benefits of modification outweigh any prejudice EDNA may experience.  Under the Fifth Circuit standard for modifying a protective order, the motion for modification of protective order shall be granted unless the substantial rights of party opposing modification will be tangibly prejudiced **and that prejudice outweighs the benefits of modification**.  *See In re U.S. Motion to Modify Sealing Orders*, 2004 WL 5584146, at *4 (quoting *Wilk*, 635 F.2d at 1299 (citations omitted)).

## V.    CONCLUSION

WHEREFORE, because EDNA's substantial rights will not be tangibly prejudiced, the benefits of the modification outweigh any perceivable prejudice, and the good cause standard of Federal Rule of Civil Procedure 26(c) is not served by denying this motion, TTI requests that this Court grant its Motion to Amend Protective Order and issue an Order in the form attached in Exhibit #1.

Respectfully submitted,


/s/ Edmund J. Sease

Edmund J. Sease
R. Scott Johnson
Bradley J. Powers
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone:  515-288-3667
Fax:  515-288-1338
Email:  sease@ipmvs.com
Email:  scott.johnson@ipmvs.com
Email:  brad.powers@ipmvs.com
Email:  mvslit@ipmvs.com


Michael E. Wilson
Fulbright & Jaworski, LLP
1301 McKinney
Suite 5100
Houston, TX  77010
Phone:  713-651-5420
Fax:  713-651-5246
Email:  mikewilson@fulbright.com

*ATTORNEYS FOR PLAINTIFF TARGET TRAINING INTERNATIONAL, LTD.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 19, 2011, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Stephen F. Schlather
John J. Edmonds
Collins, Edmonds & Pogorzelski, PLLC
1616 S. Voss Rd., Suite 125
Houston, TX 77057
Phone: (281) 501-3425
Fax: (832) 415-2535
Email: sschlather@cepiplaw.com
Email: jedmonds@cepiplaw.com

              /s/ Edmund J. Sease