UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:10-cv-03350 |
| EXTENDED DISC NORTH AMERICA, INC., | § § § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## EXTENDED DISC NORTH AMERICA'S MOTION FOR PROTECTIVE ORDER

Extended DISC North America, Inc. ("EDNA") respectfully requests this Court to grant its Motion for Protective Order preventing the use or reference by Target Training International, Ltd. ("TTI") of the October 28th expert report of Dr. Richard Cooper.

### I.   RELEVANT FACTUAL BACKGROUND

In accordance with the Scheduling Order agreed to by the parties at the outset of this case, the parties' initial expert reports were due on October 28, 2011. *See* Dkt. No. 23. EDNA complied with the Court's Scheduling Order by timely serving Dr. Cooper's expert report concerning invalidity of U.S. Patent No. 7,249,372 ("the '372 patent") on October 28, 2011.

TTI did not serve its opening expert reports on October 28, 2011. Instead, TTI relied on its then pending motion for extension of time. (Dkt. No. 131). TTI's motion was predicated solely by TTI's lack of diligence in timely identifying and disclosing its experts. As a result, those experts being unable to view materials designated at "Confidential" or "Highly Confidential" until after the deadline for service of expert reports. *See id.*

On November 3, 2011, the Court ultimately granted TTI's motion and extended the deadline for service of expert reports until November 11, 2011. (Dkt. No. 139). However, as noted above, by then the October 28, 2011 deadline for expert reports had already passed. Unlike TTI, EDNA did not let the Court's deadline pass due to a pending motion for extension. Rather, EDNA had already served the Cooper report, in accordance with the Court's original deadline, by the time the Court granted TTI's motion for extension.

In accordance with the amended deadlines, the parties then served their respective expert reports on November 11, 2011. Dr. Cooper's November 11th report concerning invalidity naturally contained additions and revisions from his October 28th report, as Dr. Cooper had two additional weeks to work on his report.

EDNA has repeatedly requested that TTI agree to disregard Dr. Cooper's October 28th report. EDNA originally raised this issue with TTI on November 11, 2011. Numerous subsequent attempts have been made by EDNA to resolve this issue. However, TTI has refused to agree to EDNA's fair and reasonable request.

EDNA filed this exact motion on January 5, 2012. Dkt. No. 154. Subsequently, on January 9, 2012 the Court struck the motion for protective order while concurrently striking TTI's motion for extension of time to extend the discovery period. Dkt. No. 157. The Court ordered the parties to resolve the discovery issues that were currently disputed.

Pursuant to the Court's January 9, 2012 Order, EDNA has diligently attempted to meet and confer with TTI regarding excluding Dr. Cooper's October 28th report. On January 16, 2012 TTI finally met and conferred with EDNA revealing that it would indeed use Dr. Cooper's October 28th report in its deposition questioning of Dr. Cooper on January 17, 2012.

## II.     ARGUMENT

As a matter of fundamental fairness, EDNA should not be prejudiced by choosing to comply with the Court's deadline rather than risk that TTI's motion for extension would be denied. EDNA fully complied with this Court's Scheduling Order by serving Dr. Cooper's invalidity expert report while TTI chose not to serve any expert reports on October 28, 2011. Now, TTI has stated that it intends to question Dr. Cooper in his upcoming deposition on January 17, 2012 about differences between his expert report concerning invalidity served on October 28, 2011 and the one served November 11, 2011. EDNA should not be prejudiced for complying with this Court's Scheduling Order. Dr. Cooper's first timely served expert report should be off limits in light of the foregoing.

Further, under the circumstances, any differences between Dr. Cooper's October 28th report and his November 11th report are wholly irrelevant and any marginal relevance of such differences would nonetheless be outweighed by the unfair prejudice to EDNA of having its expert grilled or attempted to be discredited, because EDNA complied with the Court's deadline rather than risk missing a critical deadline in the event that TTI's Motion for Extension was denied. Thus, aside from fundamental fairness, under Federal Rule of Civil Procedure 403, any reference to or use of the October 28th Cooper Report should be precluded.

## III.     CONCLUSION

For the reasons set forth above, EDNA respectfully requests that the Court grant this motion and enter a Protective Order preventing TTI from referencing, referring to, or otherwise using Dr. Cooper's October 28th report.

January 16, 2012                              Respectfully submitted,

                                                       EXTENDED DISC NORTH AMERICA, INC.

                                                       By: /s/ *Stephen F. Schlather*
                                                       Stephen F. Schlather – LEAD COUNSEL
                                                       Texas Bar No. 24007993
                                                       John J. Edmonds
                                                       Texas Bar No. 789758
                                                       Joshua B. Long
                                                       Texas Bar No. 24078876
                                                       COLLINS, EDMONDS & POGORZELSKI, PLLC
                                                       1616 S. Voss Rd., Suite 125
                                                       Houston, Texas 77057
                                                       Telephone: (281) 501-3425
                                                       Facsimile: (832) 415-2535
                                                       sschlather@cepiplaw.com
                                                       jedmonds@cepiplaw.com
                                                       jlong@cepiplaw.com

                                                       ATTORNEYS FOR DEFENDANT
                                                       EXTENDED DISC NORTH AMERICA, INC

## **CERTIFICATE OF CONFERENCE**

       The undersigned certifies pursuant to LR 7.1 that he has conferred in good faith with counsel for Plaintiff by e-mail and telephone, and that counsel cannot agree about the disposition of this motion.

January 16, 2012                                        /s/ *Stephen F. Schlather*
                                                                Stephen F. Schlather

## **CERTIFICATE OF SERVICE**

       I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

January 16, 2012                                        /s/ *Stephen F. Schlather*
                                                                Stephen F. Schlather