**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | § § § | Civil Action No. 4:10-cv-03350 |
| Plaintiff, | § § | |
| v. | § § | |
| EXTENDED DISC NORTH AMERICA, INC., | § § § | |
| Defendant. | § § | JURY TRIAL DEMANDED |

**EXTENDED DISC NORTH AMERICA'S RENEWED MOTION TO STAY LITIGATION
PENDING REEXAMINATION IN VIEW OF FINAL REJECTION OF
ALL ASSERTED CLAIMS**

**I.     INTRODUCTION**

All claims of U.S. Patent No. 7,249,372 ("the '372 patent") now stand <u>finally</u> rejected by

the U.S. Patent & Trademark Office ("PTO"). On January 6, 2012, a final office action ("Final

Office Action") was issued in the reexamination proceedings of the '372 patent finally rejecting

all of the pending claims. Exhibit A. Accordingly, Defendant Extended DISC North America,

Inc. ("EDNA") now requests that the Court stay this case because the fate of the claims asserted

in this case is now clear – they have received a final rejection from the Patent Office and the

chances of that being reversed on appeal are slim.

**II.    SUBSTANTIAL PRECEDENT EXISTS WHERE FEDERAL COURTS HAVE
STAYED CASES DUE TO THE PTO ISSUING A <u>FINAL</u> REJECTION OF
ASSERTED CLAIMS**

EDNA does not seek to burden this Court with the same arguments it made in previous

motions to stay. However, it should be noted that EDNA filed motions to stay when the request

for reexamination was granted and when the Patent Office issued a first office action rejecting all

claims.  Thus, EDNA's diligence on this issue is clear.  The Court denied EDNA's prior motions to stay, presumably based upon TTI's strong statements that it expected to prevail in the reexamination proceedings – expectations that that have now been shown to lack merit.  Looking to the issue now at hand, i.e., the final rejection of all claims, substantial precedent exists where federal courts have stayed cases under the same circumstances.

In *Alps South*, the court had previously denied a motion to stay pending an *ex parte* reexamination. *Alps S., LLC v. Ohio Willow Wood Co.*, 2011 WL 899627, *2 (M.D. Fla. Mar. 15, 2011) (Ex. A).  After a final rejection was issued by the PTO invalidating all of the asserted claims of the patent-in-suit, the defendant filed a renewed motion to stay. *Id.* The court held that the majority of the factors weighed in favor of a stay because the benefit of expertise provided by the PTO aided both the parties and the court. *Id.* Further, the court held that a stay would also "preserve judicial resources and the cost of litigation to the parties." *Id.*

As in *Alps South*, this Court previously denied EDNA's motion to stay. However, due to the recent issuance of the final rejection of all asserted claims of the '372 patent by the PTO, a stay is warranted at least in order to preserve judicial resources and costs of litigation to the parties.

Similarly, in *ICI Uniqema, Inc. v. Kobo Products, Inc.,* the court granted the defendant's motion to stay the case following a final rejection by the PTO in reexam. 2009 WL 4034829, *3 (D.N.J. Nov. 20, 2009) (Ex. B).  The court found that the patentee failed to show undue prejudice from a stay.  The *ICI* Court further reasoned that:

> A stay would prevent resources from being expended on invalid or amended claims. As Kobo notes, the PTO has rejected all claims in the [patent-in-suit], and if the claims remain so, issues relating to those claims would no longer need to be litigated in this action. The Court finds that the PTO's reexamination will be beneficial to the litigation.

*Id.* at *2 (quoting *Ethicon,* 849 F.2d at 1428).

As in *ICI*, the PTO's reexamination will be beneficial to this litigation as it will simplify the case as a result of the cancellation, clarification or limitation of the asserted claims.

### III.   FACT SUMMARY

On September 19, 2011, EDNA filed a motion to stay this case in view of the PTO rejecting all claims of the '372 patent in the *ex parte* reexamination proceeding.  Dkt. No. 114. Based upon TTI's strong statements that it expected to overcome the PTO's rejection, on October 4, 2011, the Court denied EDNA's motion to stay.  Dkt. No. 125.

EDNA respectfully submits that since the Court's initial denial of stay, the facts of this case have significantly changed and a stay is now warranted. Each of the asserted claims has been initially rejected and now <u>finally rejected</u> by the PTO despite TTI's best arguments submitted in an attempt to maintain patentability. Ex. C. In light of the PTO's recent decision finally rejecting all claims, it is clear that TTI's asserted claims against EDNA – claims 1, 2 and 5-11 of the '372 patent – are likely invalid and that TTI's hope of prevailing in reexamination was unfounded. While TTI's patent has not been invalidated yet (TTI may still appeal the PTO's final rejection), proceeding with this case during any appellate process of the final rejection of the asserted claims would constitute a continued waste of judicial resources and would greatly prejudice EDNA at least because EDNA will be forced to incur the significant costs of defending itself against a patent that is, at best, on its last leg.

