2011 WL 899627
Only the Westlaw citation is currently available.
United States District Court,
M.D. Florida.

ALPS SOUTH, LLC, a Florida limited liability company, Plaintiff,
v.
THE OHIO WILLOW WOOD COMPANY, an Ohio corporation, Defendant.

No. 8:09-CV-386-T-EAK. | March 15, 2011.

**Attorneys and Law Firms**

David W. Wicklund, Shumaker, Loop & Kendrick, LLP, Toledo, OH, Jason Paul Stearns, John Todd Timmerman, Mindi M. Richter, Ronald A. Christaldi, Shumaker, Loop & Kendrick, LLP, Tampa, FL, for Plaintiff.

F. Michael Speed, Jr., Jeffrey S. Standley, Michael R. Stonebrook, Standley Law Group, LLP, Dublin, OH, Benjamin H. Hill, III, Patrick J. Risch, William Cooper Guerrant, Jr., State Attorney's Office, Tampa, FL, for Defendant.

**Opinion**

*ORDER ON DEFENDANT'S RENEWED MOTION TO STAY*

KOVACHEVICH, J.

*1 This cause is before this Court on Defendant's, THE OHIO WILLOW WOOD COMPANY ("Willow Wood"), renewed motion to stay (Doc. 92) and Plaintiff's, ALPS SOUTH, LLC ("Alps"), response thereto (Doc. 96). Willow Wood contends that because the United States Patent and Trademark Office ("PTO") has issued a Final Office Action rejecting each claim asserted in the instant case (Doc. 92 Ex 2), this Court should stay this action pending resolution of the reexamination. For the reasons set forth below, Defendant's renewed motion to stay will be GRANTED.

**I. Statement of Facts**

Alps filed this action for patent infringement under the United States Patent Law, 35 U.S.C. § 271, et seq., on March 3, 2009, alleging Willow Wood, a competitor in the business of selling and manufacturing gel liners for prosthetic products, was infringing on United States Patent No. 7,344,568 (" '568 patent"). Willow Wood requested the PTO conduct an ex-parte reexamination of patent '568 on November 13, 2009. On November 17, 2009, Willow Wood filed a motion to stay pursuant to its request for reexamination of patent '568, which this Court denied on June 16, 2010. (Doc. 52). This Court's denial of Willow Wood's motion to stay came after reexamination had been granted, but preceding the Final Office Action by the PTO on January 2, 2011. (Doc. 92-2). As of the final office action of on January 7, 2011, the PTO has rejected all claims asserted in the present litigation against Willow Wood. (Doc 92-2).

**II. Discussion**

"[I]t is entirely within the discretion of the District Court to order a stay pending conclusion of a reexamination by the [Patent and Trademark Office]." *Lentek Int'l, Inc. v. Sharper Image Corp.,* 169 F.Supp.2d 1360, 1362 (M.D.Fla.2001) (citing *Ethicon Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed.Cir.1988); *ASCII Corp. v. STD Entm't USA, Inc.,* 844 F.Supp. 1378, 1379 (N.D.Cal.1994)). There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of the Patent and Trademark Office reexamination proceedings. *Freedom Scientific, Inc. v. GW Micro,* Inc., No. 8:08-cv-1365-T-33TBM, 2009 WL 2423095, *1 (M.D.Fla. July 29, 2009).

Reexamination of patent validity is authorized by 35 U.S.C. § 301, et seq., and "the sponsors of the patent reexamination legislation clearly favored the liberal grant of stays by the district courts when patents are submitted for reexamination as a mechanism for settling disputes quickly and less expensively and for providing the district courts with the expertise of the patent office." *Lentek Int'l,* 169 F. Supp 2d at 1362. "One purpose of the reexamination procedure is to eliminate trial of [the patent validity] issue ... or to facilitate trial of that issue by providing the district court with the expert view of the [Patent and Trademark Office] (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed.Cir.1983).

*2 A determination whether to stay litigation pending a PTO reexamination requires consideration of whether a stay (1) would unduly prejudice or tactically disadvantage the opposing party, (2) would simplify the issues and streamline the trial, and (3) would lessen the burden of litigation on the court and the parties. *See Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.,* 2004 WL 422697, at *1

**Alps South, LLC v. Ohio Willow Wood Co., Slip Copy (2011)**

(N.D.Ill. March 3, 2004).

This Court notes the recent decision to grant a stay in Case No. 8:08-cv-01893-VMC-MAP styled *Alps South, LLC v. The Ohio Willow Wood Company* pending Final Office Action in reexamination of United States Patent No. 6,552, 109 (" '109 patent"). Just as this Court initially denied Willow Wood's motion to stay, so too did the Court in the case relating to the '109 patent. Upon the issuance of the PTO's final rejection of all asserted claims, the '109 patent Court granted Willow Wood's renewed motion to stay, despite the progression of the case past discovery and summary judgment briefing. Alps contends that it would suffer prejudice as present litigation has proceeded the past summary judgment stage; however, this Court does not find the posture of the present action to be warrant denial of Willow Wood's motion to stay. Alps further contend that reexamination is a long process and that it will be burdened with royalty and licensing fees associated with the patent.

This Court finds the majority of factors weigh in favor of granting Willow Wood's motion to stay. The benefit of expertise provided by the PTO will aid both the parties and this Court. *United Sweetner USA, Inc. v. Nutrasweet Co.,* 766 F.Supp. 212, 217 (D.Del.1991) ("we believe that waiting for the outcome of the PTO reexamination would be the most useful option in that it would simplify issues and aid in preparation of trial."); *Ohio Willow Wood Company v. Alps South Corp.,* 2:04-cv-1223-GLF-MRA (S.D.Ohio Nov. 22, 2006) ("reexamination could indeed simplify the issues"). A stay will also preserve judicial resources and the cost of litigation to the parties by allowing the PTO to fully address potential claim limitations. *Gould,* 705 F.2d at 1342 ("one purpose of the reexamination procedure is to elimination trial of [the validity issue].") Accordingly, it is:

ORDERED that Willow Wood's renewed motion to stay (Doc. 92) is GRANTED. This action is STAYED pending conclusion of the reexamination proceedings. The parties are required to file a status update with the Court every six months, the first of which is due on September 30, 2011. The parties are further directed to file a notice with this Court upon the completion of the reexamination process. The Clerk of the Court is directed to ADMINISTRATIVELY CLOSE this case.

DONE and ORDERED.

**End of Document**         © 2012 Thomson Reuters. No claim to original U.S. Government Works.