2006 WL 2501494
Only the Westlaw citation is currently available.
United States District Court,
E.D. Texas, Texarkana Division.

ECHOSTAR TECHNOLOGIES CORP., Plaintiff,
v.
TIVO, INC., et. al., Defendant.

No. 5:05 CV 81 DF. | July 14, 2006.

**Attorneys and Law Firms**

Charles S. Barquist, Martin M. Noonen, Morrison & Foerster LLP, Los Angeles, CA, Damon Michael Young, John Michael Pickett, Young Pickett & Lee, Texarkana, TX, Harold J. McElhinny, Rachel Krevans, Morrison & Foerster LLP, San Francisco, CA, Karl J. Kramer, Marc J. Pernick, Timur S. Engin, Morrison & Foerster, Palo Alto, CA, for Plaintiff.

Christine W. S. Byrd, Crawford Maclain Wells, Adam S. Hoffman, Jeffrey L. Arrington, Morgan Chu, Perry M. Goldberg, Richard M. Birnholz, Irell & Manella, Los Angeles, CA, Samuel Franklin Baxter, Attorney at Law, Marshall, TX, Babak Redjaian, Irell & Manella, Newport Beach, Newport Beach, CA, Garret Wesley Chambers, Kristi Jean Thomas, McKool Smith, Dallas, TX, for Defendant.

**Opinion**

*ORDER*

CRAVEN, Magistrate J.

**\*1** Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, Defendants' Motion to Stay (Docket Entry # 120) was referred to the Honorable Caroline M. Craven for the purposes of hearing and determining said motion. The Court, having considered the motion, response, and all relevant pleadings, is of the opinion the motion should be GRANTED.

*I.*

**BACKGROUND**

Plaintiff EchoStar Technologies Corporation ("Plaintiff") brings this cause of action against Defendants TiVo, Inc. ("TiVo") and Humax USA, Inc. ("Humax") (collectively "Defendants") alleging infringement, contributory infringement and/or inducement to infringe U.S. Patent No. 5,774,186 ("the '186 patent"), U.S. Patent No. 6,529,685 ("the '685 patent"), and U.S. Patent No. 6,208,804 ("the '804 patent"). Defendants generally deny these allegations and assert various affirmative defenses, which include non-infringement, invalidity and inequitable conduct. Additionally, Defendants assert counterclaims against Plaintiff for a declaratory judgment of non-infringement and invalidity of the patents-in-suit.

In the present matter before the Court, Defendants move the Court for a stay of this action in light of patent reexamination proceedings before the United States Patent & Trademark Office ("PTO"). According to Defendants, on May 25 and 26, and June 9, 2006, they filed requests for reexamination asking the PTO to reexamine and assess the patentability of all asserted claims of the three patents-in-suit. Defendants have requested an *ex partes* reexamination of the '186 and '804 patents and an *inter partes* reexamination of the '685 patent. Defendants assert substantial time and resources will be saved by staying the current proceedings in light of reexamination by the PTO.

*II.*

**APPLICABLE LAW**

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.Com,* 356 F.Supp.2d 660, 662 (E.D.Tex.2005). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. In deciding whether to stay litigation pending reexamination, courts typically consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving

party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Soverain,* 356 F.Supp.2d at 662. Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors.

**\*2** Additionally, a stay has been found to benefit the district court proceedings upon the completion of a reexamination:

1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise[;]

2. Many discovery problems relating to prior art can be alleviated by the PTO examination[;]

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed[;]

4. The outcome of the reexamination may encourage a settlement without the further use of the Court[;]

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation[;]

6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination[; and]

7. The cost will likely be reduced both for the parties and the Court.

*Fisher Controls Co.,* 443 F.Supp. at 582 (S.D.Iowa 1977); *accord Emhart Industries v. Sankyo Seiki Mfg.,* 3 U.S.P.Q.2d 1889, 1890, 1987 WL 6314 (N.D.Ill.1987); *GPAC, Inc. v. D.W.W. Enterprises, Inc.,* 144 F.R.D. 60, 63 (D.N.J.1992). As noted by the Federal Circuit, reexamination may result in the elimination of most, if not all, of the issues remaining in the pending litigation. *See Gould,* 705 F.2d 1340 (Fed.Cir.1983), *cert. denied* 464 U.S. 935, 104 S.Ct. 343, 78 L.Ed.2d 310 (1983). If not found invalid, the reexamination will at least likely result in a narrowing and simplifying of the issues before the Court. *See Loffland Bros. Co. v. Mid-Western Energy Corp.,* 225 U.S.P.Q. 886, 887, 1985 WL 1483, at \*2 (W.D.Okla. Jan.3, 1985). In addition, the technical expertise provided by the reexamination proceeding will be helpful to the Court on any issues that remain. *See Gould,* 705 F.2d at 1342.

