2005 WL 3465664
Only the Westlaw citation is currently available.
United States District Court,
D. New Jersey.

W. David MOTSON, Plaintiff,
v.
FRANKLIN COVEY CO., Defendant.

No. Civ. 03-1067(RBK). | Dec. 16, 2005.

**Attorneys and Law Firms**

Norman Elliot Lehrer, Cherry Hill, NJ, for Plaintiff.

Anthony J. DiMarino, McShea Tecce, P.C., Philadelphia, PA, for Defendant.

**Opinion**

### OPINION

KUGLER, J.

***1** This matter comes before the court upon motion by Defendant Franklin Covey Co. to stay proceedings in the above-captioned case pending reexamination of the patent-in-suit by the Patent and Trademark Office ("PTO"). For the reasons set forth below, the Court will grant Defendant's motion.

A trial court may exercise its discretion in deciding whether to stay proceedings in a matter pending before it. *Landis v. North Am. Co.,* 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). The authority to enter a stay applies equally to patent cases where reexamination by the PTO has been requested and granted. *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed.Cir.1988) (noting that courts have the authority to order a stay pending the conclusion of a PTO examination).

In deciding whether to grant a stay, the court must weigh the benefits of the stay against the costs. *Middleton, Inc. v. Minnesota Mining & Mfg. Co.,* No. 03-CV-40493, 2004 WL 1968669, at *3 (S.D.Iowa Aug.24, 2004). In particular, the court must consider (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and the trial of the case; and (3) whether discovery is complete and a trial date has been set. *Id.* (citations omitted).

It is not clear that entry of a stay in this matter would unduly prejudice or present a clear tactical disadvantage to the plaintiff. In his opposition papers, Motson does not point to any undue prejudice he would suffer if the stay was granted.1 Although the stay may delay the Court's determination as to the defendant's counterclaim of invalidity under 35 U.S.C. 112, it would not be for such a protracted or indefinite period to constitute an abuse of discretion. *See Gould v. Control Laser Corp.,* 705 F.2d 1340, 1341-42 (Fed.Cir.1983) (noting that entry of a stay pending reexamination does not last so long as to constitute an abuse of discretion because (1) by statute the PTO reexamination must proceed with special dispatch and (2) stays to enable reexamination do not foreclose review on the merits by federal courts). Moreover, the reexamination has the potential to eliminate trial on the issue altogether or at least reduce the costs associated with litigating it. *See Gould,* 705 F.2d at 1342; *Middleton,* 2004 WL 1968669, at *3. And, if the PTO upholds the validity of plaintiff's patent, "the plaintiff's rights will only be strengthened, as the challenger's burden of proof becomes more difficult to sustain." *Pegasus Dev. Corp. v. Directv, Inc.,* No. 00-1020-GMS, 2003 WL 21105073, at *2 (D.Del. May 14, 2003) (citing *Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.,* 807 F.2d 955, 961 (Fed.Cir.1986)).

1   In Motson's two page opposition memorandum, he makes two arguments: (1) that the defendant's request for reexamination is a dilatory tactic, and (2) that the defendant's motion for a stay is premature because the PTO had not yet granted the defendant's request for reexamination. (Pl. Mem. at 1-2.) The PTO has since granted the request, thus rendering moot Motson's second argument in opposition to the motion for a stay.

As mentioned above, the second factor weighs in favor of granting the defendant's motion because entry of a stay, pending reexamination by the PTO, may simplify or even eliminate the need for trial on the remaining validity challenge in this matter. *See Gould,* 705 F.2d at 1342. The reexamination procedure has the potential to either uphold or narrow the claims in the plaintiff's patent. *Loffland Bros. Co. v. Mid-Western Energy Corp.,* No. 83-CV-2255, 1985 WL 1483, at *2 (W.D.Okla. Jan.3, 1985). In any event, the technical expertise of the PTO examiner may be helpful to the Court should further consideration of the matter be necessary after reexamination. *See id.*

***2** Finally, although discovery is complete and summary judgment has been decided, the court has not set a trial date nor has it issued a pre-trial order. Courts have previously entered stays in situations which are similar, if

**Motson v. Franklin Covey Co., Not Reported in F.Supp.2d (2005)**

not more advanced, than the present case. *See e.g., Loffland Brothers,* 1985 WL 1483, at *2 (stay granted after significant discovery, pretrial conference and trial date set); *Gould,* 705 F.2d 1340 (stay upheld even where it was entered five years after commencement of litigation and only 20 days before scheduled start of trial). Although discovery and briefing expenses have already been incurred, a trial at this point on the sole remaining issue in the case may compound those costs unnecessarily if the PTO reexamination eliminates the need for a trial or creates a need to relitigate other issues. *See Middleton,* 2004 WL 1968669, at *6.

Therefore, the balance of relevant factors weighs in favor of granting the defendant's motion. For the foregoing reasons, the Court will enter a stay of all proceedings in this matter pending reexamination of the patent-in-suit by the PTO.

The accompanying Order will issue today.

**End of Document**   © 2012 Thomson Reuters. No claim to original U.S. Government Works.