UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | ) ) ) | Civil Action No. 4:10-cv-03350 |
| Plaintiff, | ) ) ) | Judge Kenneth M. Hoyt |
| v. | ) ) | |
| EXTENDED DISC NORTH AMERICA, INC., | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF TARGET TRAINING INTERNATIONAL, LTD.'S MOTION TO EXTEND DISCOVERY DEADLINE TO PERMIT THE DEPOSITIONS OF EXTENDED DISC INTERNATIONAL LTD. AND ITS CEO JUKKA SAPPINNEN AND LAWRENCE WHITLOW**

Target Training International ("TTI") has reviewed Section VI of the Court's Procedures concerning discovery disputes and has attempted to resolve this without Court intervention. Counsel for TTI, R. Scott Johnson and Bradley Powers, conferred with counsel for Extended Disc North America ("EDNA"), Steve Schlather, in e-mail, through telephone calls and finally in person prior to the deposition of Dr. Cooper in Palm Springs CA on January 17 but have been unable to reach an agreement that provides for the discovery that TTI needs.

EDNA wants to take the deposition of TTI's Mr. Lawrence Whitlow after the January 20, 2012 discovery cutoff. TTI has agreed to make Mr. Whitlow available for his deposition on February 2, 2012. There is no dispute about Mr. Whitlow's deposition that needs Court review.

In conjunction with negotiating extra time for Mr. Whitlow's deposition, TTI wanted extra time to complete discovery from Extended DISC International, Ltd. ("EDI") and its CEO Jukka Sappinnen after the January 20, 2012 discovery cutoff. EDI is a Finnish company that

1

licensed EDNA to perform the services and sell the products alleged to infringe TTI's patent. TTI has been trying to arrange this discovery since June 2011. Efforts to get EDI, Mr. Sappinnen and EDNA to cooperate in the discovery process failed, so TTI ultimately asked for and received Letters of Request from this Court in December 2011 to proceed with discovery through the courts in Finland. When it became apparent that the Finnish Court would not act fast enough, TTI sought an extension of the discovery deadline, which EDNA, at first, refused. Ultimately EDNA changed its position and agreed to permit TTI to take the EDI discovery in Finland provided that it be completed by February 15, 2012. TTI was prepared to take the discovery from EDI and Mr. Sappinnen through the Finnish Court by then and thought that the dispute was resolved. Shortly after TTI agreed to the February 15 extension, EDI and Mr. Sappinnen became unable to respond to the Finnish Court until February 17. Although there is no direct evidence of collusion on this latest scheduling matter it is suspicious that very shortly after TTI agreed to a February 15 extension, EDI and Mr. Sappinnen become unavailable until February 17.

On January 24, 2012 TTI yet again asked counsel for EDNA, Steve Schlather, to extend the February 15 deadline because of EDI's and Mr. Sappinnen's recently alleged unavailability, but counsel for EDNA refuses to agree to any further extension, the last refusal coming on January 24, 2012 by e-mail at 3:09 p.m. TTI has no alternative but to file this motion. Accordingly, TTI respectfully moves this Court to permit the discovery from EDI and from Mr. Sappinnen to occur after the January 20, 2012 discovery cutoff date in this case in order to accommodate the delay in proceedings before the Finnish Court. Thus, TTI requests the Court grant an extension of the discovery deadline to and including March 31, 2012 to take discovery from EDI and Mr. Sappinnen in Finland. Because this extension will affect the dispositive

motion deadline, TTI also requests extension of the dispositive motion deadline to and including April 13, 2012.  It may also be necessary to extend the docket call date.[1]

## I.     TTI'S EFFORTS TO OBTAIN TESTIMONY FROM EDI

TTI has been working diligently to obtain EDI's testimony since June 7, 2011.[2]  This deposition is highly important in this case, because EDNA did not properly preserve electronic documents.  EDI cut off EDNA's access to the accused system shortly after this case was filed and thus EDI is now the only source for some information on how the system works.  TTI's efforts to obtain information through a cooperative deposition were rebuffed and culminated in TTI's Motion for Letters of Request which was granted by this Court on December 2, 2011 and received by counsel on December 9, 2011.  Since that time, TTI has been diligently working to execute the letters of request.

On Monday, December 12, 2011, counsel for TTI forwarded all of the necessary information to its Finnish Counsel.  Due to technical difficulties, TTI's Finnish Counsel received the documents on December 15, 2011.  After receipt of the documents, Finnish Counsel obtained translations of the documents prepared the formal request for assistance to the Ministry of Justice and ultimately filed the documents with the Ministry of Justice on December 28, 2011.  In the interim, TTI's Finnish Counsel has been in communication with both the Espoo District Court and the Ministry of Justice in an effort to expedite the process.  The Espoo District Court (which has jurisdiction over EDI and its officers) is not as familiar with international law as the Helsinki District Courts.  As a result, TTI was required to take the additional step of obtaining

---

[1]  Neither the dispositive motion nor the docket call dates have been previously extended.
[2]  More information about TTI's efforts to obtain this discovery can be found in TTI's reply brief regarding its Motion for Order Issuing Letters of Request, Dkt. No. 151.

translations, which has slowed the process. Further, because this is unfamiliar territory for the Espoo Court, the Court requires additional time to process the Letters of Request.

