UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | ) ) ) ) | Civil Action No. 4:10-cv-03350 |
| Plaintiff, | ) ) | Judge Kenneth M. Hoyt |
| v. | ) ) | |
| EXTENDED DISC NORTH AMERICA, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFF'S REPLY RE: EMERGENCY MOTION TO QUASH SUBPOENA TO AJAMIE LLP (COUNSEL FOR EXTENDED DISC INTERNATIONAL)**

TTI respectfully asserts its motion to quash should be granted as EDNA has failed to provide any justification for the untimeliness of its subpoena. As the Southern District of Texas has recognized, "[i]t is well established that a party may not use Rule 45 subpoenas duces tecum or Rule 34 requests for productions to circumvent a discovery deadline," thus, EDNA's subpoena is untimely. *See* (Doc. 23 at 4); *Hernandez v. City of Corpus Christi*, 2011 U.S. Dist. LEXIS 60452, 2-3 (S.D. Tex. June 6, 2011) (collecting cases in support of this proposition.).

Instead of pointing to any *timely* Rule 34 request for production or prior subpoena, EDNA suggests it is TTI's burden to show the untimely subpoena is "unreasonable or oppressive." (EDNA's Opposition, Doc. 165, p. 6.) This argument fails as it simply attempts to

1

address the scope of the subpoena without addressing the untimeliness of it.[1] EDNA cannot put this cart before its untimely horse. EDNA's subpoena was served well after the close of discovery and for this reason alone, the subpoena should be quashed.

EDNA attempts to justify the untimeliness of its subpoena by alleging that it "diligently" sought the requested documents through correspondence with Plaintiff's counsel and by alluding to some "good faith" necessity based on its allegation a breach of this Court's protective order has occurred. Neither excuse is viable.

First, EDNA never sent any Rule 34 request for production of the documents at issue during discovery despite having a "belief" of some issue by at least December 22, 2011.[2] (*See* Doc. 165, p. 4). Even after forming this "belief," EDNA waited nearly a month, until January 27, 2012—a full week after discovery closed – to serve this subpoena (spending much of this time demanding TTI comply with the discovery cut-off). This is a new subpoena seeking new materials well after the close of discovery. This is not a case of EDNA attempting to resolve a previously outstanding discovery dispute.

Second, EDNA provides absolutely no explanation as to how its "belief" arises. The only way EDNA could have formed any "belief" is if Extended Disc International ("EDI"), the third party, violated its obligations to maintain the secrecy of the sealed documents – but EDNA and EDI have constantly claimed they are unrelated in any manner and no longer share information,

---

[1] Notably, subpoenas such as this one which provide such a small turnaround time for compliance are typically struck and as such must meet even EDNA's heightened standard of being "unreasonable or oppressive." *See Biological Processors of Ala., Inc. v. N. Ga. Envtl. Servs.*, 2009 U.S. Dist. LEXIS 54862 (E.D. La. June 11, 2009) (noting the subpoena's three day period to comply was "clearly unreasonable, particularly when the 14-day period for serving objections set forth in Fed. R. Civ. 45(c)(2)(B) is generally considered a reasonable time").

[2] Even if EDNA's correspondence was somehow considered a formal request for discovery, such did not provide adequate time to be considered a timely request.

which, if true, makes EDNA's "belief" utterly unfounded. In short, EDNA is simply trying to peek behind a curtain and see a document which both TTI and EDI agreed should be considered sealed[3]—a third party matter EDNA itself necessitated.[4]

As EDNA failed to properly seek discovery during the discovery period, failed to seek leave to take additional discovery outside of the discovery period, failed to explain its own delay and failed to justify the tardy actions it took with anything but a supposed "belief," the subpoena in question should be quashed. At some point, the time for new discovery must end. EDNA's subpoena should be quashed and TTI should be awarded fees for having to address such side line issues.

Respectfully submitted,

/s/ R. Scott Johnson
Edmund J. Sease
R. Scott Johnson
Bradley J. Powers
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone: 515-288-3667
Fax: 515-288-1338
Email: sease@ipmvs.com
Email: scott.johnson@ipmvs.com
Email: brad.powers@ipmvs.com
Email: mvslit@ipmvs.com

---

[3] All exhibits to TTI's Opposition to EDI's Motion to Dismiss for Lack of Personal Jurisdiction are documents in fact owned by EDI, and were sealed to protect them from public disclosure.

[4] EDNA should not be heard to complain that it cannot see documents filed in the third party matter against EDI. After all, EDNA did not disclose the existence of EDI in its initial disclosures (as was required), waited to identify EDI until after the deadline to add parties in this matter had passed (in response to interrogatories) and vehemently opposed the subsequent motion to add EDI (*See* Doc. 92 (filed under seal)).

          Michael E. Wilson
          Fulbright & Jaworski, LLP
          1301 McKinney, Suite 5100
          Houston, TX  77010
          Phone:  713-651-5420
          Fax:  713-651-5246
          Email:  mikewilson@fulbright.com

          ***ATTORNEYS FOR PLAINTIFF TARGET TRAINING INTERNATIONAL, LTD.***

  I hereby certify that on February 1, 2012, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Stephen F. Schlather
John J. Edmonds
Joshua B. Long
Collins, Edmonds & Pogorzelski, PLLC
1616 S. Voss Rd., Suite 125
Houston, TX 77057
Phone:  (281) 501-3425
Fax:  (832) 415-2535
Email:  sschlather@cepiplaw.com
Email:  jedmonds@cepiplaw.com

          /s/ R. Scott Johnson

4