**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:10-cv-03350 |
| EXTENDED DISC NORTH AMERICA, INC., | § § § | |
| Defendant. | § § | JURY TRIAL DEMANDED |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO PROVIDE EXPERT REPORTS AND REQUEST FOR EXPEDITED BRIEFING AND CONSIDERATION**

Defendant Extended DISC North America, Inc. ("EDNA") files this response in opposition to Target Training International, Ltd.'s ("TTI") motion to extend discovery deadline.

I.     **INTRODUCTION**

EDNA has attempted to accommodate TTI's lack of diligence by agreeing to extend the discovery deadline in this case until a mere two days prior to the Court's deadline for dispositive motions, including by (a) agreeing to take the deposition of TTI employee Laurence Whitlow after the close of discovery (due to Mr. Whitlow's alleged unavailability prior to the close of discovery)[1] and (b) agreeing to extend the discovery deadline until the due date for dispositive motions to allow TTI to take belated foreign discovery from a third-party.  Despite EDNA's agreement to reasonable extensions of the

---

[1] In accordance with the parties agreement, Mr. Whitlow's deposition took place on February 2, 2012.

discovery deadlines in this case, TTI later backed out on the deal and now seeks to unnecessarily push back every remaining deadline in this case – including the trial date. Contrary to TTI's characterization of its request as a "modest" extension, TTI asks the Court to wholly alter the remaining litigation landscape.

TTI's motion comprises little more than finger pointing and factually and legally unsupportable innuendo.  TTI's lack of diligence remains on display in its most recent motion.  While TTI attempts to push the blame for its inexcusable delay onto EDNA, EDI, TTI's Finnish counsel and the Finnish Courts, the sole party that is entirely responsible for TTI's current predicament is TTI itself.

The Court previously rescued TTI from its lack of diligence in meeting the deadline for serving expert reports.  TTI's latest motion further shows that TTI is either unable to stick to the agreed upon deadlines in this case or, worse, is attempting to "game the system" to its own advantage.  In either case, it is time for the Court to let TTI know that gamemanship and a lack of diligence are not acceptable and will not be tolerated. TTI's motion should be denied.

## II.   ISSUE TO BE DECIDED

The sole issue to be decided is whether the remaining deadlines in this case should be pushed back by two months or more as a result of TTI's lack of diligence.

## III.   FACTUAL BACKGROUND

Prior to the filing of this case, TTI knew or should have known (through reasonable pre-suit diligence) that the accused systems in this case are owned and/or operated by Extended DISC International, Ltd. ("EDI").  Indeed, the exhibits included with TTI's infringement contentions include documents from EDI.  Nonetheless, TTI

waited until June of 2011, after the filing of EDNA's motion for summary judgment and more than nine months after filing this case, to even acknowledge that EDI was the real party in interest.  On June 10, 2011, TTI attempted to add EDI to this case (Dkt. No. 84).  The Court denied TTI's motion (Dkt. No. 93).  However, TTI chose not to seek discovery from EDI at this point in the case.

As a result, on July 7, 2011, TTI filed a separate suit against EDI. Target Training International, Ltd. v. Extended DISC International, Ltd. (Case No. 4:11-cv-02531) (the "EDI case").  Despite filing suit against EDI, TTI still chose not to seek discovery from EDI.

More than nine months after including EDI documents in its infringement contentions and more than five months after attempting to add EDI to this case did TTI get around to seeking alleged discovery from EDI. In its motion seeking letters of request, which was filed on November 11, 2011, TTI acknowledged that taking foreign discovery is often a lengthy process.  Despite this realization, TTI waited until less than two months before the close of discovery to seek this discovery.

TTI argues that the substantial delay as to the EDI discovery is somehow based on EDNA's own doing. However, the delay here is the sole and direct result of TTI's lack of diligence in seeking the discovery is purportedly requires, including due to TTI waiting until the last minute to try and resolve the issues with the courts in Finland despite knowing about EDI from the very outset of this case. Further underscoring TTI's lack of diligence, TTI waited more than five months to seek discovery from EDI despite the fact that it attempted to add EDI to this case.

Without <u>any</u> evidentiary basis, TTI accuses EDNA of engaging in "collusion" with EDI and Mr. Sappinnen as to availability in Finland. (Dkt. No. 162, pg. 2). EDNA and EDI have absolutely no relationship whatsoever after the franchise agreement was terminated between the two parties.

On January 6, 2012, TTI filed a motion to extend the discovery deadline because TTI did not have time to take certain foreign discovery from EDI. Dkt. No. 155. On January 9, 2012, the Court struck this motion, as well as two others, and ordered the parties to confer and agree on these discovery issues. Dkt. No. 157.

