**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | ) ) ) | Civil Action No. 4:10-cv-03350 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Kenneth M. Hoyt |
| EXTENDED DISC NORTH AMERICA, INC., | ) ) ) | |
| Defendant. | ) ) | |

**REPLY RE: PLAINTIFF TARGET TRAINING INTERNATIONAL, LTD.'S MOTION TO EXTEND DISCOVERY DEADLINE TO PERMIT THE DEPOSITIONS OF EXTENDED DISC INTERNATIONAL LTD. AND ITS CEO JUKKA SAPPINNEN**

Target Training International, Ltd. ("TTI") seeks what should have been a routine extension in this matter. These depositions of a foreign company and its principal were requested well in advance of the discovery cut-off date and are now being delayed merely to accommodate the deponents.[1] Indeed, if EDI's president had not become suddenly unavailable, no extension would have been necessary. It is no secret, Extended Disc North America, Inc. ("EDNA") has vehemently opposed TTI's efforts complete these depositions every step of the way ultimately forcing TTI to go through the letters rogatory procedure. EDNA opposed the issuance of the Letters Rogatory and did not succeed. Now through a combination of delay and a rehash of its old opposition brief, EDNA seeks to take another stab at stopping the deposition. Such behavior should not be rewarded. Instead, good cause exists for this very narrow and

---

[1] Presumably, Jukka Sappinnen, EDI's principal, will also testify as EDI's corporate representative.

limited extension and TTI should be allowed to take the depositions in Finland of EDNA's franchisor as soon as the Finnish court allows.

## I.    AGREED UPON FACTS

Even EDNA does not contest the basic facts.  TTI is entitled to depose EDNA's franchisor in Finland.  Everyone agrees the Finnish Court has the paperwork and has set a hearing date.  The parties have previously agreed to extend the deadline for the depositions until February 15, 2012.  Shortly after that, Mr. Sappinnen became unavailable until February 20, 2012, a date which is conveniently after the agreed upon extension date.  EDNA does not explicitly deny any collusion regarding the timing of the deposition.[2]  Everyone agrees the Finnish Court moved the date of the hearing to February 17, 2012.  The depositions should follow shortly thereafter.

## II.   GOOD CAUSE EXISTS FOR THIS VERY NARROW AND LIMITED EXTENSION

TTI seeks this extension, not because it wants to delay these proceedings in any way, but rather to accommodate EDNA's franchisor, who apparently has been traveling.  Generally, a witness's schedule should be accommodated if at all possible.  *See Wellnor v. Delta Steamship Lines*, 1985 U.S. Dist. Lexis 18165 (E.D. Penn. July 8, 1985) (copy attached as Exhibit A.) Here, the situation is exasperated because the witness is located in a foreign country.

Essentially, EDNA now seeks to accomplish through timing what it could not accomplish in its opposition to TTI's request for letters rogatory which were granted by this Court on December 2, 2011.  *See* Docket No. 153.  TTI now merely seeks the additional time required by

---

[2] EDNA does claim that "EDNA and EDI have absolutely no relationship whatsoever after the franchise agreement was terminated between the two parties."  (Docket No. 171, p. 4.)  This statement is directly contradictory to Mr. Kauppinnen's sworn testimony.  (Doc. No. 103-6, p. 19, l. 25.)

the Finnish courts to see the letters rogatory fully executed.  Courts frequently grant extensions

of time to accommodate the unique circumstances associated with taking testimony in foreign

countries pursuant to a letters rogatory procedure.  *See Bauerlein, et al. v. Equity Residential*

*Properties Mgmt. Corp., et al.*, 2006 U.S. Dist. Lexis 51287 (D. Ariz. July 26, 2006); *Shops at*

*Grand Canyon 14, LLC v. Rack Room Shoes, Inc.*, 2010 U.S. Dist. Lexis 114994 (D. Nev. Oct.

18, 2010); *Al-Misehal Commercial Group, Ltd. v. The Armored Group, LLC*, 2011 U.S. Dist.

Lexis 58496 (D. Ariz. June 1, 2011) (copies attached hereto as Exhibits B-D).

