



Cited
As of: Feb 07, 2012

**EDWIN J. WELLNER v. DELTA STEAMSHIP LINES, INC.**

No. 84-3104

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA, (PHIL.)**

*1985 U.S. Dist. LEXIS 18165*

**July 8, 1985**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant steamship line filed motions to compel discovery, extend discovery, and for a protective order that sought to halt the deposition of a potential fact witness by plaintiff individual, arising from the individual's action against the steamship line related to a voyage the individual had taken aboard one of the steamship line's ships.

**OVERVIEW:** The individual filed an action against the steamship line after he took a voyage on one of the steamship line's ships. After over a year of discovery, the steamship line filed three motions against the individual. The court (1) denied the motion to compel discovery as because the individual stated that supplementary responses had been filed and the individual's expert reports would be provided to the steamship line as soon as they were received by the individual, (2) granted the motion for an extension of discovery, but reduced the extension requested to one month based on the considerable time period that the parties had been afforded to conduct discovery up to that point, and (3) granted the motion for a protective order that sought to halt the individual's deposition of a potential fact witness and ordered the deposition rescheduled because the individual did not provide notice of the July 9, 1985 deposition until July 3, just prior to the commencement of a four-day holiday weekend. The court found that the parties' counsel had not fulfilled their professional obligations to communicate and work together to assure that discovery proceeded smoothly.

**OUTCOME:** The court denied the steamship line's motion to compel as moot, granted the steamship line's motion for extension of discovery, and granted the steamship line's motion for a protective order. The court cancelled the individual's deposition of the potential fact witness and ordered the parties to reschedule the deposition.

**COUNSEL:** [*1] Marvin Barish, Esq., Ste. 1201, 615 Chestnut St., Phila., PA 19106 for EDWIN J. WELLNER.

Carl D. Buchholz, III, Esq., 211 S. Broad St., Phila., PA 19107, Douglas H. Riblet, Esq. for DELTA

STEAMSHIP LINES, INC.

**OPINION BY:** POLLAK

**OPINION**

MEMORANDUM

POLLAK, J.

A number of discovery-related motions currently await disposition in this action. First, on June 19, 1985, defendant filed a motion to compel more specific responses to defendant's Interrogatories 39 and 43. On July 1, 1985, plaintiff responded to that motion stating that supplementary responses had been filed to both interrogatories and that the expert reports of Mr. Bunin and Dr. Leshner will be provided to defendant as soon as they are received by plaintiff. Therefore, defendant's motion to compel will be denied as moot.

Second, on June 27, defendant filed a motion to extend discovery. That motion requested that the date for close of discovery -- currently set by order of this court for July 1, 1985 -- be delayed two months to September 1. Defendant contends that the extension is necessary due to the fact that defendant did not discover until April 9, 1985, at the deposition of plaintiff, that the incidents which form the basis [*2] for this suit occurred during a voyage in April and May of 1982 and not during the voyage in February and March of 1982 as defendant had been led to believe. Therefore, defendant argues, it has been necessary to commence a new investigation relating to the later voyage. In addition, defendant contends that it has been difficult to locate witnesses due to the lengthy periods during which many potential witnesses are at sea.

This action was filed in mid-1984 and the current discovery schedule was established pursuant to the agreement of the parties on February 1, 1985. A conference was held in this action on May 23, 1985 at which time neither party suggested that there would be any difficulty meeting the July 1 discovery deadline. The first notice received by this court of defendant's concerns came through the motion for extension of time filed only three days prior to the discovery deadline.

In light of (1) defendant's failure to raise at some earlier time the alleged problems with completion of discovery which had arisen as a result of the information learned by defendant at the deposition on April 9 and (2) the considerable time period which the parties have been afforded to conduct [*3] discovery on a relatively straight-forward unit, I conclude that the two month extension of discovery sought by defendant is excessive. Consequently, I will allow only a one month extension of the current schedule -- to August 1, 1985. No further extensions or delays of this schedule will be allowed without a showing of good cause.

Third, on July 5, 1985, defendant filed a motion for protective order seeking to halt the deposition of James Anderson, a potential fact witness, which plaintiff had scheduled for July 9, 1985 in San Francisco, California. Defendant had not received the notice of this deposition until the afternoon of July 3, just prior to the commencement of a four-day holiday weekend. Defendant does not request that the deposition be cancelled but seeks only a delay of the deposition to allow defendant's counsel a reasonable opportunity to prepare and to make arrangements for the trip.

Plaintiff's response to the motion states that plaintiff did not locate Mr. Anderson until July 1 at which time plaintiff's counsel was informed by Mr. Anderson that he intended to leave San Francisco -- his city of residence -- for Los Angeles on July 9. In addition, plaintiff was told [*4] that Mr. Anderson would reboard the ship on which he is currently employed on July 10 and would not return from this voyage for six months.

It is apparent from the submissions of the parties on this motion that this court's involvement in this dispute -- as with the other discovery motions filed with this court to date -- would not have been necessary had counsel fulfilled their professional obligations to this court and to their clients to communicate and work together to assure that discovery proceeds smoothly. *See generally Crown Cork & Seal Co. v. Chemed Corp., 101 F.R.D. 105 (E.D. Pa. 19084)*. It is obviously in the interest of both plaintiff and defendant to depose Mr. Anderson prior to his ship's departure. However, this court is not in possession of sufficient information to allow it to determine whether a time and place less burdensome for the defendant could accommodate Mr. Anderson's schedule. Under these circumstances, this court can only set general guidelines under which the parties should operate in resolving this dispute.

In light of the late service of the notice of deposition on counsel for the defendant and the fact that, at the time the deposition notice was [*5] served, the discovery

period established by order of this court had expired and no extension of discovery had been granted, I will order that the deposition of James Anderson currently set for 10:00 a.m. on July 9, 1985 be cancelled. Counsel for plaintiff and defendant shall speak with each other as soon as possible to arrange for the deposition of Mr. Anderson. That deposition may take place in San Francisco or Los Angeles or any other location which is convenient for the witness. In fixing the date, time and location of the deposition, the highest priority should be accommodation of Mr. Anderson's schedule. However, among the range of possible dates, times and locations available under Mr. Anderson's schedule, the final choice shall be made so as to minimize the burden on the defendant.

An order reflecting these rulings follows.

ORDER

For the reasons stated in the accompanying Memorandum, it is hereby ORDERED that:

1) Defendant's motion to compel is DENIED AS MOOT.

2) Defendant's motion for extension of discovery is GRANTED.

a) Discovery shall be completed by August 1, 1985.

b) Plaintiff's pretrial memorandum shall be filed by August 8, 1985.

c) Defendant's [*6] pretrial memorandum shall be filed by August 15, 1985.

3) Defendant's motion for protective order is GRANTED. The deposition of James Anderson scheduled for July 9, 1985 at 10:00 a.m. in San Francisco is CANCELLED. The deposition of Mr. Anderson will be rescheduled by the parties to assure that the deposition is completed before Mr. Anderson's ship departs for its next voyage. The date, time and location of the deposition will be set with highest priority accorded to Mr. Anderson's schedule. Among the date, time and location options which will meet Mr. Anderson's schedule, defendant shall choose the date, time and location which minimizes, for it, the burden caused by the late scheduling of the deposition.