UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. H-10-3350 |
| EXTENDED DISC NORTH AMERICA, INC., | § § | |
| Defendant. | § § § § | |

# MEMORANDUM OPINION AND ORDER

**I.     Introduction**

Pending before the Court is the plaintiff's, Target Training International, LTD., motion for summary judgment (Docket Entry No. 174), and memorandum in support (Docket Entry No. 175). The defendant, Extended Disc North America, Inc., filed a response (Docket Entry No. 184), to which the plaintiff replied (Docket Entry No. 186). Also pending is the defendant's motion for summary judgment (Docket Entry No. 177). The plaintiff filed a response (Docket Entry No. 183), to which the defendant replied (Docket Entry No. 188). After having carefully reviewed the motions, the responses, the record and the applicable law, the Court grants the plaintiff's motion and denies the defendant's motion.[1]

**II.    Factual Background**

This is a patent infringement case involving two direct competitors that market systems for employers to manage and distribute assessments to evaluate employee behaviors, values and talents. On July 24, 2007, United States Letters Patent 7,249,372 ("the '372 patent") entitled

---

[1] The parties have also filed various motions *in limine*, motions to exclude and objections, but the Court declines to address those motions and objections in advance of trial. Nor shall the parties submit any more motions before trial, for the Court will not entertain them.

"NETWORK BASED DOCUMENT DISTRIBUTION METHOD," was issued to inventors Bill J. Bonnstetter, David R. Bonnstetter and Rodney Cox.  The plaintiff claims that, by virtue of assignment, it is the owner of all rights, title and interest in the '372 patent.

The '372 patent attempts to securely automate certain employee assessment methods.  An employee typically completes a questionnaire, and then his answers are scored and turned into a report for an employer's review.  Employers can use these reports to evaluate potential and existing employees in relation to a given job position to determine a proper "fit" either in-position or for new employment.

To implement the methods and features of the '372 patent, the plaintiff developed Internet Delivery Service ("IDS").  Employers, and perhaps others, desiring to obtain access to IDS do so through an authorized provider, Target Training International Performance Systems, which entity purchased access from the plaintiff and is thereby able to resell access to IDS for a royalty.

The defendant also specializes in similar assessment methods.  Markku Kauppinen is the defendant's president.  Amongst the defendant's products is Extended DISC Professional Software ("EDPS"), a software system that the defendant uses to process reports and that it previously provided to its customers.  Unlike the defendant's other contested products in this case, EDPS can be loaded directly onto a computer to allow the processing of payments, apart from the defendant's internet-based services.

The plaintiff filed suit on September 17, 2010.  On March 1, 2011, the defendant filed its answer, which included affirmative defenses and counterclaims.  The Court has jurisdiction over the plaintiff's suit pursuant to 28 U.S.C. §§ 1331, 1400(b), and has jurisdiction over the defendant's counterclaims pursuant to 28 U.S.C. §§ 1338, 1367, 2201.

### III.     Contentions of the Parties[2]

#### A.     The Plaintiff's Contentions

The plaintiff contends that the defendant has infringed the '372 patent. It moves for summary judgment on the defendant's counterclaim of exceptional case, and on the defendant's affirmative defense of failure to adequately mark. Regarding the defendant's affirmative defense of failure to mark, the plaintiff asserts that the defendant has offered no basis for the existence of such a defense, let alone testimony or evidence that the plaintiff failed to mark its methods or systems. The plaintiff submits that an alleged failure to mark does not bar its claims, but rather only limits its potentially recoverable damages. It also maintains that genuine issues of material fact remain disputed regarding whether the defendant's EDPS product infringes the '372 patent. Additionally, it seeks costs and fees regarding the defendant's withdrawn affirmative defenses of laches/estoppel, statute of limitations, limitation on damages and other relief, and failure to adequately investigate infringement claim.

#### B.     The Defendant's Contentions

The defendant asserts the affirmative defense that the plaintiff failed to adequately mark the '372 patent,[3] claiming that the plaintiff must prove actual or constructive notice as part of its claim. It avers that the burden of proof regarding non-marking remains on the plaintiff. The defendant also asserts a counterclaim asking the Court to find that this is an exceptional case,[4] alleging that the plaintiff engaged in significant litigation misconduct. Finally, the defendant contends that its EDPS product, in particular, does not infringe the '372 patent.

