UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., § § § | | |
| Plaintiff, § | Civil Action No. 4:10-cv-03350 | |
| § v. § § | JURY TRIAL DEMANDED | |
| EXTENDED DISC NORTH AMERICA, INC., § § § | | |
| Defendant. § | | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY, AND,
ALTERNATIVELY, MOTION TO DISMISS**

**I.   INTRODUCTION**

In this lawsuit, which was stayed from September 28, 2012 through January 12, 2015[1], Plaintiff Target Training International, Ltd.'s ("TTI") had asserted infringement of claims 1, 2 and 5-11 (the "Asserted Claims") of U.S. Patent No. 7,249,372 (the "'372 patent"). The stay was due to reexamination proceedings, which have now ended adversely to TTI. On January 12, 2015, after TTI's unsuccessful appeal to the Court of Appeals to the Federal Circuit ("CAFC"), the U.S. Patent & Trademark Office ("PTO") issued a reexamination certificate canceling all Asserted Claims of the '372 patent after finding such claims to be invalid in view of the prior art. Defendant, Extended DISC North America, Inc. ("EDNA"), cannot, as a matter of law, infringe any of the invalid and now-canceled Asserted Claims in this case. Therefore, EDNA respectfully requests that the Court enter judgment in its favor that, (a) consistent with the PTO's findings and

---

[1] *See* Dkt. No. 242("…proceedings in this matter are STAYED until the U.S. Patent and Trademark Office concludes the reexamination of U.S. Patent No. 7,249,372 and a certificate of reexamination issues pursuant to 35 U.S.C. § 316.")

the ruling by the Federal Circuit, all Asserted Claims are invalid and (b) that EDNA does not infringe any of the Asserted Claims.

Alternatively, EDNA respectfully requests that the Court dismiss TTI's claims with prejudice in order to achieve finality in this action, and to allow EDNA to pursue recovery of its costs and any other appropriate relief as the prevailing party in this action.

## II.   FACTS

TTI filed the present case on September 17, 2010 alleging, *inter alia*, that EDNA infringed U.S. Patent No. 7,249,372 (the "'372 patent"). Dkt. No. 1. As required by the Court's Local Patent Rules, TTI disclosed that it was asserting claims 1, 2, and 5-11 of the '372 patent. Ex. B – TTI's Preliminary Infringement Contentions. On January 14, 2014, a request for reexamination of all claims was filed with the PTO, (Dkt. No. 53-1, p. 8-13); and on April 25, 2011, the PTO commenced reexamination proceedings. *Id.* at pp. 16-30.

Initially this action and the reexamination proceedings proceeded in parallel. After two years of litigation and on the eve of trial, TTI requested a continuance of the trial date. Dkt. No. 232. On September 28, 2012, the Court denied TTI's motion for continuance, but ordered that the case be stayed until issuance of a reexamination certificate in the pending reexamination proceedings. Dkt. No. 242.

During the stay of this action and as the reexamination proceedings progressed, the PTO ultimately determined that all of the original claims – including *all* of the Asserted Claims – of the '372 patent were invalid. Ex. C – Final Office Action. TTI appealed the Examiner's decision to the Patent Trial and Appeals Board ("PTAB"). After full briefing and oral argument, the PTAB affirmed the Examiner's determination that all of the original claims of the '372 patent were invalid. Ex. D – PTAB Decision – Examiner Affirmed. TTI then appealed the PTAB's decision

to the CAFC. Again, after full briefing and oral argument, the CAFC affirmed the PTAB's decision on September 16, 2014. Ex. E – Federal Circuit Opinion Affirming PTAB. Finally, consistent with the CAFC's affirmance, on January 12, 2015, the PTO issued a reexamination certificate canceling claims 1-11 (including all Asserted Claims) of the '372 Patent.[2] Ex. F – Reexamination Certificate.

### III. ISSUES PRESENTED

(1) Is EDNA entitled to a judgment of invalidity and non-infringement of the Asserted Claims where all Asserted Claims have been found to be invalid and have been canceled by the PTO?

(2) Alternatively, should the Court dismiss TTI's claims for infringement with prejudice in view of the cancellation of all Asserted Claims of the '372 patent?

### IV. LEGAL PRINCIPLES AND ARGUMENT

Where a patentee's claims are canceled in reexamination, any causes of action premised on such claims are extinguished and the suit must fail. *Fresenius USA, Inc. v. Baxter Intl., Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013). Indeed, cancelation of the asserted claims during reexamination required a dismissal. *Id*. In *Fresenius*, the Federal Circuit made clear that "the reexamination statute restricts a patentee's ability to enforce the patent's original claims to those that survive reexamination in 'identical' form." *Id*. at 1339.