In addition, many of the reasons given by TTI for opposing EDNA's prior motions to stay have proven themselves to be untrue.  For instance, early on TTI claimed that the reexamination process will "likely take approximately two years."  Dkt. No. 57, pg. 3.  To date, the process has taken less than one year from filing to final rejection.  Most recently, TTI stated

in a sworn declaration that "it is not uncommon for the reexamination process to continue for more than two years after the issuance of the initial office action. Dkt. No. 120, pp. 7-8. In reality, it took the PTO less than 5 months to finally reject all of the claims of the '372 patent from the time it issued the initial office action rejecting all claims.

Similarly, TTI stated to the Court that it "expects that it will likewise be able to swear behind the references submitted in the reexamination." *Id*. Again, TTI's "expectation" has proven to be unfounded. The Patent Examiner specifically considered and rejected TTI's attempts to "swear behind" the cited references. Ex. C, pp. 6-7 and 60. Specifically, the Examiner found that "the evidence and declaration provided are insufficient to show conception of the invention of claims 1-11." *Id* at 6. Ultimately, the Examiner concluded that "the Affidavit/Delcaration Under 37 CFR 1.131 [attempting to "swear behind" the cited prior art references] is not sufficient to prove conception or diligence in order to overcome the previous rejections." *Id*.

## III.   ISSUE PRESENTED

Whether the Court should stay this litigation in light of the recent final rejection of all of the asserted claims of the '372 patent by the PTO.

## IV.   LEGAL PRINCIPLES

### A.      A Liberal Policy Exists for Staying Litigation Pending Reexamination

"The stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation." *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985). Indeed, one of Congress's primary purposes in creating the reexamination procedure was to "permit efficient resolution of questions about the validity of issued patents without recourse to expensive and lengthy infringement litigation" H.R. Rep. No. 1307, 96th

Cong., 2d Sess. 4, reprinted in 1980 U.S.C.C.A.N. 6460, 6463; *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled)").

### B.    Three-Factor Analysis For Determining Whether A Stay is Proper, and Potential Benefits of a Stay

Courts generally analyze three factors in deciding to stay a case pending reexamination: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Cameras Onsite*, at *2 (citing, *Echostar Tech. Corp. v. Tivo, Inc.,* 2006 WL 2501494 at *4 (E.D. Tex. July 14, 2006). Additionally, the *Echostar* court noted a number of potential benefits that result from a stay, including: (1) the suit will likely be dismissed if the PTO determines the claim to be invalid; (2) "[t]he outcome of the reexamination may encourage a settlement without the further use of the Court;" (3) "[t]he record of the reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation;" and (4) "[t]he cost will likely be reduced for both the parties and the Court." *Echostar,* at **4-5 (Ex. D).

### V.   THE COURT SHOULD STAY THIS ACTION PENDING REEXAMINATION OF THE '372 PATENT

#### A.  The Current Stage of the Litigation

EDNA is mindful that this case has progressed substantially; however, even completion of discovery does not necessarily weigh against staying a patent infringement action. courts routinely stay litigation where the request occurs after the close of discovery, following the filing of dispositive motions and even on the eve of trial. *See, e.g., Gould v. Control Laser Corp.,* 705

F.2d 1340, 1342 (Fed. Cir. 1983) (granting motion to stay proceedings that were five years into litigation and twenty days before scheduled trial date); *Middleton, Inc. v. Minn. Mining & Mfg. Co.*, 2004 U.S. Dist. LEXIS 16812, at *35 (S.D. Iowa 2004) (granting motion to stay proceedings that were eight years after start of litigation and less than two months before trial); *Loffland Bros. Co. v. Mid-Western Energy Corp.*, 225 U.S.P.Q. 886, 887 (W.D. Okla. 1985) (granting motion to stay proceedings after significant discovery, rulings on dispositive motions, pretrial conference and setting of initial trial date); *see also Motson v. Franklin Covey Co.*, 2005 WL 3465664, at *2 (D. N.J. 2005) (granting stay despite discovery being complete and summary judgment decided) (Ex. E); *Softview*, 56 U.S.P.Q.2d at 1636 (granting stay after summary judgment motions were served); *Robert H. Harris Co.*, 19 U.S.P.Q.2d at 1789 (granting stay one month prior to trial date). The primary reason that courts appear to deny stays late in a case is because the moving party was not diligent in seeking a stay.  However, EDNA has been diligent in urging this Court to stay this case in view of the reexamination proceedings in which EDNA expected the '372 claims would be finally rejected – an expectation that has now come to fruition.  Further, in the present case, there are considerable benefits to a stay pending the reexamination process, including reducing the significant burden on the Court and the parties of litigating a patent that is on life support, at best.  Although this case has advanced past its early stages, there remains significant work to be done – including remaining discovery, dispositive motions and trial.  These are significant events and will require significant time from the Court and significant time and expense from the parties.