### III.

### DISCUSSION

This case is the second patent infringement case concerning DVR technology to come before this Court involving the same parties. The first case, *TiVo, Inc. v. EchoStar Communications, et. al.,* C.A. No. 2:04-CV-1, was an infringement action in which Defendent TiVo sued Plaintiff for allegedly infringing on its patents covering DVR technology. That matter was tried before a jury and resulted in a verdict in favor of the plaintiff, Defendant TiVo. Notwithstanding, many issues remain unresolved in that case. To this end, Plaintiff asserts that "[a] stay would put [it] at a *huge tactical disadvantage* in the context of the overall litigation between the parties, and there is no just reason why this Court should not adjudicate [Plaintiff's] claims as expeditiously as it did [Defendant's]." Plaintiff's Response at 4 (emphasis original). In addition, Plaintiff contends that a stay is not warranted based on the following: 1) Defendants failed to filed their requests for reexamination in a timely fashion; 2) the possibility of issue simplification is remote; and 3) discovery in this matter is near completion. Moreover, Plaintiff asserts that granting a stay is contrary to the law in this District.

**\*3** While recognizing the merits of Plaintiff's position, on balance, the Court finds that the equities weigh in favor of staying this matter pending reexamination. First, the Court is not persuaded that a stay would unduly prejudice Plaintiff. Although Plaintiff correctly notes that Defendants have not acted with dispatch in seeking reexamination and that Plaintiff has undoubtedly pursued an extremely burdensome discovery program, Plaintiff cannot say that its future costs associated with this litigation will be affected by the grant or denial of a stay. Further, the Court does not weigh in on the tactical effects on separate litigation. This matter stands on its own. Moreover, Plaintiff's argument is replete with one-sided supposition; it fails to consider the potential positive effects of a stay. To this end, Plaintiff's "tactical disadvantage argument" is without merit. The Court finds that staying this matter presents no clear tactical advantage for either party.

Further, Plaintiff fails to consider the potential effect of Defendants' *inter partes* reexamination request. The statute governing *inter partes* reexamination provides for full participation by a third party at all stages of the proceedings. *See* 35 U.S.C. § 311, *et. seq.* Unlike an *ex partes* reexamination, an *inter partes* reexamination allows the third-party requester "to file written comments addressing issues raised by the action of the Office or the patent owner's response thereto[.]" *Id.* at § 314(b)(2). In addition, the third-party requester may appeal to the Patent Board of Appeals and may appeal from the Board's decision to the Federal Circuit if the Board

affirms a finding of patentability or reverses an examiner's finding of unpatentability. *Id.* at § 315(b)(1). Moreover, the third-party requester may participate as a party if the patent owner appeals to the court from an unfavorable decision regarding patentability. *Id.* at § 315(b)(2).

However, and of particular import here, the statute imposes estoppel restraints on a third-party requester. That is, a third-party requester is estopped from relitigating the same issue "which the third-party requester raised or could have raised during the *inter partes* reexamination proceedings." *Id.* § 315(c); *see also Middleton, Inc. v. Minnesota Mining and Mfg. Co.,* 2004 WL 1968669, *10 (S.D.Iowa, 2004). In addition, the third-party requester will be estopped from seeking review of factual determinations made in the *inter partes* reexamination. *Id.* Thus, an *inter partes* reexamination can have no other effect but to streamline ongoing litigation. For these reasons, courts have an even more compelling reason to grant a stay when an *inter partes* reexamination is proceeding with the same parties, which is precisely the case here.

In addition, if the parties continue to litigate the validity of the claims in this Court, and the PTO subsequently finds that some or all of the claims in issue here are invalid, the Court will have wasted time and the parties will have spent additional funds addressing an invalid claim or claims. Thus, the grant of a stay will maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims. And to the extent that claims survive the *inter partes* reexamination, Defendants will be precluded from challenging their validity in the same regard.