In a further effort to expedite the matter, counsel for TTI contacted EDI's American Counsel—Jack Edwards at Ajamie LLP—on December 12, 2011. In that e-mail, TTI asked for EDI's cooperation regarding the taking of the depositions. EDI's counsel did not respond until January 5, 2011 when he informed TTI that Ajamie "does not represent EDI in responding to Plaintiff's Letters of Request in the EDNA case, and I do not know whether we will be retained for this matter in the future."

Faced with an uncooperative deponent, on December 29, 2011, TTI asked EDNA to consent to taking the EDI depositions after the January 20, 2012 cutoff date. EDNA responded on the evening of January 3, 2012 and refused any extension to accommodate the courts in Finland. Counsel for the parties then met in person and agreed to extend discovery to and including February 15th for the limited purposes of taking the depositions already sought of Mr. Whitlow and EDI. EDI then sought and received an extension in Finland to respond to the deposition request, now due on February 17th, two days after the deadline previously only discussed between TTI and EDNA. TTI is hopeful that the depositions will take place in late February or the first week of March.

## II.     ARGUMENT

### A.     Question Presented

Whether this Court should grant a modest extension to accommodate the Finnish legal system in order to permit the deposition of a Finnish national where the party seeking the extension has worked diligently to expedite the deposition and the deponent has delayed the deposition by refusing to cooperate in the process?

4

### B.  Standard of Law

A federal court may alter its scheduling order when good cause is shown by the party seeking to amend the scheduling order. FED. R. CIV. P. 16(b)(4). The Fifth Circuit applies a four part test to determine whether good cause has been shown. *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. Tex. 2003). Under this test, a court considers (1) the explanation for the need to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id*.

### C.  TTI Has Demonstrated Good Cause Exists to Extend the Deadline for Taking the EDI Depositions

Here, the Court should grant the modest extension requested by TTI because TTI has exercised diligence in seeking the deposition testimony and EDNA will not be unduly prejudiced by the requested extension.

As set forth above, there is a good explanation for the need to amend. Specifically, TTI has exercised diligence in attempting to execute the letters of request and EDNA has fought it every step of the way. In addition to working diligently to coordinate with the local court and file the letters, TTI has also sought to work with both EDI and EDNA in order to obtain the requested testimony. Both EDI and EDNA have refused to cooperate with TTI, and have instead chosen to draw out the process and force TTI into requesting this extension.

Further, the amendment is of particular importance to TTI. As stated in TTI's original motion requesting the letters of request, EDI has worked to thwart this discovery by terminating EDNA's access to the accused system, and hiding behind jurisdictional boundaries in an effort to prevent discovery in this case. EDI, as Franchisor, owner of the Accused Products, and party to the franchise agreements, is in a position to testify to and clarify the information that EDNA no

longer has access to. If the requested extension is denied, EDI's attempts to frustrate discovery and evade justice will be rewarded.

Additionally, any prejudice to EDNA is minimal. In its opposition to the Motion for Letters of Request, EDNA claimed that "much of the discovery that TTI seeks through its international discovery scheme is information that has already been provided by EDNA." (Docket 149, p. 4). If this is true and EDNA has provided accurate responses, then EDI's testimony will corroborate EDNA's discovery responses and no prejudice will result. If EDNA's responses have been inaccurate, then any prejudice will stem from EDNA's own actions and not from the amendment to the scheduling order.

Finally, to the extent that EDNA does experience some prejudice, TTI is willing to work with EDNA to arrive at revised timelines to cure the prejudice.

## IV.  CONCLUSION

For the reasons set forth above, TTI respectfully requests it be granted an extension to and including March 31, 2012 to depose EDI in Finland. Because this will affect the dispositive motion deadline, TTI also requests extension of the dispositive motion deadline to and including April 13, 2012, which may also necessitate a revision of the docket call date. A proposed order is attached.

### **CERTIFICATE OF CONFERENCE**

TTI's counsel R. Scott Johnson and Bradley Powers have met and conferred with EDNA's counsel, Steve Schlather, in good faith in efforts to resolve this dispute. The time, place and manner of those efforts—including telephone calls, e-mail and in-person discussions—are set forth in the body of this motion. The parties cannot resolve this dispute without court intervention.

                Respectfully submitted,

/s/Bradley J. Powers
Edmund J. Sease
R. Scott Johnson
Bradley J. Powers
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone:  515-288-3667
Fax:  515-288-1338
Email:  sease@ipmvs.com
Email:  brad.powers@ipmvs.com
Email:  mvslit@ipmvs.com

Michael E. Wilson
Fulbright & Jaworski, LLP
1301 McKinney, Suite 5100
Houston, TX  77010
Phone:  713-651-5420
Fax:  713-651-5246
Email:  mikewilson@fulbright.com

***ATTORNEYS FOR PLAINTIFF TARGET TRAINING INTERNATIONAL, LTD.***

      I hereby certify that on January 25, 2012, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Stephen F. Schlather
John J. Edmonds
Joshua B. Long
Collins, Edmonds & Pogorzelski, PLLC
1616 S. Voss Rd., Suite 125
Houston, TX 77057
Phone:  (281) 501-3425
Fax:  (832) 415-2535
Email:  sschlather@cepiplaw.com
Email:  jedmonds@cepiplaw.com

                /s/Bradley J. Powers