On January 16, 2012, the parties met and conferred, in person, and reached agreement with regard to the timing of the deposition in Finland of EDI and its CEO Jukka Sappinen.[2] As part of the meet and confer process, EDNA agreed to extend the discovery deadline by more than three weeks, but made clear that any extensions of the discovery deadline could not extend past the February 17, 2012 deadline for dispositive motions. Following the parties' meet and confer, EDNA's counsel summarized the parties agreements as set forth in Exhibit B. Particularly relevant here, the parties agreed that the discovery deadline would be extended for the purpose of TTI taking discovery from EDI:

> (2)  The parties agree to extend the discovery deadline until February 15, 2012, for the purpose of TTI taking discovery from EDI.  TTI may seek a further extension of time if the EDI discovery has not been completed by that time.  At this point, EDNA has not agreed to extend the deadline past 2/15/2012.

---

[2] EDNA and TTI also met and conferred regarding EDNA's motion for protective order.  TTI refused to agree to the reasonable relief EDNA sought.  As a result, EDNA was forced to re-urge its motion. Dkt. No. 158.  The Court granted EDNA's motion on January 18, 2012. Dkt. No. 159.

Ex. B.  While TTI reserved its right to seek further extensions, EDNA could not agree to an open ended extension.

On January 23, 2012, EDNA sent a proposed Joint Motion For Extension of Discovery Deadline for Whitlow and EDI Discovery to TTI.  Ex. C.  Shortly thereafter, also on January 23, 2012, TTI's counsel contacted EDNA's counsel indicating that TTI would not be able to obtain discovery from EDI during the time frame to which the parties originally agreed.  TTI proposed extending the discovery deadline until at least mid-March, but could not provide (and still has not provided) a specific date upon which discovery will close in this case.  At least because TTI's open ended discovery extension would require extending the deadline for dispositive motions and would result in the extension and/or delay of all other deadlines in this case, EDNA could not agree to TTI's proposal.  Steve Schlather, counsel for EDNA, responded to TTI's request for an extension on January 24, 2012. (Ex. D). In that email Mr. Schlather made it clear to TTI that an open-ended discovery deadline would not be agreeable for many reasons, including because: 1) it likely postpones a resolution of infringement via summary judgment and 2) moving the deadline for dispositive motions back to April 13th (only two weeks before the parties pre-trial filings are due) would be greatly prejudicial to EDNA. *Id.*

On February 2, 2012, the Court denied EDNA's motion to stay based on the PTO's final rejection of all asserted claims in reexamination. TTI opposed the motion to stay claiming that "issuing a stay will nullify the work done by this Court, the parties and the courts of Finland regarding the deposition of EDI." (Dkt. No. 166, pg. 9). Now, TTI requests that the Court grant an extension to extend discovery through <u>at least</u> March 31,

2012. In fact, TTI has not even identified a date certain upon which the EDI discovery will be completed.  TTI's March 31st extension is wholly arbitrary.  With its present motion, TTI attempts to have its cake and eat it too – on one hand arguing against a stay and then on the other arguing for an extension of discovery which would push back the deadline for dispositive motions and would also postpone the current trial date.

Despite its lack of diligence and an agreement from EDNA to extend the discovery deadline by more than three weeks, TTI now seeks an indefinite extension of time to complete fact discovery. In fact, TTI is unaware as to when it expects the EDI discovery to go forward. (*See* Dkt. No. 162, pg. 3).  Further, TTI seeks to push back every other deadline in this case.

## IV.   ARGUMENT

District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case. *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997). Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may only be modified "for good cause and with the judge's consent." The Fifth Circuit has explained that "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the **diligence** of the party needing the extension.'" *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003) (emphasis added). In order to meet the good cause standard, a party who seeks to modify a scheduling order deadline "must show that, **despite acting diligently**, it will still be unable to meet that deadline." *Rivera v. County of Willacy,* 2007 WL 1655303, *1 (S.D. Tex. June 6, 2007) (emphasis added).

6

In addition to diligence, there are four factors for the Court to consider in determining whether good cause exists: "1) the explanation for the failure to move timely for leave to amend; 2) the importance of the amendment; 3) potential prejudice in allowing the amendment; and 4) the availability of a continuance to cure such prejudice." *Hawthorne Land Co. v. Occidental Chem. Corp.,* 431 F.3d 221, 227 (5th Cir. 2005).