TTI's request is also limited in scope and limited in time.  Contrary to what EDNA

proclaims in its opposition papers, TTI does not seek an unlimited extension of time, but rather

seeks an extension to and including March 31, 2012 and hopes to have the Finnish deposition

completed much earlier.  This limited extension need not affect the other deadlines in this case,

but reality is it may do so.  EDNA, as always, has been free to file its motions for summary

judgment at any time.  In fact, EDNA has done so.  (See Docket No. 94.)

EDNA suggests that TTI has failed to establish the importance of the extension of time it

seeks.  Nothing could be further from the truth.  TTI has established that EDNA was unable to

provide documents on the system at issue.  EDNA claimed that its inability to provide such

documents was caused by its franchisor's termination of EDNA's access.  Thus, because EDNA

failed to preserve documents, TTI has no choice but to seek testimony from the franchisor who

terminated EDNA's access.

Perhaps realizing the need to investigate what EDNA failed to preserve, EDNA makes

the ridiculous assertion that TTI did not timely seek discovery from the franchisor.  This is false.

There can be no argument that the request for letters rogatory were timely filed during the

discovery period.  (See Docket No. 142.)  The Court granted the request for letters rogatory

during the discovery period.  (See Docket No. 148.)  The letters rogatory were forwarded to Finnish counsel and submitted to the Finnish courts during the discovery period.  (See Powers Declaration, Docket No. 155-1.)  The only thing which has occurred after the discovery period is an extension by the Finnish court to accommodate the witness's schedule.[3]  TTI has timely sought discovery.

Next, EDNA asserts that somehow this extension will highly prejudice EDNA.  No affidavit is provided indicating how any prejudice will befall EDNA.  Instead, EDNA offers nothing more than attorney argument.  The same attorney who caused much of this delay now argues it will be prejudicial.  Such should not suffice.

Finally, EDNA suggests TTI has not been diligent in its efforts to obtain the depositions in Finland.  Again, nothing could be further from the truth.  EDNA has not indicated any misstatements of fact in the Powers Declaration which was submitted with TTI's original requests for an extension of the discovery deadline.  (See Docket No. 155-1.)  EDNA does not deny that TTI has sought these depositions since June of 2011 or that EDNA has fought it every step of the way.  If trying to work with opposing counsel for six months, obtaining letters rogatory through a contested pleading, and working with foreign counsel and foreign courts does not constitute diligence, nothing does.  In order to preserve the letters rogatory order issued by this Court, TTI should be allowed to take the depositions as soon as possible.  Certain deadlines may need to be extended.  TTI will update this Court as soon as the depositions in Finland are completed so that the other deadlines can be maintained if possible or minimally altered as necessary.

---

[3] EDNA also ignores TTI's willingness to work with EDNA to accommodate EDNA's need to take depositions after the close of discovery.  It appears, now that EDNA has obtained what it seeks, EDNA somehow feels TTI should not be entitled to similar treatment.  Such would be simply an unfair and unjust result.

4

## III.    CONCLUSION

For the reasons set forth above, TTI respectfully requests it be granted an extension to and including March 31, 2012 to depose EDI in Finland.  Because this may affect the dispositive motion deadline, TTI also requests extension of the dispositive motion deadline to and including April 13, 2012, which may also necessitate a revision of the docket call date.

Respectfully submitted,


/s/R. Scott Johnson
Edmund J. Sease
R. Scott Johnson
Bradley J. Powers
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone:  515-288-3667
Fax:  515-288-1338
Email:  sease@ipmvs.com
Email:  johnson@ipmvs.com
Email:  brad.powers@ipmvs.com
Email:  mvslit@ipmvs.com

Michael E. Wilson
Fulbright & Jaworski, LLP
1301 McKinney, Suite 5100
Houston, TX  77010
Phone:  713-651-5420
Fax:  713-651-5246
Email:  mikewilson@fulbright.com


***ATTORNEYS FOR PLAINTIFF TARGET TRAINING INTERNATIONAL, LTD.***

I hereby certify that on February 7, 2012, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Stephen F. Schlather
John J. Edmonds
Joshua B. Long
Collins, Edmonds & Pogorzelski, PLLC
1616 S. Voss Rd., Suite 125
Houston, TX 77057
Phone:  (281) 501-3425
Fax:  (832) 415-2535
Email:  sschlather@cepiplaw.com
Email:  jedmonds@cepiplaw.com


/s/R. Scott Johnson