---

[2] The parties' contentions have evolved over the course of litigation. Unless otherwise specified, the Court only addresses those contentions that remain outstanding and that are addressed in the present motions.

[3] *See* 35 U.S.C. § 287.

[4] *See* 35 U.S.C. § 285, FED. R. CIV. P. 11, 54(d).

### IV. Standard of Review

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)). The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American*

*Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

**V.     Analysis and Discussion**

The Court grants the plaintiff's summary judgment motion regarding the defendant's affirmative defense of failure to adequately mark, and regarding the defendant's counterclaim of exceptional case, because the defendant has proffered inadequate evidentiary support in furtherance of those claims. Additionally, the Court denies the defendant's summary judgment

motion regarding the alleged patent infringement of its EDPS product because the Court determines that genuine issues of material fact remain disputed concerning that alleged infringement.

### A. The Plaintiff's Summary Judgment Motion[5]

#### 1. Marking

The Court grants the plaintiff's motion regarding the defendant's affirmative defense that the plaintiff failed to mark its patent. True, "no damages shall be recovered by the patentee in any section for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." 35 U.S.C. § 287(a); *see also Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001). For damages to begin to accrue, the patentee is required to give either actual or constructive notice of infringement. *Tesco Corp. v. Weatherford Int'l Inc.*, 722 F. Supp. 2d 755, 769 (S.D. Tex. 2010) (internal citation omitted). Constructive notice may be accomplished "either by fixing thereon the word 'patent' or the abbreviation 'pat.', together with the number of the patent." 35 U.S.C. § 287(a). "Compliance with § 287(a) is a question of fact, and the burden of proving actual or constructive notice lies with the patentee." *Tesco*, 722 F. Supp. at 769 (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996)). However, a failure to mark does not bar a plaintiff's infringement claims; rather, it merely limits the potential damages that a plaintiff may recover. 35 U.S.C. § 287(a); *Bonito Boats Inc. v. Thunder Craft Boats Inc.*, 489 U.S. 141, 162 (1989).

Thus, the defendant's "defense" does not bar the plaintiff's claims. First of all, although contested, the plaintiff has submitted evidence that it marked its system patent during at least

---

[5] The Court denies the plaintiff's request for costs and fees associated with the defendant's withdrawn affirmative defenses.

some relevant times. Second of all, this case involves either method claims or system claims that implement those methods, and "the notice requirement of [Section 287] does not apply where the patent is directed to a process or method." *Bandag, Inc. v. Gerrard Tire Co.*, 704 F.2d 1578, 1581 (Fed. Cir. 1983) (internal citation omitted). However, where claims are directed to both a method and a product, the patentee must mark the product, if the product was sold. *American Medical Sys. v. Medical Eng'g Corp.*, 6 Fed. 3d 1523, 1538 (Fed. Cir. 1993) (internal citations omitted).

The plaintiff does not sell its system, but it licenses its system for use by others. Thus, to the extent that any patent marking is required, the plaintiff must only provide marking on its system. Moreover, the parties apparently do not dispute that the plaintiff provided the defendant with actual notice of the '372 patent on March 19, 2009. If true, that date is the latest date on which the plaintiff's potential damages would begin to run. *See* 35 U.S.C. § 287(a); *Sunbeam Prods. v. Wing Shing Prods. (BVI) Ltd.*, 153 Fed. Appx. 703, 710 (Fed. Cir. 2005). Thus, the Court grants the plaintiff's motion on this issue.[6]

### 2. Exceptional case

The Court grants the plaintiff's motion regarding the defendant's counterclaim of exceptional case. "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "Exceptional cases usually feature some material, inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified

---

[6] The defendant also claims that damages are limited under 35 U.S.C. § 288. To prevail under this statute, the defendant must demonstrate: (1) the invalidity of at least one of the claims of the '372 patent; and (2) that the plaintiff failed to file an appropriate disclaimer with the patent office regarding the claim. *See* 35 U.S.C. § 288. The defendant has provided insufficient evidence in support of this claim, and so the Court grants the plaintiff's motion regarding this statute as well.

litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions." *Serio-US Industries, Inc. v. Plastic Recovery Technologies Corp.*, 459 F.3d 1311, 1321-22 (Fed. Cir. 2006) (internal citations omitted).