Here, it cannot be reasonably disputed that all of the Asserted Claims of the '372 patent were found invalid and were canceled by the PTO. Exs. C and D. Nor can it be reasonably disputed that the Federal Circuit affirmed the PTO's conclusion that the Asserted Claims were

---

[2] During the reexamination proceedings, TTI was successful in adding additional claims to the '372 patent; however, those claims are not the subject of the present case.

invalid and should be canceled. Ex. E. Indeed, *none* of the original claims of the '372 patent survived reexamination and certainly no Asserted Claims survived reexamination in substantially identical form. Accordingly, there are *no* Asserted Claims that remain at issue in this case. As the *Fresenius* court reasoned, "if the [patentee's] claims were canceled in the reexamination, [it] would eliminate the need to try the infringement issue." *Id*. at 1340 (*citing Slip Track System, Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1342 (Fed. Cir. 1998)). Consistent with the Federal Circuit's ruling in *Fresenius,* on remand, the District Court dismissed that action with prejudice. *Fresenius USA, Inc. v. Baxter Intl., Inc.*, Case No. 4:03-cv-01431-PJH, Dkt No. 1162 (N.D.Ca. Jan. 22, 2014).

The Federal Circuit has also made clear that "a final PTO decision affirmed by this court [must] be given effect in pending infringement cases that are not yet final." *Id*. at 1346. There can be no reasonable dispute that this case is not yet final. Therefore, the Court is required to give effect to the PTO's final decision finding the Asserted Claims of the '372 patent invalid. To give full effect to the PTO's decision, the Court should enter judgment finding such claims invalid. Further, and consistent with well-established principles of patent law, the Court should also enter judgment finding that EDNA does not infringe any of the Asserted Claims at least because an invalid claim cannot be infringed. *See, e.g., Commil USA, LLC v. Cisco Systems, Inc.,* 720 F.3d 1361, 1368 (Fed. Cir. 2013), *cert. granted in part by,* 135 S.Ct. 752 (U.S. Dec 05, 2014) ("It is axiomatic that one cannot infringe an invalid patent."); *Prima Tek II, L.L.C. v. Polypap, S.A.R.L.*, 412 F.3d 1284, 1291 (Fed. Cir. 2005) ("there can be no ... induced infringement of invalid patent claims"); *Richdel, Inc. v. Sunspool Corp.*, 714 F.2d 1573, 1580 (Fed. Cir. 1983) ("The claim being invalid there is nothing to be infringed.")

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here there is no factual dispute that the Asserted Claims are invalid – in fact TTI would be precluded by res judicata and collateral estoppel to claim validity of the Asserted Claims in view of the Federal Circuit's affirmance of invalidity[3] – and there is no factual dispute that an invalid patent claim cannot be infringed. Consistent with the now final determinations of the Patent Examiner, the PTAB, and the Federal Circuit, EDNA respectfully requests that the Court enter judgment that the Asserted Claims (*i.e.*, claims 1, 2, and 5-11) of the '372 patent are invalid and that EDNA does not infringe any of the Asserted Claims.

Alternatively, EDNA requests that the Court dismiss this case with prejudice. Where asserted claims have been found invalid and canceled by the PTO, "suits based upon canceled claims must be dismissed." *Id.* at 1338. Dismissal with prejudice would finally resolve this case and allow EDNA to pursue recovery of the significant costs it has incurred defending itself against TTI's now-invalid and canceled claims.

## V. CONCLUSION

For the reasons set forth above, EDNA respectfully requests that the Court grant its motion and grant summary judgment that all Asserted Claims in TTI's '372 patent are invalid and further finding that EDNA does not infringe any such Asserted Claims. Alternatively, at a minimum, EDNA respectfully requests that the Court dismiss the present case with prejudice.

---

[3] Res judicata, also known as claim preclusion, "prevents the relitigation of a claim or cause of action that has been fully adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *United Technologies Corp. v. Chromalloy Gas Turbine Corp.*. 189 F.3d 1338, 1343 (Fed. Cir. 1999); *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). Related to res judicata is the more narrow doctrine of collateral estoppel, known also as issue preclusion, which "prevents relitigation of particular issues already resolved in a prior suit." *United Technologies*. 189 F.3d at 1343; *Barr*, 837 S.W.2d at 628.

January 22, 2015           Respectfully submitted,

COLLINS, EDMONDS, POGORZELSKI, SCHLATHER & TOWER, PLLC

By: /s/   Stephen F. Schlather
Stephen F. Schlather – Lead Counsel
Texas Bar No. 24007993
John J. Edmonds
Texas Bar No. 789758
COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER, PLLC
1616 South Voss Road, Suite 125
Houston, Texas 77057
Telephone: (713) 364-2371
Facsimile: (832) 415-2535
sschlather@cepiplaw.com
jedmonds@cepiplaw.com

ATTORNEYS FOR DEFENDANT,
EXTENDED DISC NORTH AMERICA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

January 22, 2015           /s/ Stephen Schlather
          Stephen Schlather