    TTI would not be unduly prejudiced by a stay. Should this case proceed, inconsistent conclusions could be reached between the Court and the PTO as to the final resolution of the asserted claims. As noted above, it is very likely that the asserted claims will not survive as they

currently stand due to the PTO's final rejection. A stay of this case will not put TTI at a clear tactical disadvantage.  To the contrary, a stay will prevent TTI – as well as EDNA and the Court – from expending time and resources litigating claims that have been found, on final analysis, to be invalid by the PTO.

### B.  A Stay Will Simplify the Issues and Streamline the Trial (if any Trial is Ever Needed)

An invalid patent claim cannot be infringed. Invalidation of the '372 patent moots all issues in this case. *Broadcast Innovation, LLC*, 2006 WL 1897165, at *2 & *10 ("If no claims survive, neither does the court's work....Neither the Court nor the parties should expend additional resources when it is uncertain which, if any, of the four asserted claims will survive the reexamination process.") (Ex. F).  The PTO's final rejection of all claims of the '372 patent is very unlikely to be reversed, and, as a result, no trial is warranted.

As described above, TTI's stated "strategy" for overcoming the Patent Examiner's rejections has failed on all accounts.  The Court should recognize that the practical result of TTI's failed attempts to save its patent are doing nothing more than causing a needless waste of resources by the parties and the Court.

### C.  A Stay Will Lessen the Burden of Litigation on the Parties and on the Court

As this Court has recognized, "a stay may be appropriate to avoid duplicative or contradictory findings as to the patent's validity." *Tesco Corp. v. Weatherford Int'l, Inc.*, 722 F. Supp. 2d 755, 764 (S.D. Tex. 2010).

Considering that the PTO has now finally rejected each and every pending claim in the '372 patent, including the 58 new claims that TTI attempted to add during the reexamination, the proverbial "writing is on the wall." A stay pending all appeals from the reexamination process

avoids wasting additional efforts on issues that will ultimately be irrelevant: "It would be an egregious waste of both the parties' and the Court's resources if the *Markman* and summary judgment proceedings went forward and the claims were subsequently declared invalid or were amended as a result of the reexamination proceedings." *Echostar*, 2006 WL 2501494, at *4.

TTI is very unlikely to overcome the PTO's final rejection of all the claims. Thus, the need for submission of summary judgment briefing and for a trial are now likely eliminated entirely. Continuing with this case creates the risk that further work done by the parties and by the Court will be a nullity and a waste of valuable time and resources.

## VI.   CONCLUSION

For the foregoing reasons, EDNA requests that the Court stay this litigation the outcome of all appeals from the final rejection of the '372 patent.

January 22, 2012                                  Respectfully submitted,

                                                  EXTENDED DISC NORTH AMERICA, INC.

                                                  By: /s/ *Joshua B. Long*
                                                  Stephen F. Schlather – LEAD COUNSEL
                                                  Texas Bar No. 24007993
                                                  John J. Edmonds
                                                  Texas Bar No. 789758
                                                  Joshua B. Long
                                                  Texas Bar No. 24078876
                                                  COLLINS, EDMONDS & POGORZELSKI, PLLC
                                                  1616 S. Voss Rd., Suite 125
                                                  Houston, Texas 77057
                                                  Telephone: (281) 501-3425
                                                  Facsimile: (832) 415-2535
                                                  sschlather@cepiplaw.com
                                                  jedmonds@cepiplaw.com
                                                  jlong@cepiplaw.com

                                                  ATTORNEYS FOR DEFENDANT
                                                  EXTENDED DISC NORTH AMERICA, INC.

## CERTIFICATE OF CONFERENCE

The undersigned certifies pursuant to LR 7.1 that he and/or other attorneys representing EDNA have conferred in good faith with counsel for Plaintiff by telephone, e-mail and in person, and that counsel cannot agree about the disposition of this motion.

January 22, 2012                                        /s/ *Joshua B. Long*
                                                        Joshua B. Long

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.


January 22, 2012                                        /s/ *Joshua B. Long*
                                                        Joshua B. Long