**\*4** Second, although there has been a great deal of activity in this litigation to date, much remains to be done before the case is ready for trial. Discovery is not yet completed, summary judgment motions have not been filed, and the Court has not completed its claim construction. It would be an egregious waste of both the parties' and the Court's resources if the *Markman* and summary judgment proceedings went forward and the claims were subsequently declared invalid or were amended as a result of the reexamination proceeding.

Third, a stay will simplify the issues. As previously alluded to, the Court finds this issue is the predominate consideration in this case. Having the benefit of a *Markman* hearing under its belt, the Court finds that reexamination in this case will greatly influence the proceedings going forward. If the reexamination proceeding invalidates or narrows a claim or claims, the issues at trial will be simplified. But more importantly in light of the asserted scope of the claims at issue in this case, to the extent the reexamination proceeding reaffirm the claims at issue, the Court will then have the benefit of the PTO's expert analysis of the prior art that allegedly invalidates or limits the claims. *See GPAC Inc.,* 144 F.R.D. at 63 (noting that the PTO "is in a better position to evaluate the [patent at issue]" and the prior art due to its "requisite technical acumen"); *United Sweetener USA, Inc. v. Nutrasweet Co.,* 766 F.Supp. 212, 217 (D.Del.1991) (underscoring the PTO's expertise in dealing with reexamination); *Loffland Bros.,* 225 U.S.P.Q. (BNA) 886, 887, 1985 WL 1483, at \*2 (W.D.Okla.1985) (granting a stay and stating that the "expert view of the Patent Office examiner will certainly benefit this Court"); *see also Gould,* 705 F.2d at 1342 (Fed.Cir.1983) (noting that reexamination procedures provide the court with "the expert view of the PTO").

The Court is cognizant that a stay may cause considerable delay in a case set for trial in February 2007 and sensitive to Plaintiff's right to have its day in court. Nevertheless, for the reasons previously expressed, the Court is convinced that a stay is appropriate in this particular case. Further, the Court reminds Plaintiff that each motion to stay pending reexamination filed in this Court is considered on a case by case basis with each cause of action presenting distinct circumstances; there exists no policy or rule in this District to "routinely" deny such motions. What is more, this case presents an issue which distinguishes it from those cases cited by Plaintiff in that Defendants have requested an *inter parties* reexamination of one the patents at issue in this case. As the Court has pointed out, this will have a dramatic effect on future litigation. Lastly, the Court notes that if, after reexamination, Plaintiff's patents are again upheld, Plaintiff's rights will only be strengthened, as the challenger's burden of proof becomes more difficult to sustain. *See Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.,* 807 F.2d 955, 961 (Fed.Cir.1986) (holding that upon reissue, the burden of proving invalidity is "made heavier") (quoting *Interconnect Planning Corp. v. Feil,* 774 F.2d 1132, 1139 (Fed.Cir.1985)). To this end, and given the particular circumstances of this case, the court cannot find any undue prejudice to Plaintiff.

IV.

CONCLUSION

**\*5** Based on the foregoing, the Court finds that Defendants' motion to stay these proceedings pending reexamination of the patents-in-suit (Docket Entry # 120) should be granted. The Court finds a high likelihood that results of the PTO's reexamination will have a dramatic effect on the issues before the Court, up to and including

**EchoStar Technologies Corp. v. TiVo, Inc., Not Reported in F.Supp.2d (2006)**

dismissal of the entire action if the patent claims are found to be unpatentable. In any event, the Court will benefit from the PTO's expertise and determination on reexamination, and Plaintiff will not be unduly prejudiced by the stay. Therefore, it is hereby

ORDERED that Defendants' Motion to Stay (Docket Entry # 120) is GRANTED. It is further

ORDERED that the Clerk of the Court shall remove this matter from the active docket of the Court until the conclusion of the PTO's reexamination proceeding, and Defendants shall promptly advise the Court of the conclusion of the reexamination proceedings. It is further

ORDERED that all pending motion not addressed herein are DENIED WITHOUT PREJUDICE subject to refiling.

**End of Document**

© 2012 Thomson Reuters. No claim to original U.S. Government Works.