**a. TTI Has Failed To Show Diligence**

TTI has put all of the blame for its own failure to timely take discovery from EDI discovery on EDNA, EDI, TTI's Finnish counsel and the Finnish courts. As stated above and admitted by TTI (*See* Dkt. No. 162, pg. 3), TTI has been aware of EDI since June 2011.[3] The sole reason TTI has been forced to once more seek an extension of the Court's deadlines is because of TTI's lack of diligence. Had TTI been diligent in seeking discovery from EDI then a motion for extension would not be necessary. Any difficulties that have arisen due to the intricacies of the Finnish legal system would not have been an issue had TTI sought discovery of EDI earlier in this case. TTI has completely failed to explain why it waited until November 2011 to seek EDI's discovery. A six month delay is inexcusable considering that TTI had been well aware both EDI and of the Court's discovery deadline. TTI's lack of diligence should not be rewarded by extending the discovery deadline.

**b. TTI Has Failed To Demonstrate Good Cause To Extend The Discovery Deadline**

    i. *TTI Has Offerred No Reasonable Explanation For Its Failure to Timely Seek This Discovery*

---

[3] TTI has actually known about EDI since at least the earliest stages of this case because TTI included EDI's documents as part of its infringement contentions.

Despite evidence showing that EDNA does not own or operate the systems accused of infringement in this case, TTI has neglected to timely seek evidence from EDI as to the operation and functionality of these systems.  Realizing that its case is weak, TTI is now on a fishing expedition for further discovery. TTI has offered no explanation as to why it waited more than one year  after filing this case, more than nine months after citing EDI documents in its infringement contentions and more than five months after attempting to add EDI to this case, to seek discovery directly from EDI.

ii.      *TTI Has Failed to Establish the Importance of the Amendment It Seeks*

TTI argues that the amendment is of particular importance because "EDI has worked to thwart this discovery by terminating EDNA's access to the accused system, and hiding behind jurisdictional boundaries in an effort to prevent discovery in this case." (Dkt. No. 162, pg. 5). However, had TTI timely sought discovery from EDI, it would not now require additional time to complete discovery.

iii.     *TTI's Proposed Extension is Highly Prejudicial to EDNA*

Substantial prejudice would result should this Court grant TTI's open-ended motion for extension. TTI seeks to extend the discovery deadline to March 31, 2012. However, by its own admission, TTI is completely unaware as to when that deposition will take place. (Dkt. 166, pg. 9). An arbitrary deadline not based on any facts is substantially prejudicial to EDNA at least because 1) it likely postpones a resolution of infringement via summary judgment and 2) moving the deadline for dispositive motions back to April 13th (only two weeks before the parties pre-trial filings are due) would be greatly prejudicial to EDNA.  Further, the February 17, 2012 date is only a hearing that will take place in Finland concerning the EDI deposition. Currently, neither EDI, EDNA,

8

nor TTI knows when, or even if, that deposition will take place. EDNA would be substantially prejudiced by a March 31, 2012 discovery deadline because this would push back the dispositive motion deadline date and the trial date. The entire litigation landscape in this case would be affected based on TTI's lack of diligence.

Further, as mentioned above, this Court recently denied EDNA's motion to stay. It would be unfair and substantially prejudicial to EDNA if a motion to stay was denied and a motion to extend the discovery deadline was granted. TTI should not be able to have it both ways as it argued against the stay but now argues for an extension of the discovery deadline which would inevitably push back the dispositive motion and trial dates.

     iv.   *A Continuance Will Not Cure the Prejudice to EDNA*

As set forth above, the extension that TTI seeks is highly prejudicial to EDNA. Even assuming that a continuance was available – here it is not available without moving the trial date – such a continuance would not cure the resulting prejudice to EDNA at least because any extension at this point will result in

**V.    CONCLUSION**

For the reasons set forth above, EDNA respectfully requests this Court deny TTI's motion to extend the discovery deadline.

February 6, 2012           Respectfully submitted,

                      EXTENDED DISC NORTH AMERICA, INC.

                      By: /s/ Stephen F. Schlather
                      Stephen F. Schlather – LEAD COUNSEL
                      Texas Bar No. 24007993
                      John J. Edmonds

Texas Bar No. 789758
Joshua B. Long
Texas Bar No. 24078876
COLLINS, EDMONDS & POGORZELSKI, PLLC
1616 S. Voss Rd., Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
sschlather@cepiplaw.com
jedmonds@cepiplaw.com
jlong@cepiplaw.com

ATTORNEYS FOR DEFENDANT
EXTENDED DISC NORTH AMERICA, INC


**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

February 6, 2012                                /s/ Stephen Schlather
                                                Stephen Schlather