The defendant has withdrawn some of it allegations that would have bolstered its exceptional case claim. For example, the defendant withdrew its "defense" that this case was filed based on inadequate investigation of infringement. Also, the Court's prior Memorandum Opinion and Order[7] dismissed the defendant's counterclaims of fraud and patent misuse. Both sides are litigating vigorously, if not overzealously, but that does not amount to an exceptional case. Therefore, the Court denies the defendant's motion on this issue.[8]

### B. The Defendant's Summary Judgment Motion

The Court denies the defendant's motion regarding the potential patent infringement of its EDPS product. Direct infringement occurs when the infringer "makes, uses, offers to sell, or sells" the patented invention within the United States. 35 U.S.C. § 271(a). "To prove direct infringement, the plaintiff must establish by a preponderance of the evidence that one or more claims of the patent read [infringe] on the accused device literally or under the doctrine of equivalents." *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005) (internal citation omitted). Direct infringement occurs when an accused product or process "contains each limitation of a claim, either literally or by an equivalent."

---

[7] *See* Docket Entry No. 108.

[8] Accordingly, the Court also grants the plaintiff's motion regarding the defendant's claim under Federal Rule of Civil Procedure 11. Motions pursuant to Rule 11 cannot be combined with any other motion. FED. R. CIV. P. 11(c)(2). Compliance with this requirement is a prerequisite for obtaining Rule 11 sanctions. *Holguin v. Albertson's LLC*, 530 F. Supp. 2d 874, 878 (W.D. Tex. 2008).

Also, the Court strikes the defendant's ninth affirmative defense of failure to state a claim. Federal Rule of Civil Procedure 12(b)(6) permits a party to raise this defense in a motion prior to answering instead of raising the defense in an answer. Indeed, the defendant filed a 12(b)(6) motion prior to filing its answer, and the Court denied that motion. *See* Docket Entry No. 32.

*Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005) (citing *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997)).

Where the plaintiff asserts both independent and dependent claims, "[t]he law is clear that if an independent claim . . . is not infringed, claims dependent on that independent claim . . . cannot be found to be infringed." *3M v. Chemque., Inc.*, 303 F.3d 1294, 1300 (Fed. Cir. 2002) (internal citation omitted). Furthermore, "[l]iability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement" by the entity alleged to be the infringer. *Joy Tech., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) (internal citations omitted).

The Court determines that the number of material facts that remain disputed renders summary judgment inappropriate concerning the defendant's EDPS product. First, the defendant has not even alleged that it fails to infringe each element of every contested patent claim. Second, both parties cherry pick from the reports and testimony of their contrasting experts to offer contradictory evidence for or against infringement. Third, both parties' experts, when opining whether infringement occurred, did not base their conclusions on any personal knowledge of or independent review of the EDPS product. Furthermore, the defendant expert's opinions are based largely on the statements of Markku Kauppinen – a person whom the Court has already deemed potentially unreliable.[9] Because "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated," the Court will not use the testimony of either expert to grant a motion for summary judgment. FED. R. CIV. P. 56(c)(4).

---

[9] *See* Docket Entry No. 108, p. 9 (noting that some of Kauppinen's contentions "are contrary to other evidence, potentially including his own prior testimony, and [are] thus factually questionable.").

Lastly, the EDPS product is only one of multiple products owned by the defendant that is under dispute. The Court is loath to shave off slivers of a patent infringement claim when the claim concerning the rest of the defendant's products is destined for trial regardless. Therefore, the Court denies the defendant's motion.

## VI.  Conclusion

Based on the foregoing discussion, the Court GRANTS the plaintiff's motion and DENIES the defendant's motion. All relief not expressly granted is denied.

It is so ORDERED.

SIGNED at Houston, Texas this 14th day of May, 2012.

_____
Kenneth M. Hoyt
United States District Judge